FILED - KZ
May 12, 2011 4:13 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
bd / ___ Scanned by /sd/ 5-13-71

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GEORGIA-PACIFIC CONSUMER PRODUCTS, LP, et al.    1:11-cv-483

    Plaintiff,

v.    Case No. 10-C-1087

NCR CORP. and INTERNATIONAL PAPER CO.,

    Defendants.

U.S. District Court
Eastern Div. of Wis. Green Bay Division
I hereby certify that this is a true and correct copy of the original now remaining of record in my office.

JON W. SANFILIPPO, clerk
DATED: 5/10/11    by /s/ _____ Deputy

## DECISION AND ORDER

Two Georgia-Pacific entities brought this action, along with the Fort James Corporation (together referred to as "GP"), against NCR Corporation and International Paper Co. seeking contribution under CERCLA § 113 (as well as other theories) for expenses they have incurred in cleaning up the Kalamazoo River, a Superfund site in Michigan. The site is contaminated with PCBs due to discharges by the paper industry, and the cleanup process has spawned numerous regulatory enforcement efforts by the EPA and the Michigan Department of Natural Resources. It has also given rise to significant private litigation in the Western District of Michigan, and Judge Robert Bell of that district has issued numerous dispositive rulings and conducted some five bench trials on river cleanup issues. For these and other reasons, Defendant NCR moves to transfer this action to the Western District of Michigan, where it believes venue is more appropriate. For the reasons given below, the motion will be granted.

Under 28 U.S.C. § 1404(a), a district court has discretion to transfer an action even though the action may be properly filed in its district. Section 1404(a) "is intended to place discretion in

the district court to adjudicate motions for transfer according to [a] '. . . case-by-case consideration of convenience and fairness.'" *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622 (1964)). "The statutory language guides the court's evaluation of the particular circumstances of each case and is broad enough to allow the court to take into account all factors relevant to convenience and/or the interests of justice." *Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).

In complex CERCLA cases, "convenience" is a term not often uttered, and in fact NCR's motion to transfer focuses primarily on the other § 1404(a) factor, the interests of justice.

> The "interest of justice" is a separate element of the transfer analysis that relates to the efficient administration of the court system. *See Van Dusen,* 376 U.S. at 626–27, 84 S.Ct. 805. For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, *see Chicago, Rock Island & Pacific Railroad Co. v. Igoe,* 220 F.2d 299, 303 (7th Cir. 1955); each court's relative familiarity with the relevant law, *Van Dusen,* 376 U.S. at 645, 84 S.Ct. 805; the respective desirability of resolving controversies in each locale, *Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.,* 200 F. Supp. 2d 941, 946 (N.D. Ill. 2002); and the relationship of each community to the controversy, *see Hanley v. Omarc, Inc.,* 6 F. Supp.2d 770, 777 (N.D. Ill. 1998).

*Id.* at 978.

NCR argues that the Western District Court has substantial experience managing litigation involving the Kalamazoo River and is thus familiar with the legal issues that will arise in this action. Because that court is familiar with the applicable law, as well as the issues particular to the Kalamazoo Superfund site, resolution will be speeded if the case is transferred. In addition, the Kalamazoo River community has a strong interest in any litigation arising out of the cleanup efforts, and the community's citizens deserve to have the matter heard there. This consideration is perhaps the most salient when the case involves an environmental matter that affects the local citizens and

their river. "An additional reason for litigating in the forum that encompasses the locus of operative facts is the local interest in having local controversies resolved at home, especially in environmental cases or other substantive matters involving land or matters of local policy." 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3854 (3d ed. 2007).

GP acknowledges (as it must) that the Kalamazoo River and the communities it most affects are situated in the Western District of Michigan. It suggests however that because this action involves cost allocation between PRPs rather than enforcement, the local community is not actually affected at all. The cleanup of the Kalamazoo River will take place independent of this action, which is really just about allocating the costs of that cleanup between corporations. In addition, GP downplays the idea that environmental litigation involving the Kalamazoo River has been as extensive or ongoing as NCR suggests. It notes that the Michigan litigation ended with the resolution of an appeal in 2004, and that litigation never dealt with NCR's liability. (NCR observes that the Michigan court entered a consent decree as recently as 2009.) Finally, GP argues that many of the equitable issues will be identical to the ones this Court already addressed in the *Whiting* action, Case No. 08-C-16. Specifically, GP will be arguing that NCR's past conduct in knowingly arranging for the disposal of environmentally toxic material means that it should be forced to assume a large share of the cleanup cost. (This single issue likely encapsulates why GP wants the case here and NCR does not.) Because this Court is already familiar with that issue, judicial economy would be served by keeping the case here.

NCR responds by arguing that GP has cherry-picked a few issues and facts that have a Wisconsin connection while missing the bigger picture. Specifically, GP ignores the fact that this action also involves International Paper as a defendant, and the facts relating to that company have

3

no Wisconsin connection at all. In fact, the case against International Paper involves only Michigan issues. In addition, although three NCR-owned facilities in Wisconsin sold broke to Michigan companies, thirteen of NCR's facilities *outside* Wisconsin did so as well. GP's own complaint alleges that NCR contracted to arrange disposal through the Mead Corporation, in Ohio, which sold broke to numerous paper companies, including paper mills on the Kalamazoo River. (Compl., ¶ 78.)

In addition, NCR notes, it has raised a statute of limitations defense that will involve analysis of the effect of the prior rulings from the Michigan district court and whether any of these decisions triggered the applicable limitations period. More importantly, this action involves a discrete set of claims between GP, NCR and International Paper. Even if GP can show that NCR was an arranger, the question of equitable apportionment is not as simple as simply rehashing what this Court already decided in the *Whiting* action. There are other parties involved, and GP's own conduct in Michigan may be at issue. Thus, although this Court has substantial experience with NCR's own conduct in creating carbonless copy paper, that is just one part of the larger puzzle.

I am satisfied that, although this action undoubtedly involves issues with Wisconsin connections, the interests of justice are better served by transferring the case to Michigan. First, I reject GP's suggestion that because this case is really only about money, rather than the cleanup itself, it has little impact on the Kalamazoo River community. My own experience has demonstrated that the local community has been more interested in this Court's Fox River contribution action than any other action in this Court's history, and local newspapers and television stations covered the numerous rulings and hearings intensely. This was true even though that case merely involved the apportionment of responsibility for the *costs* of cleanup rather than the fact or

4

nature of the cleanup. Citizens and the media were interested in who was responsible for polluting their local river, not just how (or whether) the river would be cleaned up. I thus entertain a strong presumption that environmental actions involving specific sites should take place as near to the site as possible.

My conclusion that Michigan is a better forum is not just a matter of physical proximity to the Site, however. Despite GP's claim to the contrary, CERCLA actions usually are not neatly separable into discrete boxes, where different parts of the litigation can readily be handled by courts in multiple locations. Instead, it is likely that a district court with significant institutional experience with a given cleanup action will have a broad-based picture of the relationships of the different parties and the site itself, and the judge might well have developed an informed view of how liability should ultimately be resolved. At a minimum, a judge in that situation will have formed a general view of the Site and an approach to handling its litigation, and such matters are better handled in a comprehensive, rather than piecemeal, fashion. In such circumstances, an out-of-state judge with no prior relationship to the dispute should be wary about upsetting the balance or wading into the dispute without the context the other court has acquired and helped develop.

Second, although this Court has obtained knowledge and experience with NCR and carbonless copy paper, that knowledge was obtained simply by referring to a limited number of documents provided by the parties, most of which were from the 1960's. Much of the documentation that presumably existed had been destroyed. To the extent such material arises in this case, acquiring an understanding of the history of carbonless copy paper is simply a matter of preparation in the fashion any judge is used to. Because of the relative dearth of records, the effort to familiarize oneself with the issues is not extensive, and a transfer of this action will not result in

an undue replication of judicial efforts. In sum, I believe the interests of justice are best served if this case is heard in the Western District of Michigan.

GP also argues that this forum is more convenient for the parties. It alleges that NCR arranged for the disposal of hazardous waste (PCB-containing "broke" from recycled carbonless copy paper), and this arrangement took place not in Michigan but in Wisconsin. Specifically, NCR entities in this state sold "broke" (paper waste) containing PCBs to brokers here and elsewhere. These brokers then shipped the product to paper companies, including some along the Kalamazoo River.

GP asserts that dozens of former employees are potential witnesses, and many of these individuals reside in Wisconsin. Depositions and other discovery relating to these witnesses would be far more convenient if the forum were located in this district. NCR counters that the importance of such witnesses is overblown, as it is doubtful that any of the individuals in question have much experience with sales of broke to Kalamazoo facilities. Even though some of the witnesses do reside here, however, the small convenience resulting from a trial in this district does not outweigh the other factors cited herein. Moreover, in this action, the attorneys who have appeared hail from Minnesota, Chicago, Milwaukee, Virginia, New York, Seattle, Madison and Los Angeles. Not one of them are based within the bounds of either the Green Bay Division of this district or the Western District of Michigan. Thus, either way, there will be significant travel and other expenses incurred during discovery. It is true that if this case eventually requires a trial, some witnesses could not be compelled to testify. But in my view, speculation about that possibility is not a sound basis to keep the action here.

GP also emphasizes how much evidence will be produced from Wisconsin, but it is unclear how that fact (even if true) would make this a more convenient *court* to hear the dispute. As noted above, the attorneys are from all over the country, and none are from Green Bay or the Fox Valley area. GP has not explained how having the case in this venue will have any impact on the evidence-gathering process.

In sum, the interests of justice strongly favor a venue in the Western District of Michigan. The convenience of the parties might slightly tilt towards a venue in this District, but that is not enough to overcome the other factors cited above. Accordingly, the motion to transfer is **GRANTED**.

Dated this __10th__ day of May, 2011.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge

# United States District Court
## Eastern District of Wisconsin (Green Bay)
### CIVIL DOCKET FOR CASE #: 1:10-cv-01087-WCG

Georgia-Pacific Consumer Products LP et al v. NCR Corporation et al
Assigned to: Judge William C Griesbach
related Case: 2:08-cv-00016-WCG
Cause: 42:9607 Real Property Tort to Land

Date Filed: 12/03/2010
Date Terminated: 05/10/2011
Jury Demand: None
Nature of Suit: 893 Environmental Matters
Jurisdiction: Federal Question

**Plaintiff**

**Georgia-Pacific Consumer Products LP**

represented by **Douglas M Garrou**
Hunton & Williams LLP
Riverfront Plaza - East Tower
951 E Byrd St
Richmond, VA 23219-4074
804-788-8355
Fax: 804-344-7999
Email: dgarrou@hunton.com
*ATTORNEY TO BE NOTICED*

**Jan M Conlin**
Robins Kaplan Miller & Ciresi LLP
800 LaSalle Ave S - Ste 2800
Minneapolis, MN 55402-2015
612-349-8500
Fax: 612-339-4181
Email: jmconlin@rkmc.com
*ATTORNEY TO BE NOTICED*

**Dean P Laing**
O'Neil Cannon Hollman DeJong & Laing SC
111 E Wisconsin Ave - Ste 1400
Milwaukee, WI 53202
414-276-5000
Fax: 414-276-6581
Email: dean.laing@wilaw.com
*ATTORNEY TO BE NOTICED*

U.S. District Court
Eastern Div. of Wis. Green Bay Division
I hereby certify that this is a true and correct copy of the original now remaining of record in my office.
JON W. SANFILIPPO, clerk
DATED: 5/10/11  by [signature] Deputy

**Plaintiff**

**Fort James Corporation**

represented by **Douglas M Garrou**
(See above for address)
*ATTORNEY TO BE NOTICED*

                                              **Jan M Conlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

                                              **Dean P Laing**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Georgia-Pacific LLC**       represented by   **Douglas M Garrou**
(See above for address)
*ATTORNEY TO BE NOTICED*

                                              **Jan M Conlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

                                              **Dean P Laing**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**NCR Corporation**       represented by   **Alexandra Reeve Givens**
Cravath Swaine & Moore LLP
Worldwide Plaza
825 8th Ave
New York, NY 10019-7475
212-474-1000
Fax: 212-474-3700
Email: agivens@cravath.com
*ATTORNEY TO BE NOTICED*

                                              **Bradley M Marten**
Marten Law PLLC
1191 2nd Ave - Ste 2200
Seattle, WA 98101
206-292-2600
Fax: 206-292-2601
Email: bmarten@martenlaw.com
*ATTORNEY TO BE NOTICED*

                                              **Darin P McAtee**
Cravath Swaine & Moore LLP
Worldwide Plaza
825 8th Ave

New York, NY 10019-7475
212-474-1000
Fax: 212-474-3700
Email: dmcatee@cravath.com
*ATTORNEY TO BE NOTICED*

**Eric W Ha**
Sidley Austin LLP
1 S Dearborn St
Chicago, IL 60603
312-853-0462
Fax: 312-853-7036
Email: eha@sidley.com
*ATTORNEY TO BE NOTICED*

**Evan R Chesler**
Cravath Swaine & Moore LLP
Worldwide Plaza
825 8th Ave
New York, NY 10019-7475
212-474-1000
Fax: 212-474-3700
Email: echesler@cravath.com
*ATTORNEY TO BE NOTICED*

**Evan B Westerfield**
Sidley Austin LLP
1 S Dearborn St
Chicago, IL 60603
312-853-7000
Fax: 312-853-7036
Email: evanwesterfield@sidley.com
*ATTORNEY TO BE NOTICED*

**Joan Radovich**
Eimer Stahl Klevorn & Solberg LLP
224 S Michigan Ave - Ste 1100
Chicago, IL 60604
312-660-7678
Fax: 312-692-1718
Email: jradovich@eimerstahl.com
*TERMINATED: 03/22/2011*

**Kathleen L Roach**
Sidley Austin LLP
1 S Dearborn St
Chicago, IL 60603
312-853-7000
Fax: 312-853-7036

Email: kroach@sidley.com
*ATTORNEY TO BE NOTICED*

**Linda R Larson**
Marten Law PLLC
1191 2nd Ave - Ste 2200
Seattle, WA 98101
206-292-2600
Fax: 206-292-2601
Email: llarson@martenlaw.com
*ATTORNEY TO BE NOTICED*

**Margaret R Sobota**
Sidley Austin LLP
1 S Dearborn St
Chicago, IL 60603
312-853-7000
Fax: 312-853-7036
Email: msobota@sidley.com
*ATTORNEY TO BE NOTICED*

**Meline G MacCurdy**
Marten Law PLLC
1191 2nd Ave - Ste 2200
Seattle, WA 98101
206-292-2600
Fax: 206-292-2601
Email: mmaccurdy@martenlaw.com
*ATTORNEY TO BE NOTICED*

**Sandra C Goldstein**
Cravath Swaine & Moore LLP
Worldwide Plaza
825 8th Ave
New York, NY 10019-7475
212-474-1000
Fax: 212-474-3700
Email: sgoldstein@cravath.com
*ATTORNEY TO BE NOTICED*

**Defendant**
**International Paper Company**     represented by **Ian AJ Pitz**
Michael Best & Friedrich LLP
Firstar Plaza
1 S Pinckney St - Ste 700
PO Box 1806
Madison, WI 53701-1806
608-257-3501
Fax: 608-283-2275

Email: iapitz@michaelbest.com
*ATTORNEY TO BE NOTICED*

**R Raymond Rothman**
Bingham McCutchen LLP
355 S Grand Ave - 44th Fl
Losa Angeles, CA 90071
213-680-6590
Fax: 213-680-6499
Email: rick.rothman@bingham.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/03/2010 | 1 | COMPLAINT against All Defendants by Georgia-Pacific Consumer Products LP, Georgia-Pacific LLC, Fort James Corporation. ( Filing Fee PAID $350 receipt number 0757-1216573) (Attachments: # 1 Exhibit A - NCR General Notice Letter, # 2 Exhibit B - International Paper General Notice Letter, # 3 Civil Cover Sheet, # 4 Summons)(Laing, Dean) (Additional attachment(s) added on 12/3/2010: # 5 Information Sheet) (jcl). |
| 12/03/2010 |  | NOTICE Regarding assignment of this matter to Judge William C Griesbach ;pursuant to Civil Local Rule 7.1 a disclosure statement is to be filed upon the first filing of any paper and should be filed now if not already filed (jcl) |
| 12/03/2010 | 2 | DISCLOSURE Statement by All Plaintiffs. (Laing, Dean) |
| 12/03/2010 |  | Summons Issued as to International Paper Company, NCR Corporation. (tlf) |
| 12/17/2010 | 3 | SUMMONS Returned Executed by All Plaintiffs. NCR Corporation served on 12/6/2010, answer due 12/27/2010. (Attachments: # 1 Affidavit of Service)(Laing, Dean) |
| 12/17/2010 | 4 | SUMMONS Returned Executed by All Plaintiffs. International Paper Company served on 12/13/2010, answer due 1/3/2011. (Attachments: # 1 Affidavit of Service)(Laing, Dean) |
| 12/20/2010 | 5 | NOTICE of Appearance by Kathleen L Roach on behalf of NCR Corporation. Attorney(s) appearing: Kathleen L. Roach (Roach, Kathleen) |
| 12/20/2010 | 6 | DISCLOSURE Statement by NCR Corporation. (Roach, Kathleen) |
| 12/20/2010 | 7 | Joint MOTION for Extension of Time *for Defendant NCR Corporation to Respond to Plaintiffs' Complaint* by All Parties. (Attachments: # 1 Text of Proposed Order Proposed Order Granting Extension of Time)(Roach, Kathleen) |
| 12/20/2010 | 8 | NOTICE of Appearance by Evan B Westerfield on behalf of NCR Corporation. Attorney(s) appearing: Evan B. Westerfield (Westerfield, Evan) |
| 12/20/2010 | 9 | NOTICE of Appearance by Joan Radovich on behalf of NCR Corporation. Attorney(s) appearing: Joan Radovich (Radovich, Joan) |

| 12/20/2010 | 🌀 10 | NOTICE of Appearance by Eric W Ha on behalf of NCR Corporation. Attorney(s) appearing: Eric W. Ha (Ha, Eric) |
|---|---|---|
| 12/20/2010 | 🌀 11 | NOTICE of Appearance by Margaret R Sobota on behalf of NCR Corporation. Attorney(s) appearing: Margaret R. Sobota (Sobota, Margaret) |
| 12/21/2010 | 🌀 12 | ORDER signed by Judge William C Griesbach on 12/21/10 GRANTING 7 Motion for Extension of Time. NCR shall have an additional thirty (30) days, up to and including January 26, 2010, to file an answer or otherwise respond to Plaintiffs Complaint. (cc: all counsel) (Griesbach, William) |
| 01/18/2011 | 🌀 13 | NOTICE of Appearance by Evan R Chesler on behalf of NCR Corporation. Attorney(s) appearing: Evan R. Chesler (Chesler, Evan) |
| 01/18/2011 | 🌀 14 | NOTICE of Appearance by Sandra C Goldstein on behalf of NCR Corporation. Attorney(s) appearing: Sandra C. Goldstein (Goldstein, Sandra) |
| 01/18/2011 | 🌀 15 | NOTICE of Appearance by Alexandra Reeve Givens on behalf of NCR Corporation. Attorney(s) appearing: Alexandra Reeve Givens (Reeve Givens, Alexandra) |
| 01/18/2011 | 🌀 16 | MOTION to Change Venue *("Defendant NCR Corporation's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)")* by NCR Corporation. (Chesler, Evan) |
| 01/18/2011 | 🌀 17 | BRIEF in Support filed by NCR Corporation re 16 MOTION to Change Venue *("Defendant NCR Corporation's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)")*. (Attachments: # 1 Compendium of Unreported Authority Cited in Defendant NCR Corporation's Memorandum of Law in Support of Its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)) (Chesler, Evan) |
| 01/18/2011 | 🌀 18 | 7(h) Expedite MOTION to Stay *("Defendant NCR Corporation's Civil L. R. 7(h) Expedited Non-Dispositive Motion to Stay Proceedings Pending Resolution of NCR's Motion to Transfer Venue")* by NCR Corporation. (Chesler, Evan) Modified on 1/19/2011 (aw). |
| 01/24/2011 | 🌀 19 | NOTICE of Appearance by Darin P McAtee on behalf of NCR Corporation. Attorney(s) appearing: Darin P. McAtee (McAtee, Darin) |
| 01/24/2011 | 🌀 20 | Joint MOTION for Extension of Time *("Agreed Motion to Extend Time for NCR to Respond to the Complaint and to Stay Other Proceedings (with the Exception of Non-Party Discovery) Pending Resolution of NCR's Motion to Transfer Venue")* by Fort James Corporation, Georgia-Pacific Consumer Products LP, Georgia-Pacific LLC, NCR Corporation. (Attachments: # 1 Proposed Order)(Chesler, Evan) |
| 01/25/2011 | 🌀 21 | NOTICE of Appearance by Ian AJ Pitz on behalf of International Paper Company. Attorney(s) appearing: Ian A. J. Pitz (Pitz, Ian) |
| 01/25/2011 | 🌀 22 | MOTION for Extension of Time to File Answer by International Paper Company. (Attachments: # 1 Text of Proposed Order)(Pitz, Ian) |

| 01/26/2011 | 🌑 23 | ORDER signed by Judge William C Griesbach on 1-26-11 finding as moot 18 Motion to Stay (motion withdrawn); granting 20 Motion for Extension of Time. (cc: all counsel) (Griesbach, William) |
|---|---|---|
| 01/26/2011 | 🌑 24 | NOTICE of Appearance by Meline G MacCurdy on behalf of NCR Corporation. Attorney(s) appearing: Meline G. MacCurdy (MacCurdy, Meline) |
| 01/26/2011 | 🌑 25 | NOTICE of Appearance by Bradley M Marten on behalf of NCR Corporation. Attorney(s) appearing: Bradley M. Marten (Marten, Bradley) |
| 01/26/2011 | 🌑 26 | NOTICE of Appearance by Linda R Larson on behalf of NCR Corporation. Attorney(s) appearing: Linda R. Larson (Larson, Linda) |
| 01/28/2011 | 🌑 27 | NOTICE of Appearance by Douglas M Garrou on behalf of All Plaintiffs. Attorney(s) appearing: Douglas M. Garrou (Garrou, Douglas) |
| 02/03/2011 | 🌑 | TEXT ONLY ORDER GRANTING 22 MOTION for Extension of Time to File Answer filed by International Paper Company, signed by Judge William C. Griesbach on 02/03/2011. IP shall have an additional forty-five (45) days, up to and including February 18, 2011, to file an answer or otherwise respond to Plaintiffs Complaint. (cc: all counsel)(Griesbach, William) |
| 02/08/2011 | 🌑 28 | MOTION for Extension of Time by International Paper Company. (Attachments: # 1 Text of Proposed Order)(Pitz, Ian) |
| 02/08/2011 | 🌑 29 | ANSWER to 1 Complaint, *("Defendant NCR Corporation's Answer and Affirmative Defenses to the Complaint of Plaintiffs' Georgia-Pacific Consumer Products LP, Fort James Corporation and Georgia-Pacific LLC")* by NCR Corporation.(Chesler, Evan) |
| 02/10/2011 | 🌑 | TEXT ONLY ORDER GRANTING 28 MOTION for Extension of Time filed by International Paper Company, signed by Judge William C Griesbach on 02/09/2011. IP shall have an additional ten (10) days, up to and including February 18, 2011, to respond to NCRs Motion to Transfer Venue. (cc: all counsel)(Griesbach, William) |
| 02/11/2011 | 🌑 30 | BRIEF in Opposition filed by All Plaintiffs re 16 MOTION to Change Venue *("Defendant NCR Corporation's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)")*. (Attachments: # 1 Compendium of Unreported Authority Cited in Plaintiffs' Opposition To Defendant NCR Corporation's Motion to Transfer Venue Pursuant To 28 USC 1404(a) (TABS 1-11), # 2 Compendium of Unreported Authority Cited in Plaintiffs' Opposition To Defendant NCR Corporation's Motion to Transfer Venue Pursuant To 28 USC 1404(a) (TABS 12-22))(Laing, Dean) |
| 02/11/2011 | 🌑 31 | DECLARATION of Douglas M. Garrou *in Opposition to NCR's Motion to Transfer Venue*. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Laing, Dean) |
| 02/17/2011 | 🌑 32 | MOTION for Extension of Time to File Answer by International Paper Company. (Attachments: # 1 Text of Proposed Order)(Pitz, Ian) |

| 02/17/2011 | 🌑 33 | DISCLOSURE Statement by International Paper Company. (Pitz, Ian) |
|---|---|---|
| 02/18/2011 | 🌑 34 | RESPONSE to Motion filed by International Paper Company re 16 MOTION to Change Venue *("Defendant NCR Corporation's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)")*. (Rothman, R) |
| 02/18/2011 | 🌑 35 | NOTICE of Appearance by R Raymond Rothman on behalf of International Paper Company. Attorney(s) appearing: Rick R. Rothman (Rothman, R) |
| 02/22/2011 | 🌑 | TEXT ONLY ORDER GRANTING 32 MOTION for Extension of Time to File Answer filed by International Paper Company, signed by Judge William C. Griesbach on 02/22/2011. International Paper shall have an additional fourteen (14) days, up to and including March 4, 2011, to respond to GPs Complaint. (cc: all counsel)(Griesbach, William) |
| 02/28/2011 | 🌑 36 | REPLY BRIEF in Support filed by NCR Corporation re 16 MOTION to Change Venue *("Defendant NCR Corporation's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)")*. (Chesler, Evan) |
| 02/28/2011 | 🌑 37 | DECLARATION of Darin P. McAtee *in Support of Defendant NCR Corporation's Reply Memorandum in Support of Its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)*. (Attachments: # 1 Exhibit 1 to McAtee Declaration, # 2 Exhibit 2 to McAtee Declaration)(McAtee, Darin) |
| 03/04/2011 | 🌑 38 | MOTION to Dismiss by International Paper Company. (Rothman, R) |
| 03/04/2011 | 🌑 39 | BRIEF in Support filed by International Paper Company re 38 MOTION to Dismiss *GEORGIA-PACIFIC'S SECTION 107 CLAIM*. (Attachments: # 1 Exhibit A - NPL Site Narrative, # 2 Exhibit B - MDEQ Site Information Page, # 3 Exhibit C - EPA Cleanup Activities, # 4 Exhibit D - State 2007 AOC, # 5 Exhibit E - Feb. 2007 Removal Action AOC, # 6 Exhibit F - Feb. 2007 RI/FS AOC, # 7 Exhibit G - U.S. Complaint, # 8 Exhibit H - 2009 Consent Decree, # 9 Exhibit I - June 2009 AOC, # 10 Exhibit J - Cadlerock Case, # 11 Exhibit K - New York Case)(Rothman, R) |
| 03/11/2011 | 🌑 40 | NOTICE of Appearance by Jan M Conlin on behalf of Fort James Corporation, Georgia-Pacific Consumer Products LP, Georgia-Pacific LLC. Attorney(s) appearing: Jan M. Conlin (Conlin, Jan) |
| 03/21/2011 | 🌑 41 | MOTION for Extension of Time *to Responde to International Paper's Motion to Dismiss* by All Plaintiffs. (Attachments: # 1 Text of Proposed Order)(Laing, Dean) |
| 03/21/2011 | 🌑 42 | NOTICE by NCR Corporation *Notice of Withdrawal of Joan Radovich as Counsel for NCR Corporation* (Roach, Kathleen) |
| 03/22/2011 | 🌑 | TEXT ONLY ORDER GRANTING 41 MOTION for Extension of Time to Respond to International Paper's Motion to Dismiss, filed by Georgia-Pacific LLC, Georgia-Pacific Consumer Products LP, and Fort James Corporation, signed by Judge William C. Griesbach on 03/22/2011. The plaintiffs time to file a response to the motion is extended to April 15, 2011. (cc: all counsel)(Griesbach, William) |

| | | |
|---|---|---|
| 04/15/2011 | 43 | BRIEF in Opposition filed by All Plaintiffs re 38 MOTION to Dismiss. (Laing, Dean) |
| 05/02/2011 | 44 | REPLY BRIEF in Support filed by International Paper Company re 38 MOTION to Dismiss. (Attachments: # 1 Exhibit L - Georgia-Pacific's Reply to Motion to Dismiss in US v. NCR, # 2 Exhibit M - Georgia-Pacific's Memorandum of Points & Authorities in US v. NCR)(Rothman, R) |
| 05/10/2011 | 45 | Order to Transfer Case to Western District of Michigan; signed by Judge William C Griesbach on 5/10/2011. (cc: all counsel)(Griesbach, William) |
| 05/10/2011 | | Case Terminated (aw) |
| 05/10/2011 | | Certified copy of transfer order, certified copy of docket, and all paper and electronic files sent to transfer court on 5/10/2011. (aw) |