UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGIA PACIFIC CONSUMER
PRODUCTS, LP, et al.,

        Plaintiffs,

                                                  Case No. 1:11cv483

v.

                                                  Hon. Robert J. Jonker

NCR CORPORATION, et al.,

        Defendants.
_____/


**ORDER SETTING RULE 16 SCHEDULING CONFERENCE**

    **IT IS HEREBY ORDERED**:

    1.    Rule 16 Scheduling Conference:  A scheduling conference under Fed. R. Civ. P. 16 is scheduled for **June 27, 2011 at 10:00 a.m.**, before the Honorable Robert J. Jonker, Courtroom 699, Ford Federal Building, 110 Michigan, N.W., Grand Rapids, Michigan.

    2.    Matters to be Considered at the Scheduling Conference:  The purpose of the scheduling conference is to review the joint status report and to explore methods of expediting the disposition of the action by:  establishing early and ongoing case management; discouraging wasteful pretrial activities; establishing limitations on discovery; facilitating the settlement of a case; establishing an early, firm trial date; and improving the quality of the trial through thorough preparation.

    3.    Presumptive Disclosures and Discovery Limitations: Under Rules 26, 30 and 33, of the Federal Rules of Civil Procedure, the Court normally requires the following in the absence of good cause for deviation:

        (a)    All Rule 26(a) disclosures will apply.  Rule 26(a)(1) and Rule 26(a)(2) disclosures will be required before the end of discovery.  Rule 26(a)(3) pretrial disclosures will apply and, in addition, the Court will require a preliminary lay witness disclosure during

the discovery period. Rule 26(e) applies and governs the duty to supplement disclosures and discovery responses.

   (b)  Interrogatories will be limited to 25 per side and depositions will be limited to 10 per side, each of no more than 7 hours duration. **Rule 37 sanctions apply to disclosures and discovery responses, including inadequate supplementation of original disclosures and responses.**

   The court normally allows six months for discovery, but will consider a shorter or longer period at the scheduling conference.

   4.  <u>Meeting of Parties and Preparation of Joint Status Report</u>: At least seven days before the Rule 16 conference, counsel (or unrepresented parties) shall meet to discuss the following: the nature and basis of the parties' claims and defenses, the possibilities for a prompt settlement or resolution of the case, the formulation of a discovery plan, and the other topics listed below. Plaintiff shall be responsible for scheduling the meeting, which may be conducted in person or by telephone. After the meeting, the parties shall prepare a joint status report which **must be e-filed at least three (3) business days prior to the conference. The following form shall be used:**

   A Rule 16 Scheduling Conference is scheduled for _____, before the Hon. _____. Appearing for the parties as counsel will be:

> (List the counsel who will attend the scheduling conference. Counsel for all parties must attend. Parties not represented by counsel must appear in person. Parties who are represented are encouraged, but not required, to attend).

   (1)  <u>Jurisdiction</u>: The basis for the Court's jurisdiction is:

> (Set forth a statement of the basis for the Court's jurisdiction. Indicate all objections. State whether the case includes any pendent state law claims.)

   (2)  <u>Jury or Non-Jury</u>: This case is to be tried (before a jury/before the court as trier of law and fact.)

   (3)  <u>Judicial Availability</u>: The parties [agree] [do not agree] to have a United State Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment. [**Note to Counsel:** If the parties consent to the jurisdiction of a magistrate judge, pursuant to 28 U.S.C. § 636(c),

and so state in the Joint Status Report, an Order of Reference will be issued transferring the matter to the magistrate judge and allowing appeals to be taken to the United States Court of Appeals for the Sixth Circuit, in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 (c).]

(4) Geographic Transfer:  The parties are advised of the possibility, pursuant to W.D. Mich. LCivR 3.3(h), of a transfer of the action to a judge located in a different city, on the basis of the convenience of counsel, the parties, or witnesses.  Reassignment of the action shall be at the discretion of the court and shall require the consent of all parties and of both the transferor and transferee judge. The parties shall indicate whether a transfer for geographic convenience is warranted in this case.

(5) Statement of the Case:  This case involves:

> (Set forth a brief description of the claims and defenses, sufficient to acquaint the Court with the general nature of the case, as well as the factual and legal issues requiring judicial resolution.)

(6) Joinder of Parties and Amendment of Pleadings:  The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by _____.

(7) Disclosures and Exchanges:

Rule 26(a) mandates particular disclosures that apply on a self executing timetable in the absence of contrary court order.  Describe in the Joint Status Report what the parties propose regarding these categories of disclosure. In addition, this Court will require a preliminary disclosure of potential lay witnesses earlier than Rule 26(a)(3) would otherwise require.  Propose a date for this disclosure in the Joint Status Report.  NOTE: Rule 26(e) provides the duty to supplement applicable disclosures and discovery responses.  All parties must comply with this duty, and Rule 37 sanctions apply.

> (i) Fed.R.Civ.P. 26(a)(1) disclosures:
> [Propose deadlines and describe any objections.]
>
> (ii) Fed.R.Civ. P. 26(a)(2) disclosures:
> [Propose deadlines and describe any objections.]
>
> (iii) Fed.R.Civ.P. 26(a)(3) disclosures:
> [Propose deadlines and describe any objections.]

    (iv)    The parties have agreed to make available the following documents without the need of a formal request for production:

        From plaintiff to defendant by _____: (describe documents)
        From defendant to plaintiff by _____: (describe documents)
        -OR-
        The parties are unable to agree on voluntary production at this time.

    (v)    Initial Disclosure of potential lay witnesses:
        [Propose deadlines and describe any objections.]

(8)    <u>Discovery</u>: The parties believe that all discovery proceedings can be completed by _____. The parties recommend the following discovery plan:

    (As required by Fed. R. Civ. P. 26(f), set forth proposed plan of discovery, including subjects on which discovery may be needed and whether discovery should be conducted in phases or be limited to or focused on certain issues. Also set forth any recommendations as to limitations on discovery. Limitations may include the number of depositions, interrogatories, and requests for admissions, or limitations on the scope of discovery pending resolution of dispositive motions or alternative dispute resolution proceedings. State whether the presumptive limits for interrogatories; (Rule 33(a) (25 single part questions)) and depositions (Rule 30(a)(2)(A) (10 depositions per side); Rule 30(d)(1) (one day of seven hours per witness)) should be modified in this case.

(9)    <u>Motions</u>: The parties anticipate that all dispositive motions will be filed by _____. The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

(10)    <u>Alternative Dispute Resolution</u>: The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

(Set forth each party's position with respect to the preferred method, if any, of alternative dispute resolution. Methods used in this district include, but are not limited to, voluntary facilitative mediation (W.D. Mich. LCivR 16.3), early neutral evaluation (W.D. Mich. LCivR 16.4), and case evaluation (MCR 2.403 and W.D. Mich. LCivR 16.5).)

>  See the court's web site (www.miwd.uscourts.gov) for the local rules regarding all forms of ADR used in this district and for lists of mediators, case evaluators, and arbitrators.

(11)  <u>Length of Trial</u>:  Counsel estimate the trial will last approximately _____ days, total, allocated as follows:
_____ days for plaintiff's case, _____ days for defendant's case,
_____ days for other parties.

(12)  <u>Prospects of Settlement</u>:  The status of settlement negotiations is:

>  (Indicate persons present during negotiations, progress toward settlement, and issues that are obstacles to settlement.)

(13)  <u>Electronic Document Filing System</u>:  Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule.  The Court expects all counsel to abide by the requirements of this rule.  *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules.  Counsel opposing a *pro se* party must **file** documents electronically but **serve** pro se parties with paper documents in the traditional manner.

(14)  <u>Other</u>:  Set forth any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

The joint status report shall be approved by all counsel of record and by any party who represents him or herself.

5.  <u>Order of Referral</u>:  United States Magistrate Judge Hugh W. Brenneman, Jr., is designated to assist in the processing of this case, and is invested by the powers conferred under 28 U.S.C. § 636(b)(1)(A).

6.  <u>Case Manager</u>:  Any question concerning this Order or the scheduling conference should be directed to Melva I. Ludge, Case Manager, at (616) 456-2327.

>  /s/Robert J. Jonker
>  ROBERT J. JONKER
>  UNITED STATES DISTRICT JUDGE

Dated:  May 20, 2011