IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GEORGIA PACIFIC CONSUMER PRODUCTS, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC,<br><br>Plaintiffs,<br><br>v.<br><br>NCR CORPORATION, INTERNATIONAL PAPER COMPANY, and WEYERHAEUSER<br><br>Defendants.<br><br>INTERNATIONAL PAPER COMPANY,<br><br>Counterclaimant,<br><br>v.<br><br>GEORGIA PACIFIC CONSUMER PRODUCTS LP, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC,<br><br>Counterdefendants,<br><br>INTERNATIONAL PAPER COMPANY,<br><br>Crossclaimant,<br><br>v.<br><br>NCR CORPORATION and WEYERHAEUSER COMPANY,<br><br>Crossdefendants. | Civil Action No. 1:11-cv-00483-RJJ<br><br>Assigned to: Hon. Robert J. Jonker<br><br>**PLAINTIFFS GEORGIA PACIFIC CONSUMER PRODUCTS, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC'S RESPONSE TO THE COUNTERCLAIM OF DEFENDANT INTERNATIONAL PAPER COMPANY** |

## ANSWER TO COUNTERCLAIM
## OF INTERNATIONAL PAPER COMPANY

### PARTIES

Plaintiffs Georgia-Pacific Consumer Products LP, Fort James Corporation and Georgia-Pacific LLC (hereinafter collectively referred to as "Georgia-Pacific") by and through their undersigned counsel, as their answer to the Counterclaims of Defendant International Paper Company ("International Paper"), state upon personal knowledge and/or information and belief as follows:

1. Counterclaimant and Crossclaimant International Paper is a corporation incorporated under the laws of the State of New York and is the successor by merger to St. Regis Corporation ("St. Regis") and Champion International Corporation ("Champion").

**Answer: Georgia-Pacific admits this allegation.**

2. On information and belief, counterdefendant Georgia-Pacific Consumer Products LP is a limited partnership, the state of organization of which is unknown, and is a plaintiff in this action.

**Answer: Georgia-Pacific Consumer Products LP admits that it is a Delaware limited partnership and is a plaintiff in this action.**

3. On information and belief, counterdefendant Fort James Corporation is a corporation, the state of organization of which is unknown, and is a plaintiff in this action.

**Answer: Fort James Corporation admits that it is a Virginia corporation and that it is a plaintiff in this action.**

4. On information and belief, counterdefendant Georgia-Pacific LLC is a limited liability company, the state of organization and principal place of business of which is unknown, and is a plaintiff in this action. Georgia-Pacific LLC together with counterdefendants Georgia-

1

Pacific Consumer Products LLP and Fort James Corporation, are referred to collectively below as "GP" or "Counterdefendants."

**Answer: Georgia-Pacific LLC admits that it is a Delaware limited liability company, that it is a plaintiff in this action, and that its principal place of business is Georgia. The remaining allegations of the Complaint are admitted.**

5. On information and belief and as alleged by GP in the First Amended Complaint ("Amended Complaint"), Counterdefendants are the corporate successors to and liable with respect to certain Kalamazoo area facilities located on and near the Kalamazoo River and Counterdefendants' operation and ownership of such facilities is the basis on which they have been named as potentially responsible parties ("PRPs") under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.* ("CERCLA") at the Allied Paper/Portage Creek/Kalamazoo River Superfund Site ("Kalamazoo River Superfund Site").

**Answer: Georgia-Pacific admits the allegations of Paragraph 5 of the Counterclaim, except that Georgia-Pacific avers that the admission regarding liability is stated in Paragraph 8 of the Amended Complaint filed in this action.**

6. On information and belief, cross-defendant NCR is a corporation organized and existing under the laws of the State of Maryland, is a defendant in this action, and is the successor to certain entities, including Appleton Coated Paper Company ("ACPC") and Combined Paper Mills, Inc. ("Combined Lock").

**Answer: Georgia-Pacific admits the allegations of Paragraph 6 of the Counterclaim.**

7. On information and belief and as alleged in the Amended Complaint, NCR by contract, agreement or otherwise, arranged for disposal or treatment, or arranged with a transporter for disposal or treatment within the meaning of CERCLA Section 107(a)(3), 42

2

U.S.C. § 9607(a)(3), of PCB-containing waste associated with the production of carbonless copy paper ("CCP") at the Kalamazoo River Superfund Site. On information and belief, such arrangements for disposal by NCR was of PCB-containing waste associated with NCR's operations, together with those of its predecessors (including ACPC and Combined Locks) and the operations of certain entities, including Mead Corporation, which acted as "toll" or "contract" coaters of CCP for NCR.

**Answer:** **Georgia-Pacific admits the allegations of Paragraph 7 of the Counterclaim.**

8. On information and belief, cross-defendant Weyerhaeuser is a corporation organized and existing under the laws of the State of Washington, is a defendant in this action and is a successor to and liable for the obligations of Hamilton Paper Company and/or Michigan Paper Company.

**Answer:** **Georgia-Pacific admits the allegations of Paragraph 8 of the Counterclaim.**

9. On information and belief, Weyerhaeuser or its predecessors owned and operated a mill located along the Kalamazoo River in Plainwell, Michigan known as the Plainwell Mill and a landfill, also located along the Kalamazoo River in Plainwell, Michigan known as the 12th Street Landfill, at which CCP broke and material containing CCP was used in the paper-making process and/or disposal of and from which there have been releases.

**Answer:** **Georgia-Pacific admits the allegations of Paragraph 9 of the Counterclaim.**

### JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this Counterclaim and Cross Claim pursuant to 42 U.S.C. § 9601 *et seq* and 28 U.S.C. §§ 1331 and 1367(a).

Answer: **Georgia-Pacific admits the allegations of Paragraph 10 of the Counterclaim.**

11. Venue is proper under 28 U.S.C. § 1391(b)(2), 42 U.S.C. § 9613(b) and FRCP 13, because events that give rise to the claims asserted in this Counterclaim and Crossclaim took place in this District.

Answer: **Georgia-Pacific admits the allegations of Paragraph 11 of the Counterclaim.**

## NATURE OF COUNTERCLAIM AND CROSS CLAIM

12. GP's Amended Complaint alleges claims for relief against Counterclaimant International Paper with respect to alleged "costs of response" incurred pursuant to the provisions of CERCLA, with respect to the Kalamazoo River Superfund Site, which the United States Environmental Protection Agency ("EPA") placed on the National Priorities List pursuant to CERCLA in August 1990. GP alleges that International Paper is liable and a PRP with respect to the Kalamazoo River Superfund Site by reason of the alleged operation by St. Regis Paper Company of a mill located on the Kalamazoo River for a two year period from 1954 to 1956 and/or the alleged ownership of the mill property by St. Regis Paper Company for an additional time period. International Paper denies that it is has any liability to GP under the Amended Complaint or any liability with respect to the Kalamazoo River Superfund Site.

Answer: **Georgia-Pacific admits the general substance of the allegations referenced in Paragraph 12 of the Counterclaim, but refers to Paragraphs 14, 74, 75, 95 through 113 and 160 through 186 and in the Prayer for Relief of the Amended Complaint for a more complete and accurate description of the allegations made against International Paper. Georgia-Pacific specifically contends that International Paper does not have a valid**

4

**legal basis for denying the allegations made against International Paper in the Amended Complaint.**

13. This Counterclaim and Crossclaim seeks relief under CERCLA from Counterdefendants and Crossdefendants for "costs of response" within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), and for any other payments or liabilities International Paper may incur with respect to the Kalamazoo River Superfund Site, either as a result of a judgment against it on the Amended Complaint or otherwise.

**Answer: Georgia-Pacific admits only that the Counterclaim and Crossclaim seek relief under CERCLA. Georgia-Pacific avers that the remaining allegations contain conclusions of law as to which no response is required.**

## FIRST CLAIM FOR RELIEF
### (For Contribution Pursuant to CERCLA Section 113)

14. International Paper realleges and incorporates the preceding paragraphs as if fully set forth herein.

**Answer: Georgia-Pacific realleges and incorporates its responses to the preceding paragraphs as if fully set forth herein.**

15. On information and belief, the Counterdefendants, NCR and Weyerhaeuser each is a "person" as defined by Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

**Answer: Georgia-Pacific admits the allegations of Paragraph 15 of the Counterclaim.**

16. On information and belief, the Kalamazoo River Superfund Site and/or each of the facilities operated by GP's predecessors and Weyerhaeuser and its predecessors on the Kalamazoo River is a "facility" within the meaning Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

5

Answer: **Georgia-Pacific admits the allegations of Paragraph 16 of the Counterclaim.**

17. On information and belief, and as admitted by GP for purposes of this litigation in Paragraph 8 of the Amended Complaint, each of the Counterdefendant(s) was an owner and operator of a facility located within the Kalamazoo River Superfund Site within the meaning of Section 101(20)(A) of CERCLA, 42 U.S.C. § 9601(20)(A).

Answer: **Georgia-Pacific admits the allegations of Paragraph 17 of the Counterclaim.**

18. On information and belief, Crossdefendant Weyerhaeuser and its predecessor(s) each was an owner and operator of a facility at the Kalamazoo River Superfund Site within the meaning of Section 101(20)(A) of CERCLA, 42 U.S.C. § 9601(20)(A).

Answer: **Georgia-Pacific admits the allegations of Paragraph 18 of the Counterclaim.**

19. On information and belief, there have been releases or threatened releases of "hazardous substances" within the meaning of CERCLA section 101(14) and (22), 42 U.S.C. §§ 9601(14) and (22), at the facilities referred to in Paragraph 10. GP has admitted for purposes of this litigation that there has been a release from such facilities to the Kalamazoo River Superfund Site.

Answer: **Georgia-Pacific admits the allegations of Paragraph 19 of the Counterclaim.**

20. International Paper may incur or become obligated to pay "response costs" within the meaning Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

6

**Answer: Georgia-Pacific admits the allegation that the Complaint against International Paper seeks costs from International Paper. Georgia-Pacific lacks knowledge or information sufficient to respond to the remaining allegations of Paragraph 20.**

21. Each of Counterdefendants and Crossdefendants is liable to International Paper for any response costs in excess of International Paper's equitable share, if any, of such costs and that are, as a matter of equity and pursuant to the provisions of Section 113 of CERCLA, 42 U.S.C. § 9613, attributable to such Counterdefendant and/or Crossdefendant, together with interest pursuant to applicable provisions of CERCLA.

**Answer: Georgia-Pacific denies the allegations of Paragraph 21 of the Counterclaim insofar as these allegations are directed to Georgia-Pacific, and avers that the remaining allegations contain conclusions of law as to which no response is necessary.**

## SECOND CLAIM FOR RELIEF
### (For Cost Recovery under CERCLA)

22. International Paper realleges and incorporates Paragraphs 1 to 13 and 15 to 20 as if fully set forth herein.

**Answer: Georgia-Pacific realleges and incorporates its responses to Paragraphs 1 to 13 and 15 to 20 as if fully set forth herein.**

23. Pursuant to the provisions of Section 107(a)(4)(B) of CERCLA, 42 U.S.C. § 9607(a)(4)(B), International Paper is entitled to recover from Counterdefendants and Crossdefendants, and each of them, any response costs that it may incur or become obligated to pay, together with interest pursuant to applicable provisions of CERCLA.

**Answer: Georgia-Pacific denies the allegations of Paragraph 23 of the Counterclaim insofar as these allegations are directed to Georgia-Pacific, and avers that the remaining allegations contain conclusions of law as to which no response is necessary.**

WHEREFORE, Georgia-Pacific prays that International Paper's counterclaim be dismissed with prejudice and that Georgia-Pacific be awarded costs and reasonable attorney fees.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

International Paper fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

International Paper's claims are barred or limited insofar as (1) Georgia-Pacific exercised due care with respect to the hazardous substances concerned, taking into consideration the characteristics of such hazardous substances, in light of all relevant facts and circumstances; (2) the conditions, injuries, costs, damages, expenses and other relief for which International Paper seeks to hold Georgia-Pacifica liable were caused solely by the acts or omissions of the Defendants, their employees, agents or contractors, or third parties other than (a) employees or agents of Georgia-Pacific or (b) persons whose acts or omissions occurred in connection with a contractual relationship, existing directly or indirectly, with Georgia-Pacific; and (3) Georgia-Pacific took precautions against foreseeable acts and omissions of any such third party and the consequences that foreseeably could result from such acts or omissions.

### Third Affirmative Defense

Georgia-Pacific maintains that its own claims are not barred or limited by an applicable statute of limitations but lacks knowledge or information about the basis for the claims asserted by International Paper, and therefore asserts that International Paper's claims may be barred in whole or in part by the applicable statutes of limitations.

### Fourth Affirmative Defense

Georgia-Pacific maintains that its own claims are not barred or limited by the doctrine of laches but lacks knowledge or information about the basis for the claims asserted by

International Paper, and therefore asserts that International Paper's claims, to the extent they are equitable in nature, may be barred in whole or in part by the equitable doctrine of laches.

<u>Fifth Affirmative Defense</u>

International Paper's claims, to the extent that they are equitable in nature, are barred or limited by the doctrine of unclean hands.

<u>Sixth Affirmative Defense</u>

International Paper's claims, to the extent that they are equitable in nature, are barred or limited by the doctrine of estoppel.

<u>Seventh Affirmative Defense</u>

International Paper's claims, to the extent that they are equitable in nature, are barred or limited by the doctrine of waiver.

<u>Eighth Affirmative Defense</u>

Georgia-Pacific is not liable for any acts or omissions undertaken by or at the direction of sufferance of governmental authority, including but not limited to activities conducted at the Site in accordance with any valid order entered into or issued by such authority.

<u>Ninth Affirmative Defense</u>

International Paper cannot recover from Georgia-Pacific more than Georgia-Pacific's fair, equitable, and proportionate share of the costs, damages, expenses, and other relief that International Paper seeks.

<u>Tenth Affirmative Defense</u>

Georgia-Pacific is entitled to an offset against any damages, costs, fees, and/or expenses and/or liability for the greater of: (1) any amount actually paid by any person heretofore or hereafter for any of the damages, costs, fees, and/or expenses sought in this action; or (2) the equitable share of the liability of any person or entity that heretofore has received or hereafter

receives a release from liability or covenant not to sue with respect to any of the damages, costs, fees, and/or expenses sought in this action.

Eleventh Affirmative Defense

Georgia-Pacific reserves the right to assert any and all additional defenses that may become known or available during the course of litigation.

Dated: August 18, 2011                                   Respectfully submitted,

GEORGIA-PACIFIC CONSUMER PRODUCTS, LP., FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC

By:       /s/ Jeffrey N. Martin

Peter A. Smit (P27886)
Varnum LLP
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501
(616) 336-6000

Joseph C. Kearfott, Va. Bar No. 12639
Douglas M. Garrou, Va. Bar No. 42069
George P. Sibley, III
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219-4074
(804) 788-8200

Jeffrey N. Martin, D.C. Bar No. 254201
Djordje Petkoski
Hunton & Williams LLP
2200 Pennsylvania Ave, N.W.
Washington, D.C.  20037
(202) 955-1500

Kathy Robb, N.Y. Bar No. 2311710
Hunton & Williams LLP
200 Park Avenue, 52nd Floor
New York, NY  10166-0005
(212) 309-1000

                                              Jan M. Conlin, MN Bar No. 0192697
                                              Tara D. Falsani, MN Bar No. 0335903
                                              Robins, Kaplan, Miller & Ciresi L.L.P.
                                              800 LaSalle Avenue
                                              2800 LaSalle Plaza
                                              Minneapolis, MN 55402
                                              (612) 349-8500