IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 11-cv-483 |
| v. | ) ) | |
| NCR CORPORATION, INTERNATIONAL PAPER COMPANY, and WEYERHAEUSER COMPANY, | ) ) ) ) | Hon. Robert J. Jonker |
| Defendants, | ) ) | |
| INTERNATIONAL PAPER COMPANY, | ) ) | |
| Counterclaimant, | ) ) | |
| v. | ) ) | |
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC, | ) ) ) ) | |
| Counterdefendants, | ) ) ) | |
| INTERNATIONAL PAPER COMPANY, | ) ) | |
| Cross-Claimant, | ) ) | |
| v. | ) ) | |
| NCR CORPORATION, WEYERHAEUSER COMPANY, | ) ) ) | |
| Cross-Defendants. | ) | |

**DEFENDANT NCR CORPORATION'S ANSWER TO THE CROSS-CLAIM
OF DEFENDANT INTERNATIONAL PAPER COMPANY**

Defendant NCR Corporation ("NCR"), by and through its undersigned counsel, as its Answer to the Cross-Claim brought by International Paper Company ("IP"), states upon personal knowledge and/or information and belief as follows:

## PARTIES

1. Counterclaimant and Crossclaimant International Paper is a corporation incorporated under the laws of the State of New York and is the successor by merger to St. Regis Corporation ("St. Regis") and Champion International Corporation ("Champion").

**ANSWER:** NCR states that it is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 1.

2. On information and belief, counterdefendant Georgia-Pacific Consumer Products LP is a limited partnership, the state of organization of which is unknown, and is a plaintiff in this action.

**ANSWER:** NCR states that Paragraph 2 asserts allegations against other parties to which no response is required from NCR.

3. On information and belief, counterdefendant Fort James Corporation is a corporation, the state of organization of which is unknown, and is a plaintiff in this action.

**ANSWER:** NCR states that Paragraph 3 asserts allegations against other parties to which no response is required from NCR.

4. On information and belief, counterdefendant Georgia-Pacific LLC is a limited liability company, the state of organization and principal place of business of which is unknown, and is a plaintiff in this action. Georgia-Pacific LLC together with counterdefendants Georgia-Pacific Consumer Products LLP and Fort James Corporation, are referred to collectively below as "GP" or "Counterdefendants."

**ANSWER:** NCR states that Paragraph 4 asserts allegations against other parties to which no response is required from NCR.

5. On information and belief and as alleged by GP in the First Amended Complaint ("Amended Complaint"), Counterdefendants are the corporate successors to and liable with respect to certain Kalamazoo area facilities located on and near the Kalamazoo River and Counterdefendants' operation and ownership of such facilities is the basis on which they have been named as potentially responsible parties ("PRPs") under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.* ("CERCLA") at the Allied Paper/Portage Creek/Kalamazoo River Superfund Site ("Kalamazoo River Superfund Site").

**ANSWER:** NCR states that Paragraph 5 asserts allegations against other parties to which no response is required from NCR.

6. On information and belief, cross-defendant NCR is a corporation organized and existing under the laws of the State of Maryland, is a defendant in this action, and is the successor to certain entities, including Appleton Coated Paper Company ("ACPC") and Combined Paper Mills, Inc. ("Combined Lock").

**ANSWER:** NCR denies the allegations set forth in Paragraph 6, except admits that (1) it is a Maryland corporation with its principal place of business in Duluth, Georgia; (2) it acquired ACPC in or about 1970; (3) it acquired Combined Lock in or about 1969; and (4) it sold ACPC and Combined Lock to another entity in 1978.

7. On information and belief and as alleged in the Amended Complaint, NCR by contract, agreement or otherwise, arranged for disposal or treatment, or arranged with a transporter for disposal or treatment within the meaning of CERCLA Section 107(a)(3), 42 U.S.C. § 9607(a)(3), of PCB-containing waste associated with the production of carbonless copy paper ("CCP") at the Kalamazoo River Superfund Site. On information and belief, such arrangements for disposal by NCR was of PCB-containing waste associated with NCR's operations, together with those of its predecessors (including ACPC and Combined Locks) and the operations of certain entities, including Mead Corporation, which acted as "toll" or "contract" coaters of CCP for NCR.

**ANSWER:** NCR denies the allegations set forth in Paragraph 7.

8. On information and belief, cross-defendant Weyerhaeuser is a corporation organized and existing under the laws of the State of Washington, is a defendant in this action and is a successor to and liable for the obligations of Hamilton Paper Company and/or Michigan Paper Company.

**ANSWER:** NCR states that Paragraph 8 asserts allegations against other parties to which no response is required from NCR.

3

9. On information and belief, Weyerhaeuser or its predecessors owned and operated a mill located along the Kalamazoo River in Plainwell, Michigan known as the Plainwell Mill and a landfill, also located along the Kalamazoo River in Plainwell, Michigan known as the 12th Street Landfill, at which CCP broke and material containing CCP was used in the paper-making process and/or disposal of and from which there have been releases.

**ANSWER:** NCR states that Paragraph 9 asserts allegations against other parties to which no response is required from NCR. To the extent that allegations in Paragraph 9 require a response from NCR, NCR denies those allegations.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this Counterclaim and Cross Claim pursuant to 42 U.S.C. § 9601 *et seq* and 28 U.S.C. §§ 1331 and 1367(a).

**ANSWER:** NCR denies the allegations set forth in Paragraph 10, except admits that the Court has jurisdiction over the subject matter of this Cross-Claim against NCR. To the extent that Paragraph 10 asserts allegations against other parties, NCR states that no response is required from NCR.

11. Venue is proper under 28 U.S.C. § 1391(b)(2), 42 U.S.C. § 9613(b) and FRCP 13, because events that give rise to the claims asserted in this Counterclaim and Crossclaim took place in this District.

**ANSWER:** NCR denies the allegations set forth in Paragraph 11, except admits that venue is proper in the Western District of Michigan. To the extent that Paragraph 11 asserts allegations against other parties, NCR states that no response is required from NCR.

## NATURE OF COUNTERCLAIM AND CROSS-CLAIM

12. GP's Amended Complaint alleges claims for relief against Counterclaimant International Paper with respect to alleged "costs of response" incurred pursuant to the provisions of CERCLA, with respect to the Kalamazoo River Superfund Site, which the United States Environmental Protection Agency ("EPA") placed on the National Priorities List pursuant to CERCLA in August 1990. GP alleges that International Paper is liable and a PRP with respect to the Kalamazoo River Superfund Site by reason of the alleged operation by St. Regis Paper Company of a mill located on the Kalamazoo River for a two year period from 1954 to 1956 and/or the alleged ownership of the mill property by St. Regis Paper Company for an additional time period. International Paper denies that it is has any liability to GP under the Amended Complaint or any liability with respect to the Kalamazoo River Superfund Site.

**ANSWER:** NCR states that the allegations set forth in Paragraph 12 are characterizations of GP's Amended Complaint to which no response is required. To the extent that Paragraph 12 asserts legal conclusions and/or allegations against other parties, NCR further states that no response is required from NCR.

13. This Counterclaim and Crossclaim seeks relief under CERCLA from Counterdefendants and Crossdefendants for "costs of response" within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), and for any other payments or liabilities International Paper may incur with respect to the Kalamazoo River Superfund Site, either as a result of a judgment against it on the Amended Complaint or otherwise.

**ANSWER:** NCR states that the allegations set forth in Paragraph 13 are characterizations of IP's Counterclaim and Cross-Claim to which no response is required. To the extent that Paragraph 13 asserts legal conclusions and/or allegations against other parties, NCR further states that no response is required from NCR.

## FIRST CLAIM FOR RELIEF

(For Contribution Pursuant to CERCLA Section 113)

14. International Paper realleges and incorporates the preceding paragraphs as if fully set forth herein.

**ANSWER:** NCR incorporates by reference its answers to Paragraphs 1-13.

15. On information and belief, the Counterdefendants, NCR and Weyerhaeuser each is a "person" as defined by Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

**ANSWER:** NCR admits that it is a "person" as defined by Section 101(21) of CERCLA, 42 U.S.C. § 9601(21). To the extent that Paragraph 15 asserts allegations against other parties, NCR states that no response is required from NCR.

16. On information and belief, the Kalamazoo River Superfund Site and/or each of the facilities operated by GP's predecessors and Weyerhaeuser and its predecessors on the Kalamazoo River is a "facility" within the meaning Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

**ANSWER:** NCR denies the allegations set forth in Paragraph 16, except admits that the Kalamazoo River Superfund Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9). To the extent that Paragraph 16 asserts allegations against other parties, NCR states that no response is required from NCR.

17. On information and belief, and as admitted by GP for purposes of this litigation in Paragraph 8 of the Amended Complaint, each of the Counterdefendant(s) was an owner and operator of a facility located within the Kalamazoo River Superfund Site within the meaning of Section 101(20)(A) of CERCLA, 42 U.S.C. § 9601(20)(A).

**ANSWER:** NCR states that Paragraph 17 asserts allegations against other parties to which no response is required from NCR.

18. On information and belief, Crossdefendant Weyerhaeuser and its predecessor(s) each was an owner and operator of a facility at the Kalamazoo River Superfund Site within the meaning of Section 101(20)(A) of CERCLA, 42 U.S.C. § 9601(20)(A).

**ANSWER:** NCR states that Paragraph 18 asserts allegations against other parties to which no response is required from NCR.

19. On information and belief, there have been releases or threatened releases of "hazardous substances" within the meaning of CERCLA section 101(14) and (22), 42 U.S.C. §§ 9601(14) and (22), at the facilities referred to in Paragraph 10. GP has admitted for purposes of this litigation that there has been a release from such facilities to the Kalamazoo River Superfund Site.

**ANSWER:** NCR admits that GP and certain other PRPs unrelated to NCR have been found to be responsible for the discharge, release and/or disposal of materials containing PCBs at the Kalamazoo Site. NCR further admits that, for purposes of this litigation, GP does not contest that (1) it is an owner and operator of a facility at the Site within the meaning of Section 101 (20)(A) of CERCLA, 42 U.S.C. § 9601 (20)(A); (2) there has been a release or threatened release of PCBs, a hazardous substance, within the meaning of Sections 101(14), (22) of CERCLA, 42 U.S.C. §§ 9601 (14), (22), from its facility to the Site; or (3) response costs have been incurred in response to such actual and threatened releases at the Site, within the meaning of Section 107(a) of CERCLA, 42 U.S.C. § 9607(a). NCR specifically denies any liability relating to the Kalamazoo Site. NCR states that it is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in Paragraph 19.

20. International Paper may incur or become obligated to pay "response costs" within the meaning Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

**ANSWER:** NCR states that it is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 20.

21. Each of Counterdefendants and Crossdefendants is liable to International Paper for any response costs in excess of International Paper's equitable share, if any, of such costs and that are, as a matter of equity and pursuant to the provisions of Section 113 of CERCLA, 42 U.S.C. § 9613, attributable to such Counterdefendant and/or Crossdefendant, together with interest pursuant to applicable provisions of CERCLA.

**ANSWER:** NCR denies the allegations set forth in Paragraph 21. To the extent that Paragraph 21 asserts legal conclusions and/or allegations against other parties, NCR states that no response is required from NCR.

## SECOND CLAIM FOR RELIEF

(For Cost Recovery Under CERCLA)

22. International Paper realleges and incorporates Paragraphs 1 to 13 and 15 to 20 as if fully set forth herein.

**ANSWER:** NCR incorporates by reference its answers to Paragraphs 1-13 and 15-20.

23. Pursuant to the provisions of Section 107(a)(4)(B) of CERCLA, 42 U.S.C. § 9607(a)(4)(B), International Paper is entitled to recover from Counterdefendants and Crossdefendants, and each of them, any response costs that it may incur or become obligated to pay, together with interest pursuant to applicable provisions of CERCLA.

**ANSWER:** NCR denies the allegations set forth in Paragraph 23. To the extent that Paragraph 23 asserts legal conclusions and/or allegations against other parties, NCR states that no response is required from NCR.

## GENERAL DENIAL

24. With respect to all paragraphs in the Cross-Claim in which IP prays for damages or other relief, NCR denies that IP is so entitled under law.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. NCR hereby incorporates by reference its answers to the allegations set forth in the Cross-Claim filed by International Paper Company ("IP").

2. IP's allegations fail to state a claim upon which relief can be granted.

3. IP's claims are barred in whole or in part because NCR did not arrange for disposal or treatment of any hazardous substances, within the meaning of CERCLA, at the Allied Paper Inc./Portage Creek/Kalamazoo River Superfund Site (the "Kalamazoo Site").

4. The discharge, release and/or disposal of hazardous substances at the Kalamazoo Site, and any resulting harms, were caused by the acts or omissions of IP and/or other third parties or entities unrelated to NCR, and NCR has no liability for such damages under CERCLA.

5. The discharge, release and/or disposal of hazardous substances at the Kalamazoo Site, and any resulting harms, were the result of IP's own acts or omissions, over which NCR had no control and continues to have no control.

6. IP's claims are barred in whole or in part insofar as IP seeks to recover costs that are not reasonable or necessary response costs or are otherwise inconsistent with the National Contingency Plan.

7. IP's claims are barred in whole or in part to the extent that IP seeks to recover costs and expenses other than response costs, as the term is defined in CERCLA.

8. IP's claims are barred in whole or in part insofar as IP has failed to meet all conditions precedent to recovery.

9. IP's claims are barred in whole or in part by the applicable statutes of limitations.

10. IP's claims are barred in whole or in part by the doctrine of estoppel.

11. IP's claims, to the extent they are equitable in nature, are barred in whole or in part by the doctrine of laches.

12. IP's claims, to the extent they are equitable in nature, are barred by the doctrine of unclean hands.

13. NCR asserts and relies upon any and all defenses available under CERCLA.

14. NCR reserves its right to assert any and all additional defenses that become known or available during the course of litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant NCR respectfully requests that this Court enter judgment as follows:

(1) Entering judgment in favor of NCR and against IP, dismissing IP's Cross-Claim in its entirety with prejudice; and

(2) Granting NCR such other relief as the Court deems just, proper or necessary.

Dated: August 18, 2011                    Respectfully submitted,

                                      NCR CORPORATION

                                      /s/ Evan R. Chesler
                                      *Counsel for NCR Corporation*

DICKINSON WRIGHT PLLC
Geoffrey A. Fields
200 Ottawa Avenue, N.W., Suite 1000
Grand Rapids, MI 49503
Phone: (616) 336-1017
Fax: (616) 458-6753

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
Sandra C. Goldstein
Darin P. McAtee
Worldwide Plaza, 825 Eighth Avenue
New York, New York 10019
Phone: (212) 474-1000
Fax: (212) 474-3700
echesler@cravath.com

SIDLEY AUSTIN LLP
Kathleen L. Roach
Evan B. Westerfield
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036

MARTEN LAW PLLC
Linda R. Larson
Bradley M. Marten
1191 Second Avenue, Suite 2200
Seattle, Washington 98101
Phone: (206) 292-2600
Fax: (206) 292-2601