UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS, LP, FORT JAMES CORPORATION, and GEORGIA-PACIFIC, LLC, | Civil Action No. 1:11-cv-483 |
| Plaintiffs, | Judge Robert J. Jonker |
| v. | |
| NCR CORPORATION, INTERNATIONAL PAPER COMPANY, AND WEYERHAEUSER COMPANY, | |
| Defendants, | |
| INTERNATIONAL PAPER COMPANY, | |
| Counterclaimant, | |
| v. | |
| GEORGIA-PACIFIC CONSUMER PRODUCTS, LP, FORT JAMES CORPORATION, and GEORGIA-PACIFIC, LLC, | |
| Counterdefendants, | |
| INTERNATIONAL PAPER COMPANY, | |
| Crossclaimant, | |
| v. | |
| NCR CORPORATION and WEYERHAEUSER COMPANY, | |
| Crossdefendants. | |

**DEFENDANT AND CROSS-DEFENDANT WEYERHAEUSER COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO INTERNATIONAL PAPER COMPANY'S CROSS-CLAIM**

Defendant and Cross-defendant Weyerhaeuser Company, by and through its

undersigned counsel, as its Answer to the Cross-Claim brought by International Paper

Company ("IP"), quotes the allegations of the Cross-Claim and states upon personal knowledge and/or information and belief as follows:

1.  Counterclaimant and Crossclaimant International Paper is a corporation incorporated under the laws of the State of New York and is the successor by merger to St. Regis Corporation ("St. Regis") and Champion International Corporation ("Champion").

**Answer:** The allegations set forth in Paragraph 1 concern parties other than Weyerhaeuser and therefore no response is required. To the extent that a response is required, Weyerhaeuser lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

2.  On information and belief, counterdefendant Georgia-Pacific Consumer Products LP is a limited partnership, the state of organization of which is unknown, and is a plaintiff in this action.

**Answer:** The allegations set forth in Paragraph 2 concern parties other than Weyerhaeuser and therefore no response is required. To the extent that a response is required, Weyerhaeuser lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

3.  On information and belief, counterdefendant Fort James Corporation is a corporation, the state of organization of which is unknown, and is a plaintiff in this action.

**Answer:** The allegations set forth in Paragraph 3 concern parties other than Weyerhaeuser and therefore no response is required. To the extent that a response is required, Weyerhaeuser lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

4.  On information and belief, counterdefendant Georgia-Pacific LLC is a limited liability company, the state of organization and principal place of business of which is unknown, and is a plaintiff in this action. Georgia-Pacific LLC together with counterdefendants Georgia-Pacific Consumer Products LLP and Fort James Corporation, are referred to collectively below as "GP" or "Counterdefendants."

**Answer:** The allegations set forth in Paragraph 4 concern parties other than Weyerhaeuser and therefore no response is required. To the extent that a response is

01576-0287/LEGAL21749230.1

required, Weyerhaeuser lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

5. On information and belief and as alleged by GP in the First Amended Complaint ("Amended Complaint"), Counterdefendants are the corporate successors to and liable with respect to certain Kalamazoo area facilities located on and near the Kalamazoo River and Counterdefendants' operation and ownership of such facilities is the basis on which they have been named as potentially responsible parties ("PRPs") under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.* ("CERCLA") at the AlliedPaper/Portage Creek/Kalamazoo River Superfund Site ("Kalamazoo River Superfund Site").

**Answer:** The allegations set forth in Paragraph 5 concern parties other than Weyerhaeuser and therefore no response is required. To the extent that a response is required, Weyerhaeuser lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

6. On information and belief, cross-defendant NCR is a corporation organized and existing under the laws of the State of Maryland, is a defendant in this action, and is the successor to certain entities, including Appleton Coated Paper Company ("ACPC") and Combined Paper Mills, Inc. ("Combined Lock").

**Answer:** The allegations set forth in Paragraph 6 concern parties other than Weyerhaeuser and therefore no response is required. To the extent that a response is required, Weyerhaeuser lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

7. On information and belief and as alleged in the Amended Complaint, NCR by contract, agreement or otherwise, arranged for disposal or treatment, or arranged with a transporter for disposal or treatment within the meaning of CERCLA Section 107(a)(3), 42 U.S.C. § 9607(a)(3), of PCB-containing waste associated with the production of carbonless copy paper ("CCP") at the Kalamazoo River Superfund Site. On information and belief, such arrangements for disposal by NCR was of PCB-containing waste associated with NCR's operations, together with those of its predecessors (including ACPC and Combined Locks) and the operations of certain entities, including Mead Corporation, which acted as "toll" or "contract" coaters of CCP for NCR.

**Answer:** The allegations set forth in Paragraph 7 concern parties other than Weyerhaeuser and therefore no response is required. To the extent that a response is required, Weyerhaeuser lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

8. On information and belief, cross-defendant Weyerhaeuser is a corporation organized and existing under the laws of the State of Washington, is a defendant in this action and is a successor to and liable for the obligations of Hamilton Paper Company and/or Michigan Paper Company.

**Answer:** Weyerhaeuser denies the allegations set forth in Paragraph 8, except admits that Weyerhaeuser Company is a corporation organized and existing under the laws of the State of Washington and is a defendant in this action.

9. On information and belief, Weyerhaeuser or its predecessors owned and operated a mill located along the Kalamazoo River in Plainwell, Michigan known as the Plainwell Mill and a landfill, also located along the Kalamazoo River in Plainwell, Michigan known as the 12th Street Landfill, at which CCP broke and material containing CCP was used in the paper-making process and/or disposal of and from which there have been releases.

**Answer:** Weyerhaeuser denies the allegations set forth in Paragraph 9, except admits that it owned and operated the Plainwell Mill and owns and operates the 12th Street Landfill.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this Counterclaim and Cross Claim pursuant to 42 U.S.C. § 9601 *et seq* and 28 U.S.C. §§ 1331 and 1367(a).

**Answer:** Admitted.

11. Venue is proper under 28 U.S.C. § 1391(b)(2), 42 U.S.C. § 9613(b) and FRCP 13, because events that give rise to the claims asserted in this Counterclaim and Crossclaim took place in this District.

**Answer:** Admitted.

## NATURE OF THE COUNTERCLAIM AND CROSS-CLAIM

12. GP's Amended Complaint alleges claims for relief against Counterclaimant

01576-0287/LEGAL21749230.1

International Paper with respect to alleged "costs of response" incurred pursuant to the provisions of CERCLA, with respect to the Kalamazoo River Superfund Site, which the United States Environmental Protection Agency ("EPA") placed on the National Priorities List pursuant to CERCLA in August 1990. GP alleges that International Paper is liable and a PRP with respect to the Kalamazoo River Superfund Site by reason of the alleged operation by St. Regis Paper Company of a mill located on the Kalamazoo River for a two year period from 1954 to 1956 and/or the alleged ownership of the mill property by St. Regis Paper Company for an additional time period. International Paper denies that it is has any liability to GP under the Amended Complaint or any liability with respect to the Kalamazoo River Superfund Site.

**Answer:** The allegations set forth in the first two sentences of Paragraph 12 are characterizations of GP's Amended Complaint, which speaks for itself, and therefore no response is required. The allegations set forth in the third sentence of Paragraph 12 assert legal conclusions to which no response is required. To the extent that a response is required, Weyerhaeuser lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

13. This Counterclaim and Crossclaim seeks relief under CERCLA from Counterdefendants and Crossdefendants for "costs of response" within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), and for any other payments or liabilities International Paper may incur with respect to the Kalamazoo River Superfund Site, either as a result of a judgment against it on the Amended Complaint or otherwise.

**Answer:** The allegations set forth in Paragraph 13 are characterizations of IP's Counterclaim and Cross-Claim to which no response is required. Further, the allegations set forth in Paragraph 13 assert legal conclusions to which no response is required. To the extent that a response is required, Weyerhaeuser denies the allegations in paragraph 13.

### FIRST CLAIM FOR RELIEF

(For Contribution Pursuant to CERCLA Section 113)

14. International Paper realleges and incorporates the preceding paragraphs as if fully set forth herein.

**Answer:** Weyerhaeuser incorporates by reference its answers to Paragraphs 1-13.

01576-0287/LEGAL21749230.1

15. On information and belief, the Counterdefendants, NCR and Weyerhaeuser each is a "person" as defined by Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

**Answer:** The allegations set forth in Paragraph 15 assert legal conclusions to which no response is required.

16. On information and belief, the Kalamazoo River Superfund Site and/or each of the facilities operated by GP's predecessors and Weyerhaeuser and its predecessors on the Kalamazoo River is a "facility" within the meaning Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

**Answer:** The allegations set forth in Paragraph 16 assert legal conclusions to which no response is required.

17. On information and belief, and as admitted by GP for purposes of this litigation in Paragraph 8 of the Amended Complaint, each of the Counterdefendant(s) was an owner and operator of a facility located within the Kalamazoo River Superfund Site within the meaning of Section 101(20)(A) of CERCLA, 42 U.S.C. § 9601(20)(A).

**Answer:** The allegations set forth in Paragraph 17 concern parties other than Weyerhaeuser and assert legal conclusions, and therefore no response is required.

18. On information and belief, Crossdefendant Weyerhaeuser and its predecessor(s) each was an owner and operator of a facility at the Kalamazoo River Superfund Site within the meaning of Section 101(20)(A) of CERCLA, 42 U.S.C. § 9601(20)(A).

**Answer:** Weyerhaeuser denies the allegations set forth in Paragraph 18 except that, for purposes of this litigation only, does not contest (1) that it is an owner and operator of a facility at the Site within the meaning of section 101 (20)(A) of CERCLA, 42 U.S.C. § 9601 (20)(A);and (2) that there has been a release or threatened release of PCBs, a hazardous substance, within the meaning of sections 101(14), (22) of CERCLA, 42 U.S.C. §§ 9601 (14), (22), from its facility to a portion of the Site. Weyerhaeuser, however, does not waive its right to contest claims, including regarding the divisibility of injuries and damages in connection with the Site or the equitable allocation of response costs under section 113(f)(1) of CERCLA, 42 U.S.C. 9613(f)(1).

01576-0287/LEGAL21749230.1

19. On information and belief, there have been releases or threatened releases of "hazardous substances" within the meaning of CERCLA section 101(14) and (22), 42 U.S.C. §§ 9601(14) and (22), at the facilities referred to in Paragraph 10. GP has admitted for purposes of this litigation that there has been a release from such facilities to the Kalamazoo River Superfund Site.

**Answer:** The allegations set forth in Paragraph 19 assert legal conclusions to which no response is required.

20. International Paper may incur or become obligated to pay "response costs" within the meaning Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

**Answer:** Weyerhaeuser is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 20.

21. Each of Counterdefendants and Crossdefendants is liable to International Paper for any response costs in excess of International Paper's equitable share, if any, of such costs and that are, as a matter of equity and pursuant to the provisions of Section 113 of CERCLA, 42 U.S.C. § 9613, attributable to such Counterdefendant and/or Crossdefendant, together with interest pursuant to applicable provisions of CERCLA.

**Answer:** The allegations in Paragraph 21 concern parties other than Weyerhaeuser and contain legal conclusions, and therefore no response is required. To the extent that a response is required, Weyerhaeuser denies the allegations set forth in Paragraph 21.

## SECOND CLAIM FOR RELIEF

(For Cost Recovery Under CERCLA)

22. International Paper realleges and incorporates Paragraphs 1 to 13 and 15 to 20 as if fully set forth herein.

**Answer:** Weyerhaeuser incorporates by reference its answers to Paragraphs 1-13 and 15-21.

23. Pursuant to the provisions of Section 107(a)(4)(B) of CERCLA, 42 U.S.C. § 9607(a)(4)(B), International Paper is entitled to recover from Counterdefendants and Crossdefendants, and each of them, any response costs that it may incur or become obligated to pay, together with interest pursuant to applicable provisions of CERCLA.

01576-0287/LEGAL21749230.1

**Answer:** Paragraph 23 asserts legal conclusions and concerns parties other than Weyerhaeuser and therefore no response is required. To the extent that a response is required, Weyerhaeuser denies the allegations set forth in Paragraph 23.

## GENERAL DENIAL

24. With respect to all paragraphs in the Cross-Claim in which IP prays for damages or other relief, Weyerhaeuser denies that IP is entitled to such relief under law.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. Weyerhaeuser hereby incorporates by reference its answers to the allegations set forth in the Cross-claim filed by IP.

2. IP's allegations fail to state a claim upon which relief can be granted.

3. The discharge, release and/or disposal of hazardous substances at the Kalamazoo Site, and any resulting harms, were caused by the acts or omissions of IP and/or other third parties or entities unrelated to Weyerhaeuser, and Weyerhaeuser has no liability for such damages under CERCLA.

4. IP's claims are barred in whole or in part insofar as IP seeks to recover costs that are not reasonable or necessary response costs or are otherwise not consistent with the National Contingency Plan.

5. IP's claims are barred in whole or in part to the extent that IP seeks to recover costs and expenses other than response costs, as the term is defined in CERCLA.

6. IP's claims are barred in whole or in part insofar as IP has failed to meet all conditions precedent to recovery.

7. IP's claims are barred in whole or in part by the applicable statutes of limitations or waiver.

8. IP's claims are barred in whole or in part by the doctrine of estoppel.

-9-

9. IP's claims, to the extent they are equitable in nature, are barred in whole or in part by the doctrine of laches.

10. IP's claims are barred by the doctrine of unclean hands.

11. In any and all its actions with relation to the Site, Weyerhaeuser exercised due care with respect to the hazardous substances concerned, taking into consideration the characteristics of such hazardous substances, in light of all the facts and circumstances, and took precautions against the foreseeable acts or omissions of any third parties and the consequences that could foreseeably result from such acts or omissions.

12. Response costs may not be recovered to the extent that any releases by Weyerhaeuser were authorized by applicable permits.

13. IP has failed to mitigate its damages, if any.

14. To the extent Weyerhaeuser is held liable, its liability is divisible.

15. To the extent Weyerhaeuser is held liable, it is liable only for its several share of liability.

16. To the extent that Weyerhaeuser is held liable, the response costs that Weyerhaeuser and others have incurred and will incur, including in response to releases from the Plainwell Mill and the 12th Street Landfill, exceed its share of liability.

17. Weyerhaeuser is not liable for any releases of hazardous substances, or any damages therefrom, in any area upstream of the facilities that Weyerhaeuser owned or operated.

18. IP is a responsible party under CERCLA Section 107(a) and is therefore barred from bringing a claim for joint and several cost recovery under CERCLA Section 107(a).

19. Weyerhaeuser's share of liability, if any, is de minimis, de micromis, or both.

01576-0287/LEGAL21749230.1

20. Weyerhaeuser reserves the right to assert additional affirmative defenses after it has conducted discovery.

## PRAYER FOR RELIEF

WHEREFORE, Weyerhaeuser prays for judgment and relief as follows:

1. Dismissal of all or a portion of IP's Cross-Claim against Weyerhaeuser with prejudice;

2. An award of reasonable attorneys' fees and costs to Weyerhaeuser; and

3. Such other relief as the Court deems equitable and just.

01576-0287/LEGAL21749230.1

-11-

DATED: September 19, 2011　　**Weyerhaeuser Company**

By: */s/ Mark W. Schneider*

**PERKINS COIE LLP**

Mark W. Schneider, WA Bar No. 14105
MWSchneider@perkinscoie.com
Karen M. McGaffey, WA Bar No. 20535
KMcGaffey@perkinscoie.com
J. Christopher Baird, WA Bar No. 38944
JCBaird@perkinscoie.com
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

**WARNER NORCROSS & JUDD LLP**
Douglas A. Dozeman, MI Bar No. P35871
DDozeman@wnj.com
Scott M. Watson, MI Bar No. P70185
SWatson@wnj.com
900 Fifth Third Center
111 Lyon St. NW
Grand Rapids, MI 49504-2487
Telephone: 616.752.2000
Facsimile: 616.752.2500

Attorneys for Defendant and Crossdefendant Weyerhaeuser Company