IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GEORGIA PACIFIC CONSUMER PRODUCTS, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC, ) ) ) ) Plaintiffs, ) ) v. ) ) NCR CORPORATION, INTERNATIONAL ) PAPER CO., and WEYERHAEUSER ) COMPANY, ) Defendants. ) ) INTERNATIONAL PAPER COMPANY, ) ) Counterclaimant, ) ) v. ) ) GEORGIA PACIFIC CONSUMER PRODUCTS ) LP, FORT JAMES CORPORATION, and ) GEORGIA-PACIFIC LLC, ) ) Counterdefendants, ) ) INTERNATIONAL PAPER COMPANY, ) ) Cross-Claimant, ) ) v. ) ) NCR CORPORATION and ) WEYERHAEUSER COMPANY, ) ) Cross-Defendants, ) ) WEYERHAEUSER COMPANY, ) ) Cross-Claimant, ) ) v. ) | Civil Action No. 1:11-cv-00483-RJJ<br><br>Assigned to: Hon. Robert J. Jonker |

|   |   |
|---|---|
| GEORGIA PACIFIC CONSUMER PRODUCTS, FORT JAMES CORPORATION, GEORGIA-PACIFIC LLC, NCR CORPORATION, and INTERNATIONAL PAPER COMPANY, | ) ) ) ) ) ) ) |
| Cross-Defendants. | ) |

_____

| | |
|---|---|
| John F. Cermak, Jr. | John D. Parker |
| Sonja A. Inglin | Michael D. Meuti |
| Baker Hostetler LLP | Baker & Hostetler LLP |
| 12100 Wilshire Boulevard, 15th Floor | 1900 E. 9th Street, Suite 3200 |
| Los Angeles, CA 90025 (216) 621-0200 | Cleveland, OH 44114 |
| (310) 820-8800 | (216) 621-0200 |

Attorneys for Defendant, Counterclaimant and Crossclaimant
INTERNATIONAL PAPER COMPANY
_____

# INTERNATIONAL PAPER COMPANY'S ANSWER TO WEYERHAEUSER COMPANY'S CROSS-CLAIM

International Paper Company ("International Paper"), by and through its undersigned counsel, hereby responds to the Cross-Claim of Weyerhaeuser Company ("Weyerhaeuser") as follows:

## Weyerhaeuser's Cross-Claim

In the event that Weyerhaeuser is held liable for more than its fair share of response costs, Weyerhaeuser is entitled to contribution or other recovery under CERCLA against the other parties adjudged liable in this action.

## International Paper's Answer

Weyerhaeuser's cross-claim states a legal conclusion to which no response is required. To the extent a response is required, International Paper admits that Weyerhaeuser contends that it is entitled to contribution or other recovery under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9601 *et seq.* ("CERCLA") against

1

other parties adjudged liable in this action if it is held liable for more than its fair share of response costs, denies that it has any liability under CERCLA with respect to the claims asserted in this action to Weyerhaeuser or any other party to this action, and otherwise denies the allegations of the Cross-Claim.

## AFFIRMATIVE DEFENSES

International Paper alleges the affirmative defenses set forth below.

### First Affirmative Defense
(Failure to State A Claim for Which Relief Can Be Granted)

Weyerhaeuser's cross-claim fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
(Statute of Limitations)

Weyerhaeuser's cross-claim against International Paper is barred by the applicable statute of limitations.

### Third Affirmative Defense
(Laches)

Weyerhaeuser is barred from asserting its cross-claim based on the equitable doctrine of laches.

### Fourth Affirmative Defense
(Estoppel)

Weyerhaeuser is barred from asserting its cross-claim against International Paper based on the equitable doctrine of estoppel.

### Fifth Affirmative Defense
(Waiver)

Weyerhaeuser is barred from asserting its cross-claim against International Paper based on the equitable doctrine of waiver.

### Sixth Affirmative Defense
(Unclean Hands)

Weyerhaeuser is barred from asserting its cross-claim against International Paper based on the equitable doctrine of unclean hands.

### Seventh Affirmative Defense
(Failure to Mitigate)

Weyerhaeuser has failed to mitigate, reduce or otherwise avoid any alleged response costs.

### Eighth Affirmative Defense
(Equitable Factors)

Given Weyerhaeuser's status as a PRP, Weyerhaeuser's recovery under its cross-claim, if any, should be reduced in accordance with the factors recognized under Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), for allocation among PRPs.

### Ninth Affirmative Defense
(Comparative Fault)

Weyerhaeuser's own acts and omissions caused or contributed to the costs and damages alleged in its cross-claim, and Weyerhaeuser's recovery, if any, should be reduced on the basis of Weyerhaeuser's comparative fault or degree of responsibility.

### Tenth Affirmative Defense
(Express and Implied Consent)

Weyerhaeuser is barred from seeking relief for any costs or damages that may have resulted from any acts or omissions relevant to its cross-claim because Weyerhaeuser and/or its predecessors in interest impliedly consented to, and/or had knowledge of all such activities or conditions.

### Eleventh Affirmative Defense
(Acts or Omissions of Third Parties)

To the extent that Weyerhaeuser has incurred or may in the future incur any response costs, such costs were or will be caused solely by the acts or omissions of third parties, including Weyerhaeuser and its predecessors in interest, for which International Paper is not responsible.

### Twelfth Affirmative Defense
(Act of God)

To the extent Weyerhaeuser has incurred or incurs any response costs, such costs or damages are not recoverable to the extent they were caused by Acts of God.

### Thirteenth Affirmative Defense
(Act of War)

To the extent Weyerhaeuser has incurred or incurs any response costs, such costs or damages are not recoverable to the extent they were caused by Acts of War.

### Fourteenth Affirmative Defense
(Federally Permitted Release)

To the extent International Paper is liable for any release or threatened release of hazardous substances at the Kalamazoo River Superfund Site, which International Paper denies, any such release or threatened release constituted a federally permitted release as defined in Section 106(j) of CERCLA, 42 U.S.C. § 9607(j), for which International Paper has no liability.

### Fifteenth Affirmative Defense
(Release Authorized or Permitted Pursuant to State Law)

To the extent International Paper is found to be liable for any release or threatened release of hazardous substances at the Kalamazoo River Superfund Site, which liability International Paper denies, such release or threatened release constitutes a release, authorized by statute, ordinance, regulation, or rule of a state, regional or local agency or government or by a permit, license or similar authorization from such an agency, for which International Paper has no liability.

### Sixteenth Affirmative Defense
(Actions Pursuant to Local, State, or Federal Authority)

International Paper is not liable for any acts or omissions undertaken by or at the direction or sufferance of local, state or federal authorities, including, without limitation, acts or omissions made in accordance with permits, regulations, ordinances, statutes, and laws applicable at the time of the acts or omissions at issue.

### Seventeenth Affirmative Defense
(*De Minimis* Discharges)

To the extent International Paper is found to be liable for any release or threatened release of hazardous substances at the Kalamazoo River Superfund Site, which liability International Paper denies, the volume and toxicity of any hazardous substances associated with

any such releases were *de minimis*, both in absolute terms and relative to the contribution of other parties, and any such contribution is therefore insufficient as a matter of law to give rise to liability on the part of International Paper.

### Eighteenth Affirmative Defense
(Failure to Give Notice)

Weyerhaeuser is barred from asserting its cross-claim to the extent it has failed to give any required notice to regulatory agencies that may be required by statutes including, but not limited to, Section 113(l) of CERCLA, 42 U.S.C. § 9613(1).

### Nineteenth Affirmative Defense
(Response Costs)

Weyerhaeuser's cross-claim is barred in whole or in part to the extent that Weyerhaeuser seeks to recover costs and expenses other than response costs, as that term is defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

### Twentieth Affirmative Defense
(Removal or Remedial Action Costs)

Weyerhaeuser's cross-claim is barred in whole or in part to the extent that Weyerhaeuser seeks to recover costs and expenses other than removal or remedial costs, as those terms are defined in Sections 101(23) and 101(24) of CERCLA, 42 U.S.C. §§ 9601(23) & (24).

### Twenty-First Affirmative Defense
(Unnecessary or Not Compliant with National Contingency Plan Costs)

Some or all of the costs and payments for which Weyerhaeuser may seek recovery under its cross-claim may be unnecessary and/or inconsistent with the National Contingency Plan set forth at 40 C.F.R. Part 300.1, *et seq.*, and therefore cannot be recovered.

### Twenty-Second Affirmative Defense
(Cause in Fact)

No acts or omissions by International Paper were the cause in fact of any response costs, payments or damages that Weyerhaeuser seeks to recover from International Paper in its cross-claim.

### Twenty-Third Affirmative Defense
(Proximate Cause)

No acts or omissions by International Paper were the proximate cause of any response costs, payments or damages that Weyerhaeuser seeks to recover from International Paper in its cross-claim.

### Twenty-Fourth Affirmative Defense
(Divisible Harm)

If International Paper is proven to be liable, which International Paper denies, the harm, if any, at, on or from the Kalamazoo River Superfund Site is divisible, such that International Paper is not jointly and severally liable.

### Twenty-Fifth Affirmative Defense
(No Carbonless Copy Paper at Bryant Mill)

On information and belief, carbonless copy paper and other products associated with PCBs were not used or contained in products produced at the Bryant Mill during the period of International Paper's predecessor's alleged ownership and/or operation of the Bryant Mill.

### Twenty-Sixth Affirmative Defense
(Failure to Join Necessary and Indispensible Parties)

Weyerhaeuser has failed to name all necessary and indispensible parties.

### Twenty-Seventh Affirmative Defense
(CERCLA Defenses)

International Paper asserts and relies upon all defenses available under CERCLA.

### Twenty-Eighth Affirmative Defense
(Other Applicable Defenses)

International Paper relies upon and incorporates all other applicable defenses asserted by other defendants and it also reserves its right to amend this Answer to add affirmative defenses and to amend its affirmative defenses, based on discovery in this action.

### PRAYER FOR RELIEF

WHEREFORE, Defendant International Paper respectfully requests that this Court enter judgment as follows:

(1) Entering judgment in favor of International Paper and against Weyerhaeuser and dismissing Weyerhaeuser's cross-claim in its entirety with prejudice as against International Paper;

(2) Awarding International Paper its costs and attorneys' fees (to the extent permitted under the cross-claim asserted by Weyerhaeuser); and

(3) Granting International Paper such other relief as the Court deems just, proper, or necessary.

Dated:  September 23, 2011

                                                  s/*Michael Dominic Meuti*
                                                  John D. Parker
                                                  Michael Dominic Meuti
                                                  Baker & Hostetler LLP
                                                  PNC Center
                                                  1900 East 9th Street, Suite 3200
                                                  Cleveland, OH  44114-3482
                                                  Telephone: 216.861.7709
                                                  Facsimile:  216.696.0740
                                                  Email:  jparker@bakerlaw.com
                                                                   mmeuti@bakerlaw.com

                                                  John F. Cermak, Jr.
                                                  Sonja A. Inglin
                                                  Baker & Hostetler LLP
                                                  12100 Wilshire Blvd., 15th Floor
                                                  Los Angeles, CA 90025
                                                  Telephone: 310.820.8800
                                                  Facsimile: 310.820.8859
                                                  Email: jcermak@bakerlaw.com
                                                                 singlin@bakerlaw.com

                                                  Attorneys for Defendant/
                                                  Counterclaimant/Crossclaimant
                                                  International Paper Company

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2011, I filed International Paper Company's Answer to Weyerhaeuser's Cross-Claim electronically. Accordingly, it was served by operation of the U.S. District Court for the Western District of Michigan's Electronic Case Filing System upon all attorneys who have entered an appearance in this case.

s/*Michael Dominic Meuti*
Michael Dominic Meuti
