IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No: 1:11-cv-00483 |
| v. | ) ) | Judge Robert J. Jonker |
| NCR CORPORATION INTERNATIONAL PAPER CO., and WEYERHAEUSER CO., | ) ) ) ) | |
| Defendants. | ) | |

### Georgia-Pacific's Notice of Subpoena Duces Tecum To Non-Party Kimberly-Clark Corporation

TO: COUNSEL FOR ALL PARTIES

PLEASE TAKE NOTICE that Georgia-Pacific has issued a subpoena to non-party Kimberly-Clark Corporation's custodian of records pursuant to Federal Rule of Civil Procedure 45(a)(1)(A) to compel the custodians to produce documents on or before January 03, 2012 to O'Neil, Cannon, Hollman, DeJong & Laing S.C., 111 East Wisconsin Avenue, Suite 1400, Milwaukee, WI 53202. A copy of that subpoena compelling the production of documents is attached.

| | |
|---|---|
| Baird, J. Christopher | JCBaird@perkinscoie.com |
| Cermak, John F. | jcermak@bakerlaw.com |
| Chesler, Evan R. | echesler@cravath.com |
| Dozeman, Douglas A. | ddozeman@wnj.com |
| Fields, Geoffrey A. | gfields@dickinsonwright.com |
| Goldstein, Sandra C. | sgoldstein@cravath.com |
| Ha, Eric W. | eha@sidley.com |
| Inglin, Sonja A. | singlin@bakerlaw.com |
| Laing, Dean P. | Dean.Laing@wilaw.com |
| Larson, Linda R | llarson@martenlaw.com |
| Lavely, Vanessa A. | vlavely@cravath.com |
| MacCurdy, Meline Grace | mmaccurdy@martenlaw.com |

| | |
|---|---|
| Marten, Bradley M | bmarten@martenlaw.com |
| McAtee, Darin P. | dmcatee@cravath.com |
| McGaffey, Karen M. | KMcGaffey@perkinscoie.com |
| Meuti, Michael Dominic | mmeuti@bakerlaw.com |
| Nasab, Omid H. | onasab@cravath.com |
| Parker, John Daniel | jparker@bakerlaw.com |
| Roach, Kathleen L. | kroach@sidley.com |
| Schneider, Mark W. | MWSchneider@perkinscoie.com |
| Sobota, Margaret R. | msobota@sidley.com |
| Watson, Scott Michael | swatson@wnj.com |
| Westerfield, Evan B. | evanwesterfield@sidley.com |

Dated: December 16, 2011

GEORGIA-PACIFIC CONSUMER PRODUCTS, LP., FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC

BY:

/s/ Douglas M. Garrou
_____

Joseph C. Kearfott
Douglas M. Garrou
George P. Sibley, III
Hunton & Williams LLP
951 East Byrd St.
Richmond, VA 23219
(804) 788-8200

Peter A. Smit, Bar No. P 27886
Varnum LLP
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501
(616) 336-6000

Jeffrey N. Martin
Djordje Petkoski
Hunton & Williams LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 955-1500

Kathy Robb
Hunton & Williams LLP
200 Park Avenue, 52nd Floor
New York, New York 10166-0005
(212) 309-1000

- 3 -

        Jan M. Conlin
        Tara D. Falsani
        Robins, Kaplan, Miller & Ciresi L.L.P.
        800 LaSalle Avenue
        2800 LaSalle Plaza
        Minneapolis, MN 55402
        (612) 349-8500

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| Georgia-Pacific Consumer Products LP, et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 1-11-CV-00483-RJJ |
| NCR Corporation, et al. ) | |
| ) | (If the action is pending in another district, state where: |
| *Defendant* ) | Western District of Michigan ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: KIMBERLY-CLARK CORPORATION, via its registered agent: C T Corporation System, 8040 Excelsior Drive, Suite 200, Madison WI 53717

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Please see Exhibit A (attached hereto and specifically incorporated by reference) for a list of documents to be produced. In lieu of production at the place listed below, copies of the documents may be mailed to the attorney signing this subpoena at the address indicated.

| Place: O'Neil, Cannon, Hollman, DeJong & Laing S.C. 111 East Wisconsin Avenue, Suite 1400 Milwaukee WI 53202 | Date and Time: 01/03/2012 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___12/08/2011___

CLERK OF COURT

OR _____
_____     *Attorney's signature*
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ___Plaintiffs___
_____, who issues or requests this subpoena, are:

Douglas M. Garrou
Hunton & Williams LLP, 951 E. Byrd St., Richmond VA 23219
804-788-8355 (w) 804-343-4524 (f) DGarrou@Hunton.com

Case 1:11-cv-00483-RJJ Doc #120 Filed 12/16/11 Page 5 of 12 Page ID#1662

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1-11-CV-00483-RJJ

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information;
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
    (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

The following definitions and instructions shall apply to each of the requests set forth below:

1. As used herein, the term "**Kimberly-Clark**" shall mean Kimberly-Clark Corporation, including any subsidiary or division operating the Moraine Mill in West Carrollton, Ohio, and as well as such entity or entities' successors, directors, officers, representatives, agents, attorneys, employees, and any predecessors in interest of each of them.

2. As used herein, the terms "**the Moraine Mill**" or "**Kimberly-Clark's Moraine Mill**" shall mean the Moraine Mill in West Carrollton, Ohio, and its successors, as well as all of the directors, officers, representatives, agents, attorneys, employees, and any predecessors in interest of that entity.

3. As used herein, the term "**PCBs**" shall mean "polychlorinated biphenyls."

4. As used herein, the term "**CCP**" shall mean carbonless copy paper, including waste from both coating (the process by which PCB-containing CCP emulsion was applied to paper to make bulk CCP) and converting (the process that turned CCP into business forms) and all broke, trim, salvage, finished product rejected because of imperfections, pre- or post-consumer wastepaper, or other categories of carbonless copy wastepaper.

5. As used herein, the term "**NCR**" shall mean NCR Corporation and all of its divisions, subsidiaries, directors, officers, representatives, attorneys, employees, and any predecessors in interest, including but not limited to the current or former NCR converting facilities located in Mt. Joy, Pennsylvania; Viroqua, Wisconsin; Morristown, Tennessee; Arlington, Texas; Washington Court House, Ohio; Los Angeles, California; Jacksonville, Florida; Ithaca, New York; and Mechanicsville, New York; and all Systemedia production facilities or sales centers, including NCR Business Forms Division.

6. As used herein, the term "**Mead facility**" shall mean the Mead Corporation facility in Chillicothe, Ohio, which acted as a contract coater for NCR from 1954 to 1971.

1

82508075.1

7. As used herein, the term "**Combined Locks**" shall mean Combined Paper Mills, Inc. (also known as "Combined Locks Mill"), which was acquired by NCR in 1969.

8. As used herein, the term "**ACPC facility**" shall mean the Wisconsin-based Appleton Coated Paper Company, which was acquired by NCR in 1970.

9. As used herein, the term "**Wiggins Teape**" shall mean Wiggins Teape or any affiliate, parent, or successor entity, including Wiggins Teape Appleton PLC, Arjomari Priouz, Arjo Wiggins Appleton, Arjowiggins Fine Paper Ltd., or Arjowiggins SAS.

10. As used herein, the term "**Glatfelter**" shall mean P.H. Glatfelter Company, headquartered in York, Pennsylvania, its successors, and all of the divisions, subsidiaries, directors, officers, representatives, agents, attorneys, employees, and any predecessors in interest of each of them.

11. As used herein, the phrase "**referring or relating to**" includes, but is not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, in connection with, pertaining to, respecting, regarding, responding to, associated with, or in any way logically or factually relevant to the matter described in the request.

12. As used herein, the term "**Document**" shall mean all writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise as contemplated by Fed. R. Civ. P. 34 in native form—whether on paper, in electronic form, on microfilm, or otherwise, and including all drafts and metadata thereof.

13. As used herein, "**you**" or "**your**" shall refer to the entity identified as the subpoenaed entity.

14. In responding to these requests, produce all documents known or available to you regardless of whether the documents are possessed: (i) directly by you or by your agents, employees, representatives, or investigators; (ii) by your present or former attorneys or their

2

agents, employees, representatives or investigators; or (iii) by a corporation, partnership, or other legal entity currently or formerly controlled by or in any manner affiliated with you.

15. If any document cannot be produced in full, produce to the extent possible, specifying the reasons for the inability to produce the remainder and stating whatever information, knowledge, or belief you have concerning the unproduced portion.

16. If any document is claimed to be immune from production because of privilege, provide the following information with respect to each such document:

    a. Type of document (e.g. letter, memorandum, etc.);

    b. Name of author or preparer;

    c. Name of recipient;

    d. Date of the document (its recording or preparation);

    e. Description of the subject matter and content of the document sufficient to identify it; and

    f. The legal ground for the assertion of the privilege.

17. For any document responsive to this request claimed to be lost, destroyed, or otherwise disposed of since its preparation or receipt, set forth:

    a. The names of all persons who received the original(s) and all copies;

    b. The identity of the last person(s) to have custody or control of the document, including the original(s) or any copies;

    c. The circumstances under which each such document was lost or destroyed; and

    d. All efforts and attempts which have been made to locate each such document.

18. Documents should be organized and labeled to correspond with the categories in this document request.

82508075.1

## DOCUMENT REQUESTS

Please produce the following categories of documents.

**REQUEST NO. 1:** All documents related to the acquisition, recycling, deinking, or reuse of CCP at or by Kimberly-Clark's Moraine Mill during the timeframe from January 1, 1954 to December 31, 1975. This requests includes, for example, documents relating to policies and procedures for recycling and deinking; operations documents relating to the types, categories and amounts of wastepaper to be used in the deinking operations; documents related to inventory of product or materials to be recycled and/or deinked; documents related in any way to the purchase or transport of CCP; and deinking plant schematics.

**REQUEST NO. 2:** Documents sufficient to indicate the names and positions of all individuals employed at Kimberly-Clark's Moraine Mill in West Carrollton, Ohio during the timeframe of January 1, 1950 to December 31, 1975.

**REQUEST NO. 3:** All documents related to any communications or meetings between Kimberly-Clark's Moraine Mill and NCR at any time from January 1, 1950 to December 31, 1975.

**REQUEST NO. 4:** All documents related to any communications or meetings between Kimberly-Clark's Moraine Mill and ACPC at any time from January 1, 1950 to December 31, 1975.

**REQUEST NO. 5:** All documents related to any communications or meetings between Kimberly-Clark's Moraine Mill and Combined Locks at any time from January 1, 1950 to December 31, 1975.

4

82508075.1

**REQUEST NO. 6:** All documents related to any communications or meetings between Kimberly-Clark's Moraine Mill and Wiggins Teape at any time from January 1, 1950 to December 31, 1975.

**REQUEST NO. 7:** All documents related to any communications or meetings between Kimberly-Clark's Moraine Mill and personnel associated in any way with the Mead facility at any time from January 1, 1950 to December 31, 1975

**REQUEST NO. 8:** All documents from Kimberly-Clark's Moraine Mill related to use of secondary fiber and/or wastepaper at the Moraine Mill, and/or to the sources of that secondary fiber and/or wastepaper.

**REQUEST NO. 9:** All documents related to any internal investigation of, or internal memoranda relating to, the Moraine Mill's (1) suppliers of CCP, (2) recycling and/or deinking operations, and (3) use and treatment of CCP during January 1, 1954 to December 31, 1975, regardless of when such document was created, sent, or received. This request includes investigative file(s), documents reflecting names of persons identified as having knowledge of the above categories of facts, documents reflecting any interviews conducted with them or interview notes, and results or reports of any investigation by any company hired by Kimberly-Clark to gather information regarding the above categories of facts.

**REQUEST NO. 10:** All correspondence between or among Kimberly-Clark and any insurance carrier related to the Moraine Mill's purchase, use, transfer, recycling, and/or deinking of CCP.

**REQUEST NO. 11:** Any litigation pleadings, deposition transcripts (including exhibits) or non-privileged business records (whether collected, received from another entity, or produced) associated with any litigation, proceeding, or claim regarding the presence of PCBs in CCP.

**REQUEST NO. 12:** All documents (a) associated with or related to the sale of Kimberly-Clark's Moraine Mill to Glatfelter in 1972, and (b) relating in any way to any actual or potential environmental liabilities, indemnities, or other issues concerning PCBs.

**REQUEST NO. 13:** Documents sufficient to identify all brokers and other sellers of wastepaper (of any kind) supplying Kimberly-Clark's Moraine Mill at any time from January 1, 1950 to December 31, 1975.

82508075.1
29073.000396 EMF_US 38143290v2