# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

GEORGIA-PACIFIC CONSUMER PRODUCTS, LP,
FORT JAMES CORPORATION, and
GEORGIA-PACIFIC, LLC,

                    Plaintiffs,

      v.

NCR CORPORATION, INTERNATIONAL PAPER
COMPANY, AND WEYERHAEUSER COMPANY,

                    Defendants,

INTERNATIONAL PAPER COMPANY,

                    Counterclaimant,

      v.

GEORGIA-PACIFIC CONSUMER PRODUCTS, LP,
FORT JAMES CORPORATION, and
GEORGIA-PACIFIC, LLC,

                    Counterdefendants,

INTERNATIONAL PAPER COMPANY,

                    Crossclaimant,

      v.

NCR CORPORATION and WEYERHAEUSER
COMPANY,

                    Crossdefendants.

Civil Action No. 1:11-cv-483

Judge Robert J. Jonker

DEFENDANT WEYERHAEUSER
COMPANY'S BRIEF IN
SUPPORT OF MOTION FOR
LEAVE TO FILE AMENDED
ANSWER, COUNTERCLAIM,
CROSS-CLAIMS, AND THIRD-
PARTY COMPLAINT

## BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED ANSWER, COUNTERCLAIM, CROSS-CLAIMS, AND THIRD-PARTY COMPLAINT

### I.    INTRODUCTION

This case concerns the allocation of environmental investigation and cleanup costs for the Allied Paper, Inc./Portage Creek/Kalamazoo River Superfund Site ("Site"). Plaintiff Georgia-Pacific has asserted claims against a number of entities alleged to be responsible for polychlorinated biphenyl ("PCB") contamination at the Site, except one: MW Custom Papers, LLC ("Mead"), the corporate successor to the Mead Corporation. Like defendant Weyerhaeuser Company, Mead operated a paper mill that recycled paper along the Kalamazoo River. Because Mead is in part responsible for PCB contamination at the Site, it should be allocated a share of liability for the Site costs. Therefore, Weyerhaeuser moves the Court for leave to file a third-party complaint against Mead under Federal Rule of Civil Procedure 14(a). Weyerhaeuser also moves under Rule 15(a)(2) for leave to add claims against the existing parties so that Weyerhaeuser may include in this action a claim for the costs that Weyerhaeuser has incurred and will incur regarding the Site. And, in the event that the Court grants Weyerhaeuser leave to file its amended pleading, Weyerhaeuser moves under Rule 16(b)(4) for an order scheduling a status conference once the time for assertion of potential cross-claims has passed. Granting Weyerhaeuser's motion will allow the claims of all parties who have incurred and will incur costs to be resolved in this action. Weyerhaeuser respectfully requests that the Court grant this motion because it is timely, will not prejudice any party, will not alter the trial date, and will allow for the efficient adjudication in one proceeding of related matters.

### II.    STATEMENT OF FACTS

Georgia-Pacific has asserted claims under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 *et seq.* ("CERCLA") and asks the Court to allocate nearly $80 million in costs that it allegedly incurred as well as an

undetermined amount of costs that it expects to incur in the future. Georgia-Pacific filed its original complaint in this matter on December 3, 2010, in the United States District Court for the Eastern District of Wisconsin. Georgia-Pacific named NCR Corporation and International Paper Company as defendants, but Weyerhaeuser and Mead were not named as parties. Judge Griesbach transferred venue to the Western District of Michigan on May 11, 2011.

Shortly after the transfer of venue to this Court, Georgia-Pacific filed its first amended complaint, naming Weyerhaeuser—but not Mead—as a defendant, on June 24, 2011. Before Weyerhaeuser was served and appeared in the case, a Rule 16 Scheduling Conference was held on June 27, 2011 and, on June 28, 2011, the Court issued a Case Management Order. Weyerhaeuser has been provided a copy of and has complied with the Case Management Order. Under the Case Management Order, fact discovery is to be completed by March 30, 2012, expert discovery is to be completed by June 29, 2012, and trial on the Phase 1 liability issues is scheduled to begin on February 4, 2013.

Georgia-Pacific's complaint alleges that Georgia-Pacific, International Paper, and Weyerhaeuser owned paper mills along the Kalamazoo River where they recycled PCB-containing paper and thereby inadvertently released PCBs into the river. Like these parties, Mead was also an owner and operator of a paper mill along the Kalamazoo River: Mead is the former owner and operator of the Otsego Mill in Otsego, Michigan, which recycled PCB-contaminated paper. As such, Mead is liable for any PCB discharges from that mill.

Georgia-Pacific alleges that it incurred and will incur environmental costs in the future. Weyerhaeuser has also incurred environmental costs relating to the Site and will incur Site costs in the future. Through this motion and proposed amended pleading, Weyerhaeuser seeks to ensure that all of the costs incurred and to be incurred by any party will be allocated among all parties allegedly responsible for Site contamination.

### III. ARGUMENT

Proceeding with this litigation without Mead, a potentially significant party, would require Weyerhaeuser to sue Mead in a subsequent action, leading to a waste of judicial resources. Adding Mead at this time would neither prejudice the other parties nor affect the trial date. Similarly, allowing Weyerhaeuser to add a cost recovery claim against the current parties will allow all of the costs incurred by the parties to be litigated in a single action, rather than limiting this action to the costs incurred by Georgia-Pacific. Adding these claims will not cause prejudice or delay.

Under Rule 14(a)(1), a defendant "may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." This rule reflects an intent for the courts to administer "complete and evenhanded justice expeditiously and economically." *LASA per L'Industria Del Marmo Societa per Azioni v. Alexander*, 414 F.2d 143, 146 (6th Cir. 1969) (quoting *Blair v. Cleveland Twist Drill Co.*, 197 F.2d 842, 845 (7th Cir. 1952). Rule 14 promotes judicial efficiency:

> The objective of Rule 14 is to avoid the situation that
> arises when a defendant has been held liable to plaintiff
> and then finds it necessary to bring a separate action
> against a third individual who may be liable to defendant
> for all or part of plaintiff's original claim. When the rights
> of all three parties center upon a common factual setting,
> economies of time and expense can be achieved by
> combining the suits into one action. Doing so eliminates
> duplication in the presentation of evidence and increases
> the likelihood that consistent results will be reached when
> multiple claims turn upon identical or similar proof.

6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1442 (3d ed. 2010) (footnote omitted).

When, as here, a defendant's motion to implead comes more than fourteen days after the filing of its original answer, the decision to allow the third-party action is within the court's discretion. *Aetna Cas. & Sur. Co. v. Dow Chem. Co.*, 933 F. Supp. 675, 687 (E.D.

Mich. 1996). Nevertheless, Rule 14 is remedial and should be construed liberally, and it is generally an abuse of discretion to deny an impleader motion if the claims raised in the third-party complaint relate to "[m]any of the same or closely related factual and legal issues" or if the third-party claims require some of the same evidence involved in the original action. *LASA per L'Industria*, 414 F.2d at 146-47.

Factors relevant to deciding whether to grant or deny a motion to implead include whether the defendant deliberately or neglectfully delayed in filing the motion, whether granting the motion would delay or unduly complicate the trial, whether allowing impleader would prejudice the third-party defendant or the original plaintiff, and whether the third-party complaint brings a meritorious claim. *M.O.C.H.A. Soc'y, Inc. v. City of Buffalo*, 272 F. Supp. 2d 217, 220 (W.D.N.Y. 2003). Generally, where a third-party action falls within the general requirements of Rule 14(a), does not contravene jurisdictional and venue requirements, and will not prejudice the existing case, a court should allow impleader. *Marseilles Hydro Power, LLC v. Marseilles Land& Water Co.*, 299 F.3d 643, 650 (7th Cir. 2002). However, a third-party complaint is proper only if it alleges that the third-party defendant is liable to the defendant for all or part of the original plaintiff's claim. Fed. R. Civ. P. 14(a)(1); *Bds. of Trs. of Ohio Laborers' Fringe Benefit Programs v. W. End Land Dev., Inc.*, 664 F. Supp. 2d 850, 854 (S.D. Ohio 2009).

In the CERCLA context, impleader is often appropriate because of the number of potentially responsible parties and the efficiency of adjudicating all the potential claims at once. For example, one federal district court allowed the addition of new parties nearly ten years after the original complaint was filed. *New York v. Solvent Chem. Co.*, 875 F. Supp. 1015, 1021 (W.D.N.Y. 1995). Despite the delay, the court concluded that allowing the

impleader of a former tenant at a contaminated site and the tenant's corporate parent would promote judicial efficiency. *Id.* Additionally, the court found that there would be no undue delay in the progression to trial and no prejudice to the other parties, in part because "discovery is still far from complete and there is much to be done before the case can come to trial." *Id.*

Granting Weyerhaeuser's motion for leave to file a third-party complaint will promote the efficient adjudication of related claims. Georgia-Pacific's allegations already implicate the alleged actions of paper mill operators along the Kalamazoo River, and the costs incurred and to be incurred by Georgia-Pacific will need to be allocated among all of the parties ultimately adjudged liable. Additionally, Weyerhaeuser has not delayed in filing this motion. Unlike the other parties, who have been parties to the lawsuit for over a year, Georgia-Pacific named Weyerhaeuser as a defendant on June 24, 2011. Since that time, the parties have served initial disclosures, produced documents, and taken a number of depositions. Defendant International Paper has subpoenaed Mead, which produced documents in response, and has noticed a Rule 30 (b)(6) deposition of Mead.

Weyerhaeuser's third-party complaint will not prejudice Mead or any other party. Discovery against Mead has already begun, and more is being undertaken. As a former owner of a mill along the Kalamazoo River, this litigation should not come as a surprise to Mead. Neither Georgia-Pacific nor International Paper opposes the addition of Mead. And the addition of Mead would not alter the trial date.

As the court in *LASA per L'Industria* noted, where a defendant's third-party claims involve the same factual and legal issues and require the same evidence, it is appropriate "that all issues be resolved in one action . . . complex though the action may be." 414 F.2d at

147. Weyerhaeuser's claims against Mead involve the same factual and legal issues as the original complaint—historical discharge of PCBs into the Kalamazoo River and liability allocation and cost-recovery for the Site cleanup. Including Mead in this litigation will promote the efficient adjudication of all claims related to the Site cleanup. Therefore, Weyerhaeuser respectfully requests that the Court grant Weyerhaeuser's motion to amend its third-party complaint to add Mead as a party.

In addition, Weyerhaeuser seeks leave under Rule 15 (a)(2) to add cost recovery claims against the existing parties to recover a portion of the costs that Weyerhaeuser has incurred and will incur in connection with the Site. This Rule provides that "[t]he court should freely give leave when justice so requires." The court has broad discretion in deciding a motion under Rule 15. *Willing v. Lake Orion Community Schools Board of Trustees*, 924 F. Supp. 815, 818 (E.D. Mich. 1996)  As with the third-party claims against Mead, the addition of these claims against the current parties will not delay the trial or cause prejudice to any party. The current claims among the parties involve cost recovery and contribution of only the costs incurred by Georgia-Pacific. Weyerhaeuser has also incurred costs, and it seeks to recover those costs through the amended pleading. Because Weyerhaeuser's amendment will allow for all of the costs incurred and to be incurred by all parties (not just those incurred by Georgia-Pacific) to be allocated among all parties adjudged liable in one action, this motion should be granted. Further, Weyerhaeuser has not unduly delayed in bringing its motion after having been brought into this case. Courts in CERCLA cases have granted Rule 15 motions after far longer periods of time. *See, e.g., Town of New Windsor v. Tesa Truck, Inc.,* 919 F.Supp. 662, 677(S.D.N.Y. 1996) (Rule 15 motion in CERCLA case granted where moving party sought to add several new defendants two years

7

after original complaint filed). Because the addition of these claims will allow all disputes regarding the costs related to the Site to be decided in a single action, these claims should be allowed.

Finally, under Rule 16(b)(4), Weyerhaeuser requests an order scheduling a status conference once the time for assertion of potential cross-claims has passed. Weyerhaeuser had not been served when the Court held the Rule 16 Scheduling Conference and entered the current scheduling order. The addition of Mead will not necessitate a new trial date, but it would be helpful for the Court and parties to address the new circumstances of Mead being a party to the litigation.

## IV. CONCLUSION

For the foregoing reasons, Weyerhaeuser respectfully requests that the Court (1) grant Weyerhaeuser leave to file its Amended Answer, Counterclaim, Cross-Claims, and Third-Party Complaint and (2) schedule a status conference once the time for assertion of potential cross-claims has passed.

RESPECTFULLY SUBMITTED this third day of February, 2012.

/s/ Scott M. Watson
Douglas A. Dozeman
Scott M. Watson
WARNER NORCROSS & JUDD LLP
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, Michigan 49503-2487
616.752.2000
swatson@wnj.com

Attorneys for Defendant and Crossdefendant
Weyerhaeuser Company

6500407