IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GEORGIA PACIFIC CONSUMER PRODUCTS, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC, <br><br> Plaintiffs, <br><br> v. <br><br> NCR CORPORATION, INTERNATIONAL PAPER CO., and WEYERHAEUSER COMPANY, <br><br> Defendants. | Civil Action No. 1:11-cv-00483-RJJ <br><br> Assigned to: Hon. Robert J. Jonker |

**DEFENDANT NCR CORPORATION'S RESPONSE TO DEFENDANT WEYERHAEUSER COMPANY'S MOTION FOR LEAVE TO AMEND**

Through its undersigned counsel, NCR hereby responds to Weyerhaeuser Company's ("Weyerhaeuser") Motion for Leave to File Amended Answer, Counterclaim, Cross-Claims and Third-Party Complaint ("Motion for Leave"). In brief, NCR does not oppose the Motion for Leave, provided that steps are taken to protect against potential prejudice to NCR from this late motion. Specifically, as discussed in greater detail below, and in a companion motion, NCR requests that the Court modify the case schedule so that NCR has fair opportunity to complete discovery.

The law is clear that a motion to amend pleadings is subject to denial if there was undue delay that would prejudice the opposing party. *Kallies v. Curascript, Inc.*, 2009 U.S. Dist. LEXIS 60589, No. 2:08-cv-830, at *9-10 (S.D. Oh. June 30, 2009). Weyerhaeuser has known of its proposed claims against MW Custom Papers LLC ("Mead") and NCR since it first responded to the complaint. There is no allegation that these claims were prompted by newly-discovered information, nor could there be. Weyerhaeuser was part of a mediation more than ten

years ago involving Mead and potential PCB discharges from its mill in Otsego. Weyerhaeuser also knew from day one whether it had incurred its own costs or not. Nonetheless, Weyerhaeuser elected to wait to seek leave until only two months before the end of fact discovery.[1]

This failure to act promptly can be a basis for denying the motion. *See e.g.*, *Edwards v. Grand Rapids Cmty. College*, 2010 U.S. Dist. LEXIS, No. 1:09-cv-106, at *8 (W.D. Mich. May 27, 2010)("[A] party does not meet the good-cause standard where [that party] was obviously aware of the basis of his claim for many months but failed to pursue it"); *Gardner v. Wayne County*, 2007 U.S. Dist. LEXIS 59603, No. 06-CV-10372-DT, at *4 (E.D. Mich. Aug. 15, 2007) (denying motion to amend filed two months after party had notice of claim, noting that "the amendment will only be granted if [the original schedule] cannot reasonably be met despite the diligence of the party seeking the extension").

Moreover, this delay potentially prejudices NCR. There is not sufficient time remaining for fact discovery to properly investigate the new liability claim against NCR and prepare a defense. In particular, NCR must be afforded an adequate opportunity to take discovery of Weyerhaeuser's allegation that it has incurred "response costs" that were "necessary" and "consistent with the NCP" – an essential element for proving liability under CERCLA. *See* 42 U.S.C. § 9607(a). Weyerhaeuser's "notice pleading" provides no basis for evaluating whether there are facts to support this allegation. In addition, time is needed to investigate potential defenses to Weyerhaeuser's claim, including but not limited to statute of limitations. This information is primarily in Weyerhaeuser's possession and can only be

---

[1] Moreover, counsel for Weyerhaeuser approached counsel for NCR in November 2011 indicating that Weyerhaeuser was having discussions with Mead about possibly bringing the new claim. The fact that no motion was filed at that time, or even around that time, led NCR to believe that Weyerhaeuser was not planning to expand the case in this manner.

obtained through formal discovery. Even under the best of circumstances, this cannot be completed in the limited time remaining for fact discovery.[2]

In similar circumstances, courts have recognized the need to adjust discovery deadlines in order to accommodate proposed amendments. *See e.g.*, *Abu-Hatab v. Blount Mem'l Hosp., Inc.*, 2008 U.S. Dist. LEXIS 77571, No. 3:06-CV-436, at *6 (E.D. Tenn. Oct. 1, 2008). There are also additional reasons why an extension of the discovery cut-off is necessary, as set forth in a separate motion NCR is filing contemporaneously. Accordingly, NCR requests that a status conference be convened (as Weyerhaeuser itself has proposed), and further that the Court postpone any decision on the Motion for Leave until there is that opportunity to make necessary modifications to the case schedule.

---

[2] Mead will also need to investigate the new claims, serve discovery, and otherwise prepare its defense. The initial discovery cutoff of March 30, 2012 is unlikely to provide sufficient time for Mead to even retain counsel, enter the case, respond to the new pleading, and familiarize itself with the discovery that has already been conducted, including 10 depositions and the exchange of approximately 1.5 million pages of documents.

Respectfully submitted,

NCR CORPORATION

/s/ Evan B. Westerfield
*Counsel for NCR Corporation*

DICKINSON WRIGHT PLLC
Geoffrey A. Fields
200 Ottawa Avenue, N.W., Suite 1000
Grand Rapids, MI 49503
Phone: (616) 336-1017
Fax: (616) 458-6753

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
Sandra C. Goldstein
Darin P. McAtee
Worldwide Plaza, 825 Eighth Avenue
New York, New York 10019
Phone: (212) 474-1000
Fax: (212) 474-3700

SIDLEY AUSTIN LLP
Evan B. Westerfield
Eric W. Ha
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036

MARTEN LAW PLLC
Linda R. Larson
Bradley M. Marten
1191 Second Avenue, Suite 2200
Seattle, Washington 98101
Phone: (206) 292-2600
Fax: (206) 292-2601

Dated:  February 10, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GEORGIA PACIFIC CONSUMER PRODUCTS, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>NCR CORPORATION, INTERNATIONAL PAPER CO., and WEYERHAEUSER COMPANY,<br><br>        Defendants. | Civil Action No. 1:11-cv-00483-RJJ<br><br>Assigned to:  Hon. Robert J. Jonker |

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2012, I electronically filed the foregoing Response to Defendant Weyerhaeuser Company's Motion for Leave to File Amended Answer, Counterclaim, Cross-Claims and Third-Party Complaint using the ECF system, which will send notification of such filing to all counsel of record using the Court's electronic systems.

                NCR CORPORATION

                __/s/ Eric W. Ha_____

                One of Its Attorneys