# EXHIBIT 4

# CRAVATH, SWAINE & MOORE LLP

ALLEN FINKELSON
STUART W. GOLD
JOHN W. WHITE
EVAN R. CHESLER
MICHAEL L. SCHLER
RICHARD LEVIN
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG

SUSAN WEBSTER
DAVID MERCADO
ROWAN D. WILSON
PETER T. BARBUR
SANDRA C. GOLDSTEIN
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KEITH R. HUMMEL
DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN

MARK I. GREENE
SARKIS JEBEJIAN
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA

TEENA-ANN V. SANKOORIKAL
ANDREW R. THOMPSON
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L. SCHIELE
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI

SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

OF COUNSEL
PAUL C. SAUNDERS

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1972

December 12, 2011

Georgia Pacific Consumer Products LP, et al. v. NCR Corp., et al.

Dear Doug:

    This responds to your November 4, 2011 letter, in which you propose that the parties agree to a protocol for handling document repositories that may be unduly burdensome to search. To this end, NCR identifies the following collections of NCR documents that would be unduly burdensome to search:

- Files of NCR's outside counsel, including Cravath, Swaine & Moore LLP; Sidley Austin LLP; Marten Law PLLC; Gass Weber Mullins LLC; and Covington & Burling LLP;

- Active NCR in-house legal and technical files relating to the Fox and Kalamazoo Rivers, which are maintained at NCR headquarters in Duluth, Georgia, NCR's offices in New York City, and in NCR's off-site document storage facility. Note, however, that NCR has searched and produced/logged relevant documents from its historical legal files (e.g., legal files from the late 1960s and 1970s);

- Files of outside consultants retained by or on behalf of NCR to serve as consulting and/or testifying expert witnesses in connection with, or in anticipation of, litigation relating to carbonless copy paper.

    These document sources contain (or are almost certain to contain) only documents that fall into two categories: (1) documents that have been already produced in this litigation; or (2) documents that are protected from disclosure by the attorney-client privilege or work product immunity. Searching these sources—such as the legal files of the outside law firms currently representing NCR in this lawsuit—would be unusual and unduly burdensome.

To be clear, however, NCR has produced to the parties in this case a complete set of the documents it has produced in the *Whiting* litigation. To the extent any party in this case does not have access to the other documents produced in the *Whiting* litigation, or to pleadings and/or deposition testimony from the *Whiting* litigation, NCR can promptly make those materials available.

NCR expects the other parties to do the same with respect to analogous collections of documents from related litigation. In particular, NCR has repeatedly requested since the beginning of fact discovery that Georgia-Pacific produce a complete set of the KRSG Litigation Materials. Unlike Georgia-Pacific, who is a party to the *Whiting* litigation and has access to all the materials from that case, NCR was *not* a party to the KRSG litigation. The only way for NCR to have access to the KRSG Litigation Materials, which are highly relevant to NCR's defense against Georgia Pacific's allegations, is for Georgia-Pacific to produce them. Yet our understanding to date is that NCR still has not been provided a complete set of such documents. Such materials should be neither privileged nor unduly burdensome to locate, and should have already been produced. To the extent there is further delay in the production of a complete set of such materials, an extension of the fact discovery deadline will be needed.

We are available at your convenience to discuss the above issues, as well the other document production issues that remain open. Please let us know a time that works for you and the other parties.

Regards,

Omid H. Nasab

Douglas M. Garrou
   Hunton & Williams LLP
      Riverfront Plaza, East Tower
         951 East Byrd Street
            Richmond, VA 23219

By E-MAIL

Copies to:

John D. Parker, Esq.
   Baker Hostetler
      PNC Center
         1900 East 9th Street, Suite 3200
            Cleveland, OH 44114-3482

Mark W. Schneider, Esq.
   Perkins Coie
      1201 Third Avenue, Suite 4800
         Seattle, WA 98101-3099

By E-MAIL