# EXHIBIT C

# HUNTON& WILLIAMS

HUNTON & WILLIAMS LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL 804 • 788 • 8200
FAX 804 • 788 • 8218

JOSEPH C. KEARFOTT
DIRECT DIAL: 804 • 788 • 8446
EMAIL: jkearfott@hunton.com

February 2, 2012

FILE NO: 29073.396

**VIA ELECTRONIC MAIL**

Darin P. McAtee, Esq.
Cravath, Swaine & Moore, LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019

**Georgia-Pacific Consumer Products LP, et al. v. NCR Corporation, et al.**

Dear Darin:

      I write to respond to your letter of January 30, 2012. Georgia-Pacific cannot consent to your request for a 90-day extension of the fact discovery cut off for Phase 1 of this matter.

      Your characterization of Georgia-Pacific's diligence in responding to NCR's discovery requests is inaccurate. Georgia-Pacific has been producing documents since last summer, including documents relating to the KRSG Litigation. From August 9 through December 20, 2011, we produced over 500,000 pages of documents, including over 400,000 pages of documents from the KRSG Litigation, over 65,000 pages of documents from Arcadis relevant to the site, and nearly 30,000 pages of other documents collected from sources identified in Georgia-Pacific's initial disclosures.

      Your letter neglects to mention these productions and instead focuses on recent supplemental productions. As explained in Doug Garrou's letter of November 4, KRSG litigation materials are located in multiple repositories, many of which contain high concentrations of privileged material and few of which are well-organized. The process has been laborious, but as we have located documents, we have produced them, and our recent productions reflect the yield of that effort. In spite of these challenges, by early next week, we expect to have produced a complete set of pleadings, deposition transcripts and production documents from the KRSG Litigation, nearly two full months before the close of fact discovery.

      The pace of our document production therefore has not impeded NCR's ability to formulate a defense. NCR already has taken substantial discovery on issues relevant in Phase I in the Fox River case, so it is not starting from scratch. And


HUNTON&
WILLIAMS

Darin P. McAtee, Esq.
February 1, 2012
Page 2

despite the fact that NCR has had substantial quantities of KRSG materials for months, it has not noticed a single deposition and has not indicated that any deficiency in Georgia-Pacific's performance of its discovery obligations is preventing it from doing so. Also, based on NCR's production of documents, it appears that NCR already has obtained substantial quantities of KRSG production materials from EPA. In light of all of this, we fail to see how our supplementation of materials produced in the KRSG Litigation affects the development of your Phase I defense.

    We also disagree that the revised schedule you have proposed would preserve the February 2013 trial date. Judge Jonker set a trial date later than the parties had proposed in the Joint Status Report in order to give his chambers ample time to consider and rule on motions for summary judgment. Your revised schedule would accommodate your extension at the expense of the Court's time to consider dispositive motions and almost certainly would result in a continuance of the trial date. We oppose it.

                                      Yours very truly,

                                      Joseph C. Kearfott

JCK/gba

cc:    John D. Parker, Esq.
        Mark W. Schneider, Esq.