**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| GEORGIA PACIFIC CONSUMER PRODUCTS, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:11-cv-00483-RJJ |
| v. | ) ) | Assigned to: Hon. Robert J. Jonker |
| NCR CORPORATION, INTERNATIONAL PAPER CO., and WEYERHAEUSER COMPANY, | ) ) ) | |
| Defendants. | ) ) | |

**RESPONSE OF DEFENDANT INTERNATIONAL PAPER COMPANY TO MOTION OF DEFENDANT NCR CORPORATION TO MODIFY THE JUNE 28, 2011 CASE MANAGEMENT ORDER AND EXTEND FACT DISCOVERY**

International Paper Company ("International Paper") supports and joins in the request by NCR Corporation ("NCR") to extend by 90 days the deadline for completing fact discovery. International Paper supports an extension of the fact discovery cut-off so that it can complete necessary fact discovery related to Phase 1 liability issues based on information contained in the recently produced documents – and in particular, hundreds of thousands of pages of documents and discovery materials from prior litigation related to the Allied Mill/Portage Creek/Kalamazoo River Superfund Site (the "Site"). In addition to the need to digest a much larger volume of documents than was anticipated when the March 30, 2012 discovery cut-off was set, International Paper's need for additional time to complete discovery is based, in part, on the fact that International Paper is a latecomer to the Site relative to others in this litigation, who have been involved in the Site for many years.

601073566.3

International Paper's alleged liability in this lawsuit relates to operations of its predecessor by merger, St Regis Paper Company ("St. Regis").  St. Regis is alleged to have "operated" the Bryant Mill - later owned and operated by Allied Paper Corporation ("Allied") and its now bankrupt successors - from 1954 to 1956, and therefore to be a liable party under the applicable provisions of the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. section 9601 *et seq.* ("CERCLA").  During that time period, the Mill allegedly discharged wastewater containing polychlorinated biphenyls ("PCBs") derived from carbonless copy paper production by NCR into Portage Creek and other portions of the Site.  During a subsequent ten year period, after Allied acquired and was operating the Bryant Mill under a lease-purchase contract, St. Regis is alleged to be liable as a CERCLA "owner" of the Mill.[1]

In its discovery efforts to date, International Paper has not been able to locate records from St. Regis' operation of the Mill, which ended in 1956, although its efforts to locate such records and its production of documents are continuing.  The recently produced documents include records from prior litigation related to the Site, in particular, (1) the prior CERCLA private party cost recovery action filed in the mid-1990s by the Kalamazoo River Study Group, a group that included Plaintiffs and Allied, *Kalamazoo River Study Group v. Rockwell Int'l, et al.,* Case No. 1:95-CV-838, W.D. Mich. (the "KRSG Litigation"), and (2) insurance coverage litigation brought by Allied related to its CERCLA liability at the Site.  These records contain

---

[1]  International Paper disputes its liability as an "owner" under CERCLA during this "lease-purchase" period.  It expects to establish at trial that the lease transaction was a security interest intended to secure the repayment of money within the meaning of Section 101(20)(A) and (G)(vi) of CERCLA and/or does not otherwise provide a basis for imposing liability on St. Regis as an "owner" under CERCLA for the period from 1956 to 1966.

601073566.3

deposition testimony and discovery materials from prior litigation related to the operation of the Bryant Mill during the time period relevant to International Paper's alleged liability (1954 to 1966). They include scores of deposition transcripts taken in prior litigation, among them transcripts of deposition of a number of former Allied employees. They also contain discovery responses, pleadings and documents produced in discovery in the KRSG Litigation. In addition, NCR has recently produced nearly 200,000 pages of additional documents that may also bear on International Paper's Phase 1 liability.

The total volume of the documents produced for purposes of Phase 1 far exceeds what was contemplated by International Paper at the time of the Rule 16 conference, when the fact discovery cut-off was set. Including Rule 26 productions, well in excess of one million pages of documents have been produced to date in this litigation. In addition, key documents (in particular, the discovery materials from the KRSG Litigation) have only become available relatively recently.[2] Additional time that is sufficient to complete a review of the documents related to the KRSG Litigation and other productions, and then to pursue additional discovery based on information from that review, is necessary to allow International Paper to purse the evidence necessary to address Phase 1 liability issues.

As noted above, International Paper is a relative latecomer to the Site. It was not involved in the KRSG Litigation or other litigation involving in the Site. Unlike other parties, it has not had decades to investigate and litigate regarding its liability at the Site. In connection with the Rule 16 conference in this case, International Paper committed to a March 30, 2012

---

[2] International Paper recognizes the complexity and difficulties associated with identifying, gathering and producing such historical records, which has meant that they were not produced until much later than was contemplated at the time the parties developed a discovery schedule for purposes of the Rule 16 conference.

deadline for completing fact discovery. It did so, however, with the caveat that it might require more time to complete fact discovery. As noted in the Joint Status Conference Statement filed June 22, 2011 (Dkt #78) ("Joint Statement"):

> The phasing and the proposed schedule for Phase I is acceptable to [International Paper], with the following caveats. First, [International Paper] reserves its right to seek an extension of the March 30, 2012 fact discovery completion date if additional time is required for it to complete the investigation and develop the information needed for its defense. As described above, [International Paper] is at a disadvantage due to its lack of prior involvement at the Site and its lack of knowledge regarding its predecessor's activities associated with the Bryant Mill, and may require more time to gather the evidence necessary for its defense in Phase I.

Joint Statement at 14.

The circumstances described above make an extension of the fact discovery deadline, as contemplated by International Paper in the Joint Statement, both necessary and appropriate. International Paper therefore respectfully requests that the motion be granted and that the June 28, 2011 case management order be amended accordingly.

Respectfully submitted,

s/*Michael Dominic Meuti*

John D. Parker
Michael Dominic Meuti
Baker & Hostetler LLP
PNC Center
1900 East 9th Street, Suite 3200
Cleveland, OH 44114-3482
Telephone: 216.861.7709
Facsimile: 216.696.0740
Email: jparker@bakerlaw.com
mmeuti@bakerlaw.com


John F. Cermak, Jr.
Sonja A. Inglin
Baker & Hostetler LLP
12100 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: jcermak@bakerlaw.com
singlin@bakerlaw.com

Attorneys for Defendant/
Counterclaimant/Crossclaimant
International Paper Company

5

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2012, I served by email upon the following counsel of record the foregoing RESPONSE OF DEFENDANT INTERNATIONAL PAPER COMPANY TO MOTION OF DEFENDANT NCR CORPORATION TO MODIFY THE JUNE 28, 2011 CASE MANAGEMENT ORDER AND EXTEND FACT DISCOVERY:

| | |
|---|---|
| Douglas M. Garrou | dgarrou@hunton.com |
| George P. Sibley | gsibley@hunton.com |
| Joseph C. Kearfott | jkearfott@hunton.com |
| Kathy Robb | krobb@hunton.com |
| Jan M. Conlin | jmconlin@rkmc.com |
| Tara Dawn Falsani | tdfalsani@rkmc.com |
| Peter A. Smit | pasmit@varnumlaw.com |
| Eric W. Ha | eha@sidley.com |
| Evan B. Westerfield | evanwesterfield@sidley.com |
| Margaret R. Sobota | msobota@sidley.com |
| Sandra C. Goldstein | sgoldstein@cravath.com |
| Evan C. Chesler | echesler@cravath.com |
| Darin P. McAtee | dmcatee@cravath.com |
| Geoffrey A. Fields | gfields@dickinsonwright.com |
| Meline G. MacCurdy | mmaccurdy@martenlaw.com |
| Linda R. Larson | llarson@martenlaw.com |
| Bradley M. Marten | bmarten@martenlaw.com |
| Mark W. Schneider | MWSchneider@perkinscoie.com |
| Karen M. McGaffey | KMcGaffey@perkinscoie.com |
| J. Christopher Baird | JCBaird@perkinscoie.com |
| Dean P. Laing | Dean.Laing@wilaw.com |
| Jeffrey N. Martin | jmartin@hunton.com |
| Douglas A. Dozeman | ddozeman@wnj.com |
| Scott M. Watson | swatson@wnj.com |
| Michael L. Dunning | MDunning@perkinscoie.com |

s/*Michael Dominic Meuti*
Michael Dominic Meuti