# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **GEORGIA-PACIFIC CONSUMER** | ) | |
| **PRODUCTS LP,** | ) | |
| **FORT JAMES CORPORATION, and** | ) | |
| **GEORGIA-PACIFIC LLC** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **No: 1:11-cv-00483** |
| **v.** | ) | |
| | ) | **Judge Robert J. Jonker** |
| **NCR CORPORATION,** | ) | |
| **INTERNATIONAL PAPER CO.,** | ) | **Magistrate Judge** |
| **and WEYERHAEUSER CO.,** | ) | **Hugh W. Brenneman, Jr.** |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' REPLY TO NCR'S OPPOSITION TO MOTION TO COMPEL
PRODUCTION OF DOCUMENTS USED TO PREPARE CORPORATE DESIGNEE
AND RESUMPTION OF DEPOSITION OF DEFENDANT NCR CORPORATION**

NCR's opposition memorandum does not justify NCR's failure to prepare its 30(b)(6) designee, or its refusal to produce the documents that were the exclusive basis for his testimony. NCR cites no cases involving the preparation of a 30(b)(6) designee adequately explaining why NCR need not produce documents used to refresh the corporation's recollection, nor does it explain why any attorney work-product protection was not waived when NCR used the documents to prepare Mr. Gallagher. Tellingly, NCR cannot defend Mr. Gallagher's failure to speak to a single person, outside of litigation counsel, about the topics of NCR's 30(b)(6) deposition, when the information relevant to those topics resided almost exclusively in the memories of former employees available to NCR. Finally, although NCR argues that the noticed deposition topics were overly broad, it chose not to take the obvious recourse of seeking a protective order prior to appearing at the deposition, thereby waiving its right to complain now.

## I. NCR Must Produce The 30(b)(6) Deposition Preparation Materials, For Which Any Attorney Work-Product Claim Has Been Waived.

Mr. Gallagher's lack of personal knowledge, and his complete reliance on documents to refresh NCR's recollection, require production of the materials he reviewed prior to NCR's 30(b)(6) deposition. Mr. Gallagher flatly admitted he was not "a percipient witness" regarding *any* of the topics set forth in GP's Rule 30(b)(6) deposition notice for NCR. Ex. A (NCR 30(b)(6) Tr.) at 9:21-10:3. Because Mr. Gallagher could not testify from "firsthand knowledge" during NCR's deposition (*id.*), he was "an 'empty vessel' and documents reviewed on these topics in preparation for the deposition *necessarily* informed his testimony," *Coryn Group II, LLC v. O.C. Seacrets*, 265 F.R.D. 235, 243 (D. Md. 2010) (emphasis added).

Mr. Gallagher testimony (or lack thereof) only compounded the problem of identifying the basis for his statements. He could not adequately respond to inquiries regarding specific documents used in his preparation, as he frequently could not recall what documents he

reviewed.  *See* Ex. A at 52:14-20 (stating that he did not remember any "identifying details" of documents he reviewed in preparation for NCR's testimony).  He testified about the contents of documents that he also testified he did not recall reviewing.  (*Compare id.* at 18:12-15 (stating that he wasn't sure he reviewed Gene Edgerton's deposition) *with* 134:4-8 (recalling Mr. Edgerton's deposition testimony)).  Accordingly, and as explained in GP's opening memorandum and in the leading case (*Nutramax Labs., Inc. v. Twin Labs. Inc.*, 183 F.R.D. 458 (D. Md. 1988)), the only way GP can adequately cross-examine NCR is to see what documents Mr. Gallagher reviewed during his preparation.  (Dkt. 130 at 4-7.)

NCR's arguments concerning Rule 612 ignore the fact that the deposition was of NCR, not the "empty vessel" of Mr. Gallagher.  Cases such as *Nutramax* and *Coryn Group II* are informative in that they deal with the complexities of attorney work-product claims over the *collection* of unprivileged documents used to prepare a Rule 30(b)(6) designee.[1]  NCR, by contrast, relies on the inapposite *Parry v. Highlight Indus., Inc.*, which addresses the discoverability of an individual witness-preparation document that may itself contain privileged materials.  125 F.R.D. 449, 452 (W.D. Mich. 1989).[2]  Similarly, one concern of *Parry* – the existence of improper "witness coaching" sufficient to justify disclosure of preparation materials – is present here, but in a completely different context.  A party responding to a 30(b)(6) notice is *expected* to fill a witness's head with information as needed.  But this lawful "coaching" raises the same evidentiary concern as the improper coaching addressed in *Parry*, i.e., the process generates a need for the opposing party to have access to the preparation materials themselves.

---

[1]  Mr. Gallagher testified that he reviewed no privileged or work-product protected documents during his deposition preparation.  (Ex. A at 22:16-18.)

[2]  Thus, *Parry* demands, for example, that the party claiming privilege must submit contested materials for *in camera* review – a process that is unnecessary here.  *See Parry*, 125 F.R.D. at 452.

*See id.* (Court was concerned that witness had "been coached, through these documents, to avoid the use of certain terminology.").

Moreover, to the extent NCR's document-selection process could ever be protected by attorney work-product, that protection has been waived. Again, *Nutramax* is on point. *See* 183 F.R.D. at 467 ("If otherwise discoverable documents, which do not contain pure expressions of legal theories, mental impressions, conclusions or opinions of counsel, are assembled by counsel, and are put to a testimonial use in the litigation, then an implied limited waiver of the work-product doctrine takes place, and the documents themselves, not their broad subject matter, are discoverable."). For Rule 30(b)(6) depositions, "[t]here is a greater need to know what materials were reviewed by expert designee witnesses in preparation for deposition since the substance of their testimony may be based on sources beyond personal knowledge." *Id.* at 489.

## II. NCR Failed To Adequately Prepare Its 30(b)(6) Designee, Particularly Because Mr. Gallagher Did Not Speak To Any Current Or Former NCR Employees About the Noticed Topics.

When preparing for its 30(b)(6) deposition, a corporation can conduct an "exhaustive investigation" for all information known or reasonably available to it, or it can bury its head in the sand.[3] *See In re Indep. Serv. Org. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996). NCR chose the latter. Outside of litigation counsel, Mr. Gallagher spoke to **no one** prior to NCR's deposition. (Ex. A at 13:16-20.)

Mr. Gallagher did not find any documents, or speak to anyone about CCP-containing trim produced at NCR's "Systemedia" plant at Washington Court House, Ohio. (*Id.* at 71:3-14.) As

---

[3] GP omitted a citation supporting its unremarkable assertion that NCR, like any entity responding to a 30(b)(6) notice, must "exhaustively" investigate all relevant information known or reasonably available to NCR. (*See* Dkt. No. 147 at 2 n.2.) NCR's claim that it was "not aware of any" legal support for this statement is curious, given that NCR cites to the same page of the case from which GP obtained that standard. (*Id.* at 4 (citing *In re Indep. Serv. Org. Antitrust Litig.*, 168 F.R.D. at 654).)

just one example, he did not speak to Donald Clason, the former Senior Vice President of Systemedia, who claimed three weeks later in response to a GP subpoena that he recalled generation of trim in small volumes, all of which was incinerated on site.  (Ex. B (Donald Clason Tr.) at 16:18-17:5, 40:14-16.)  There is no doubt that Mr. Clason was readily available to NCR, since NCR's lawyers already represented him.  Indeed, GP had previously located and reached out to Mr. Clason for information about Systemedia, only to be told that he was represented by NCR's counsel and was thus off-limits for informal discussion.

Similarly, Mr. Gallagher admitted reviewing a memorandum identifying former NCR employee Daniel McIntosh as someone knowledgeable about the generation and disposition of CCP waste paper, yet Mr. Gallagher did not speak with Mr. McIntosh prior to NCR's deposition. (Ex. A at 13:16-20.)  Again, Mr. McIntosh was plainly available to NCR, and for the same reason – he was already represented by NCR's counsel.  In fact, because of Mr. Gallagher's failure to prepare, *no one but NCR's counsel* has thus far been able to obtain Mr. McIntosh's information. GP had scheduled a deposition of Mr. McIntosh, but NCR's counsel canceled that deposition and thus far has refused to reschedule it.

Rule 30(b)(6) requires Mr. Gallagher, as NCR's representative, to reach out to people like Mr. Clason and Mr. McIntosh.  GP should not be required to identify, locate, and depose every current and former NCR employee to determine who has knowledge of relevant topics.[4]   In short, NCR "cannot meet its discovery obligations by sticking its head in the sand and refusing to look for the answers and then saying it does not know the answer."  *In re Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. at 653.

---

[4] This is particularly true with respect to Mr. Clason and Mr. McIntosh, as neither were listed in NCR's Initial Disclosures as individuals likely to have discoverable information.

### III.    NCR Waived The Right To Protest The Topics Of Its 30(b)(6) Deposition.

NCR's complaints about the propriety of GP's 30(b)(6) deposition notice come far too late.  It is true that NCR sent written objections in response to GP's 30(b)(6) deposition notice, and that GP and NCR had subsequent discussions regarding NCR's concerns. Yet despite these alleged concerns, NCR decided not to seek a protective order, instead agreeing that it would "designate a witness who will provide testimony" on all the noticed topics.  *See generally* Dkt. 130 Ex. C (NCR Corp.'s Responses and Objections to Pls.' Am. Notice of 30(b)(6) Dep).  That decision spoke volumes about GP's noticed topics, which were in fact appropriately limited and plainly proper.

In any event, when NCR produced its witness, NCR's right to complain about the scope and content of the 30(b)(6) notice ended.  Unlike objections to written discovery, objections to the scope or content of a 30(b)(6) deposition must be made *and resolved* in advance of the responsive testimony.  *Compare* Fed. R. Civ. P. 33(b)(4), 34(b)(2)(C), 36(a)(5) *with* Fed. R. Civ. P. 30; *see also New England Carpenters Health Benefits Fund v. First Databank, Inc.*, 242 F.R.D. 164, 165-66 (D. Mass. 2007) ("If counsel for [defendant] was of the view that the plaintiff's 30(b)(6) deposition notice was defective or improper in some way…it was [defendant's] burden to seek protection pursuant to Rule 26(c), seeking an order that '…the…discovery may be had only on specified terms and conditions….'") (internal citations omitted); *see also In re Air Crash Disaster at Detroit Metro. Airport on August 16, 1987*, 130 F.R.D. 627 (E.D. Mich. 1989) ("Failure to seek judicial relief prior to [the date of the deposition] will preclude a later objection.").  NCR's protestations of overbreadth ***after the deposition was taken*** are much like the plaintiff's complaints of a vague deposition notice in *Arctic Cat, Inc. v. Injection Research Specialists, Inc.*: "If, as Arctic Cat portends, the Deposition Notice caused it uncertainty as to the substance of the intended inquiry, Arctic Cat was prepared to ride that

uncertainty to a predictable conclusion -- the inability of its designated deponent to reasonably respond to relevant questioning."  210 F.R.D. 680, 683 (D. Minn. 2002).  NCR's failure to seek a protective order before its deposition has waived any grounds for seeking judicial protection at this point.

**IV.     Conclusion:  NCR Must Comply Or Live With Its Choices.**

NCR claims it had concerns regarding the topics which GP noticed for its 30(b)(6) deposition, yet NCR decided to let the deposition continue as scheduled, apparently banking on its ability to complain after the fact.  NCR's designee, Mr. Gallagher, was admittedly an empty vessel whose testimony was based solely on business records he could only vaguely identify – yet NCR refuses to produce those records.  Mr. Gallagher spoke to no one but litigation counsel prior to the deposition, even though those same attorneys represented former NCR employees with knowledge of various topics.  Yet now NCR claims that its obligation to conduct an exhaustive investigation and provide testimony on behalf of the corporation has been satisfied.

NCR's gamesmanship should not be rewarded.  Either NCR must try again, or NCR must be bound by its choices.  In addition to an award of its fees incurred in bringing this motion, GP respectfully requests that the Court (a) order NCR to produce, within 10 days, all documents used to prepare Mr. Gallagher for NCR's 30(b)(6) deposition, and (b) order NCR to provide, within 20 days, a properly prepared witness for a resumption of the 30(b)(6) deposition at the offices of Hunton & Williams LLP in Washington, D.C.  As set forth in GP's opening memorandum, in the event NCR claims in an affidavit that it cannot provide further testimony on any of the noticed 30(b)(6) topics, GP requests that the Court take steps to ensure that NCR is held to its inability to present evidence, avoiding any ambush at trial.

Dated: March 7, 2012

**GEORGIA-PACIFIC CONSUMER
PRODUCTS, LP., FORT JAMES
CORPORATION, and GEORGIA-PACIFIC
LLC**

BY: _____/s/ Douglas M. Garrou_____

Peter A. Smit, Bar No. P 27886
Varnum LLP
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501
(616) 336-6000

Joseph C. Kearfott
Douglas M. Garrou
George P. Sibley, III
Hunton & Williams LLP
951 East Byrd St.
Richmond, VA 23219
(804) 788-8200

Jeffrey N. Martin
Djordje Petkoski
Hunton & Williams LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C.  20037
(202) 955-1500

Kathy Robb
Hunton & Williams LLP
200 Park Avenue, 52nd Floor
New York, New York  10166-0005
(212) 309-1000

Jan M. Conlin
Tara D. Falsani
Robins, Kaplan, Miller & Ciresi L.L.P.
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN  55402
(612) 349-8500

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 7, 2012, I caused to be served by electronic mail a copy of

Plaintiffs' Motion to Compel Production of Documents Used to Prepare Corporate Designee and

Resumption of Deposition of Defendant NCR Corporation upon counsel for each Defendant, at

the following e-mail addresses:

| | |
|---|---|
| Baird, J. Christopher | JCBaird@perkinscoie.com |
| Cermak, John F. | jcermak@bakerlaw.com |
| Chesler, Evan R. | echesler@cravath.com |
| Dozeman, Douglas A. | ddozeman@wnj.com |
| Dunning, Michael | MDunning@perkinscoie.com |
| Fields, Geoffrey A. | gfields@dickinsonwright.com |
| Goldstein, Sandra C. | sgoldstein@cravath.com |
| Ha, Eric W. | eha@sidley.com |
| Inglin, Sonja A. | singlin@bakerlaw.com |
| Laing, Dean P. | Dean.Laing@wilaw.com |
| Larson, Linda R | llarson@martenlaw.com |
| Lavely, Vanessa A. | vlavely@cravath.com |
| MacCurdy, Meline Grace | mmaccurdy@martenlaw.com |
| Marten, Bradley M | bmarten@martenlaw.com |
| McAtee, Darin P. | dmcatee@cravath.com |
| McGaffey, Karen M. | KMcGaffey@perkinscoie.com |
| Meuti, Michael Dominic | mmeuti@bakerlaw.com |
| Nasab, Omid H. | onasab@cravath.com |
| Parker, John Daniel | jparker@bakerlaw.com |
| Schneider, Mark W. | MWSchneider@perkinscoie.com |
| Sobota, Margaret R. | msobota@sidley.com |
| Watson, Scott Michael | swatson@wnj.com |
| Westerfield, Evan B. | evanwesterfield@sidley.com |

**GEORGIA-PACIFIC CONSUMER
PRODUCTS, LP., FORT JAMES
CORPORATION, and GEORGIA-PACIFIC
LLC**

BY: _____/s/ Douglas M. Garrou_____

Peter A. Smit, Bar No. P 27886
Varnum LLP
Bridgewater Place, P.O. Box 352

8

Grand Rapids, MI 49501
(616) 336-6000

Joseph C. Kearfott
Douglas M. Garrou
George P. Sibley, III
Hunton & Williams LLP
951 East Byrd St.
Richmond, VA 23219
(804) 788-8200

Jeffrey N. Martin
Djordje Petkoski
Hunton & Williams LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C.  20037
(202) 955-1500

Kathy Robb
Hunton & Williams LLP
200 Park Avenue, 52nd Floor
New York, New York  10166-0005
(212) 309-1000

Jan M. Conlin
Tara D. Falsani
Robins, Kaplan, Miller & Ciresi L.L.P.
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN  55402
(612) 349-8500

9