UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGIA-PACIFIC CONSUMER
PRODUCT LP, et al.,

       Plaintiffs,

                                     CASE NO. 1:11-cv-483

v.

                                     HON. ROBERT J. JONKER

NCR CORP., et al.,

       Defendants.

_____/

## **ORDER**

       This matter is before the Court on Defendant Weyerhaeuser Co.'s Motion for Leave to File an Amended Answer, Counterclaim, Cross-Claims, and Third Party Complaint against MW Custom Papers, LLC ("Mead") (docket # 124), and Defendant NCR Corp.'s Motion to Modify the June 28, 2011, Case Management Order (docket # 136) to accommodate an additional 90 days of fact discovery in this matter.  The parties have all filed responses addressing their various positions on these matters, as well as a Supplemental Joint Status Report on March 15, 2012.  (docket # 173.) For the following reasons, Weyerhaeuser's Motion is **DENIED**, NCR Corp.'s Motion is **DENIED**, and the Status Conference scheduled for Tuesday, March 20, 2012 at 1:00 p.m. is **CANCELLED**.

       The Court first addresses Weyerhaeuser's Motion (docket # 124).  Under Fed. R. Civ. P. 14(a), a defendant "may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  When the defendant seeks to serve a third-party complaint more than fourteen days after the filing of its original answer, the decision to

allow the third-party action is within the sound discretion of the trial court. *Aetna Cas. & Sur. Co. v. Dow Chem. Co.*, 933 F. Supp. 675, 687 (E.D. Mich. 1996). After reviewing the Motion and related matters of record, the Court declines to grant Weyerhaeuser leave to file its third-party complaint against Mead at this time. Weyerhaeuser was first served with the Amended Complaint in this action on July 8, 2011. (docket # 84.) It did not file the current Motion until February 3, 2012. While Weyerhaeuser correctly notes that it was the last party to be named in this action, nearly seven months elapsed between when it was served and when it requested to add Mead as a party. At the Rule 16 conference held on June 27, 2011, the Court and the parties present discussed Mead at length, including Mead's alleged involvement in the paper mill disposal of PCB materials along the Kalamazoo River. None of the parties elected to amend their pleadings to include Mead as a party, and while Weyerhaeuser was not present, the transcript of the hearing was filed on July 8, 2011. (docket # 85.) Weyerhaeuser was therefore on notice of Mead as a potential party at or near the time it was first served with the Amended Complaint. Moreover, the delay that would result if Weyerhaeuser's Motion is granted also counsels against allowing Mead to be added to this litigation, given the time it would take to serve Mead, allow for a response, and the six to nine months of discovery Mead would undoubtedly request in order to get up to speed and on equal footing with the existing parties. Certainly, if Weyerhaeuser (or any other party) wishes to pursue relief against Mead, it may initiate a separate lawsuit to do so, but the Court does not believe the record supports allowing for Mead's addition at this relatively late date. Weyerhaeuser's Motion to file a third-party complaint is denied.

Weyerhaeuser also "seeks leave under Rule 15(a)(2) to add cost recovery claims against existing parties to recover a portion of the costs that Weyerhaeuser has incurred and will incur in

2

connection with the Site." (docket # 125, at 7.)  The Court does not believe any substantiative claim would be added through the proposed amendments that are not already addressed in Weyerhaeuser's affirmative defenses, counterclaims, and cross-claims; therefore, the Court denies Weyerhaeuser's request.

The Court also denies NCR Corp.'s Motion to extend fact discovery by 90 days.  The Court's initial discovery order provided for nine months of fact discovery, which concludes on March 30, 2012, with expert discovery to be completed on June 27, 2012.  (docket # 83.)  During this time, the parties have deposed relatively few witnesses, likely due to the fact that this case stems from actions taken in the 1950s through 1970s and that any liability, or lack thereof, will largely be based on documents from the time period as opposed to recollections of witnesses.  NCR Corp. argues that additional discovery time is needed because Georgia-Pacific has failed to produce many such documents.  These documents are principally comprised of materials from other litigation, such as witness testimony, depositions, and trial transcripts.  Some of these litigation documents may prove useful to NCR Corp., but they are unlikely to yield critical new information, and they have been part of the public record of other litigation.  Moreover, the witness testimony, depositions, and court transcripts would be based in large part of documents that Georgia-Pacific produced in response to NCR Corp.'s document requests in any event.  Finally, if any party is genuinely and unfairly handicapped on a particular fact issue, the parties and the Court can address the issue under Rule 56(d) in the context of a fully developed summary judgment record.  This is preferable to a plenary extension of discovery.

The Case Management Order (docket # 83) remains in effect.  However, the Court would like to clarify that the first expert disclosure deadline, set for April 18, 2012, applies to the party bearing

the burden of proof on any issue on which it seeks to use expert testimony, regardless of the label (plaintiff or defendant) attached to their position in the case.

**ACCORDINGLY**, **IT IS ORDERED THAT:**

(1)     Weyerhaeuser Co.'s Motion for Leave to File and Amended Answer, Counterclaim, Cross-Claims, and Third Party Complaint against MW Custom Papers, LLC (docket # 124) is **DENIED**;

(2)     Defendant NCR Corp.'s Motion to Modify the June 28, 2011 Case Management Order (docket # 136) to accommodate an additional 90 days of fact discovery in this matter is **DENIED**;

(3)     The Scheduling Conference set for Tuesday, March 20, 2012 at 1:00 p.m. is **CANCELLED**.

(4)     The Case Management Order (docket # 83) remains in effect, with the first expert disclosure deadline, set for April 18, 2012, applying to the party bearing the burden of proof on any issue on which it seeks to use expert testimony, regardless of the label attached to their position in the case.

Dated:   March 19, 2012          /s/ Robert J. Jonker
                                 ROBERT J. JONKER
                                 UNITED STATES DISTRICT JUDGE

4