# Exhibit 9

International Paper's Second Set of Interrogatories to Plaintiffs/Counter-Defendants Georgia Pacific LLC, et al. (March 1, 2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GEORGIA PACIFIC CONSUMER PRODUCTS, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC,<br><br>Plaintiffs,<br><br>v.<br><br>NCR CORPORATION, INTERNATIONAL PAPER CO., and WEYERHAEUSER COMPANY,<br><br>Defendants. | Civil Action No. 1:11-cv-00483-RJJ<br><br>Assigned to: Hon. Robert J. Jonker |

**INTERNATIONAL PAPER'S SECOND SET OF INTERROGATORIES TO PLAINTIFFS/COUNTER-DEFENDANTS GEORGIA PACIFIC, LLC ET AL.**

Pursuant to Federal Rule of Civil Procedure 33, Defendant International Paper Company ("International Paper") hereby serves the following Interrogatories on Plaintiffs/Counter-Defendants Georgia Pacific LLC, et al.

**DEFINITIONS**

1. The term "Appleton Coated Paper Company" refers to the company by that name and/or the paper-production facility located in Appleton, Wisconsin.

2. The term "alleged lease period" refers to the period from 1956 to 1966 during which St. Regis is alleged in Paragraphs 101 and 102 of the FAC to have "leased the land and equipment of the Bryant Mill to the Allied Paper Division of the Thor Corporation."

3. The term "alleged operating period" refers to the period from 1954 to 1956 during which St. Regis is alleged in Paragraph 100 of the FAC to "have de-inked and re-pulped PCB-laden NCR broke and trim at the Bryant Mill."

4. "Bryant Mill" refers to the industrial complex located in Kalamazoo, Michigan that was previously engaged in manufacturing paper referred to in Paragraph 95 of the FAC.

5. "CCP" refers to NCR's carbonless-copy-paper product, sometimes known as "NCR Paper" or "No Carbon Required" paper, including any component thereof (e.g., emulsion, capsules, Aroclor, base paper, CF, CFB, and/or CB).

6. The term "Combined Paper Mills Company" refers to Combined Paper Mills, Inc. and/or the paper-production facility in Combined Locks, Wisconsin.

7. The terms "communication" or "communications" refer to any transmittal of information (in the form of facts, ideas, inquiries, or otherwise) between two or more persons, organizations, companies, or other business entities, regardless of method or form. Those terms shall include (without limitation) meetings, conferences, negotiations, telephone conversations, or any other form of verbal or written exchange of information in the form of facts, ideas, inquiries, or otherwise.

8. The term "concerning" shall be construed broadly to include constituting, containing, embodying, identifying, dealing with, bearing upon, referring to, alluding to, connected with, responding to, commenting on, in reference of, relating to, about, regarding, discussing, showing, reporting, describing, mentioning, reflecting, analyzing, summarizing, modifying, constituting, pertaining to, evidencing, having any relationship to, constituting a basis for, deriving or arising from, or in any manner whatsoever pertinent to that subject.

9. The term "document" shall, consistent with Federal Rule of Civil Procedure 34(a)(1)(A), be construed broadly to include:

- all papers, writings, and records of every type and description;
- all written, recorded, and graphic matter of every type and description;
- contracts, receipts, buy orders, canceled checks, drafts invoices statements,

    memoranda, corporate minutes, bulletins, intra- and interoffice communications, books of account, worksheets, desk diaries, appointment books, expense accounts, recordings, notes of conversations, notes of meetings and conferences, telegraphic communications, stock certificates, pamphlets, schedules, studies, books, computer printouts, reports, photographs, maps, charts, photographic records, tapes, transcriptions of tapes; and

- any other device or medium on or through which information of any type is transmitted, recorded, or preserved.

  The term "document" shall also encompass all matters, instruments, or other means of electronic storage or other forms of media, including emails.

  10. "FAC" refers to the First Amended Complaint that Georgia Pacific filed in this case and was entered onto the docket on June 24, 2011.

  11. The terms "Georgia Pacific," "GP," and "you" refer collectively to Plaintiffs/Counter-Defendants Georgia-Pacific Consumer Products LP, Fort James Corporation, and Georgia-Pacific, LLC.  These terms also include all of these entities' subsidiaries, partners, and members, as well as employees and agents acting on the companies' behalf.

  12. The terms "identify," "identity," or "identities" mean, with respect to people, to provide their names, any other names by which they were known, their past and present employers (to the extent known), their titles, the time periods during which they held those titles, and their most-recently-known contact information.  If you have information that a person identified is deceased, please state as much.

  13. The terms "identify," "identity," or "identities" mean, with respect to items or evidence (including documents), to provide descriptive information about the items or evidence including physical descriptions of their nature, substantive descriptions of their content, their custodian(s), their location(s), their author(s) (if applicable), and their recipient(s) (if applicable).  Additionally, with respect to documents, these terms mean to provide specific Bates ranges.

  14. The term "including" means including, but not limited to.

15. "Mead" refers to MeadWestvaco Corporation and its corporate predecessors, successors and affiliates (including without limitation, Mead Corporation).

16. "NCR" and refers to Defendant NCR Corporation, including its subsidiaries, divisions, affiliates, and predecessors, their present or former partners, officers, directors, employees, or agents, and any other person acting or purporting to act on their behalf. The term specifically includes the former Appleton Coated Paper Company, the former Combined Paper Mills, Inc., and Systemedia.

17. "NCR broke and/or trim" refers to byproducts of manufacturing carbonless copy paper invented by Defendant/Crossclaim Defendant NCR. This term shall include the terms "CCP Coating Broke" and "CCP Converter Trim" as used in GP's First Requests for Production of Documents to NCR.

18. The term "NCR-related source" refers to any facility—other than the Appleton Coated Paper Company, the Combined Paper Mills Company, and Systemedia—owned, controlled, or operated by NCR that produced CCP.

19. "PCBs" refers to polychlorinated biphenyls, whether manufactured by Monsanto Company or any other entity.

20. The term "post-alleged affiliation period" refers to the period subsequent to the alleged lease period and lasting through the end of 1971.

21. The term "recovered fiber" refers to each of the following:

- paper, paperboard, and fibrous materials from retail stores, office buildings and/or homes after they have passed through their end-usage as a consumer item, including used corrugated boxes, old newspapers, old magazines, mixed waste paper, tabulating cards, and used cordage;

- all paper, paperboard, and fibrous materials that enter and are collected from municipal solid waste;

- residual dry paper and paperboard generated after the completion of the papermaking process, including (a) envelope cuttings, bindery trimmings, and other residual paper and paperboard resulting from printing, cutting, forming, and other converting operations; (b) bag, box, and carton manufacturing wastes; and (c) butt rolls, mill wrappers, and rejected unused stock;

- repulped finished paper and paperboard from obsolete inventories of paper and paperboard manufacturers, merchants, wholesalers, dealers, printers, converters, or others; and

- any paper scrap or trim generated in a paper mill prior to completion of the papermaking process.

However, "recovered fiber" shall be construed to exclude NCR broke and/or trim, as defined above.

22. The term "reprocess" and all derivations of that term refer to the actions of recycling, de-inking, and all associated processes.

23. The term "recycling process(es)" refers to the process(es) used to repulp, deink, bleach, clean, and/or wash any recovered fiber or NCR broke and/or trim as part of using that recovered fiber or NCR broke and/or trim to make new paper products.

24. The term "Site" shall mean the Allied Paper, Inc./Portage Creek/Kalamazoo River Superfund Site, listed on the National Priorities List in August 1990.

25. The term "St. Regis" refers to St. Regis Paper Company.

26. "Systemedia" refers to NCR's current or former plants that converted CCP into business forms and other paper products, which were at certain times part of NCR's "Supply Manufacturing Division" and/or "Business Forms and Supply Division" and/or "Systemedia."

27. "Wisconsin Litigation" refers to the actions proceeding in the U.S. District Court for the Eastern District of Wisconsin under the captions:

- *Appleton Papers, Inc. & NCR Corporation v. George A. Whiting Paper Co., et al.*, No. 08-CV-16-WCG;

5

- *NCR Corporation v. Kimberly Clark Corporation, et al.*, No. 0 8-CV-0895-WCG; and

- *Georgia-Pacific Consumer Products LP v. Appleton Coated LLC*, No. 1:11-mc-00032-WCG.

## INSTRUCTIONS

1. Under the provisions of Federal Rule of Civil Procedure 33, International Paper requests that GP answer the following Interrogatories within 30 days of service.

2. Please submit GP's responses to

> Baker & Hostetler, LLP
> PNC Center
> 1900 E. 9th St., Suite 3200
> Cleveland, Ohio 44114.

3. Consistent with Federal Rule of Civil Procedure 33(b), please answer each Interrogatory under oath, separately and fully in writing. Additionally, please ensure that the responses are signed by the person responding.

4. For each Interrogatory, please make a reasonable inquiry and base your response on all information that GP knows or has within its possession, custody, or control. Such information includes information readily obtainable by GP, as well as any information within the possession, custody, or control of all other persons or entities acting on GP's behalf or at GP's direction

5. For each Interrogatory, please provide all responsive information within GP's possession, custody, or control.

6. For any Interrogatory to which you object, state specifically the reasons for the objection.

7. If you object to responding to an Interrogatory, in whole or in part, on the basis of

any claim of privilege, please specify in writing the nature of such document or information, including:

- the basis upon which the privilege is claimed;

- the persons involved in any communication forming the basis for the privilege;

- the format of any such communication;

- the general nature of any such communication, including a summary statement regarding its subject matter in sufficient detail to permit the Court to rule on the propriety of the objection;

- facts regarding any document from which the privileged information is drawn, including its author, addressee(s), date, and the name of each person to whom the document was shown or circulated;

8.  These Interrogatories shall be deemed continuing, so if after responding, you learn of or discover additional facts and/or evidence, please provide them immediately after learning of them.

## **INTERROGATORIES**

17.  Your response to International Paper's Interrogatory No. 1 consists of twenty numbered paragraphs. For each such paragraph, identify all documents supporting the contentions contained within that paragraph. Consistent with Definition No. 13 above, please be certain to include Bates ranges.

18.  In paragraph 15 of your response to International Paper's Interrogatory No. 1, you state that "retired employees have a specific recollection of the peculiar smell of NCR paper being present in the de-inking mill at the Bryant Mill." Identify all such employees. Consistent with Definition No. 12 above, please be certain to include their (present or past) employers, their titles, and the time periods during which they held those titles.

19.  In paragraph 15 of your response to International Paper's Interrogatory No. 1, you state that "retired employees have a specific recollection of the peculiar smell of NCR paper

7

being present in the de-inking mill at the Bryant Mill." Identify, to the best of your ability, the dates on, or date ranges during, which these retired employees smelled the NCR paper.

20. In paragraph 18 of your response to International Paper's Interrogatory No. 1, you state that "[s]ampling cores that penetrated the berm surrounding the dewatering lagoon [at the Bryant Mill] indicate that paper residues containing PCBs were present at least as early as 1954.." Identify all documents regarding the samples referenced above. Consistent with Definition No. 13 above, please be certain to include Bates ranges.

21. In your response to International Paper's Interrogatory No. 4, you state that "multiple investigations in connection with the Kalamazoo River Superfund Site have concluded that the substantial contamination of the Bryant Mill, Portage Creek, and the Bryant Mill Pond resulted from the receipt and use of NCR paper as wastepaper furnish at the Bryant Mill." Identify each such investigation and all documents containing, embodying, or constituting such investigations' conclusions. Consistent with Definition No. 13 above, please be certain to include Bates ranges.

22. Identify all documents showing, tending to show, or suggesting that the Bryant Mill received post-consumer CCP at any time before July 1, 1956. Consistent with Definition No. 13 above, please be certain to include Bates ranges.

23. Identify all documents showing, tending to show, or suggesting that the Bryant Mill received post-consumer CCP at any time between July 1, 1956 and August 5, 1966. Consistent with Definition No. 13 above, please be certain to include Bates ranges.

Dated:  March 1, 2012

            s/*Michael Dominic Meuti*_____
            John D. Parker
            Michael Dominic Meuti
            Baker & Hostetler LLP
            PNC Center
            1900 East 9th Street, Suite 3200
            Cleveland, OH  44114-3482
            Telephone: 216.861.7709
            Facsimile:  216.696.0740
            Email:  jparker@bakerlaw.com
                mmeuti@bakerlaw.com


            John F. Cermak, Jr.
            Sonja A. Inglin
            Baker & Hostetler LLP
            12100 Wilshire Blvd., 15th Floor
            Los Angeles, CA 90025
            Telephone: 310.820.8800
            Facsimile: 310.820.8859
            Email: jcermak@bakerlaw.com
                singlin@bakerlaw.com

            Attorneys for Defendant/
            Counterclaimant/Crossclaimant
            International Paper Company

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2012, I served the foregoing International Paper's Second Set of Interrogatories to Plaintiffs/Counter-Defendants Georgia Pacific by email upon the following counsel of record:

| | |
|---|---|
| Douglas M. Garrou | dgarrou@hunton.com |
| George P. Sibley | gsibley@hunton.com |
| Joseph C. Kearfott | jkearfott@hunton.com |
| Kathy Robb | krobb@hunton.com |
| Jan M. Conlin | jmconlin@rkmc.com |
| Tara Dawn Falsani | tdfalsani@rkmc.com |
| Peter A. Smit | pasmit@varnumlaw.com |
| Eric W. Ha | eha@sidley.com |
| Evan B. Westerfield | evanwesterfield@sidley.com |
| Margaret R. Sobota | msobota@sidley.com |
| Sandra C. Goldstein | sgoldstein@cravath.com |
| Evan C. Chesler | echesler@cravath.com |
| Darin P. McAtee | dmcatee@cravath.com |
| Geoffrey A. Fields | gfields@dickinsonwright.com |
| Meline G. MacCurdy | mmaccurdy@martenlaw.com |
| Linda R. Larson | llarson@martenlaw.com |
| Bradley M. Marten | bmarten@martenlaw.com |
| Mark W. Schneider | MWSchneider@perkinscoie.com |
| Karen M. McGaffey | KMcGaffey@perkinscoie.com |
| J. Christopher Baird | JCBaird@perkinscoie.com |
| Dean P. Laing | Dean.Laing@wilaw.com |
| Jeffrey N. Martin | jmartin@hunton.com |
| Douglas A. Dozeman | ddozeman@wnj.com |
| Scott M. Watson | swatson@wnj.com |
| Michael Dunning | MDunning@perkinscoie.com |
| Dustin P. Ordway | DPOrdway@ordwaylawfirm.com |
| Christopher D. Thomas | Christopher.D.Thomas@squiresanders.com |

s/*Michael Dominic Meuti*
Michael Dominic Meuti