IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS, LP, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC<br><br>Plaintiffs,<br>v.<br><br>NCR CORPORATION, INTERNATIONAL PAPER CO., and WEYERHAEUSER, CO.,<br><br>Defendants. | No. 1:11-cv-00483<br><br>Judge Robert J. Jonker |

**DEFENDANT NCR CORPORATION'S SECOND SET OF REQUESTS FOR ADMISSION, SECOND SET OF INTERROGATORIES AND THIRD SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO PLAINTIFFS GEORGIA-PACIFIC CONSUMER PRODUCTS LP, FORT JAMES CORPORATION AND GEORGIA-PACIFIC LLC**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and the Court's Scheduling Order dated June 28, 2011 (Dkt. No. 83), Defendant NCR Corporation ("NCR"), by its attorneys, hereby requests that Plaintiffs Georgia-Pacific Consumer Products LP, Fort James Corporation and Georgia-Pacific LLC (collectively, "Georgia-Pacific"), within thirty (30) days of service, (1) provide written responses to the following requests for admission separately and fully, in writing and under oath, and serve a copy thereof on counsel for NCR, (2) provide written responses to the following interrogatories separately and fully, in writing and under oath, and serve a copy thereof on counsel for NCR and (3) provide written responses to the following requests for production and produce the documents requested herein for inspection and/or copying by counsel for NCR.  Each of the following requests for admission, interrogatories and document requests are to be read in accordance with the definitions and respective instructions that follow.

A. **DEFINITIONS**

1. "Amended Complaint" means Georgia-Pacific's First Amended Complaint filed on June 24, 2011. (Dkt. No. 80.)

2. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), and shall be construed in the broadest sense of this term possible consistent with the Federal Rules of Civil Procedure.

3. "Concern" or "concerning" includes without limitation: constituting, containing, embodying, identifying, dealing with, reflecting, mentioning, defining, explaining, discussing, commenting upon, monitoring, supporting, evidencing, modifying, contradicting, quoting, criticizing, questioning, describing, creating or maintaining, bearing upon, referring to, having any relationship to, constituting a basis for, deriving or arising from, or in any manner whatsoever pertinent to that subject.

4. "Document" shall be construed in the broadest sense of this term possible consistent with Rule 34 of the Federal Rules of Civil Procedure.  A draft or an annotated or otherwise non-identical copy is a separate document within the meaning of this term. "Document" also includes the file, folder tabs, and labels appended to or containing any documents.

5. "Georgia-Pacific", "you" and "your" shall mean Georgia-Pacific Consumer Products LP, Fort James Corporation and Georgia-Pacific LLC, and the officers, directors, employees, agents, attorneys, consultants, contractors, subcontractors, advisors, representatives, investigators and any other person acting, or purporting to act, on behalf of Georgia-Pacific. "Georgia-Pacific", "you", and "your" shall also include any predecessor or successor of Georgia-Pacific, and the officers, directors, employees, agents, attorneys, consultants, contractors,

2

subcontractors, advisors, representatives, investigators and any other person acting, or purporting to act, on behalf of that predecessor or successor of Georgia-Pacific.  "Georgia-Pacific", "you", and "your" shall also include any Site Facilities, as defined below, that any of the entities referenced in this paragraph currently or formerly owned and/or operated, as well as the officers, directors, employees, agents, attorneys, consultants, contractors, subcontractors, advisors, representatives, investigators and any other person acting, or purporting to act, on behalf of those Site Facilities.

      6.      "Identify" used in reference to an individual person shall mean to state, to the extent known, the person's full name, present or last known address and telephone number, the present or last known position and business affiliation, and the position and business affiliation at the time in question, including the dates he or she held such position.  If you are unable to identify any person by name, please identify such person by job title.  If you have knowledge that a person identified is deceased, please so state.

      7.      "Identify" used in reference to a document shall mean to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

      8.      "Identify" when used in reference to communications shall mean to give, to the extent known, the persons involved in the communications, the frequency of such communications, the form of communication, and the matters discussed or likely to have been discussed during such communications.

      9.      "NCR" means NCR Corporation.

      10.      "OU" means an operable unit designated by the U.S. Environmental Protection Agency at the Allied Paper Inc./Portage Creek/Kalamazoo River Superfund Site.

11. "OU1" means Operable Unit 1 of the Allied Paper Inc./Portage Creek/Kalamazoo River Superfund Site as defined by the U.S. Environmental Protection Agency.

12. "OU2" means Operable Unit 2 of the Allied Paper Inc./Portage Creek/Kalamazoo River Superfund Site as defined by the U.S. Environmental Protection Agency.

13. "OU3" means Operable Unit 3 of the Allied Paper Inc./Portage Creek/Kalamazoo River Superfund Site as defined by the U.S. Environmental Protection Agency.  "OU3" also includes the five former "mill lagoons" located on the former Georgia-Pacific Mill property at 2425 King Highway, Kalamazoo, Michigan 49001 which were addressed in the Michigan Department of Environmental Quality Administrative Order by Consent for Response Activity No. AOC-ERD-99-010.

14. "OU4" means Operable Unit 4 of the Allied Paper Inc./Portage Creek/Kalamazoo River Superfund Site as defined by the U.S. Environmental Protection Agency.

15. "OU5" means Operable Unit 5 of the Allied Paper Inc./Portage Creek/Kalamazoo River Superfund Site as defined by the U.S. Environmental Protection Agency.

16. "OU7" means Operable Unit 7 of the Allied Paper Inc./Portage Creek/Kalamazoo River Superfund Site as defined by the U.S. Environmental Protection Agency.

17. "Person" means any natural person, firm, association, partnership, proprietorship, corporation, or any other business or legal entity, and includes any and all of such person's directors, officers, employees, agents, attorneys, accountants, consultants or other representatives.

18. "Refer", "relate", "relating" or "regarding" means and includes any logical or factual connection with the matter identified or discussed.

19. The terms "response", "removal" and "remedial action" shall have the same meaning ascribed to them under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 *et seq.*, as amended.

20. "Site" means the Allied Paper Inc./Portage Creek/Kalamazoo River Superfund Site that is the subject of this litigation.

21. "Site Facility" means any Kalamazoo-area facility that you currently or formerly owned and/or operated and/or to which you refer in the First Amended Complaint, and/or any other facility at the Site, including, but not limited to, the Bryant Mill (a/k/a Allied Paper Mill), Monarch Mill, King Mill, A-Site Landfill, Willow Boulevard Landfill, King Highway Landfill, King Highway Mill (a/k/a Kalamazoo Paper Mill), 12th Street Landfill, Hawthorne Mill, and/or Plainwell Mill.

**B.    INSTRUCTIONS**

General Instructions

1. The past tense shall be construed to include the present tense, and vice versa, to make the discovery request inclusive rather than exclusive.

2. The singular shall be construed to include the plural, and vice versa, to make the discovery request inclusive rather than exclusive.

3. "Any" shall be construed to include "all", and vice versa, and "all" shall be construed to include "each", and vice versa, as is necessary to make the discovery request inclusive rather than exclusive.

4. The words "and", "and/or" and "or" shall be construed conjunctively or disjunctively, as is necessary to make the discovery request inclusive rather than exclusive.

5. "Including" shall be construed to mean "including, but not limited to".

Instructions for Requests for Admission

1.　Each request for admission shall be construed independently and not with reference to any other request for admission for the purpose of limitation or exclusion.

2.　Separate and complete responses or objections are required for each interrogatory or subpart thereof.

3.　These requests for admission require you to answer with either "Admit" or "Deny".

4.　If you cannot admit or deny all or any part of any request for admission, you shall (a) specifically identify such request or part thereof, and set forth in detail the reasons why you cannot truthfully admit or deny the request or part thereof, and (b) admit or deny any remaining part of such request.

5.　If you claim lack of knowledge as a reason for failure to admit or deny any request for admission or any part thereof, you shall detail the extent of the inquiry made and affirm that the information known or readily attainable to it is insufficient to allow it to admit or deny the request or part thereof.

6.　These requests for admission extend to any information in your possession, custody or control, including but not limited to any of your respective employees, agents, attorneys, or other persons acting or purporting to act on your behalf.

7.　If you assert a claim of privilege, work product, immunity, or other discovery protection with respect to any part of these requests for admission, state the nature and basis of the privilege or other ground asserted as justification for withholding such information.

Instructions for Interrogatories

     1.    Each document request shall be construed independently and not with reference to any other document request for the purpose of limitation or exclusion.

     2.    Separate and complete responses or objections are required for each interrogatory or subpart thereof.

     3.    If you object to any interrogatory, please state with specificity the grounds for each such objection.

     4.    If any interrogatory cannot be answered in full, answer to the extent possible, specifying the reason why the remainder cannot be answered and the efforts made to supply a complete answer.

     5.    These interrogatories extend to any information in your possession, custody or control, including but not limited to any of your respective employees, agents, attorneys, or other persons acting or purporting to act on your behalf.

     6.    If you assert a claim of privilege, work product, immunity, or other discovery protection concerning any part of these interrogatories, state the nature and basis of the privilege or other ground asserted as justification for withholding such information.

Instructions for Requests for Production of Documents

     1.    Each document request shall be construed independently and not with reference to any other document request for the purpose of limitation or exclusion.

     2.    You should produce all of the requested documents that are in your possession, custody or control including, but not limited to, documents in the possession, custody or control of your officers, directors, employees, agents, attorneys, consultants, contractors, subcontractors,

advisors, representatives, investigators, and any other person acting, or purporting to act, on your behalf.

3. If you object to a discovery request and withhold any information or document requested herein pursuant to a claim of privilege, work product, or other discovery protection, state with respect to each such document: (a) the privilege upon which you are relying; (b) the type of document (*e.g.*, letter, memorandum); (c) the date of the document; (d) the name and title of the author; (e) the name and title of the addressee; (f) the names and titles of all recipients; and (g) a general description of the subject matter of the document, including all information necessary to determine the basis for assertion of the privilege or protection.

4. If any requested document or portion thereof is withheld based upon an objection, state the basis for the objection and produce each document or portion thereof to which the objection does not apply.

\*     \*     \*

These interrogatories, requests for admission and document requests shall be deemed continuing so as to require prompt supplemental responses if you learn additional information responsive to these interrogatories, requests for admission and document requests between the time of the initial responses and the time of final judgment in this action.

These interrogatories, requests for admission and document requests are provided without prejudice to, or waiver of, NCR's right to conduct further discovery at a later date, to the extent permitted by the Court's June 28, 2011 Case Management Order (Dkt. No. 83), any modification thereof approved by the Court and/or any future order of the Court.

8

**C.     REQUESTS TO ADMIT**

Admit the following:

REQUEST TO ADMIT 1 :    Admit that physical on-site construction of the remedial action in OU3 was initiated prior to December 2, 2004.

REQUEST TO ADMIT 2 :    Admit that OU1-OU5 and OU7 are all within the Site.

REQUEST TO ADMIT 3 :    Admit that you have not entered into an administrative order, order on consent, or any other type of agreement with any governmental entity at the Site pursuant to 42 U.S.C. 9622(g).

REQUEST TO ADMIT 4 :    Admit that you have not entered into an administrative order, order on consent, or any other type of agreement with any governmental entity at the Site pursuant to 42 U.S.C. 9622(h).

REQUEST TO ADMIT 5 :    Admit that you completed any removal actions related to OU2 on or before December 2, 2007.

REQUEST TO ADMIT 6 :    Admit that you completed any removal actions related to the King Highway Mill (a/k/a Kalamazoo Paper Mill) on or before December 2, 2007.

REQUEST TO ADMIT 7 :    Admit that you completed any removal actions within the Hawthorne Mill on or before December 2, 2007.

**D.      INTERROGATORIES**

INTERROGATORY 1 :      Identify all persons with any knowledge about all response actions, removal actions, and/or remedial actions you have taken at the Site.

INTERROGATORY 2 :      For the costs and/or payments identified in Paragraphs 141, 142, 143(b), 153, 154, and 157(b) of your First Amended Complaint, state in detail the amount of each of the costs and/or payments you are seeking with this lawsuit, a description of each of the costs and/or payments that you have incurred at each OU and/or Site Facility, the date you incurred each of these costs and/or payments, and a description of each of these costs and/or payments.  Include in your answer any costs and/or payments you are seeking with this lawsuit that do not correspond to any OU and/or Site Facility, as well as any costs and/or payments to government agencies for oversight activities.

INTERROGATORY 3 :      Describe in detail all response actions, removal actions, and/or remedial actions you have taken at OU1.  In your answer, identify the date when you began each action and the date you completed each action.

INTERROGATORY 4 :      Describe in detail all response actions, removal actions, and/or remedial actions you have taken at OU2.  In your answer, identify the date when you began each action and the date you completed each action, and the date you completed the most recent removal action in OU2.

INTERROGATORY 5 :      Describe in detail all response actions, removal actions, and/or remedial actions you have taken at OU3.  In your answer, identify the date when you

began each action, the date you completed each action, the date when the physical construction of the remedial action in OU3 commenced, and the current status of the OU3 remedial action.

INTERROGATORY 6 :   Describe in detail all response actions, removal actions, and/or remedial actions you have taken at OU4.  In your answer, identify the date when you began each action and the date you completed each action.

INTERROGATORY 7 :   Describe in detail all response actions, removal actions, and/or remedial actions you have taken at OU5.  In your answer, identify the date when you began each action and the date you completed each action.

INTERROGATORY 8 :   Describe in detail all response actions, removal actions, and/or remedial actions you have taken at OU7.  In your answer, identify the date when you began each action and the date you completed each action.

INTERROGATORY 9 :   Describe in detail all response actions, removal actions, and/or remedial actions you have taken at any Site Facility, other than those described in responses to prior interrogatories herein.  In your answer, identify the date when you began each action and the date you completed each action.

INTERROGATORY 10 :   If you contend that NCR is liable for any costs you have incurred related to OU3, state the amount of such costs and identify all facts, witnesses, or documents that support that contention.

INTERROGATORY 11 :   Describe in detail all response actions, removal actions, and/or remedial actions you have taken within OU2 that pre-date the U.S. Environmental Protection Agency's Record of Decision for OU2 (September 27, 2006).

11

INTERROGATORY 12 : For each response to a Request to Admit (served on you with these Interrogatories) which is not an unqualified admission, identify all facts, witnesses, or documents which form the basis for the denial or qualification and identify all persons with knowledge of the basis for the denial or qualification.

E. **REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

Produce the following:

REQUEST FOR PRODUCTION 1 : All documents or other physical evidence relating to any of your responses to NCR's Interrogatories.

REQUEST FOR PRODUCTION 2 : All documents or other physical evidence on which any denial or qualified response to NCR's Requests to Admit is based.

REQUEST FOR PRODUCTION 3 : All administrative agreements, administrative orders on consent, consent decrees and/or any other agreements you have entered with the U.S. Environmental Protection Agency, Michigan Department of Environmental Quality, Michigan Department of Natural Resources, and/or any other governmental entity regarding the Site or any OU and/or Site Facility at the Site.

Dated: February 29, 2012          Respectfully submitted,

NCR CORPORATION

Omid H. Nasab
*Counsel for NCR Corporation*

DICKINSON WRIGHT PLLC
Geoffrey A. Fields
200 Ottawa Avenue, N.W., Suite 1000
Grand Rapids, MI 49503
Phone: (616) 336-1017
Fax: (616) 458-6753

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott
Darin P. McAtee
Omid H. Nasab
Worldwide Plaza, 825 Eighth Avenue
New York, New York 10019
Phone: (212) 474-1000
Fax: (212) 474-3700
onasab@cravath.com

SIDLEY AUSTIN LLP
Evan B. Westerfield
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036

MARTEN LAW PLLC
Linda R. Larson
Bradley M. Marten
1191 Second Avenue, Suite 2200
Seattle, Washington 98101
Phone: (206) 292-2600
Fax: (206) 292-2601