IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No: 1:11-cv-00483 |
| v. | ) ) | Judge Robert J. Jonker |
| NCR CORPORATION, INTERNATIONAL PAPER CO., and WEYERHAEUSER CO., | ) ) ) ) | |
| Defendants. | ) | |

**[PROPOSED] ORDER AMENDING CASE MANAGEMENT ORDER**

The Court having reviewed Plaintiffs' Motion to Amend Case Management Order, the supporting Memorandum and its attachments, and the responsive materials of Defendants, and being fully advised in the premises, Plaintiffs' Motion is GRANTED.  The Case Management Order dated June 28, 2011(docket #83) as modified by the Court's Order dated March 19, 2012 (docket # 175), is hereby amended as follows:

1. The trial scheduled to begin on February 19, 2013 will be of Phase I.  All dates set forth in the Case Management Order relate to trial of Phase I.

2. The issues included in Phase I and that will be tried are:

- Whether defendant International Paper ("IP") is liable under the standards of section 107(a) of CERCLA as alleged in the First Amended Complaint and cross-claim filed by Weyerhaeuser.  This includes:

    o whether IP (via corporate succession) was an owner or operator of one or more facilities, specifically, the Bryant Mill and associated real estate or the Panelyte Facility and associated real estate or both, at the Kalamazoo River Superfund Site at a time when there was a disposal of a hazardous substance; and

- o whether there has been a release or threatened release and disposal of polychlorinated biphenyls (PCBs) from one or more of these facilities to the Kalamazoo River Superfund site.

- Whether defendant NCR is liable under the standards of section 107(a) of CERCLA as alleged in the First Amended Complaint and cross-claims filed by IP and Weyerhaeuser.  This includes:

  - o whether NCR (via corporate succession or otherwise) is a person that by contract, agreement or otherwise arranged for disposal or treatment or arranged with a transporter for transport for disposal or treatment of PCBs that were contained in CCP wastepaper (in the form of either pre-consumer broke, trim, or rejects from coating facilities or NCR-owned converting facilities, or post-consumer CCP owned by NCR) to a facility owned or operated by another party or entity; and

  - o whether there has been a release or threatened release of PCBs from any such facility to the Kalamazoo River Superfund Site.

- Defenses to liability.  These are:

  - o all Defendants' defense of the statute of limitations, if any, to the extent such defense would (a) bar Plaintiffs' claims in their entirety, (b) bar any count of the First Amended Complaint, or (c) bar Plaintiffs' recovery of any specific categories or types of costs.

  - o NCR's defense that NCR sold a "useful product" rather than disposed of waste, and thus cannot be held liable as an arranger under CERCLA.[1]

  - o IP's defense that it was not an owner or operator of the Bryant Mill during the period July 1, 1956 through August 5, 1966 because, pursuant to Section 101(20)(E) of CERCLA, it was a lender that, without participating in management of the facility, held indicia of ownership primarily to protect a security interest in the facility.

3. Liability issues that will not be tried in Phase I because they are conceded include:

- Whether plaintiffs Georgia-Pacific, et al. are liable under the standards of section 107(a) of CERCLA, plaintiffs having previously admitted and stipulated to these Phase I issues for purposes of this litigation.

---

[1] NCR contends that the "useful product" defense is not an affirmative defense on which NCR has the burden of proof.  NCR does apparently intend to try that issue in Phase I, however, and will soon be submitting one or more expert reports on the matter.  This dispute can, therefore, be resolved at a later time.

- Whether defendant Weyerhaeuser is liable under the standards of section 107(a) of CERCLA as a current or former owner or operator of the Plainwell Mill and the 12th Street Landfill, Weyerhaeuser having previously stipulated to this Phase I issue for purposes of this litigation.

4. Other issues that will not be tried in Phase I include:

- The extent to which liability for injuries, damages and costs in connection with the Site is divisible.

- Apportionment and equitable allocation of response costs or other relief sought in this case.

- Whether a release or threatened release of PCBs caused the incurrence of response costs.

- The amount, if any, of any necessary costs of response that are consistent with the National Contingency Plan.

- All affirmative defenses, if any, other than defenses to liability.

5. The period for conducting depositions of experts shall be extended to July 24, 2012.

Dated: _____  _____
Robert J. Jonker
United States District Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2012, I electronically filed the foregoing Proposed Order using the ECF system, which will send notification of such filing by operation of the Court's electronic systems. Parties may access this filing via the Court's electronic system.

**GEORGIA-PACIFIC CONSUMER PRODUCTS, LP., FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC**

By     /s/ Douglas M. Garrou