UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGIA-PACIFIC CONSUMER
PRODUCT LP, FORT JAMES
CORPORATION, AND GEORGIA-PACIFIC LLC

        Plaintiffs,                           CASE NO. 1:11-CV-483

v.                                           HON. ROBERT J. JONKER

NCR CORPORATION, INTERNATIONAL
PAPER CO., and WEYERHAEUSER COMPANY,

        Defendants.
_____/

**ORDER**

Plaintiffs filed a Motion to Amend the Case Management Order (docket #218). The Motion seeks a stipulated and limited extension of time to July 24, 2012, to complete expert depositions. The extension does not affect any other Case Management Order deadline, including the July 27, 2012, motion cut off. The Court has no objection to that extension, and **IT IS SO ORDERED**.

The balance of the Motion seeks greater clarity on issues to be tried during the trial set to begin February 19, 2013. In particular, the Motion seeks clarity on what, if any, statute of limitations issues will be part of the trial. The Court normally makes final decisions on issues to be tried as part of the Final Pretrial process, which naturally follows dispositive motion practice – something that has not yet occurred in this case. The Court believes the original Rule 16 Conference made it clear that disclosure and discovery during the opening phase of the case would include anything the parties wished to pursue on limitation issues. Presumably as discovery comes to a close, one or more parties

may find it in their interest to frame a motion on limitations issues. And even if no one does frame a motion on a limitations issue, as part of the hearing process on other dispositive motions, the Court will be able to gain a better understanding of what the limitations issues are, what facts they may depend upon and how they fit – or do not fit – into the February trial. In the unlikely event that no party files a dispositive motion on any issue, the Court can still address these questions with greater understanding in the Final Pretrial process. All that said, early notice of issues dividing the parties can only help, and so the Court invites responses to Plaintiffs' Motion not later than June 11, 2012. Depending on the responses, the Court may decide to convene a hearing to address the issues before the dispositive briefing deadline.

The Court also notes that Plaintiffs and Defendant Weyerhaeuser have submitted a stipulation (docket # 212) on certain issues germane to their respective liability under CERCLA. Neither Defendant NCR nor Defendant International Paper has joined the stipulation, or taken the opportunity to object to it within the time permitted by local rule. The Court is not entirely clear on how the parties expect the stipulation to function in the case. For example, are the signatory parties proposing to accept the factual and legal stipulations only with respect to each other, and still anticipating that International Paper, which has affirmative claims against both signatories, separately prove each of the otherwise stipulated facts? Do all parties agree with the proposed placement of the potential upstream liability issue? And what does it mean to stipulate to these facts only for purposes of the Phase One liability proceedings? If, for example, a stipulated fact becomes important to a divisibility of harm or damage issue, would the stipulated fact have to be proved in the later phases of the case? Once again, it may be easier to address these issues in the dispositive

motion and Final Pretrial process, but the Court invites any party's comments on the proposed stipulation not later than June 11, 2012.


Dated:      June 5, 2012            /s/ Robert J. Jonker
                                                        ROBERT J. JONKER
                                                       UNITED STATES DISTRICT JUDGE