IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC<br><br>      Plaintiffs,<br><br>    v.<br><br>NCR CORPORATION, INTERNATIONAL PAPER CO., and WEYERHAEUSER CO.,<br><br>      Defendants. | No: 1:11-cv-00483<br><br>Hon. Robert J. Jonker |

**COMMENTS OF PLAINTIFFS AND WEYERHAEUSER COMPANY
ON THEIR STIPULATION ON PHASE ONE CERCLA LIABILITY**

As pointed out in the Court's Order of June 5, 2012, (docket #220) Plaintiffs Georgia-Pacific Consumer Products LP, Fort James Corporation and Georgia-Pacific LLC (collectively, "Georgia-Pacific") and Weyerhaeuser Company have submitted to the Court a Stipulation (docket #212) on liability. By entering into this Stipulation, Georgia-Pacific and Weyerhaeuser seek to streamline the Phase One trial by acknowledging that each meets the standards for liability under Section 107(a) of CERCLA.

The Court correctly points out that neither NCR nor International Paper is a signatory to the Stipulation, although neither has objected to it. Technically, the Stipulation itself binds only Georgia-Pacific and Weyerhaeuser. Insofar as Georgia-Pacific is concerned, however, it has, in the Amended Complaint and the Joint Status Report, admitted the matters related to its own liability as set forth in paragraphs 1-3 of the Stipulation. *See, e.g.,* Joint Status Report ("JSR) dated June 22, 2011 (docket #78 at page 18). The matters covered by paragraph 4 of the Stipulation are not addressed in the Joint Status Report. But Georgia-Pacific does not and has

never claimed that it has no liability under CERCLA in this case because it discharged only "de minimis" amounts of hazardous substances.

Accordingly, these matters should be considered resolved for purposes of Georgia-Pacific's First Amended Complaint against all defendants and the Counterclaims of both International Paper and Weyerhaeuser against Georgia-Pacific. Similarly, Weyerhaeuser does not contest any of the matters to which it has stipulated in paragraphs 1-4 of the Stipulation, and Weyerhaeuser has similarly admitted to its own liability in its Answer. Accordingly, these matters should be considered resolved for purposes of the cross claims of Weyerhaeuser and International Paper against one another.

Neither Georgia-Pacific nor Weyerhaeuser anticipates that the facts stipulated to by them would have to be re-litigated in a later phase of the case. To the contrary, it is their expectation that the Court will issue a ruling after the Phase 1 liability trial in accordance with this Stipulation. As a practical matter, the phrase "solely for purposes of the Phase 1 liability proceedings" can be stricken from the Stipulation. However, it is important to retain the phrase "solely for purposes of this action."

The Court questioned whether all parties agree with the proposed placement of the potential upstream liability issue. NCR and International Paper joined with Georgia-Pacific in the Joint Status Report in identifying two issues that would be litigated in Phase Two of the case: "(1) the divisibility of the liability for the site; and (2) the equitable share of liability that should be allocated to each party adjudged liable." (JSR at pages 9-10). We assume, based on the Joint Status Report and the fact that they did not object to our Stipulation, that NCR and International Paper also agree that the issue of liability for contamination of those portions of the site located upstream of the Plainwell Mill is a divisibility/allocation issue to be resolved in Phase Two.

None of the parties has conducted discovery on this issue, identified fact witnesses with knowledge specific to this issue, or disclosed opinions of expert witnesses regarding this issue. If NCR or International Paper now has a different view on how the case should be tried, that is all the more reason that there needs to be an amendment to the Case Management Order to clarify exactly what will and will not be litigated in Phase One.

If the Court wishes, Georgia-Pacific and Weyerhaeuser would welcome the opportunity to discuss these and other issues in another Status Conference.

Dated: June 11, 2012

            **GEORGIA-PACIFIC CONSUMER PRODUCTS LP, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC**

By: /s/ Joseph C. Kearfott

Peter A. Smit, Bar No. P 27886
Varnum LLP
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501
(616) 336-6000

Joseph C. Kearfott
Douglas M. Garrou
George P. Sibley, III
Hunton & Williams LLP
951 East Byrd St.
Richmond, VA 23219
(804) 788-8200

Jeffrey N. Martin
Hunton & Williams LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037-1701
(202) 955-1500

- 3 -

       Kathy Robb
       Hunton & Williams LLP
       200 Park Avenue, 52nd Floor
       New York, NY 10166-0005
       (212) 309-1000

       Jan M. Conlin
       Tara D. Falsani
       Robins, Kaplan, Miller & Ciresi L.L.P.
       800 LaSalle Avenue
       2800 LaSalle Plaza
       Minneapolis, MN 55402
       (612) 349-8500

       **WEYERHAEUSER COMPANY**


       By:  /s/ Mark W. Schneider

       Mark W. Schneider
       Perkins Coie LLP
       1201 Third Avenue
       Suite 4800
       Seattle, WA 98101-3099
       (206) 359-8627

       Douglas A. Dozeman
       Warner, Norcross & Judd
       900 Fifth Third Center
       111 Lyon Street, N. W.
       Grand Rapids, MI 49503-2487
       (616) 752-2000


<u>**CERTIFICATE OF SERVICE**</u>

   I hereby certify that on June 11, 2012, I caused to be electronically filed the foregoing using the ECF system, which will send notification of such filing by operation of the Court's electronic systems. Parties may access this filing via the Court's electronic system.


       By:  /s/ Joseph C. Kearfott