# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS, LP, FORT JAMES CORPORATION, and GEORGIA-PACIFIC, LLC,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>NCR CORPORATION, INTERNATIONAL PAPER COMPANY, AND WEYERHAEUSER COMPANY,<br><br>　　　　　Defendants,<br><br>INTERNATIONAL PAPER COMPANY,<br><br>　　　　　Counterclaimant,<br><br>　　v.<br><br>GEORGIA-PACIFIC CONSUMER PRODUCTS, LP, FORT JAMES CORPORATION, and GEORGIA-PACIFIC, LLC,<br><br>　　　　　Counterdefendants,<br><br>INTERNATIONAL PAPER COMPANY,<br><br>　　　　　Crossclaimant,<br><br>　　v.<br><br>NCR CORPORATION and WEYERHAEUSER COMPANY,<br><br>　　　　　Crossdefendants. | Civil Action No. 1:11-cv-483<br><br>Judge Robert J. Jonker |

## WEYERHAEUSER COMPANY'S OPPOSITION TO GEORGIA-PACIFIC'S MOTION TO AMEND CASE MANAGEMENT ORDER

### I.　　INTRODUCTION

Nearly a year after the June 27, 2011 scheduling conference and months after the close of fact discovery, plaintiffs Georgia-Pacific Consumer Products, LP, Fort James

Corporation and Georgia-Pacific, LLC (collectively "G-P"), ask this Court to fundamentally change the scope of Phase I of this lawsuit.  *See* Plaintiffs' Motion to Amend Case Management Order (Dkt. #218).  Defendant Weyerhaeuser Company had not been served and therefore was not present at the scheduling conference, but the transcript of that conference appears to show the Court's intent to permit limited discovery into statute of limitations issues.  The purpose of this limited discovery was to allow the parties to evaluate whether certain categories of G-P's over $79 million in claimed costs could easily be segregated from the rest.  None of the parties argued, as G-P does here, that conducting discovery would foreclose the consideration of statute of limitations issues in Phase 2.  Neither the transcript of the case scheduling conference nor the case management order impose such a requirement. Because changing the rules now would be an extremely inefficient way to resolve G-P's cost claim, and because it is inconsistent with the transcript of the scheduling conference and would unfairly prejudice Weyerhaeuser, G-P's motion to amend the case management order should be denied.

## II. BACKGROUND

G-P correctly notes that Weyerhaeuser had not been served and did not participate in the June 27, 2011 case scheduling conference.  Therefore, Weyerhaeuser's understanding regarding the scope of Phase 1 and procedures relevant to statute of limitations issues is based on the transcript of that conference.  G-P quoted part of the Court's relevant statement on the issue.  It appears in its entirety below, with the portion G-P omitted in bold.

> Well, this is one where I think I'm going to go with Mr.
> McAtee's approach.  It does inject some rivulets, I suppose, of
> potential discovery into cost issues, and that's nice to avoid if
> we can.  On the other hand, certainly <u>if there is a clean way to
> address large swatches of costs</u>, for example, costs that were

> done – I have no idea – costs that were incurred 15 years ago when GP was cleaning up its own site and its limited to soils alone or maybe to soils and some groundwater. You know, that seems to me potentially valuable to everybody to find out about, to tee up and potentially carve off.
>
> And you know, limitations is a liability defense, **and so it seems to me without knowing exactly how the chips will fall on that, it's at least best to start down that road, not try to arbitrarily cut it off, and then if some particular line of inquiry becomes in Georgia-Pacific's view oppressive, you can always move for a protective order and we can address it and we can see whether NCR's position ought to continue.** But at least at this point I'm not inclined to put any kind of restriction on any liability-related discovery, even if it turns out to be a liability issue that addresses only a subset of some of the claims.

Rule 16 Scheduling Conference, June 27, 2011 (Tr., pp 26-27) (emphasis added). Although the Court allowed discovery to facilitate the parties' pursuit of a "clean way to address large swatches of costs," it did not foreclose the consideration of limitations arguments in Phase 2 if the party conducted such discovery.

As permitted by the Court, Weyerhaeuser conducted limited discovery into G-P's claimed costs. G-P objected to all of Weyerhaeuser's discovery requests "as being outside the scope of discovery in Phase 1 of this action, and issues pertaining to the amount and recoverability of claimed costs have been reserved for trial in Phase II of this action." *See, e.g.*, G-P's Response to Weyerhaeuser's Request for Production No. 1. But G-P did not seek a protective order. In fact, in spite of its objection, G-P did produce some documents and information in response to Weyerhaeuser's requests. However, rather than directly responding to Weyerhaeuser's focused questions on cost issues, G-P instead produced tens of thousands of pages of invoices and other documents and invited Weyerhaeuser to review a room full of documents at its consultant's offices in New York State. It is not clear whether G-P produced all of the documents that it will use to support its cost claim or only a subset of

documents that it believes are potentially relevant to statute of limitations defenses. What is clear, however, is that G-P's voluminous response to Weyerhaeuser's targeted discovery has made it more difficult to find "a clean way to address large swatches of costs" in Phase 1.

### III. ARGUMENT

Requiring the litigation of all statute of limitations issues in Phase 1 merely because G-P produced some documents that may be relevant to that issue would be inefficient, inconsistent with the transcript of the case scheduling conference and unfairly prejudicial to Weyerhaeuser. Therefore, G-P's motion should be denied.

**A. G-P's Proposal to Require Litigation of All Statute of Limitations Issues in Phase 1 Might Require the Court to Evaluate Millions of Dollars of G-P's Claimed Costs Twice.**

Phase 2 of this action will likely involve an extensive and detailed review of G-P's costs. Requiring the resolution of all statute of limitations in Phase 1 means that the Court would need to consider again in Phase 2 those cost claims that are not time barred. Additionally, requiring the resolution of all statute of limitations issues in Phase 1 would likely clutter an already complex trial on the liability of NCR and International Paper.

As described in the case management order, the Phase 1 trial will cover two of the four elements of CERCLA liability. The four elements of CERCLA liability are: (1) whether the parties are part of a class of liable parties (e.g. whether they are "owners" or "operators" of a "facility," or "arranged for disposal" of hazardous substances at a facility; (2) whether there was a release of hazardous substances from a facility; (3) whether that release required a party to incur response costs; and (4) whether those response costs are necessary and consistent with the National Contingency Plan ("NCP"). 42 U.S.C. §§ 9607(a)(1)—(a)(4).

Under the case management order, the first and second elements are Phase 1 issues. The third and fourth elements—regarding whether the release caused an incurrence of

response costs and whether those costs are necessary and consistent with the NCP—are Phase 2 issues. As noted in the stipulation between them, G-P and Weyerhaeuser have stipulated to the first two elements of CERCLA liability. Reserved for Phase 2, among other things, are the amount of G-P's claimed costs and whether those costs were necessary and consistent with the NCP. The amount that G-P will ultimately recover, if any, will depend on these Phase 2 issues, as well as whether any of the specific costs are barred by the statute of limitations.

     G-P's proposal to require all statute of limitations issues be litigated in Phase 1 would force the Court and the parties to evaluate evidence on G-P's costs twice. Under G-P's approach, the costs would first be considered in Phase 1 to determine whether any of them are barred by the statute of limitations and, to the extent that they are not, they would be considered again in Phase 2 to evaluate all other cost issues. G-P's approach is wasteful.

     Additionally, statute of limitations issues in this case will likely be closely related to divisibility, another issue that all parties agree is for Phase 2. Weyerhaeuser's liability in this action stems from its former ownership of the Plainwell mill and current ownership of the associated landfill. The Plainwell mill is over 10 miles downstream of the G-P and IP mills. A significant percentage of G-P's claimed costs was incurred to address contamination on its own facilities and on portions of the Kalamazoo River that are upstream of the Plainwell mill. Weyerhaeuser does not anticipate that G-P will seek to establish in Phase 2 that contamination from the Plainwell mill migrated upstream or otherwise made its way to G-P's mills. Whether this Court ultimately decides that Weyerhaeuser's liability is divisible as to those upstream costs, equitably allocates all of those upstream costs to G-P or some other party, or holds that some or all of them are barred by the statute of limitations remains to be seen. But, it would be much more efficient to consider all of these related issues at the same time in Phase 2.

B.  **Requiring Resolution of Statute of Limitations Issues in Phase 1 Would Be Inconsistent with the Transcript of the Case Scheduling Conference and Prejudicial to Weyerhaeuser**

In addition to being inefficient, requiring the resolution of all statute of limitations issues in Phase 1 would be inconsistent with the Court's statements during the case scheduling conference and the parties' conduct thus far. It would also be extremely prejudicial to Weyerhaeuser. Weyerhaeuser understood from that transcript that it could "start down" the statute of limitations road. Weyerhaeuser did just that, conducting limited discovery into G-P's claimed costs to identify categories of costs that could be easily segregated from the rest. Rather than responding in kind, G-P produced tens of thousands of pages of invoices and other documents. It is unclear whether G-P believes that all of the costs documented in the invoices are recoverable from Weyerhaeuser. It is also unclear whether it will be possible, based on G-P's response, to find a clean way to eliminate large swatches of costs in Phase 1.

Changing the rules to require litigation of all limitations issues in Phase 1 would unfairly prejudice Weyerhaeuser. The fact discovery deadline has already passed, as has the deadline for disclosing experts. No party has disclosed any expert who provides opinions on cost or statute of limitations issues. Expert testimony may be helpful in evaluating the detailed and technical cost documentation that G-P produced. Based on the transcript of the case scheduling conference, Weyerhaeuser understood that such a detailed and complex review of costs in Phase 1 was exactly what the Court and the Parties—including G-P—hoped to avoid. To require that kind of detailed review now, at the end of discovery, would be prejudicial to Weyerhaeuser.

IV.  **CONCLUSION**

G-P's tardy request to change the scope of Phase 1 of this action should be denied. G-P would have the Court penalize Weyerhaeuser for conducting exactly the kind of narrow

discovery that was discussed at the case scheduling conference.  To change the rules now and hold that Weyerhaeuser should have pursued that discovery to its ultimate conclusion, and developed a technical and detailed expert case based on that discovery, would be unduly prejudicial to Weyerhaeuser.  It would also be extremely inefficient, and would increase the length and complexity of Phase 1 of the action.  Therefore, Weyerhaeuser respectfully requests that G-P's motion be denied.

DATED: June 11, 2012

**PERKINS COIE** LLP

By: /s/ Mark W. Schneider
Mark W. Schneider, WA Bar No. 14105
MWSchneider@perkinscoie.com
Karen M. McGaffey, WA Bar No. 20535
KMcGaffey@perkinscoie.com
J. Christopher Baird, WA Bar No. 38944
JCBaird@perkinscoie.com
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Defendant and Crossdefendant Weyerhaeuser Company

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2012, I electronically filed the foregoing using the ECF system, which will send notification of such filing by operation of the Court's electronic systems. Parties may access this filing via the Court's electronic system.

By: /s/ Mark W. Schneider