# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **GEORGIA-PACIFIC CONSUMER PRODUCTS, LP,** ) <br> **FORT JAMES CORPORATION, and** ) <br> **GEORGIA-PACIFIC LLC** ) <br> ) <br> Plaintiffs, ) <br> ) No. 1:11-cv-00483 <br> v. ) <br> ) Judge Robert J. Jonker <br> **NCR CORPORATION,** ) <br> **INTERNATIONAL PAPER CO.,** ) <br> **And WEYERHAEUSER CO.,** ) <br> ) <br> Defendants. ) | |

## DEFENDANT INTERNATIONAL PAPER COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND CASE MANAGEMENT ORDER

**INTRODUCTION**

International Paper Company ("International Paper") submits this response in opposition to the Motion to Amend Case Management Order ("Motion") (Dkt. # 218; Memorandum in Support of Motion, Dkt. #219) of Plaintiffs Georgia-Pacific Consumer Products LP, Fort James Corporation, and Georgia Pacific, LLC (collectively, "GP"), in light of the Court's Order of June 5, 2012 ("June 5 Order") (Dkt. # 220).[1]

GP's Motion should be denied. As the Court notes in its June 5 Order, the identification of the issues to be tried in the initial liability phase ("Phase 1") can and will be addressed through the pre-trial process, after expert discovery that is now underway is completed and dispositive motions have been filed and ruled on by the Court. GP's attempt to define issues to be tried in the Phase 1 trial is premature and unnecessary. It most certainly is not "simply a housekeeping matter" (Memorandum in Support of Motion at 2), as claimed by GP. GP has not demonstrated any reason why the Court should be required to prematurely address these issues now through an amendment of the June 28, 2011 Case Management Order ("CMO") (Dkt. # 83).

There is one aspect of the Motion that the Court should address now: GP's attempt to turn the Court's agreement to allow defendants to seek discovery regarding statute of limitations ("SL") defenses in Phase 1 into a <u>bar</u> of SL defenses that are not raised in Phase 1. As the Court noted in its June 5 Order, "the original Rule 16 Conference made it clear that disclosure and discovery during the opening phase of the case would include anything the parties *wished to*

---

[1] International Paper is separately responding to the questions that the Court asked the parties, in its June 5 Order, to address regarding the stipulation between GP and Weyerhaeuser Corporation (Dkt. # 212).

1

601339931

*pursue on the limitation issues*. (June 5 Order at 1 (emphasis added)). GP is now seeking to amend the CMO to require that defendants must litigate in Phase 1 any SL defenses that "would (a) bar Plaintiff's claim in their entirety, (b) bar any count of the First Amended Complaint, or (c) bar Plaintiff's recovery of any specific categories or types of costs." (Memorandum in Support of Motion at 3). GP's position that that the Court should preclude defendants from bringing SL defenses to a particular category of costs unless they raise those defenses in Phase 1 (Memorandum in Support of Motion at 3) is particularly overreaching. In reliance on the CMO, International Paper did not engage in SL discovery in Phase 1 or in discovery on GP's claimed costs, and thus, has no means to identify what categories of costs GP may seek to recover – much less whether there may be SL defenses that apply to a category of such costs.

GP has not justified its attempt to transform the right to seek discovery relating to SL defenses into a bar on raising SL defenses in later phases of this litigation. Aside from its unjustified attempt to shield itself from SL defenses, GP has not explained why it waited until the close of discovery to claim there was a need to amend the CMO to seek to compel defendants to bring certain SL defenses and to otherwise seek to limit defenses that remain to be tried in subsequent phases of the litigation.

GP's apparent justification for seeking to require defendants to raise SL defenses in Phase 1 is that defendants have "chosen to pursue all limitations discovery in Phase I" and so "should be prepared to litigate the matter during the Phase I trial" (Memorandum in Support of Motion at 8), a statement that is patently false as to International Paper. International Paper has not engaged in <u>any</u> SL discovery.

601339931

## PROCEDURAL BACKGROUND

The issue of SL defenses was first raised in the Joint Status Report (Dkt. # 78) that was filed in advance of the Rule 16 Scheduling Conference ("Rule 16 Conference"). In the meet and confer process related to the Joint Status Report, GP took the position that any SL defenses should be deferred to later phases, rejecting NCR Corporation's ("NCR") proposal to allow it to seek discovery regarding SL defenses in Phase 1 (but not requiring it to do so). The Joint Status Report set out GP's position regarding SL issues, as follows:

> Georgia-Pacific proposes that discovery as to the issue of whether its claims are timely under CERCLA *may proceed both in Phase I and in later phases*, subject to one limitation: Discovery in Phase I on this issue, if any, shall be limited to discovery needed to support a motion for summary judgment or other adjudication addressed to the dismissal of the entire case or an entire count of the First Amended Complaint. *The reason for this limitation is to avoid discovery directed to the applicability of the statute of limitations to particular cost claims. Discovery relating to costs belongs in a later phase of the case. Any limitations issues tied to specific costs such be litigated then.*

(Joint Status Report at 11-12 (emphasis added)). NCR in turn proposed that it be permitted – but not required - to seek discovery regarding SL defenses in Phase 1. (*Id*. at 13-14). At the Rule 16 Conference, the Court discussed NCR's proposal as follows:

> … and so it seems to me without knowing exactly how the chips will fall on that, it's *at least best to start down that road* [of litigating SL defenses]*, not try to arbitrarily cut it off,* and then if some particular line of inquiry becomes in Georgia-Pacific's view oppressive, you can always move for protective order and we can address it and we can see whether NCR's position ought to continue.

3

(Tr. p. 27 (emphasis added)).[2]

Thus, based on the Rule 16 Conference and following the Court's issuance of the CMO the following day, International Paper proceeded on the basis that defendants would have the ability to seek discovery regarding SL defenses in Phase 1 (subject to the Court's right to limit their right to do so if the discovery associated with those SL became unduly burdensome), but were not required to do so.  This also appears to have been the Court's understanding, as reflected in the Court's statement in its June 5 Order, "the original Rule 16 Conference made it clear that disclosure and discovery during the opening phase of the case would include anything the parties wished to pursue on the limitation issues."  (June 5 Order at 1).

Nine months after the Rule 16 Conference, GP asserted that there were SL defenses that defendants were required to raise in Phase 1 (and if not raised, would be barred).  This came in the context of the Court's setting of a scheduling conference for March 20, 2012 to address, among other things, the motion of Defendant NCR seeking an extension of the March 30, 2012 fact discovery cut-off. (Dkt. # 160 and 165).  The Court directed the parties to file a supplemental joint status report in connection with the scheduling conference.  On March 15, 2012, the parties filed a Supplemental Joint Status Report (Dkt. # 173).  As part of the Supplemental Joint Status Report, GP asked that the Court amend the CMO – an amendment that included its new contention that there were SL defenses that defendants were obligated to raise

---

[2] The position of International Paper's counsel at the Rule 16 Conference was that International Paper did not oppose NCR's request to seek discovery regarding SL defenses in Phase 1, but that "[i]t probably makes sense to deal with the statute of limitations issue when we're in the damages phase."  (Tr. at 27).

4

in Phase 1, including those that related to "certain categories or types of costs the Defendants may claim are barred by an applicable statute of limitations." [3] International Paper, together with NCR, objected to GP's request that the Court amend the CMO, stating as follows:

> NCR and International Paper object to Georgia-Pacific's attempt to modify the Case Management Order by including this discussion of "Phase I" issues. The Court's March 5 Notice did not ask the parties to address the scope of trial in the Joint Status Report; the Notice instead asked the parties to focus on the pending motions to add MW Custom Papers, LLC as a party and to extend the fact discovery cutoff. Moreover, the parties have not met and conferred on the subject of these proposed modifications to the Case Management Order, nor have they had an opportunity to do so in the three days since Georgia-Pacific circulated the first draft of this Supplemental Joint Status Report. *Should the Court wish to receive a statement of the issues to be tried in Phase I, NCR and International Paper are prepared to confer with Georgia-Pacific and Weyerhaeuser and, with the benefit of a full discussion, propose a joint statement to the Court.*

(Supplemental Joint Status Report at 28-29 (emphasis added)).

On March 19, 2012, the Court vacated the case management conference, leaving the original CMO in place with the limited exception of clarifying one issue raised in the Supplemental Joint Status Report with respect to expert discovery dates. (Dkt. # 175 at 3-4). The Court did not request that the parties further address the proposal to amend the CMO.

---

[3] In the Supplemental Joint Status Report, GP sought to have the CMO amended to define the issues for purposes of Phase 1, including a statement that the issues to be tried would include "Any affirmative defenses to liability alleged by Defendants. *Except as to the statute of limitations*, all defenses related to the amount and recoverability of claimed costs will be resolved in a later phase. *Limitations defenses relating to certain categories or types of costs the Defendants may claim are barred by an applicable statute of limitations will be included in Phase I.*" (Supplemental Join Status Report at 26-27 (emphasis added)).

5

**ARGUMENT**

**I.    GP'S MOTION IS A PREMATURE AND UNNECESSARY EFFORT TO SUBVERT THE PRETRIAL PROCESS**.

The Court noted in its June 5 Order that "final decisions on issues to be tried [are made] as part of the Final Pretrial process, which naturally follows dispositive motion practice – something that has not yet occurred in this case" and that even if "no party files a dispositive motion on any issue, the Court can still address these questions with greater understanding in the Final pretrial process."  (June 5 Order at 1 and 2).  The Court is correct.  Defining issues to be tried in the February 2013 trial on Phase 1 issues at this time is premature and unnecessary, and GP has not presented any credible reason why the Court should take up such issues now.

The issues raised by GP are not "simply a housekeeping matter" (Memorandum in Support of Motion at 2).  They instead are issues that require the detailed briefing and careful consideration of the Court that takes place during the pretrial process.   If it was so essential to define in advance the specific issues to be tried in Phase 1, one must ask why did GP not seek to do so at the time the CMO was issued or at some point at prior to the close of Phase 1 discovery.

The elements that GP must establish to demonstrate that a defendant is a "liable party" under the provision of the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. section 9601 *et seq*. ("CERCLA") (what Phase 1 is intended to address) will and should be addressed in dispositive motions and during the pre-trial process.  Among other things, GP apparently seeks through its framing of the issues to be tried in Phase 1 is to limit defendants from raising defenses in subsequent phases by stating that "affirmative defenses, if any, other

6

than defenses to liability" will be tried in later phases. (Memorandum in Support of Motion at 3).[4] What is at issue in Phase 1 is whether a defendant is a "liable party" under Section 107 of CERCLA. "Liability" is a much broader term, and will come into play as to whether a "liable party" has responsibility for specific costs that GP may seek to recover.[5]

### II. GP HAS MISREPRESENTED THE RECORD, BOTH WITH RESPECT TO WHAT OCCURRED AT THE RULE 16 CONFERENCE AND DURING PHASE 1 DISCOVERY, IN ARGUING THAT DEFENDANTS SHOULD BE COMPELLED TO RAISE SL DEFENSES IN PHASE 1.

As noted above, there is one particular aspect of GP's Motion (its assertions as to SL defenses) which is so directly contrary to the Court's framing of Phase 1 issues that it should be unequivocally rejected. There is no question that at the Rule 16 Conference, the Court decided to allow defendants to seek discovery regarding SL defenses in Phase 1 (provided that the discovery associated with such defenses did not become too burdensome to GP), but did not *require* SL defenses to be raised in Phase 1. The Court's June 5 Order confirms that to be the case.[6]

---

[4] International Paper also objects to other aspects of the framing of the issues by GP, and in discussing this specific aspect of GP's framing of the issues, is not acknowledging that it otherwise concurs in the manner in which GP has purported to frame them. As addressed above, the pretrial process – and the present motion – is the appropriate time for such issues to be defined.

[5] GP's attempt to limit defendants' future right to rely on affirmative defenses in the guise of taking up "housekeeping issues" is an additional reason why the Motion should be denied.

[6] Even if the Court is not prepared to reject GP's claims about SL defenses outright, it need not address the proposed changes sought by GP regarding SL defenses now. As noted in the June 5 Order, through the dispositive motion and pretrial process, "the Court will be able to gain a better understanding of what the limitations issues are, what facts they may depend upon and how they fit – or do not fit – into the February trial." (June 5 Order at 2).

7

International Paper engaged in discovery during Phase 1 in reliance on what the Court stated during the Rule 16 Conference, and therefore did not propound any discovery on SL defenses.  By the time GP took its position that there were SL defenses that defendants were compelled to raise in Phase 1, the deadline for propounding Phase 1 fact discovery had passed.  Thus, as to International Paper, there is no basis for GP's assertion that it has engaged in discovery on SL issues and therefore should be compelled to litigate SL defenses in Phase 1.

Moreover, requiring International Paper to litigate its SL defenses without first having the benefit of full and complete discovery would violate International Paper's due process rights.  This is particularly true given the complexity of SL defenses under CERCLA and the nature and type of the "costs of response" for which GP may seek recovery.  GP's after the fact effort to seek to bar defendants from later raising SL defenses should be rejected.

## CONCLUSION

For each of the reasons discussed above, the Court should deny GP's Motion.

Dated: June 11, 2012

                                                                          /s/ Sonja A. Inglin
John F. Cermak
Sonja A. Inglin
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, CA 90025
(310) 820-8800
One of the Attorneys for International Paper Co.
jcermak@bakerlaw.com
singlin@bakerlaw.com

John D. Parker
Michael Dominic Meuti
BAKER & HOSTETLER LLP
PNC Center, 1900 E. 19th Street, Suite 3200
Cleveland, OH 44114
(216) 621-0200
One of the Attorneys for International Paper Co.
jparker@bakerlaw.com
mmeuti@bakerlaw.com

    And by:

    David W. Centner
    CLARK HILL PLC
    200 Ottawa Ave. NW, Ste. 500
    Grand Rapids, MI 49503
    (616) 608-1106
    One of the Attorneys for International Paper Co.
    dcentner@clarkhill.com

601339931

## CERTIFICATE OF SERVICE

  I hereby certify that on June 11, 2012, I electronically filed the foregoing using the ECF system, which will send notification of such filing by operation of the Court's electronic systems. Parties may access this filing via the Court's electronic system.


            By:   /s/     
                Sonja A. Inglin