# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGIA-PACIFIC CONSUMER )
PRODUCTS LP, )
FORT JAMES CORPORATION, and )
GEORGIA-PACIFIC LLC )
)
     Plaintiffs, )
)   No: 1:11-cv-00483
     v. )
)   Judge Robert J. Jonker
NCR CORPORATION, )
INTERNATIONAL PAPER CO., )
and WEYERHAEUSER CO., )
)
     Defendants. )

## GEORGIA-PACIFIC'S ANSWERS AND OBJECTIONS TO DEFENDANT NCR CORPORATION'S SECOND SET OF INTERROGATORIES

Plaintiffs Georgia-Pacific Consumer Products LP, Fort James Corporation, and Georgia-Pacific LLC (collectively "Georgia-Pacific"), by counsel, submit these objections and answers to the Second Set of Interrogatories from Defendant NCR Corporation ("NCR").

## General Objections and Limitations

The following General Objections apply to each of NCR's interrogatories and shall have the same force and effect as if set forth in full in response to each.

1.    Georgia-Pacific objects to the Instructions, Definitions, and each and every interrogatory to the extent that they improperly attempt to expand, alter, or modify the scope of permissible discovery under the Federal Rules of Civil Procedure and any other applicable rules.

2.    Georgia-Pacific objects to the definition of "Georgia-Pacific," "you," and "your" in Definition No. 5 as overly broad and unduly burdensome and shall construe "Georgia-Pacific," "you," and "your" to mean the Plaintiffs and their predecessors.

3.    Georgia-Pacific objects to the definition of "identify" in Definition No. 6 as overly broad and unduly burdensome and shall construe "identify" with respect to persons to mean living individuals, and to require the provision of the business address of the individual.

4.    Georgia-Pacific objects to the definition of "identify" in Definition No. 7 as overly broad and unduly burdensome and shall construe "identify" with respect to documents to mean to give the bates number(s) or other identifying information for each document.

5.    Georgia-Pacific objects to these interrogatories to the extent they are overly broad, unduly burdensome, and/or seeks irrelevant information or information that is not reasonably calculated to lead to the discovery of admissible evidence relating to the Liability Phase.

6.    Georgia-Pacific objects to these interrogatories to the extent they are not reasonably limited in scope, rendering them overly broad and unduly burdensome, in that they seek, or may be construed to seek, (a) the production of "all" documents, testimony, or communications, for which a subset of all documents would be sufficient to show the pertinent information, (b) the identification of "all" persons who may have knowledge relating to pertinent information, for which a subset all persons would be sufficient to show the pertinent information.

7.    Georgia-Pacific objects to these interrogatories on the grounds that they are premature to the extent that they seek information related to expert discovery.  Georgia-Pacific will timely comply with the Case Management Order entered in this case as it relates to expert disclosures and will supplement its response to these interrogatories at that time.

8.    Georgia-Pacific objects to NCR's interrogatories to the extent they seek the disclosure of information and/or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the mediation privilege, and/or any other available privilege or immunity.  The inadvertent disclosure of any information or production of any

document that is confidential, privileged, was prepared in anticipation of litigation or for trial, or is otherwise irrelevant and/or immune from discovery shall not constitute a waiver of any such privilege or of any ground for objection to discovery with respect to such information or document, the subject matter of the information or document, or of Georgia-Pacific's right to object to the use of any such information or document in the above captioned proceeding or elsewhere.

9.     Georgia-Pacific's decision to provide any response to an interrogatory, notwithstanding the objectionable nature of any of the interrogatories themselves, is not: (a) an acceptance of, or agreement with, any of the characterizations or purported descriptions of the transactions or events contained in the interrogatory; (b) a concession or admission that the material is relevant to this proceeding; (c) a waiver of the General Objections or the objections asserted in response to specific interrogatories; or (d) an agreement that interrogatories for similar information will be treated in a similar manner.

## ANSWERS TO SECOND SET OF INTERROGATORIES

All General Objections are incorporated into each of Georgia-Pacific's responses, in addition to objections that are specific to particular paragraphs of the interrogatories.

1.     Identify all persons with any knowledge about all response actions, removal actions, and/or remedial actions you have taken at the Site.

**Answer:**

Georgia-Pacific objects to this interrogatory on the grounds that it is unreasonably burdensome, not likely to lead to relevant information, and outside the scope of discovery permissible in Phase I of this case under the Court's Case Management Order, as there are potentially hundreds of people who have worked in varying capacities over more than three decades on matters related to response actions at the Kalamazoo site. By way of further response

Georgia-Pacific states that the names of many of these individuals and their employment affiliations are contained in the monthly, semi-annual, and annual reports, which bear production numbers KZ00121999 - KZ00128114, invoices which bear production numbers KZ00128115 - KZ00150530 , daily logs which bear production numbers KZ00099714 - KZ00118627 and KZ00150851 - KZ00153434, and in the Arcadis-US "public correspondence" file which is being made available for inspection and copying at the offices of Arcadis, U.S., Inc. located at 6723 Towpath Road, Syracuse, New York, 13214, Monday through Friday between the hours of 9 am and 5 pm through April 20, 2012.

Without waiving these objections, Georgia-Pacific states that the following individuals may have relevant knowledge of the various response actions taken at the Kalamazoo site:

| Name | Address |
| --- | --- |
| Gary Griffith | Georgia Pacific<br>951 County<br>Milan, MI 48160 |
| Paul Montney | Georgia Pacific<br>297 Ferry Street<br>Newark, NJ 07105 |
| Michael Hassetts | Georgia Pacific<br>133 Peachtree St., NE<br>Atlanta, GA 30303-1847 |
| David Massengill | Georgia Pacific<br>133 Peachtree St., NE<br>Atlanta, GA 30303-1847 |
| Chase Fortenberry | Georgia Pacific<br>133 Peachtree St., NE<br>Atlanta, GA 30303-1847 |
| Roger "Chip" Hilarides | Georgia Pacific<br>133 Peachtree St., NE<br>Atlanta, GA 30303-1847 |

| Name | Address |
|---|---|
| Scott Cornelius | MDNR<br>Project Manager, Superfund Section<br>Constitution Hall, 3rd Floor South<br>525 W. Allegan St.<br>P.O. Box 30426<br>Lansing, MI 48909-7926 |
| John Bradley | MDNR<br>Constitution Hall, 3rd Floor South<br>525 W. Allegan St.<br>P.O. Box 30426<br>Lansing, MI 48909-7926 |
| Paul Bucholtz | MDEQ<br>Constitution Hall, 3rd Floor South<br>525 W. Allegan St<br>P.O. Box 30426<br>Lansing, MI 48909-79262 |
| Keith Krawczyk | MDEQ<br>Remediation Division, Superfund Section<br>Project Coordinator<br>Constitution Hall, 3rd Floor South<br>525 W. Allegan St.<br>P.O. Box 30426<br>Lansing, MI 48909-7926 |
| Daria Devantier | MDEQ<br>Constitution Hall, 3rd Floor South<br>525 W. Allegan St.<br>P.O. Box 30426<br>Lansing, MI 48909-7926 |
| Sharon Hanshue | MDNR<br>Office of Legal Services<br>Stevens T. Mason Building<br>530 West Allegan St.<br>P.O. Box 30446<br>Lansing, MI 48909-7946 |
| Kristi Zakrzewski | MDEQ<br>Constitution Hall, 3rd Floor South<br>525 W. Allegan St.<br>P.O. Box 30426 |

| Name | Address |
|------|---------|
|  | Lansing, MI 48909-7926 |
| Pauli Sink | Assistant Attorney General<br>Environment, Natural Resources, and<br>Agricultural Division, Sixth Floor<br>G. Mennen Williams Building<br>525 West Ottawa St.<br>P.O. Box 30755<br>Lansing, MI 48909-8225 |
| Dawn Penniman | Arcadis, U.S., Inc.<br>6723 Towpath Rd.<br>P.O. Box 66<br>Syracuse, NY 13214-0066 |
| Patrick McGuire | Arcadis, U.S., Inc.<br>6723 Towpath Rd.<br>P.O. Box 66<br>Syracuse, NY 13214-0066 |
| Bonner Anthony | Arcadis, U.S., Inc.<br>Suite 200, 1687 Cole Blvd.<br>Lakewood, CO 80401-3318 |
| Michael Erickson | Arcadis, U.S., Inc.<br>Suite 100<br>10559 Citation Dr.<br>Brighton, MI 48116-8382 |
| Doug Cowin | Arcadis, U.S., Inc.<br>Suite 1900<br>10 South Riverside Plaza<br>Chicago, IL 60606-3801 |
| Lisa Tomlinson | Arcadis, U.S., Inc.<br>Suite 100<br>10559 Citation Dr.<br>Brighton, MI 48116-8382 |
| Michael Scoville | Arcadis, U.S., Inc.<br>6723 Towpath Rd.<br>P.O. Box 66 |

| Name | Address |
|------|---------|
| | Syracuse, NY 13214-0066 |
| Ej Suardini | Arcadis, U.S., Inc.<br>Suite 100<br>10559 Citation Dr.<br>Brighton, MI 48116-8382 |
| Phil Batten | Arcadis, U.S., Inc.<br>6723 Towpath Rd.<br>P.O. Box 66<br>Syracuse, NY 13214-0066 |
| Charles Barnes | Arcadis, U.S., Inc.<br>6723 Towpath Rd.<br>P.O. Box 66<br>Syracuse, NY 13214-0066 |
| Jing Gabriel | Arcadis, U.S., Inc.<br>Suite 1900<br>10 South Riverside Plaza<br>Chicago, IL 60606-3801 |
| Lisa Coffey | Arcadis, U.S., Inc.<br>6723 Towpath Rd.<br>P.O. Box 66<br>Syracuse, NY 13214-0066 |
| Steve Garbaciak | Arcadis, U.S., Inc.<br>Suite 1710, 30 W. Monroe<br>Chicago, IL 60603-2404 |
| Jim Saric | EPA, Region 5<br>Remedial Project Manager<br>77 West Jackson Blvd. (SR-6J)<br>Chicago, IL 60604-3511 |
| Leslie Kirby-Miles | EPA, Region 5<br>Associate Regional Counsel<br>Office of Regional Counsel<br>77 West Jackson Blvd. (C-14J)<br>Chicago, IL 60604-3507 |
| Shari Kolak | EPA, Region 5<br>Remedial Project Manager<br>77 West Jackson Blvd. (SR-6J) |

| Name | Address |
|------|---------|
| | Chicago, IL 60604-3511 |
| Michael Berkoff | EPA, Region 5<br>77 West Jackson Blvd. (SR-6J)<br>Chicago, IL 60604-3511 |
| Sam Chummar | EPA, Regional 5<br>Superfund Division<br>Remedial Response Section #1 (SR-6J)<br>77 West Jackson Blvd.<br>Chicago, IL 60604-3507 |
| James Chapman | EPA, Region 5<br>77 West Jackson Blvd. (SR-6J)<br>Chicago, IL 60604-3507 |
| Eileen Furey | EPA Region 5<br>Office of Regional Counsel<br>77 West Jackson Blvd. (C-14J)<br>Chicago, IL 60604-3507 |
| Renita Ford | Department of Justice<br>Trial Attorney<br>P.O. Box 7611<br>Ben Franklin Station<br>Washington, D.C. 20044-7611 |
| Mary Lynn Taylor | US Dept of the Interior<br>Office of the Solicitor<br>Suite 385, Three Parkway Center<br>Pittsburg, PA 15220-3635 |
| Scott Hutsell | CH2M Hill<br>4230 Graystone<br>Okemos, MI 48864-5212 |
| Jeff Keiser | CH2M Hill<br>Project Manager<br>Suite 325<br>135 South 84th St.<br>Milwaukee, WI 53214-1479 |
| Frank Dillon | CH2M Hill<br>Principal Technologist<br>Suite 120 |

| Name | Address |
|---|---|
|  | 7927 Nemco Way<br>Brighton, MI 48116-9470 |
| Todd King | CDM<br>Suite 1500<br>One Woodward Ave<br>Detroit, MI 48226-3417 |
| Drew Santini | CDM<br>Suite A<br>8164 Executive Drive<br>Lansing, Michigan 48917-7719 |
| John Geisy | Michigan State University<br>Department of Zoology<br>Natural Science Building<br>East Lansing, MI 48824 |
| Steve Taplin | Terra<br>5787 Stadium Drive<br>Kalamazoo, MI 49009-1973 |
| Jim Madison | TestAmerica - Burlington<br>30 Community Drive, Suite 11<br>South Burlington, VT 05403-6809 |
| Lisa Williams | US Fish & Wildlife<br>Suite 101<br>2651 Coolidge Road<br>East Lansing, MI 48823-6360 |
| Todd Goeks | National Oceanic and Atmospheric<br>Administration<br>Office of Response and Restoration<br>77 West Jackson Boulevard, SR-6J<br>Chicago, IL 60604 |

2.     For the costs and/or payments identified in Paragraphs 141, 142, 143(b), 153, 154, and
       157(b) of your First Amended Complaint, state in detail the amount of each of the costs
       and/or payments you are seeking with this lawsuit, a description of each of the costs
       and/or payments that you have incurred at each OU and/or Site Facility, the date you
       incurred each of these costs and/or payments, and a description of each of these costs
       and/or payments. Include in your answer any costs and/or payments you are seeking with
       this lawsuit that do not correspond to any OU and/or Site Facility, as well as any costs
       and/or payments to government agencies for oversight activities.

**Answer:**

Georgia-Pacific objects to this interrogatory as being outside the scope of discovery

permissible in Phase 1 of this action, as issues pertaining to the amount and recoverability of

claimed costs have been reserved for trial in Phase II of this action.

Georgia-Pacific, without waiving this objection, notes that many of the documents it is

producing for matters within the scope of discovery permissible in Phase I of this action describe

costs incurred by Georgia-Pacific, and are sufficient to establish that costs have been incurred in

connection with releases at the Site.

3.     Describe in detail all response actions, removal actions, and/or remedial actions you have
       taken at OU1. In your answer, identify the date when you began each action and the date
       you completed each action.

**Answer:**

Georgia-Pacific objects to this interrogatory insofar as it calls for a description of each

and every response action implemented either by Georgia-Pacific or related to OU1 on the

grounds that it is unduly burdensome, as a "response action," within the meaning of CERCLA

includes a broad array of discrete or related investigations, evaluations and physical activities

conducted at OU1.  Georgia-Pacific further objects on the ground that the classification of a

response action as being "removal" or "remedial" in nature calls for a conclusion of law.

Notwithstanding these objections, Georgia-Pacific responds by stating that the response actions,

-10-

and the dates of the response actions at OU1 are identified in documents which have been or are being produced to counsel for NCR as described below.

By way of further response, Georgia-Pacific notes that response actions at OU1 consist of complementary and interrelated measures to investigate and address the nature and extent of PCB contamination in the Kalamazoo River and related, nearby affected areas. With respect to OU1, these actions include those taken pursuant to:

- AOC dated December 28, 1990 (DFO-ERD-91-001), and amendments thereto which bear production numbers KZ00150531 - KZ00150631;

- AOC dated February 21, 2007 (No. V-W-07-C-864), which is publically available at http://www.epa.gov/Region5/cleanup/kalproject/.

The response actions taken pursuant to those agreements, along with other measures at OU1, and the time periods during which these actions were taken are described in the monthly, semi-annual and annual reports, which bear production numbers KZ00124647 - KZ00128114, invoices which bear production numbers KZ00128115 - KZ00150530 , daily logs which bear production numbers KZ00099714 - KZ00118627 and KZ00150851 - KZ00153434, and in the Arcadis-US "public correspondence" file which is being made available for inspection and copying at the offices of Arcadis, U.S., Inc. located at 6723 Towpath Road, Syracuse, New York, 13214, Monday through Friday between the hours of 9 am and 5 pm through April 20, 2012.

4.    Describe in detail all response actions, removal actions, and/or remedial actions you have taken at OU2. In your answer, identify the date when you began each action and the date you completed each action, and the date you completed the most recent removal action in OU2.

**Answer:**

Georgia-Pacific objects to this interrogatory insofar as it calls for a description of each and every response action implemented either by Georgia-Pacific or related to OU2 on the grounds that it is unduly burdensome, as a "response action," within the meaning of CERCLA

includes a broad array of discrete or related investigations, evaluations and physical activities conducted at OU2. Georgia-Pacific further objects on the ground that the classification of a response action as being "removal" or "remedial" in nature calls for a conclusion of law. Notwithstanding these objections, Georgia-Pacific responds by stating that the response actions, and the dates of the response actions at OU2 are identified in documents which have been or are being produced to counsel for NCR as described below.

By way of further response, Georgia-Pacific notes that response actions at OU2 consist of complementary and interrelated measures to investigate and address the nature and extent of PCB contamination in the Kalamazoo River and related, nearby affected areas. With respect to OU2, these actions include those taken pursuant to:

- AOC dated December 28, 1990 (DFO-ERD-91-001), and amendments thereto which bear production numbers KZ00150531 - KZ00150631;

- Consent Decree dated September 30, 2009 between United States and Georgia-Pacific which is publically available on PACER with the Docket No.1-09-cv-429.

The response actions taken pursuant to those agreements, along with other measures at OU2, and the time periods during which these actions were taken are described in the monthly, semi-annual and annual reports, which bear production numbers KZ00124647 - KZ00128114 and KZ00124303 - KZ00124646, invoices which bear production numbers KZ00128115 - KZ00150530 , daily logs which bear production numbers KZ00099714 - KZ00118627 and KZ00150851 - KZ00153434, and in the Arcadis-US "public correspondence" file which is being made available for inspection and copying at the offices of Arcadis, U.S., Inc. located at 6723 Towpath Road, Syracuse, New York, 13214, Monday through Friday between the hours of 9 am and 5 pm through April 20, 2012.

5.    Describe in detail all response actions, removal actions, and/or remedial actions you have taken at OU3. In your answer, identify the date when you began each action, the date you

completed each action, the date when the physical construction of the remedial action in OU3 commenced, and the current status of the OU3 remedial action.

**Answer:**

Georgia-Pacific objects to this interrogatory insofar as it calls for a description of each and every response action implemented either by Georgia-Pacific or related to OU3 on the grounds that it is unduly burdensome, as a "response action," within the meaning of CERCLA includes a broad array of discrete or related investigations, evaluations and physical activities conducted at OU3. Georgia-Pacific further objects on the ground that the classification of a response action as being "removal" or "remedial" in nature calls for a conclusion of law. Notwithstanding these objections, Georgia-Pacific responds by stating that the response actions, and the dates of the response actions at OU3 are identified in documents which have been or are being produced to counsel for NCR as described below.

By way of further response, Georgia-Pacific notes that response actions at OU3 consist of complementary and interrelated measures to investigate and address the nature and extent of PCB contamination in the Kalamazoo River and related, nearby affected areas. With respect to OU3, these actions include those taken pursuant to:

- AOC dated February 8, 2000 (No. AOC ERD-99-010) which bears production numbers KZ00150743 - KZ00150850.

The response actions taken pursuant to this agreement, along with other measures at OU3, and the time periods during which these actions were taken are described in the monthly, semi-annual and annual reports, which bear production numbers KZ00124647 - KZ00128114, KZ00121999 - KZ00122502, KZ-00122793-KZ00122841, KZ00123264 - KZ00123306, and KZ00123495 - KZ00123552, KZ00123721 - KZ123823, invoices which bear production numbers KZ00128115 - KZ00150530 , daily logs which bear production numbers KZ00099714 - KZ00118627 and KZ00150851 - KZ00153434, and in the Arcadis-US "public correspondence"

file which is being made available for inspection and copying at the offices of Arcadis, U.S., Inc.

located at 6723 Towpath Road, Syracuse, New York, 13214, Monday through Friday between

the hours of 9 am and 5 pm through April 20, 2012.

6.    Describe in detail all response actions, removal actions, and/or remedial actions you have
       taken at OU4. In your answer, identify the date when you began each action and the date
       you completed each action.

**Answer:**

Georgia-Pacific has not undertaken response actions at OU4, and understands that the

USEPA, MDNR and Weyerhaeuser have undertaken response actions at OU4.

7.    Describe in detail all response actions, removal actions, and/or remedial actions you have
       taken at OU5. In your answer, identify the date when you began each action and the date
       you completed each action.

**Answer:**

Georgia-Pacific objects to this interrogatory insofar as it calls for a description of each

and every response action implemented either by Georgia-Pacific or related to OU5 on the

grounds that it is unduly burdensome, as a "response action," within the meaning of CERCLA

includes a broad array of discrete or related investigations, evaluations and physical activities

conducted at OU5.  Georgia-Pacific further objects on the ground that the classification of a

response action as being "removal" or "remedial" in nature calls for a conclusion of law.

Notwithstanding these objections, Georgia-Pacific responds by stating that the response actions,

and the dates of the response actions at OU5 are identified in documents which have been or are

being produced to counsel for NCR as described below.

By way of further response, Georgia-Pacific notes that response actions at OU5 consist of

complementary and interrelated measures to investigate and address the nature and extent of

PCB contamination in the Kalamazoo River and related, nearby affected areas.  With respect to

OU5, these actions include those taken pursuant to:

- AOC dated December 28, 1990 (DFO-ERD-91-001), and amendments thereto which bear production numbers KZ00150531 - KZ00150631;

- AOC dated February 21, 2007 (No. V-W-07-C-864) which is publically available at http://www.michigan.gov/documents/deq/deq-rrd-ce-FY09enforcementdocs_274186_7.pdf;

- AOC dated February 21, 2007 (No. V-W-07-C-863) which is publically available at http://www.epa.gov/Region5/cleanup/kalproject/;

- January 30, 2008 Modification to AOC (AOC-RRD-08-001) which is publically available at http://www.michigan.gov/documents/deq/deq-rrd-ce-FY09enforcementdocs_274186_7.pdf; and

- AOC dated June 8, 2009 (No. V-W-09-C-925), which is publically available at http://www.epa.gov/Region5/cleanup/kalproject/.

The response actions taken pursuant to those agreements, along with other measures at OU5, and the time periods during which these actions were taken are described in the monthly, semi-annual and annual reports, which bear production numbers KZ00124647 - KZ00128114, KZ00122503-KZ00122795, KZ00122842 - KZ00123263, KZ00123307 - KZ00123494, KZ000123553 - KZ00123720, and KZ00123997 - KZ001, invoices which bear production numbers KZ00128115 - KZ00150530 , daily logs which bear production numbers KZ00099714 - KZ00118627 and KZ00150851 - KZ00153434, and in the Arcadis-US "public correspondence" file which is being made available for inspection and copying at the offices of Arcadis, U.S., Inc. located at 6723 Towpath Road, Syracuse, New York, 13214, Monday through Friday between the hours of 9 am and 5 pm through April 20, 2012.

8.    Describe in detail all response actions, removal actions, and/or remedial actions you have taken at OU7. In your answer, identify the date when you began each action and the date you completed each action.

**Answer:**

Georgia-Pacific has not undertaken response actions at OU7, and understands that the USEPA, MDNR and Weyerhaeuser have undertaken response actions at OU7.

-15-

9.      Describe in detail all response actions, removal actions, and/or remedial actions you have taken at any Site Facility, other than those described in responses to prior interrogatories herein. In your answer, identify the date when you began each action and the date you completed each action.

**Answer:**

Georgia-Pacific objects to this interrogatory insofar as it calls for a description of each and every response action implemented either by Georgia-Pacific or related to Site Facilities other than those described above on the grounds that it is unduly burdensome, as a "response action," within the meaning of CERCLA includes a broad array of discrete or related investigations, evaluations and physical activities conducted at those Facilities. Georgia-Pacific further objects on the ground that the classification of a response action as being "removal" or "remedial" in nature calls for a conclusion of law. Notwithstanding these objections, Georgia-Pacific responds by stating that the response actions, and the dates of the response actions at Site Facilities other than those described above are described in documents as described below.

By way of further response, Georgia-Pacific notes that these response actions consist of complementary and interrelated measures to investigate and address the nature and extent of PCB contamination in the Kalamazoo River and related, nearby affected areas. With respect to these response actions, actions include those taken pursuant to:

- AOC dated December 28, 1990 (DFO-ERD-91-001), and amendments thereto which bear production numbers KZ00150531 - KZ00150631;

- AOC dated February 21, 2007 (No. V-W-07-C-864) which is publically available at http://www.michigan.gov/documents/deq/deq-rrd-ce-FY09enforcementdocs_274186_7.pdf

The response actions taken pursuant to those agreements, along with other measures, together with descriptions of the time periods during which these actions were taken are described in the monthly, semi-annual and annual reports, which bear production numbers KZ00124647 - KZ00128114

, invoices which bear production numbers KZ00128115 - KZ00150530 , daily logs which bear production numbers KZ00099714 - KZ00118627 and KZ00150851 - KZ00153434, and in the Arcadis-US "public correspondence" file which is being made available for inspection and copying at the offices of Arcadis, U.S., Inc. located at 6723 Towpath Road, Syracuse, New York, 13214, Monday through Friday between the hours of 9 am and 5 pm through April 20, 2012.

10.    If you contend that NCR is liable for any costs you have incurred related to OU3, state the amount of such costs and identify all facts, witnesses, or documents that support that contention.

**Answer:**

Georgia-Pacific objects to this interrogatory as being outside the scope of discovery permissible in Phase 1 of this action, as issues pertaining to the amount and recoverability of claimed costs have been reserved for trial in Phase II of this action. Georgia-Pacific, without waiving this objection, notes that many of the documents it is producing for matters within the scope of discovery permissible in Phase I of this action describe costs incurred by Georgia-Pacific, and are sufficient to establish that costs have been incurred in connection with releases at the Site. Georgia-Pacific further objects on the ground that it has already disclosed documents and information in response to other discovery requests and in its Initial Disclosures that identify the facts, witnesses and documents that support its liability claims against NCR.

11.    Describe in detail all response actions, removal actions, and/or remedial actions you have taken within OU2 that pre-date the U.S. Environmental Protection Agency's Record of Decision for OU2 (September 27, 2006).

**Answer:**

Georgia-Pacific objects to this interrogatory insofar as it calls for a description of each and every response action implemented either by Georgia-Pacific or related to OU2 on the grounds that it is unduly burdensome, as a "response action," within the meaning of CERCLA includes a broad array of discrete or related investigations, evaluations and physical activities

conducted at OU2. Georgia-Pacific further objects on the ground that the classification of a response action as being "removal" or "remedial" in nature calls for a conclusion of law. Notwithstanding these objections, Georgia-Pacific responds by stating that the response actions, and the dates of the response actions, at OU2 that pre-date the U.S. Environmental Protection Agency's Record of Decision for OU2 (September 27, 2006) are identified in documents which have been or are being produced to counsel for NCR and bear production numbers KZ00150531 - KZ00150631, KZ00124647 - KZ00128114, KZ00124303 - KZ00124646, KZ00128115 - KZ00150530, KZ00099714 - KZ00118627 and KZ00150851 - KZ00153434.

12.     For each response to a Request to Admit (served on you with these Interrogatories) which is not an unqualified admission, identify all facts, witnesses, or documents which form the basis for the denial or qualification and identify all persons with knowledge of the basis for the denial or qualification.

**Answer:**

The basis of each response to a Request to Admit that is not an unqualified admission is stated in the response to the Request. The facts, witnesses, and documents in support of the response are to be found in the monthly, semi-annual and annual progress reports (which bear production numbers KZ00121999 - KZ00124646), invoices which bear production numbers KZ00128115 - KZ00150530 , daily logs which bear production numbers KZ00099714 - KZ00118627 and KZ00150851 - KZ00153434, and in the Arcadis-US "public correspondence" file which is being made available for inspection and copying at the offices of Arcadis, U.S., Inc. located at 6723 Towpath Road, Syracuse, New York, 13214, Monday through Friday between the hours of 9 am and 5 pm through April 20, 2012.

Dated: March 30, 2012

**GEORGIA-PACIFIC CONSUMER PRODUCTS LP, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC**

By: s/Jeffrey N. Martin
        Jeffrey N. Martin

Peter A. Smit, Bar No. P 27886
Varnum LLP
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501
(616) 336-6000

Joseph C. Kearfott
Douglas M. Garrou
George P. Sibley, III
Hunton & Williams LLP
951 East Byrd St.
Richmond, VA 23219
(804) 788-8200

Jeffrey N. Martin
Djordje Petkoski
Hunton & Williams LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037-1701
(202) 955-1500

Kathy Robb
Hunton & Williams LLP
200 Park Avenue, 52nd Floor
New York, New York 10166-0005
(212) 309-1000

Jan M. Conlin
Tara D. Falsani
Robins, Kaplan, Miller & Ciresi L.L.P.
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
(612) 349-8500

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2012, I caused to be served by electronic mail a copy of Georgia-Pacific's Answers and Objections to Defendant NCR Corporation's Second Set of Interrogatories upon counsel for each Defendant, at the following e-mail addresses:

### Counsel for NCR Corporation:

Evan R. Chesler echesler@cravath.com
Geoffrey A. Fields gfields@dickinsonwright.com
Sandra C. Goldstein sgoldstein@cravath.com
Eric W. Ha eha@sidley.com
Linda R Larson llarson@martenlaw.com
Vanessa A. Lavely vlavely@cravath.com
Meline Grace MacCurdy mmaccurdy@martenlaw.com
Bradley M Marten bmarten@martenlaw.com
Darin P. McAtee dmcatee@cravath.com
Omid H. Nasab onasab@cravath.com
Margaret R. Sobota msobota@sidley.com
Evan B. Westerfield evanwesterfield@sidley.com

### Counsel for International Paper Co.:

John F. Cermak, Jr. jcermak@bakerlaw.com
Sonja A. Inglin singlin@bakerlaw.com
Michael Dominic Meuti mmeuti@bakerlaw.com
John D. Parker jparker@bakerlaw.com

### Counsel for Weyerhaeuser Co.:

J. Christopher Baird jcbaird@perkinscoie.com
Douglas A. Dozeman ddozeman@wnj.com
Michael Dunning mdunning@perkinscoie.com
Karen M. McGaffey kmcgaffey@perkinscoie.com
Mark W. Schneider mwschneider@perkinscoie.com
Scott M. Watson swatson@wnj.com

By: s/ Jeffrey N. Martin _____
    Jeffrey N. Martin

29073.000396 EMF_US 39372849v4