# EXHIBIT C



To:
Cc:
Subject: Fw: Kalamazoo River: GP et al. v. NCR et al (Amended CMO)

| | |
|---|---|
| From: | "Kearfott, Joe" <jkearfott@hunton.com> |
| To: | "Omid Nasab" <ONasab@cravath.com> |
| Cc: | "Darin McAtee" <DMcAtee@cravath.com>, "Cermak, John F." <jcermak@bakerlaw.com>, "Parker, John" <JParker@bakerlaw.com>, "Meuti, Michael D" <mmeuti@bakerlaw.com>, "Schneider, Mark W. (Perkins Coie)" <MWSchneider@perkinscoie.com>, "Owen Roth" <oroth@cravath.com>, "Inglin, Sonja A." <singlin@bakerlaw.com> |
| Date: | 05/22/2012 10:42 AM |
| Subject: | RE: Kalamazoo River: GP et al. v. NCR et al (Amended CMO) |

Omid:

That is not our position.  Our position is as set forth in the proposed Amendment to Case Management Order, which was attached to the enclosed email.  John Parker made a proposal in his May 10 email in response to the proposed Amendment.  My response of May 10 was an effort to understand just what the proposal was.  You have made clear what NCR's position is, and we will respond to that by motion.

We clearly have a disagreement as to the statute of limitations defense.  But I repeat the offer contained in my March 28 email (and repeated in my call to John Parker in early May) that we would welcome comments on other provisions in the order.  If you agree with the other provisions, we can advise Judge Jonker accordingly.  If there is language that you would like to see revised, we are happy to consider your comments.

Joe

---

**From:** Omid Nasab [mailto:ONasab@cravath.com]
**Sent:** Tuesday, May 22, 2012 10:00 AM
**To:** Kearfott, Joe
**Cc:** Darin McAtee; Cermak, John F.; Parker, John; Meuti, Michael D; Schneider, Mark W. (Perkins Coie); Owen Roth; Inglin, Sonja A.
**Subject:** RE: Kalamazoo River: GP et al. v. NCR et al.

Joe:

So is it GP's position that Defendants must move forward with any SOL claims that would "result in the dismissal of the entire case" but that other SOL claims can be deferred until Phase II?

Omid H. Nasab
Cravath, Swaine & Moore
(212) 474 - 1972
onasab@cravath.com

| | |
|---|---|
| From: | "Kearfott, Joe" <jkearfott@hunton.com> |
| To: | "Omid Nasab" <ONasab@cravath.com> |
| Cc: | "Darin McAtee" <DMcAtee@cravath.com>, "Cermak, John F." <jcermak@bakerlaw.com>, "Parker, John" <JParker@bakerlaw.com>, "Meuti, Michael D" <mmeuti@bakerlaw.com>, "Schneider, Mark W. (Perkins Coie)" <MWSchneider@perkinscoie.com>, "Owen Roth" <oroth@cravath.com>, "Inglin, Sonja A." <singlin@bakerlaw.com> |
| Date: | 05/22/2012 08:14 AM |
| Subject: | RE: Kalamazoo River: GP et al. v. NCR et al. |

Omid:

Thank you for the response. The proposal set forth in John Parker's email of May 10 is not acceptable to Georgia-Pacific. We will move forward with a motion to amend the CMO.

Joe

---

**From:** Omid Nasab [mailto:ONasab@cravath.com]
**Sent:** Monday, May 21, 2012 10:03 PM
**To:** Kearfott, Joe
**Cc:** Garrou, Douglas; Darin McAtee; Cermak, John F.; Parker, John; Meuti, Michael D; Schneider, Mark W. (Perkins Coie); Owen Roth; Inglin, Sonja A.
**Subject:** RE: Kalamazoo River: GP et al. v. NCR et al.

Joe,

To answer your question: we do <u>not</u> agree that the SOL defenses available to Defendants only go to specific categories or types of costs.

Omid

---

| | |
|---|---|
| From: | "Kearfott, Joe" <jkearfott@hunton.com> |
| To: | "Parker, John" <JParker@bakerlaw.com> |
| Cc: | "Darin McAtee" <DMcAtee@cravath.com>, "Omid Nasab" <ONasab@cravath.com>, <oroth@cravath.com>, "Schneider, Mark W. (Perkins Coie)" <MWSchneider@perkinscoie.com>, "Cermak, John F." <jcermak@bakerlaw.com>, "Inglin, Sonja A." <singlin@bakerlaw.com>, "Meuti, Michael D" <mmeuti@bakerlaw.com>, "Garrou, Douglas" <dgarrou@hunton.com> |
| Date: | 05/10/2012 12:33 PM |
| Subject: | RE: Kalamazoo River: GP et al. v. NCR et al. |

John:

As I explained in our call yesterday, I will discuss your proposal with my client. I don't understand your remark about trying to "game an advantage," but quite frankly I don't think it is worth further discussion. What is worth discussion is this: as part of defendants' proposal, do they agree that there are no statute of limitations defenses that, if ruled on in defendants' favor, would result in dismissal of the entire case? In other words, do you and your colleagues agree that to the extent there are vaild SOL defenses, they go only to specific categories or types of costs and not to the entirety of the claim?

Joe

---

**From:** Parker, John [mailto:JParker@bakerlaw.com]
**Sent:** Thursday, May 10, 2012 11:39 AM
**To:** Kearfott, Joe
**Cc:** Darin McAtee; Omid Nasab; Owen Roth (oroth@cravath.com); Schneider, Mark W. (Perkins Coie); Cermak, John F.; Inglin, Sonja A.; Meuti, Michael D; Garrou, Douglas
**Subject:** Kalamazoo River: GP et al. v. NCR et al.

Joe

I am following up on our telephone conversation of yesterday, May 9, 2012, regarding GP's proposed amendment to the Case Management Order.

You have proposed that language be added to the CMO that would require the defendants to raise statute of limitations defenses "relating to certain categories or types of costs" in Phase I. The defendants believe that this is not required by the existing CMO and is inconsistent with comments the Court made during the June 27, 2011, Rule 16 Scheduling Conference. You indicated to me in earlier discussions that GP was proposing the language regarding the statute of limitations because you did not want to be surprised by what the defendants might raise at the Phase I trial.

In order to alleviate any concern about possible surprise, I advised you when we spoke yesterday that the defendants have agreed that they will not raise any statute of limitations defenses during Phase I. You indicated that your client might not be agreeable with that arrangement. Frankly, other than to game an advantage, I can't understand why GP would not accept the defendants' position, particularly since it is consistent with the current CMO and Judge Jonker's comments made at the Rule 16 Conference.

You also asked us to review the other language in your proposed amendment to the CMO. We will do so you and respond individually on that point.

John

John D. Parker
## Baker Hostetler llp
PNC Center | 1900 East 9th Street, Suite 3200 | Cleveland, OH 44114
216.861.7610 (t) | 216.696.0740 (f)
jparker@bakerlaw.com | www.bakerlaw.com

Chicago | Cincinnati | **Cleveland** | Columbus | Costa Mesa | Denver
Houston | Los Angeles | New York | Orlando | Washington, DC

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

```
This e-mail is confidential and may be privileged. Use or
disclosure of it by anyone other than a designated addressee is
unauthorized. If you are not an intended recipient, please delete
this e-mail from the computer on which you received it.
```

```
This e-mail is confidential and may be privileged. Use or
disclosure of it by anyone other than a designated addressee is
unauthorized. If you are not an intended recipient, please delete
this e-mail from the computer on which you received it.
```

----- Message from "Kearfott, Joe" <jkearfott@hunton.com> on Wed, 28 Mar 2012 14:52:07 -0400 -----

**To:** er@bakerlaw.com>, "Inglin, Sonja A." <singlin@bakerlaw.com>, "Schneider, Mark W. (Perkins Coie" <MWSchneider@perkinscoie.com>

**Subject:** Motion to Amend Case Management Order

Colleagues:

GP intends to file next week a motion to amend the Case Management Order to clarify just what will and will not be litigated in the Phase 1 trial next February. Attached is a

draft order that we propose to submit. It has been copied directly from the Supplemental Joint Status Report.

Please let me know by early next week the position of your clients on this motion. If you favor clarifying the CMO but think the language is inaccurate or needs additions, we would be happy to consider comments.

I look forward to hearing from you.

Joe


<<PLDG - Amendment to Case Management Order_(39582582)_(1).DOC>> [attachment "PLDG - Amendment to Case Management Order_(39582582)_(1).DOC" deleted by Keith Johnson/NYC/Cravath]