IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGIA PACIFIC CONSUMER PRODUCTS LP, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:11-CV-00483 |
| NCR CORPORATION INTERNATIONAL PAPER CO., and WEYERHAEUSER CO. | ) ) ) ) ) | Judge Robert J. Jonker |
| Defendants. | ) ) | |

---

**AGREED STIPULATION AND PROPOSED ORDER ON WITHDRAWAL OF DENNIS P. FARLEY AS AN EXPERT WITNESS FOR DEFENDANT NCR CORPORATION AND AUTHORIZATION OF NEW EXPERT**

---

Plaintiffs, Georgia-Pacific Consumer Products LP, Fort James Corporation and Georgia-Pacific LLC (collectively "Georgia-Pacific"), and Defendant NCR Corporation ("NCR"), by and through their counsel, enter into this Stipulation for purposes of resolving a dispute over the withdrawal of Dennis P. Farley ("Farley") as an expert witness for NCR.

Introduction

Prior to retaining Farley, NCR investigated his prior work experience and learned that twenty years ago, he participated in some research-oriented work for the Kalamazoo River Study Group ("KRSG") prior to the KRSG's filing of its complaint in the KRSG Litigation. Georgia-Pacific was a member of the KRSG, which engaged Farley and his firm. NCR understood that this work did not relate to any aspect of the assignment it was asking Farley to

undertake. After NCR served Farley's expert report on June 10, 2012 ("Farley Report"), Georgia-Pacific informed NCR that Farley's work for the KRSG, in its view, did relate to the assignment he had undertaken for NCR, that such work had been confidential and privileged, and that a conflict therefore existed based on Georgia-Pacific's membership in the KRSG. To support its view, Georgia-Pacific provided redacted supporting documents. NCR agreed that these documents were being provided to it for the limited purpose of substantiating Georgia-Pacific's position and that providing such documents would not constitute a waiver of any privilege with respect to work that Farley and his firm did for the KRSG. As a reasonable compromise to this dispute, and to avoid litigating the issue before the Court, NCR and Georgia-Pacific have agreed to terms for replacing Farley and the Farley Report, subject to the approval of the Court.

## Stipulation

Georgia-Pacific and NCR hereby stipulate and agree as follows:

1. NCR hereby agrees to withdraw Farley as an expert witness and to withdraw the Farley Report. Neither Farley, nor the Farley Report nor any of Farley's work product will be used or relied upon by NCR in any phase of this litigation, except as provided in Paragraph 6 of this Stipulation. NCR will not disclose the Farley Report to any person, including any non-testifying or testifying expert. To the extent that any persons have already received the Farley Report, NCR shall ensure that such copies are promptly returned to NCR or destroyed.

2. NCR may engage a new expert witness ("New Expert") to address the subjects addressed in the Farley Report. NCR shall disclose its New Expert and the new expert's report ("New Expert Report") to all parties by the earlier of (i) August 24, 2012 or (ii) the date falling 28 days after NCR files a motion for summary judgment.

3. Georgia-Pacific may take the deposition of NCR's New Expert by September 14, 2012.  Any other party wishing to participate in the deposition of NCR's New Expert may do so.

4. NCR will not rely on or cite to its New Expert Report in connection with any summary judgment motion by any party, including all briefing and argument submitted to the Court in connection with summary judgment motions.  All summary judgment deadlines remain the same.

5. Georgia-Pacific will not use the Farley Report or any of Farley's work product to impeach NCR's New Expert in any way.  Georgia-Pacific will not question NCR's New Expert on the Farley Report, or any of Farley's work product as it relates to his work in this case, other than to establish under oath that NCR's New Expert has not seen the Farley Report or any other piece of Farley's work product, except the work product described in Paragraph 6.

6. NCR's New Expert may rely upon all witness interviews referenced in the Farley Report, whether or not they were conducted by Farley, his employees, agents or subcontractors, to the same extent that the New Expert could if Farley, his employees, agents or subcontractors had no involvement with this case.

7. Counsel for NCR shall provide to counsel for Georgia-Pacific a signed letter confirming that Farley never disclosed to NCR's counsel or to any of NCR's officers, employees or agents (i) any of the substance of the work that Farley performed on behalf of the KRSG in connection with the KRSG Litigation; (ii) any documents created, reviewed or identified for review in connection with that work; (iii) the names of any persons interviewed, or identified for interviews, in connection with that work; and (iv) any information, of any other kind, that was based on or was otherwise derivative of the work Farley performed on behalf of the KRSG in connection with the KRSG Litigation.

Dated: July 19, 2012            NCR CORPORATION

           /s/ Darin P. McAtee
           Darin P. McAtee
           *Counsel for NCR Corporation*

Geoffrey A. Fields
Dickinson Wright
200 Ottawa Avenue, N.W., Suite 1000
Grand Rapids, MI 49503-2427
Phone: (616) 336-1017
Fax: (616) 458-6753

Evan R. Chesler
Darin P. McAtee
Cravath, Swaine & Moore LLP
Worldwide Plaza, 825 Eighth Avenue
New York, New York 10019
Phone: (212) 474-1000
Fax: (212) 474-3700
dmcatee@cravath.com

Evan B. Westerfield
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036

Linda R. Larson
Bradley M. Marten
Marten Law PLLC
1191 Second Avenue, Suite 2200
Seattle, Washington 98101
Phone: (206) 292-2600
Fax: (206) 292-2601

**GEORGIA-PACIFIC CONSUMER PRODUCTS, LP., FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC**

By:    /s/ Joseph C. Kearfott

Peter A. Smit, Bar No. P 27886
Varnum LLP
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501
(616) 336-6000

Joseph C. Kearfott
Douglas M. Garrou
George P. Sibley, III
Hunton & Williams LLP
951 East Byrd St.
Richmond, VA 23219
(804) 788-8200

Jeffrey N. Martin
Hunton & Williams LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 955-1500

Kathy Robb
Hunton & Williams LLP
200 Park Avenue, 52nd Floor
New York, New York 10166-0005
(212) 309-1000

Jan M. Conlin
Tara D. Falsani
Robins, Kaplan, Miller & Ciresi L.L.P.
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
(612) 349-8500

The foregoing Stipulation is hereby approved and so ORDERED.

_____      Dated: _____