IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC<br><br>    Plaintiffs,<br><br>    v.<br><br>NCR CORPORATION, INTERNATIONAL PAPER CO., and WEYERHAEUSER CO.,<br><br>    Defendants. | No: 1:11-cv-00483<br><br>Judge Robert J. Jonker |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY

Georgia-Pacific Consumer Products LP, Fort James Corporation, and Georgia-Pacific LLC (collectively "Georgia-Pacific") seek leave to file a short sur-reply addressing certain matters raised in Defendant NCR Corporation's Reply Brief in Support of its Motion for Summary Judgment (Sept. 13, 2012) ("NCR Reply") (Dkt. #311). Georgia-Pacific's proposed sur-reply memorandum is attached.

### I.  Background

Georgia-Pacific's brief opposing NCR's motion for summary judgment was supported, in part, by the declaration of former Georgia-Pacific truck driver Gene Edgerton. Based on highly relevant photographs that NCR produced after the close of fact discovery, and well after his 2011 deposition, Edgerton was able to establish that his pickups of wastepaper in Washington Court

House, Ohio – pickups he had generally described in his earlier deposition testimony – were indeed made at NCR's Washington Court House facility during the relevant period.[1]

This evidence is extremely damaging to NCR. In its opening summary judgment brief, NCR – implicitly recognizing it was unable to rely on any preclusive effect of the *Whiting* litigation with respect to its *own* sales of broke, a matter never litigated before Judge Griesbach – had attacked the evidentiary record, seeking summary judgment regarding such sales because there was simply "no evidence" that "CCP broke from the NCR Converters was transported to the Kalamazoo area for recycling." Memorandum Of Law In Support Of Defendant NCR Corporation's Motion For Summary Judgment at 27-28 (July 27, 2012). NCR was wrong then,[2] but NCR was even more clearly wrong in the wake of Edgerton's declaration.

Accordingly, NCR demanded a second deposition of Edgerton prior to the deadline for NCR's reply brief. Georgia-Pacific agreed, and NCR convened Edgerton's deposition last week in Sheboygan, Wisconsin, pursuant to a stipulated Order (Dkt. 305).

NCR's Reply discusses the content and purported ramifications of Edgerton's recent testimony, addressing both his declaration and his deposition (which, by agreement of the parties, dealt only with the subject matters of his declaration). *See* NCR Reply at 15. Specifically, NCR (a) argues that the photos are "nondescript" and were thus somehow incapable of refreshing Edgerton's recollection; (b) questions his truthfulness, and (c) declares that his recent testimony should be ignored because it is "self-serving." *Id.* NCR has further argued that because Edgerton

---

[1] *See* Exhibit 110 to Georgia-Pacific's Response to Defendant NCR Corporation's Motion for Summary Judgment ("Georgia-Pacific Opposition") (August 27, 2012) (Dkt. 265).

[2] Among other things, two of NCR's own experts testified they would have expected that CCP converter waste from Ohio-based converters would have been sold to mills along the Kalamazoo, and Georgia-Pacific's expert agreed with this analysis. Georgia-Pacific Opposition at 20-21 (August 27, 2012).

cannot remember whether his deliveries occurred prior to April 1971, his testimony is useless – because, according to NCR (without citation to any evidence), CCP broke from Washington Court House would have "ceased to contain PCBs" after April 1971. NCR Reply at 15. NCR is wrong about each of these matters.

## II. Argument

"Although a party is not entitled to file a sur-reply brief under the Federal Rules of Civil Procedure, the Court has discretion to permit such a filing where it is reasonable." *Saad v. City of Dearborn Heights*, No. 11-10103, 2012 WL 2403490 at *4 (E.D. Mich. June 26, 2012) (citations omitted). Courts should thus permit the filing of a sur-reply brief when "new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated…." *Seay v. Tennessee Valley Authority*, 339 F.3d 454, 481-82 (6th Cir. 2003).

NCR has made such a "new submission" – requesting the second deposition of Edgerton regarding his declaration, and then putting that testimony in issue. It would therefore be manifestly reasonable and fair to permit Georgia-Pacific to respond to that new submission in writing, rather than solely during oral argument. Accordingly, Georgia-Pacific respectfully requests leave to file the attached five-page sur-reply.

## III. Conclusion

In opposing Georgia-Pacific's motion for leave to file a sur-reply, NCR apparently seeks to prevent Georgia-Pacific from discussing new and highly relevant deposition testimony (a) sought by NCR, (b) based on photographs produced by NCR after fact discovery closed, (c) taken by NCR with Georgia-Pacific's agreement, and (d) discussed and criticized in NCR's Reply. NCR's opposition to a sur-reply is, therefore, neither equitable nor reasonable, and the Court should grant Georgia-Pacific leave to file.

Dated: September 21, 2012.

          **GEORGIA-PACIFIC CONSUMER PRODUCTS, LP., FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC**

By:  /s/ Douglas M. Garrou

Peter A. Smit, Bar No. P 27886
Varnum LLP
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501
(616) 336-6000

Joseph C. Kearfott
Douglas M. Garrou
George P. Sibley, III
Hunton & Williams LLP
951 East Byrd St.
Richmond, VA 23219
(804) 788-8200

Jeffrey N. Martin
Hunton & Williams LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C.  20037
(202) 955-1500

Kathy Robb
Hunton & Williams LLP
200 Park Avenue, 52nd Floor
New York, New York  10166-0005
(212) 309-1000

Jan M. Conlin
Tara D. Falsani
Robins, Kaplan, Miller & Ciresi L.L.P.
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN  55402
(612) 349-8500

5

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 21, 2012, I electronically filed the foregoing using the ECF system, which will send notification of such filing by operation of the Court's electronic systems. Parties may access this filing via the Court's electronic system.

                                      **GEORGIA-PACIFIC CONSUMER PRODUCTS, LP., FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC**

                                      By      /s/ Douglas M. Garrou

29073.000396 EMF_US 42059131v6