IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC<br><br>    Plaintiffs,<br><br>    v.<br><br>NCR CORPORATION, INTERNATIONAL PAPER CO., and WEYERHAEUSER CO.,<br><br>    Defendants. | No: 1:11-cv-00483<br><br>Judge Robert J. Jonker |

### GEORGIA-PACIFIC'S RESPONSE TO INTERNATIONAL PAPER COMPANY'S SECOND OBJECTIONS AND MOTION TO STRIKE SUMMARY JUDGMENT EVIDENCE RELIED UPON BY GEORGIA-PACIFIC

Georgia-Pacific has shown that Defendant International Paper Co. (IP) should be held liable under CERCLA for cleanup costs that Georgia-Pacific has incurred and will continue to incur in cleaning up the Kalamazoo River superfund site. The evidence is overwhelming—IP's corporate predecessor, St. Regis Paper Co., owned the Bryant Mill, where carbonless copy paper (CCP) was recycled, resulting in the discharge of PCB-laden waste into the Bryant Mill Pond and the ultimate release into Portage Creek and the Kalamazoo River. IP's faulty "security interest" argument cannot withstand legal scrutiny. And in all events, St. Regis excluded from the lease to Allied a portion of the Bryant Mill Pond, and there is no dispute that PCBs were discharged into the pond. In sum, not only should IP's motion for summary judgment be denied, Georgia-Pacific's motion should be granted, because the material facts establishing IP's liability are not in dispute.

Like its response to Georgia-Pacific's motion for summary judgment, IP makes no meaningful effort to rebut the substantial evidence that shows why its own summary judgment motion

should be denied.  IP instead asserts the same series of meritless, non-substantive objections to Georgia-Pacific's evidence.[1]  *See* Doc No. 310 ("IP's Second Objections").  IP objects to Georgia-Pacific's reliance on expert reports; IP lodges a blunderbuss litany of objections to each and every sentence of Georgia-Pacific's response to IP's statement of facts; and IP complains that Georgia-Pacific was too argumentative in its response.   Georgia-Pacific explained in responding to IP's first round of objections why these categories of objections should be overruled.  *See* Doc. No. 309 ("GP Resp. to Objections").  Georgia-Pacific incorporates that response here.

First, with respect to IP's contention that Georgia-Pacific inappropriately relied on "unsworn" expert reports,[2] IP relies on stale law.  The 2010 Amendments to Rule 56 render objections to the use of "unsworn" expert reports spurious.  The focus of the amended rule is not on whether the evidence has been submitted in a form that would be independently admissible, but rather on whether the evidence is capable of being introduced in an admissible form at trial.  *See* GP Resp. to Objections at 2-4.  And in all events, IP's assertion that the reports are "unsworn" is simply false—each of Georgia-Pacific's experts affirmed the content of their reports under oath at deposition.  *See id.* at 4 & n.2.[3]

Second, IP's litany of non-specific objections to each and every assertion in Georgia-Pacific's response to IP's statement of facts merits little discussion.  IP's objections under Rule 401 and 403 should be overruled.[4]  Georgia-Pacific's evidence is relevant to the Phase I issues, and Georgia-Pacific trusts that the Court is capable of considering that evidence without becoming confused.  *See* GP Resp. to Objections at 6.  IP's objection under Rule 1002 should be over-

---

[1] *See* IP's Second Objections at 2 & Ex. 2.

[2] *See* IP's Second Objections at 1 & Ex. 1.

[3] Georgia-Pacific also has submitted affidavits from each of the experts that IP has challenged.  *See* GP Exs. 124, 125 and 128.

[4] *See* IP's Second Objections Ex. 2, Objections 1-13, 15-28.

ruled,[5] because Georgia-Pacific has accurately characterized each and every document on which it relies. *See* GP Resp. to Objections at 6-7. Also meritless is IP's objection that Georgia-Pacific's response "[c]ontains assertions that are not supported by citation to particular parts of materials in the record, as required by Fed. R. Civ. P. 56(c)(1)(A), and are objectionable under Fed. R. Civ. P. 56(c)(2) in that Plaintiffs have failed to establish the admissible evidence supporting such assertions."[6] *See* GP Resp. to Objections at 7-8. Georgia-Pacific has cited specific portions of numerous exhibits that irrefutably establish IP's liability. These are the same type of exhibits that IP itself has cited to support its own assertions. Why IP thinks these exhibits cannot be admitted into evidence at trial is a mystery—IP never explains the basis for its objections. The only difference between Georgia-Pacific's submission and IP's submission is an attorney affidavit that needlessly asserts that each exhibit is a true and correct copy of document produced in discovery or obtained from the files of EPA or MDEQ. If the absence of that affidavit is the basis for IP's objection, Georgia-Pacific has cured it by submitting its own affidavit to that effect. *See* Doc. No. 308.

Finally, nothing in the rules prohibits Georgia-Pacific from advocating in favor of its interpretation of the evidence. IP does not like what that evidence shows. *See* IP's Second Objections at 2-3. But the evidence is what it is, and Georgia-Pacific has not mischaracterized it.

## Conclusion

The evidence establishing IP's CERCLA liability is overwhelming. IP cannot dispute it. Its only recourse has been to lodge spurious, non-substantive objections to evidence that, for the reasons explained above and in Georgia-Pacific's response to IP's first round of objections, will

---

[5] *See* IP's Second Objections Ex. 2, Objections 5-6, 9-12, 14-15.

[6] *See* IP's Second Objections Ex. 2, Objections 1-4, 7-8, 10, 13-15, 17-26, 28.

3

be admissible at trial. IP's objections should be overruled. The Court should deny IP's motion for summary judgment and grant Georgia-Pacific's motion for summary judgment.

Dated: October 1, 2012

**GEORGIA-PACIFIC CONSUMER PRODUCTS, LP., FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC**

By: /s/ Joseph C. Kearfott

Peter A. Smit, Bar No. P 27886
Varnum LLP
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501
(616) 336-6000

Joseph C. Kearfott
Douglas M. Garrou
George P. Sibley, III
Paul T. Nyffeler
Hunton & Williams LLP
951 East Byrd St.
Richmond, VA 23219
(804) 788-8200

Jeffrey N. Martin
Djordje Petkoski
Hunton & Williams LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
(202) 955-1500

Kathy Robb
Hunton & Williams LLP
200 Park Avenue, 52nd Floor
New York, NY 10166-0005
(212) 309-1000

Jan M. Conlin
Tara D. Falsani
Robins, Kaplan, Miller & Ciresi L.L.P.
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
(612) 349-8500

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2012, I electronically filed the foregoing using the ECF system, which will send notification of such filing by operation of the Court's electronic systems. Parties may access this filing via the Court's electronic system.

                                              **GEORGIA-PACIFIC CONSUMER PRODUCTS, LP., FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC**

                                              By:  /s/ Joseph C. Kearfott