IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | No. 1:11-cv-00483 |
| v. | ) ) | Judge Robert Jonker |
| NCR CORPORATION, INTERNATIONAL PAPER CO., and WEYERHAEUSER CO., | ) ) ) ) | |
| Defendants. | ) | |

_____

**DEFENDANT NCR CORPORATION'S RESPONSE TO PLAINTIFFS'
SUBMISSION OF SUPPLEMENTAL AUTHORITY**
_____

In submitting *United States v. Dico, Inc.* as supplemental authority, GP tries again to divert the Court's attention from *Whiting*, which decided issues not merely similar but *identical* to those before the Court in this matter.[1] Unlike *Whiting*, *Dico* concerns a different product sold under different circumstances.

*Dico* merely reiterates that the determination of whether something is a useful product or a waste is based on the particular characteristics of the product at issue. *United States v. Dico, Inc.*, No. 4:10-cv-00503, 2012 WL 4361414, at *9 (S.D. Iowa, Sept. 24, 2012). To make that determination, the court in *Dico* considered whether the sale of warehouses for demolition is more analogous to the sale of used batteries or,

---

[1] Unless otherwise noted, all abbreviated terms herein are defined in the Memorandum of Law in Support of NCR's Motion for Summary Judgment (Dkt. No. 265).

instead, of used but operable transformers. *Id.* at *9-11. GP essentially argues that *Dico* provides this Court with another relevant analogy but ignores the fact that no such analogy is necessary here. In *Whiting*, after a lengthy trial that included the testimony of several elderly witnesses, Judge Griesbach squarely confronted the question of whether *CCP broke* itself is a useful product and found that it was. *Whiting* Order at 18. Even putting aside the preclusive effect of Judge Griesbach's decision, it is far more apt precedent than *Dico*; simply put, there is no product that is as analogous to CCP broke as CCP broke.

In any case, *Dico* is easily distinguishable. As noted above, *Dico* concerned the sales of derelict warehouses under contracts that specifically contemplated the demolition of the buildings and the discard of almost all of their components. *Dico*, 2012 WL 4361414, at *11. There was no demand for the warehouses and no secondary market for them, and the defendants presented no evidence at all that the sales of the warehouses were for any purpose "beyond disposing of no longer needed buildings". *Id.* In contrast, *Whiting* concerned the same exact product at issue here, which was laboriously collected, packaged and sold in the same manner, into the same established and intensely competitive market, for the purpose of making new paper products. (*See* Dkt. No. 265; Dkt. No. 311.)

To the extent *Dico* is relevant here, it is because it further refutes two legal arguments that GP advanced in opposing NCR's motion for summary judgment. First, GP argued unconvincingly that sales of useful products could sometimes be arrangements for disposal. (*See* Dkt. No. 299 at 28-29.) *Dico* further confirms, however, that arranger liability does not attach where an entity sold a useful product. *Dico*, 2012 WL 4361414,

at *12-13 ("[L]egitimate manufacturers or sellers of useful but hazardous products can successfully escape arranger liability by showing that the products in question serve a useful purpose.").  Second, GP argued incorrectly that different law governs arranger liability in different circuits.  (*See* Dkt. No. 299 at 29-32.)  *Dico* is further evidence that GP's position is untenable.  By citing the same precedent that Judge Griesbach discussed in the *Whiting* Order, *Dico* confirms that federal courts apply the same law on the issue of arranger liability.  *Compare Dico*, 2012 WL 4361414, at *8-9 (discussing the intent to dispose requirement and citing *BNSF*, *Team Enterprises* and *General Electric*), *with Whiting* Order at 12-18 (discussing these same precedents).  The same law, which now includes *Whiting*, applies in the present case.

Dated: October 16, 2012					Respectfully submitted,

							NCR CORPORATION

							/s/ Evan R. Chesler
							*Counsel for NCR Corporation*

							CRAVATH, SWAINE & MOORE LLP
							Evan R. Chesler
							Darin P. McAtee
							Worldwide Plaza, 825 Eighth Avenue
							New York, New York 10019
							Phone: (212) 474-1000
							Fax: (212) 474-3700
							echesler@cravath.com

							SIDLEY AUSTIN LLP
							Evan B. Westerfield
							One South Dearborn Street
							Chicago, Illinois 60603
							Phone: (312) 853-7000
							Fax: (312) 853-7036

							MARTEN LAW PLLC
							Linda R. Larson
							Bradley M. Marten
							1191 Second Avenue, Suite 2200
							Seattle, Washington 98101
							Phone: (206) 292-2600
							Fax: (206) 292-2601

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2012, I electronically filed Defendant NCR Corporation's Response to Plaintiffs' Submission of Supplemental Authority using the ECF system, which will send notification of such filing by operation of the Court's electronic systems. Parties may access this filing via the Court's electronic system.

FURTHERMORE, I hereby certify that on October 16, 2012, I served by electronic mail a copy of the aforementioned document upon counsel listed below:

>Dean P. Laing
>O'Neil Cannon Hollman DeJong & Laing SC
>111 E Wisconsin Ave - Ste 1400
>Milwaukee, WI 53202
>Dean.Laing@wilaw.com

>/s/ Evan R. Chesler
>*Counsel for NCR Corporation*