IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>NCR CORPORATION, INTERNATIONAL PAPER CO., and WEYERHAEUSER CO.,<br><br>　　　　Defendants. | No: 1:11-cv-00483<br><br>Judge Robert J. Jonker |

## SECOND SUPPLEMENTAL JOINT STATUS REPORT

A status conference is scheduled for October 22, 2012 at 3:00 p.m. before the Hon.

Robert J. Jonker. Appearing for the parties as counsel will be:

| | |
|---|---|
| Counsel for Georgia-Pacific Consumer Products LP, Fort James Corporation, and Georgia-Pacific LLC (collectively "Georgia-Pacific") | Peter A. Smit<br>Varnum LLP<br>Grand Rapids, MI<br><br>Joseph C. Kearfott<br>Douglas M. Garrou<br>Hunton & Williams LLP<br>Richmond, VA |
| Counsel for NCR Corporation ("NCR") | Geoffrey A. Fields<br>Dickinson Wright PLLC<br>Grand Rapids, MI<br><br>Evan R. Chesler<br>Darin P. McAtee<br>Cravath, Swaine & Moore LLP<br>New York, NY |

| | |
|---|---|
| Counsel for International Paper Co. ("International Paper" or "IP") | David W. Center<br>Clark Hill PLC<br>Grand Rapids, MI<br><br>John D. Parker<br>Baker & Hostetler LLP<br>Cleveland, OH |
| Counsel for Weyerhaeuser Company ("Weyerhaeuser") | Douglas A. Dozeman<br>Scott M. Watson<br>Warner Norcross & Judd, LLP<br>Grand Rapids, MI<br><br>Mark W. Schneider<br>J. Christopher Baird<br>Perkins Coie, LLP<br>Seattle, WA |

Preliminary Note: The parties filed on June 22, 2011 a Joint Status Report (docket # 78) and on March 15, 2012 a Supplemental Joint Status Report (docket # 173). They file this Second Supplemental Joint Status Report in order to outline the status of the case pursuant to the Court's Order of October 3, 2012 (docket # 327). Matters addressed in the Joint Status Report and the Supplemental Joint Status Report are not repeated unless an update is needed.

1. Jurisdiction. No change.

2. Jury or Non-Jury. No change.

3. Judicial Availability. No change.

4. Geographic Transfer. No change.

5. Statement of the Case. This case involves claims under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq. The parties' respective statements of the case have been set forth in the previous Joint Status Reports. In addition, the claims of Georgia-Pacific against NCR and International Paper and certain of the defenses of NCR and International Paper to those claims have been described

in some detail in the summary judgment papers filed by these parties.

As to the claims of Georgia-Pacific against Weyerhaeuser and the claims of Weyerhaeuser against Georgia-Pacific, these parties filed a Stipulation on Phase One CERCLA Liability (docket # 212) on April 19, 2012. The Court raised questions concerning this Stipulation in its Order of June 5, 2012 (docket # 220). Georgia-Pacific and Weyerhaeuser jointly responded in their Comments of Plaintiffs and Weyerhaeuser Company on Their Stipulation on Phase One CERCLA Liability (docket # 223) filed on June 11, 2012. On that same date, International Paper filed its Response to the Court's June 5, 2012 Order Regarding the Stipulation between Plaintiffs and Weyerhaeuser Company (docket # 225).

Since these filings, Georgia-Pacific and Weyerhaeuser have filed a Revised Stipulation on Phase One CERCLA Liability and Order between Plaintiffs and Weyerhaeuser Company (docket # 329). This Revised Stipulation addresses certain ambiguities noted in the Court's June 5 Order and reflects that NCR and International Paper do not object to entry of the Revised Stipulation. Georgia-Pacific and Weyerhaeuser ask that the Court "so order" the Revised Stipulation.

6. <u>Joinder of Parties and Amendment of Pleadings</u>. By Order dated March 19, 2012 (docket # 175), the Court denied Weyerhaeuser's Motion for Leave to File an Amended Answer, Counterclaim, Cross-Claims, and Third Party Complaint against MW Custom Papers, LLC. No other motions to join parties or to amend pleadings have been filed.

7. <u>Disclosures and Exchanges</u>. All parties timely filed initial disclosures in accordance with the Case Management Order. Pursuant to agreement, Georgia-Pacific and NCR each supplemented its disclosures on March 2, 2012.

8. <u>Discovery</u>. The Court's Order of March 19, 2012 (docket # 175) denied NCR's Motion to Modify the June 28, 2011, Case Management Order (docket # 136) to accommodate

an additional 90 days of fact discovery. Certain limited fact discovery was conducted pursuant to stipulation after the discovery cut-off, and certain limited expert depositions were taken pursuant to stipulation after the expert discovery cut-off. All experts for the parties have been deposed. Both fact and expert discovery have now closed.

The parties do not currently anticipate further depositions. Georgia-Pacific and NCR state, however, that it is possible that additional witnesses may be located who have relevant knowledge and whose testimony is needed at trial. If so, the parties anticipate that their agreement reflected in paragraph 8 of the Joint Status Report would apply. It states that "[t]he parties agree that depositions of third-party witnesses solely to perpetuate testimony to be used at trial may continue after the completion of fact discovery by agreement or for good cause shown."

    9.    <u>Motions</u>.

        a.    <u>Dispositive Motions</u>

Georgia-Pacific, NCR and International Paper have timely filed motions for summary judgment. Weyerhaeuser has not. The Court has scheduled argument on the motions for December 10, 2012 at 3:00 p.m. The summary judgment motions have been fully briefed. In addition, Georgia-Pacific moved for leave to file a sur-reply in response to briefing on NCR's motion for summary judgment (docket # 320). That motion, which NCR opposed (docket # 321), is pending before the Court.

As to claims against NCR, NCR has filed a motion for summary judgment. Georgia-Pacific has not. If the Court grants NCR's motion on the relevant claims, it would eliminate the need for trial as to claims against NCR. If the Court denies NCR's motion, or if the Court grants NCR's motion on some claims and denies it on others, trial of Georgia-Pacific's claims against NCR will

proceed.

As to claims against International Paper, both Georgia-Pacific and International Paper have filed motions for summary judgment. Georgia-Pacific contends that if the Court grants Georgia-Pacific's motion on either of the two grounds on which it is based, it would eliminate the need for a Phase I trial as to claims against International Paper. Georgia-Pacific further contends that International Paper's liability under Section 107 of CERCLA would be established, and no further issues would need to be resolved as to it in Phase I. If the Court denies Georgia-Pacific's motion on both grounds, whether trial would be necessary depends on the outcome of its ruling on International Paper's motion. If the Court grants International Paper's motion on all three grounds on which it is based, it would eliminate the need for trial against International Paper. If the Court, having denied Georgia-Pacific's motion, grants International Paper's motion on some grounds and denies it on others, trial of Georgia-Pacific's claims against International Paper will proceed.

International Paper agrees with the above except as noted below. First, International Paper disagrees as to what should occur if the Court denies Georgia-Pacific's motion on one ground (that International Paper is barred as a matter of law from relying on the secured creditor exemption) but grants summary judgment on the other ground (that International Paper is liable as an "owner" of a portion of the "Bryant Mill pond" onto which PCBs passively migrated during the period of its ownership related to its separate Panelyte operations). If the Court grants summary judgment to Georgia-Pacific only on the second ground, the Court should still try the issue of the "secured creditor exemption" in Phase I.

That exemption goes to whether or not St. Regis Paper Company, as the predecessor to International Paper and the owner of real property on which the Bryant Mill was located from July 1, 1956 to August 5, 1996, is an "owner" for purposes of CERCLA of the Bryant Mill for that time period, an issue so central to the basis and extent of International Paper's liability that it should be addressed in Phase I.  Second, it is International Paper's position that summary judgment can only be granted in Georgia-Pacific's favor, if Georgia-Pacific establishes the elements of its *prima facie* case.

International Paper also has filed objections and motions to strike as to exhibits relied on by Georgia-Pacific and as to portions of Georgia-Pacific's briefs in support of its own motion for summary judgment against International Paper and in opposition to International Paper's motion for summary judgment or partial summary judgment.  International Paper's objections and motions to strike are at docket nos. 301 and 310.  Georgia-Pacific's responses are at docket nos. 309 and 325.  These four filings relate directly to the summary judgment motions filed by Georgia-Pacific and International Paper.  Georgia-Pacific and International Paper agree that they should be considered in connection with the underlying summary judgment motions.

    b.  <u>Motion to Amend Case Management Order</u>

Georgia-Pacific and Weyerhaeuser requested in the Supplemental Joint Status Report (docket # 173), par. 14(A) that the Case Management Order be amended to specify in greater detail what will and will not be litigated in the trial of Phase I, scheduled to begin on February 19, 2013.  NCR and International Paper objected to this issue being raised in the Supplemental Joint Status Report.

- 6 -

*Id.*, at par. 14(B). Georgia-Pacific subsequently filed a Motion to Amend Case Management Order. NCR, International Paper and Weyerhaeuser opposed Georgia-Pacific's motion on the ground that, according to the defendants, it improperly seeks to compel statute of limitations defenses to be raised in Phase I of the litigation, contrary to the approach discussed and adopted by the Court at the June 27, 2011 status conference, which allowed but did not compel such defenses to be raised as part of Phase I. Georgia-Pacific's position is that statute of limitations issues have been a part of Phase I from the beginning.

Filings and the Court's Order relevant to Georgia-Pacific's motion are:

    i.    Plaintiffs' Motion to Amend Case Management Order (docket # 218) and supporting Memorandum (docket # 219)

    ii.    Court's Order of June 5, 2012 (docket # 220)

    iii.    Weyerhaeuser Company's Opposition to Georgia-Pacific's Motion to Amend Case Management Order (docket # 224)

    iv.    Defendant International Paper Company's Response in Opposition to Plaintiffs' Motion to Amend Case Management Order (docket # 226)

    v.    Defendant NCR Corporation's Memorandum of Law in Support of Its Opposition to Plaintiffs' Motion to Amend Case Management Order (docket # 227) and supporting Declaration of Darin P. McAtee (docket # 228)

As to other aspects of Georgia-Pacific's Motion to Amend Case Management Order, Georgia-Pacific and Weyerhaeuser state that it would be useful for the Court to enter an order further defining the issues to be tried, subject to any changes that may result on account of the Court's ruling on summary judgment motions. International Paper and NCR disagree. Their position is that these issues should be taken up as part of the pretrial process, consistent with the

following statement from the Court's June 5, 2012 Order: "The Court normally makes final decisions on issues to be tried as part of the Final Pretrial process, which normally follows dispositive motion practice - something that has not yet occurred in this case." Deferring consideration of such issues would allow them to be addressed during the pretrial efforts to stipulate to undisputed facts and identify disputed facts and thus determine the precise scope of the issues to be tried in Phase I.

Set forth below are amendments to the Case Management Order that Georgia-Pacific and Weyerhaeuser agree are appropriate and that International Paper and NCR, should the Court require such issues to be decided now, would ask the Court to consider. Certain language proposed by Georgia-Pacific is disputed. **Disputed language is in bold**.

    i.    The trial scheduled to begin on February 19, 2013 will be of Phase I. All dates set forth in the Case Management Order relate to trial of Phase I.

    ii.    The issues included in Phase I and that will be tried are:

- Whether defendant International Paper is liable under **the standards of section 107(a)** of CERCLA as alleged in the First Amended Complaint and cross-claim filed by Weyerhaeuser. **This includes:**
  - **whether International Paper (via corporate succession) was an owner or operator of one or more CERCLA facilities associated with the Bryant Mill at the Kalamazoo River Superfund Site at a time when there was a disposal of a hazardous substance;**
  - **whether there has been a release or threatened release of polychlorinated biphenyls (PCBs) from one or more of these facilities; and**

- ° **whether a release or threatened release of PCBs caused Georgia-Pacific to incur response costs.**

  International Paper objects to the language in bold, and its position is that the bolded language above be deleted.

- Whether defendant NCR is liable under the standards of section 107(a) of CERCLA as alleged in the First Amended Complaint and cross-claims filed by International Paper and Weyerhaeuser. **This includes:**

  - ° **whether NCR (via corporate succession or otherwise) is a person that by contract, agreement or otherwise arranged for disposal or treatment or arranged with a transporter for transport for disposal or treatment of PCBs that were contained in CCP wastepaper (in the form of either pre-consumer broke, trim, or rejects from coating facilities or NCR-owned converting facilities, or post-consumer CCP owned by NCR) at a facility owned or operated by another party or entity;**

  - ° **whether there has been a release or threatened release of PCBs from any such facility to the Kalamazoo River Superfund Site; and**

  - ° **whether a release or threatened release of PCBs caused Georgia-Pacific to incur response costs.**

  NCR proposes that the bolded language above be deleted.

- Affirmative defenses to liability.  These are:

  - ° International Paper's defense that it was not an owner of the Bryant Mill during the period July 1, 1956 through August 5, 1966 because of the secured creditor exemption contained in Section 101(20) of CERCLA.

      ◦    **All Defendants' defense of the statute of limitations, if any, to the extent such defense would (a) bar Plaintiffs' claims in their entirety, (b) bar any count of the First Amended Complaint, or (c) bar Plaintiffs' recovery of any specific categories or types of costs.**

Georgia-Pacific requests that Phase I include resolution of the limitations issues as described here for the reasons set forth in its motion papers listed above.

All defendants oppose inclusion of any provision that would limit their right to raise the statute of limitations defenses in other phases, as described in their opposition papers listed above.

iii.    Liability issues that will not be tried in Phase I because they are conceded include:

- Whether plaintiffs Georgia-Pacific, et al. are liable under the standards of section 107(a) of CERCLA, plaintiffs having previously admitted and stipulated to these Phase I issues for purposes of this litigation.

- Whether defendant Weyerhaeuser is liable under the standards of section 107(a) of CERCLA, Weyerhaeuser having previously stipulated to this Phase I issue for purposes of this litigation.

iv.    Other issues that will not be tried in Phase I include:

- The extent to which liability for injuries, damages and costs in connection with the Site is divisible.

- Apportionment and equitable allocation of response costs or other relief sought in this case.

- The amount, if any, of any necessary costs of response that are consistent with the national contingency plan.

- **DISPUTED**.  There are three competing proposals relating to language describing affirmative defenses that will not be tried in Phase I.  They are:

      1.     As shown above, Georgia-Pacific requests that statute of limitations and all other affirmative defenses, if any, relating to liability be resolved in Phase I.  As to affirmative defenses that will not be resolved in Phase I, Georgia-Pacific requests this language:

     °     **All affirmative defenses, if any, other than defenses going to liability.**

      2.     NCR, International Paper and Weyerhaeuser all oppose resolution of statute of limitations issues in Phase I.  Weyerhaeuser requests this language to describe what will not be litigated in Phase I:

     °     **All statute of limitations defenses and all affirmative defenses, if any, other than defenses going to liability.**

      3.     NCR and International Paper request this language to describe what will not be litigated in Phase I:

     °     **All statute of limitations defenses and all other defenses except any defenses going to whether a defendant is an owner, operator or arranger.**

    10.    <u>Alternative Dispute Resolution</u>.  The parties do not believe that a submission of this matter to alternative dispute resolution would be productive at this time.

    11.    <u>Length of Trial</u>.  The length of time that will be required to try Phase I will depend on the outcome of the various summary judgment motions.  Some guide to the amount of trial time required might be the number of expert witnesses that the parties have designated.  They are:

      Georgia-Pacific:  9 (includes 3 experts whose testimony will relate exclusively to its claims against International Paper)

      NCR:  7

      International Paper:  6

      Weyerhaeuser:  0

If all claims remain to be litigated after the summary judgment motions are decided, the parties' estimate of the time to try Phase I is approximately 2 - 4 weeks. The parties believe that the number of trial days may be shortened if they can reach a comprehensive stipulation on facts and on the admissibility of documentary evidence.

12. <u>Prospects of Settlement</u>. The parties do not believe that there are reasonable opportunities for settlement at this time.

13. <u>Electronic Document Filing System</u>. No change.

14. <u>Other Special Characteristics</u>. The trial in the Fox River Litigation before Judge Griesbach that was described in the initial Joint Status Report was completed on February 29, 2012. Findings of Fact and Conclusions of Law were issued on July 3, 2012. This decision is the basis, in part, of NCR's motion for summary judgment and has been discussed at length in the briefs relating to that motion.

15. <u>Trial Issues</u>. All parties are prepared to proceed to trial on February 19, 2013, subject to the Court's ruling on the motions for summary judgment. The parties propose a few modifications to the Final Pretrial Order from that contemplated by the Case Management Order (docket # 83) in order to streamline trial preparation. They are:

    a. <u>Proposed Findings of Fact and Conclusions of Law</u>. The parties suggest that the Proposed Findings of Fact and Conclusions of Law be submitted on an agreed schedule following trial.

    b. <u>Exhibits</u>. The parties anticipate that there may be a substantial volume of exhibits. Rather than using numbers for plaintiffs and letters for defendants to mark exhibits, the parties propose that exhibits be marked as follows:

        i. Stipulated exhibits: 1-999

      ii.      Plaintiffs: 1000-1999

      iii.     NCR Corporation: 2000-2999

      iv.     International Paper: 3000-3999

      v.      Weyerhaeuser Company: 4000-4999

    c.    <u>Exhibits - Objections</u>. To the extent that the same objection applies to multiple exhibits, the Final Pretrial Order shall include for each party a section listing separately each type of objection and the exhibits to which the objection relates. This will be in addition to a listing of exhibits by number and objections to each exhibit.

    d.    <u>Exhibits - Relevance Objections</u>. All objections to relevance under Federal Rules of Evidence 402 and 403 are reserved until trial. Such objections do not need to be included in the Final Pretrial Order. All parties propose that, should a party seek a ruling in advance of trial on the relevance of one or more subjects that are applicable to multiple exhibits, discovery responses and/or depositions, such subjects shall be identified in the Final Pretrial Order.

    e.    <u>Exhibit Books</u>. Rather than submit three sets of exhibit books in advance of the pretrial conference, the parties propose that they each submit one full set of exhibit books to the Court on the date specified in the case management order and provide witness books (containing only the exhibits to be used with each witness) to the Court (as well as to each witness, opposing counsel, etc.) before each witness examination or cross-examination begins.

    f.    <u>Order of Presentation of Evidence</u>. NCR and International Paper request that the order of evidence at trial be decided now to assist with planning for the appearances of potential witnesses, most of whom live out of state and

many of whom are elderly. Georgia-Pacific opposes the inclusion of such a paragraph at this stage, because it is premature to do so and because the order of evidence is not something that will affect preparation of the Final Pretrial Order.

NCR and International Paper propose the following language:

If all parties remain in this case after the resolution of the pending motions for summary judgment, they shall present evidence at trial in the following order:

      i.      First, Plaintiffs' case;

      ii.     Second, Weyerhaeuser's case;

      iii.    Third, International Paper's case;

      iv.    Fourth, NCR's case;

      v.     Fifth, Plaintiffs' rebuttal case, if any.

Weyerhaeuser takes no position on the question of the order of presentation of evidence. Although Weyerhaeuser may examine witnesses called by other parties, Weyerhaeuser does not anticipate putting on a case-in-chief in the liability phase.

**GEORGIA-PACIFIC CONSUMER PRODUCTS, LP., FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC**

By:   /s/ Joseph C. Kearfott

Peter A. Smit, Bar No. P 27886
Varnum LLP
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501
(616) 336-6000

Joseph C. Kearfott
Douglas M. Garrou
George P. Sibley, III
Hunton & Williams LLP
951 East Byrd St.
Richmond, VA 23219
(804) 788-8200

Jeffrey N. Martin
Hunton & Williams LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 955-1500

Kathy Robb
Hunton & Williams LLP
200 Park Avenue, 52nd Floor
New York, NY 10166-0005
(212) 309-1000

Jan M. Conlin
Tara D. Falsani
Robins, Kaplan, Miller & Ciresi L.L.P.
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
(612) 349-8500

**NCR CORPORATION**

By:  /s/ Geoffrey A. Fields

Geoffrey A. Fields
Dickinson Wright
200 Ottawa Avenue, N.W., Suite 1000
Grand Rapids, MI  49503-2427
Phone: (616) 336-1017
Fax: (616) 458-6753
gfields@dickinsonwright.com

Evan R. Chesler
Darin P. McAtee
Omid H. Nasab
Cravath, Swaine & Moore LLP
Worldwide Plaza, 825 Eighth Avenue
New York, NY  10019
Phone: (212) 474-1000
Fax: (212) 474-3700

Evan B. Westerfield
Sidley Austin LLP
One South Dearborn Street
Chicago, IL  60603
Phone: (312) 853-7000
Fax: (312) 853-7036

Linda R. Larson
Bradley M. Marten
Marten Law PLLC
1191 Second Avenue, Suite 2200
Seattle, WA  98101
Phone: (206) 292-2600
Fax: (206) 292-2601

**INTERNATIONAL PAPER COMPANY**

By:    /s/ John D. Parker

John F. Cermak, Jr.
Sonja A. Inglin
Baker & Hostetler, LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, CA  90025
Phone: (310) 820-8800
Fax: (310) 820-8859

John D. Parker
Baker & Hostetler LLP
1900 East 9th Street, Suite 3200
Cleveland, OH  44114-3482
Phone: (216) 861-7610
Fax: (216) 696- 0740

David W. Centner
Clark Hill PLC
200 Ottawa NW, Suite 500
Grand Rapids, MI  49503

**WEYERHAEUSER COMPANY**

By:    /s/  Mark W. Schneider

Mark W. Schneider
J. Christopher Baird
Michael Dunning
Karen M. McGaffey
Perkins Coie
1201 Third Avenue
Suite 4800
Seattle, WA  98101-3099

Douglas A. Dozeman
Scott M. Watson
Warner Norcross and Judd LLP
900 Fifth Third Center
111 Lyon St NW
Grand Rapids, MI  49503-2487

- 18 -

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2012 I electronically filed a true and correct copy of the foregoing using the Court's ECF System, which will send notification of such filing by operation of the Court's electronic systems to all parties. I further certify that I caused a courtesy copy of the foregoing to be sent to defense counsel via e-mail.

                                          /s/ Douglas M. Garrou