**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP,<br>FORT JAMES CORPORATION, and<br>GEORGIA-PACIFIC LLC,<br><br>                  Plaintiffs,<br><br>    v.<br><br>NCR CORPORATION,<br>INTERNATIONAL PAPER CO., and<br>WEYERHAEUSER CO.,<br><br>                  Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 1:11-CV-00483<br>)<br>)   Judge Robert J. Jonker<br>)<br>)<br>)<br>)<br>) |

**STIPULATION AND [PROPOSED] ORDER ON PRETRIAL & TRIAL PROCEDURES**

        In the interests of judicial economy, and to facilitate an efficient use of the Court's and the parties' time in advance of and during the trial scheduled to begin on February 19, 2013, for the above-captioned matter (the "February trial"),

        IT IS HEREBY STIPULATED by Plaintiffs Georgia-Pacific Consumer Products LP, Fort James Corporation and Georgia-Pacific LLC (collectively "GP") and Defendants NCR Corporation ("NCR"), International Paper Company ("IP") and Weyerhaeuser Company ("Weyerhaeuser"), through their respective counsel, as follows:

        1.    **Preliminary Trial Witness Lists:**  On or before <u>Friday, January 11, 2013</u>, Defendants and Plaintiffs shall exchange, by email, preliminary lists of witnesses whose testimony they expect to call live during the February trial or by designation from a deposition taken in this case or from trial or deposition testimony from *Appleton Papers Inc., et al. v. George A. Whiting Paper Co.*, No. 08-cv-16 (E.D. Wis.).  On or before <u>Wednesday, January 16, 2013</u>, Defendants

and Plaintiffs shall exchange, by email, supplemental lists of witnesses whose testimony taken in any other case they expect to present by designation during the February trial.  If any party plans to supplement its list after Wednesday, January 16, 2013 for any reason, it shall promptly notify the other parties, provided that all witnesses must be listed in the Final Pretrial Order, as required by the Case Management Order dated June 28, 2011.  Notwithstanding the foregoing, witnesses, if any, who will be called solely for the purpose of document authentication may be identified by Thursday, February 7, 2013.  All witness lists shall be limited in good faith to only those witnesses that each party will or may call as a witness at the February trial and shall note which witnesses are expected to be called live, which witnesses are expected to be presented through deposition videotape, and which witnesses will be presented by reading their deposition or prior trial testimony transcript.

2.      **Use of Other Testimony:**  By agreement of all the parties if such agreement is reached by Monday, January 28, 2013, the Final Pretrial Order may provide that the testimony of a witness within the subpoena power of the Court can be presented by deposition or prior trial testimony in lieu of live testimony. In the absence of the agreement of all parties, the Federal Rules of Civil Procedure and the Federal Rules of Evidence govern.  The parties agree that GP and NCR may each designate testimony from the trial testimony given and depositions taken in *Appleton Papers Inc., et al. v. George A. Whiting Paper Co.*, No. 08-cv-16 (E.D. Wis.), but only for use during GP's case against NCR and NCR's defense against GP's claims and IP's and Weyerhaeuser's cross-claims.

2

Nothing in this paragraph shall be construed to limit the right of any party to designate or offer in evidence, subject to any objections, trial or deposition testimony given in any case, including but not limited to *Appleton Papers Inc., et al. v. George A. Whiting Paper Co.*, No. 08-cv-16 (E.D. Wis.).

3.      **Motions *in Limine*:**  Motions *in limine* shall be filed in accordance with the existing timetable set by the June 28, 2011 Case Management Order.

4.      **Designations of Depositions and Other Discovery Documents:**  The schedule for exchanging designations of prior testimony (including depositions taken in this case and deposition and other testimony under oath from other cases) and from interrogatory answers and responses to requests for admission shall be as follows:

    (A)      On or before Wednesday, January 16, 2013, Plaintiffs and Defendants shall exchange, by email, initial designations of testimony from depositions taken in this case or of trial or deposition testimony from *Appleton Papers Inc., et al. v. George A. Whiting Paper Co.*, No. 08-cv-16 (E.D. Wis.) and designations from interrogatory answers and responses to requests for admission;

    (B)      On or before Friday, January 18, 2013, Plaintiffs and Defendants shall exchange, by email, initial designations of trial or deposition testimony from any other case;

    (C)      On or before Thursday, January 24, 2013, Plaintiffs and Defendants shall exchange, by email, counter-designations and objections; and

3

(D)     On or before <u>Monday, January 28, 2013</u>, Plaintiffs and Defendants shall exchange, by email, counter-counter designations and counter-objections.

5.     **Intended Trial Exhibits:**   The schedule for exchanging intended trial exhibits shall be as follows:

(A)     On or before <u>Wednesday, January 16, 2013</u>, Plaintiffs and Defendants shall exchange, by email, lists of preliminary intended trial exhibits;

(B)     On or before <u>Monday, January 28, 2013</u>, Plaintiffs and Defendants shall exchange, by email, objections to the intended trial exhibits.  If any party supplements its intended trial exhibit list after Wednesday, January 16, 2013, it shall promptly notify the other parties (all exhibits must be listed in the Final Pretrial Order, as required by the Case Management Order dated June 28, 2011);

(C)     The parties anticipate that there may be a substantial volume of exhibits.  Rather than using numbers for plaintiffs and letters for defendants to mark exhibits, exhibits shall be marked as follows:

> **Stipulated exhibits:  1-999**
>
> **Plaintiffs:  1000-1999**
>
> **NCR Corporation:  2000-2999**
>
> **International Paper:  3000-4999**
>
> **Weyerhaeuser Company:  5000-5999**

4

(D)     Rather than submit three sets of exhibit books in advance of the Final Pretrial Conference, the parties agree that each will submit one full set of exhibit books to the Court on the date specified in the Case Management Order and provide witness books (containing only the exhibits to be used with each witness) to the Court (as well as to each witness and opposing counsel) before each witness examination or cross-examination begins;

(E)     All unobjected-to intended trial exhibits listed by the parties shall be deemed admitted when offered by either side during trial. Notwithstanding the foregoing, Plaintiffs and Defendants agree that objections based on relevance are reserved for trial and need not be asserted as set forth above;

(F)     Subject to any objections, Plaintiffs may offer any exhibit during trial that appears on their list or on Defendants' list(s);

(G)     Subject to any objections, Defendants may offer any exhibit during trial that appears on their list(s), on Plaintiffs' list or on another Defendant's list; and

(H)     Demonstratives and exhibits to be used solely for impeachment do not need to be included on the lists of intended trial exhibits.

6.     **Objections to Exhibits:**

(A)     To the extent that the same objection applies to multiple exhibits, the Final Pretrial Order shall include for each party a section listing separately each type of objection and the exhibits to which the objection

5

relates.  This will be in addition to a listing of exhibits by number and objections to each exhibit.

(B)	All objections to relevance under Federal Rules of Evidence 402 and 403 are reserved until trial.  Such objections do not need to be included in the Final Pretrial Order.  All parties propose that, should a party seek a ruling in advance of trial on the relevance of one or more subjects that are applicable to multiple exhibits, discovery responses and/or depositions, such subjects shall be identified in the Final Pretrial Order.

**7.**	**Preliminary Deadlines:**  The deadlines set forth above for exchanging witness lists, deposition designations and objections and intended trial exhibits and objections may be changed by the agreement of the parties unless such deadlines are specified by the June 28, 2011 Case Management Order (Dkt. No. 83).

8.	**Final Pretrial Order:**  Plaintiffs shall provide a draft of the proposed Final Pretrial Order to Defendants, by email, on or before Monday, January 21, 2013.  Defendants shall incorporate their sections into the draft and provide any other comments to Plaintiffs on or before Friday, January 25, 2013.  Defendants and Plaintiffs shall then meet and confer about the report as needed and shall add deposition designations and intended trial exhibits and objections to the draft as these items are completed.  On or before Wednesday, January 30, 2013, Defendants and Plaintiffs shall jointly file the proposed order.  The report shall

6

include the following, pursuant to the June 28, 2011 Case Management Order

(Dkt. No. 83), as amended by agreement of the parties:

(A)     A list of all counsel who will attend the pretrial conference;

(B)     A list of the intended trial exhibits, which shall be numbered as

proposed by the parties above, along with any objections to those exhibits.

(C)     A list of stipulated facts, if any;

(D)     A concise statement of the factual issues remaining to be

determined and issues of law for the Court's determination, not to exceed

four pages.  All parties shall work in good faith to prepare a joint

summary.  If agreement cannot be reached, the parties shall have the

option of preparing separate summaries, not to exceed two pages for

Plaintiffs and two pages for each of the Defendants.

(E)     The names, addresses and telephone numbers of all non-expert

witnesses expected to testify (except those non-expert witnesses who may

be called for impeachment purposes only).   The list shall indicate whether

they are expected to testify in person, by deposition videotape or by

deposition transcript; shall list all objections to each witness' anticipated

testimony; and shall indicate whether the witness will be called or merely

may be called to testify.  Any witness not listed will not be permitted to

testify absent a showing of good cause; and

       i.     Plaintiffs may present any witness during trial who appears

           on their list or on Defendants' list(s);

7

ii.      Defendants may present any witness during trial who appears on their list(s), on Plaintiffs' list or on another Defendant's list;

(F)      The names, addresses and telephone numbers of all expert witnesses expected to testify and a brief summary of their qualifications and a statement of the field in which they are offered as experts.  The list shall indicate whether they are expected to testify in person, by deposition videotape or by deposition transcript; shall list all objections to each witness' anticipated testimony and qualifications; and shall indicate whether the witness will be called or merely may be called to testify.

(G)      Designations, counter-designations and counter-counter designations, along with any objections to those designations, of all depositions or portions of transcripts or other recordings of depositions to be offered in evidence as part of this trial; and

(H)      An estimate of total length of trial.

9.      **Pretrial Briefs:**  Any pretrial briefs are due on or before <u>Wednesday, January 30, 2013</u>.  There shall be no rebuttal pretrial briefs.

10.      **Pretrial Conference:**  On <u>Monday, February 4, 2013</u>, at 3:00 p.m., a final pretrial conference will be held before Judge Jonker.

11.      **Trial Schedule:**  Consistent with the Court's procedures and subject to the Court's approval, the parties propose the following trial schedule:

(A)     This case shall be called for trial on <u>Tuesday, February 19, 2013</u>, at

8:30 a.m., in the United State Courthouse, 699 Ford Federal Building,

110 Michigan, NW, Grand Rapids, Michigan;

(B)     Trial shall begin each morning at 9 a.m., unless otherwise directed by the

Court;

(C)     The parties shall discuss the maximum length of the trial after the Court

has ruled on the motions for summary judgment.

12.     **Notification of Witness Testimony:**  Defendants and Plaintiffs shall

notify each other in advance of when any particular fact or expert witness will be

called live, as well as of the order in which witnesses will be called on that

particular trial day.  Such notification will be given by at least 1 p.m. on the

second day before the day when such witness will be called.

13.     **Expert Testimony:**

(A)     Defendants and Plaintiffs shall have the option but not the

obligation to present a written statement prepared by an expert witness,

which may consist of or include the witness' expert report in this case, in

lieu of live direct testimony of that expert;

(B)     All prepared written statements must be provided to the other side

by at least 1 p.m. on the second day before the day when the statement

will be presented to the Court;

(C)     Any objections to a written statement shall be made at the time the

statement is presented to the Court; and

9

(D)     Defendants and Plaintiffs agree to make any testifying expert witness available for cross-examination regardless of whether the expert's direct testimony is presented via written statement or live.

14.     **Exchange of Demonstrative Exhibits:**  Defendants and Plaintiffs shall provide the other side with any demonstrative exhibit in advance of when that demonstrative exhibit will be used at trial.  Such exchange will occur by at least 1 p.m. on the second day before the day when such demonstrative exhibit will be used.

15.     **Trial Equipment:**  Defendants and Plaintiffs shall share the cost of any audio-visual equipment that both sides intend to use at trial.  The parties shall work together and with the Court in advance of trial to make the necessary arrangements.

16.     **Post-Trial Submissions:**

 (A)     Each party shall file proposed findings of fact and conclusions of law within 30 calendar days from the date that trial is adjourned;

 (B)     Within 21 calendar days of the filing of the proposed findings of fact and conclusions of law, each party may file a response;

 (C)     The parties will discuss page limits for all post-trial briefing with the Court after the motions for summary judgment are decided; and

 (D)     The briefs shall comply with Local Civil Rule 10 unless otherwise agreed by the parties.

Dated:  January 11, 2013

**GEORGIA-PACIFIC CONSUMER PRODUCTS, LP., FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC**

By:    /s/ Joseph C. Kearfott

Peter A. Smit, Bar No. P 27886
Varnum LLP
Bridgewater Place, P.O. Box 352
Grand Rapids, MI  49501
(616) 336-6000

Joseph C. Kearfott
Douglas M. Garrou
George P. Sibley, III
Hunton & Williams LLP
951 East Byrd St.
Richmond, VA  23219
(804) 788-8200

Jeffrey N. Martin
Hunton & Williams LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 955-1500

Kathy Robb
Hunton & Williams LLP
200 Park Avenue, 52nd Floor
New York, NY  10166-0005
(212) 309-1000

Jan M. Conlin
Tara D. Falsani
Robins, Kaplan, Miller & Ciresi L.L.P.
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN  55402
(612) 349-8500

**NCR CORPORATION**

By: ___/s/ Darin P. McAtee_____

Geoffrey A. Fields
Dickinson Wright
200 Ottawa Avenue, N.W., Suite 1000
Grand Rapids, MI  49503-2427
Phone: (616) 336-1017
Fax: (616) 458-6753
gfields@dickinsonwright.com

Evan R. Chesler
Darin P. McAtee
Omid H. Nasab
Cravath, Swaine & Moore LLP
Worldwide Plaza, 825 Eighth Avenue
New York, NY  10019
Phone: (212) 474-1000
Fax: (212) 474-3700

Evan B. Westerfield
Sidley Austin LLP
One South Dearborn Street
Chicago, IL  60603
Phone: (312) 853-7000
Fax: (312) 853-7036

Linda R. Larson
Bradley M. Marten
Marten Law PLLC
1191 Second Avenue, Suite 2200
Seattle, WA  98101
Phone: (206) 292-2600
Fax: (206) 292-2601

**INTERNATIONAL PAPER COMPANY**

By:  ___/s/ John D. Parker_____

John F. Cermak, Jr.
Sonja A. Inglin
Baker & Hostetler, LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, CA  90025
Phone: (310) 820-8800
Fax: (310) 820-8859

John D. Parker
Baker & Hostetler LLP
1900 East 9th Street, Suite 3200
Cleveland, OH  44114-3482
Phone: (216) 861-7610
Fax: (216) 696- 0740

David W. Centner
Clark Hill PLC
200 Ottawa NW, Suite 500
Grand Rapids, MI  49503

**WEYERHAEUSER COMPANY**

By:    /s/  Mark W. Schneider

Mark W. Schneider
J. Christopher Baird
Michael Dunning
Karen M. McGaffey
Perkins Coie
1201 Third Avenue
Suite 4800
Seattle, WA  98101-3099

Douglas A. Dozeman
Scott M. Watson
Warner Norcross and Judd LLP
900 Fifth Third Center
111 Lyon St NW
Grand Rapids, MI  49503-2487

The foregoing Stipulation is hereby approved and so ORDERED.

_____          Dated:  _____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 11, 2013, I electronically filed the Stipulation and

[Proposed] Order on Pretrial & Trial Procedures using the ECF system, which will send

notification of such filing by operation of the Court's electronic systems. Parties may access this

filing via the Court's electronic system.

FURTHERMORE, I hereby certify that on January 11, 2013, I served by

electronic mail a copy of the aforementioned document upon counsel listed below:

> Dean P. Laing
> O'Neil Cannon Hollman DeJong & Laing SC
> 111 E Wisconsin Ave - Ste 1400
> Milwaukee, WI 53202
> Dean.Laing@wilaw.com

Dated: January 11, 2013                                NCR CORPORATION

                                                       /s/ Darin P. McAtee
                                                           Darin P. McAtee

15