UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGIA-PACIFIC CONSUMER
PRODUCTS LP,
FORT JAMES CORPORATION, and
GEORGIA-PACIFIC LLC,

      Plaintiffs,

v.

NCR CORPORATION,
INTERNATIONAL PAPER CO., and
WEYERHAEUSER CO.,

      Defendants.
_____/

CASE NO. 1:11-CV-483

HON. ROBERT J. JONKER

## ORDER

This matter is before the Court on Plaintiffs' Motion for a Telephone Status Conference (docket # 341) and a proposed stipulation and order of the parties on pretrial and trial procedures (docket # 342). The Court also has under advisement multiple dispositive motions argued on December 10, 2012. Bench trial on liability is set for February 19, 2013, and final pretrial conference for February 4, 2013. The Court still expects to rule on the pending dispositive motions in time to allow the parties to prepare for a final pretrial conference and for trial of any remaining liability issues. The Court does not believe a telephone – or even an in person – status conference will be of much practical use before final pretrial conference. Accordingly, the Motion for Telephone Status Conference is **DENIED**. The issues noted in the motion can and should be discussed in the context of a final pretrial conference that addresses any remaining issues for trial.

The parties' proposed order on Pretrial and Trial Procedures is premature to the extent it addresses trial procedures. Those issues will be addressed and resolved in the final pretrial

conference process. As to matters regarding preparation of the proposed final pretrial Order, the stipulation spells out proposals that make good practical sense but that do not need or benefit from court-imposed and supervised deadlines. The parties can – and obviously already are – working together as necessary to get the information compiled for the proposed final pretrial Order – necessarily a joint project. Accordingly, the Court declines to enter the parties' proposed order at this time.

The Court will offer comments on several matters in hopes of helping the parties work toward a useful final pretrial conference. First, a bench trial allows great flexibility in the presentation of evidence. The Court does not plan to sit through hours of video depositions and document readings; rather, parties should focus their trial preparations on live witness testimony and the genuinely key bits of documents and recorded testimony that will help the Court understand a party's case. Evidence the Court can read more efficiently on its own can and should be designated and may not have to be presented in open Court. Second, in any trial – bench or jury – the Court and the Court Rules place a high premium on live testimony from available witnesses, and so the Court rarely permits recorded testimony when a live witness is under a party's control or within the subpoena power of the Court. Finally, the Court has no objection to an exhibit numbering protocol such as the one suggested by the parties in paragraph 5(C).

**IT IS SO ORDERED**.


Dated:     January 16, 2013              /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         UNITED STATES DISTRICT JUDGE