IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC,<br><br>Plaintiffs,<br><br>v.<br><br>NCR CORPORATION, INTERNATIONAL PAPER CO., and WEYERHAEUSER CO.,<br><br>Defendants. | No. 1:11-cv-00483<br><br>Judge Robert J. Jonker |

**DECLARATION OF DARIN P. MCATEE IN SUPPORT OF NCR CORPORATION'S MOTION *IN LIMINE* TO EXCLUDE TRIAL EXHIBITS 1239 AND 1240**

I, DARIN P. McATEE, declare as follows:

1. I am a member of the firm of Cravath, Swaine & Moore LLP, and I am one of the attorneys representing Defendant NCR Corporation ("NCR") in the above-captioned action. I am admitted to practice in the Western District of Michigan.

2. I submit this Declaration in Support of NCR Corporation's Motion *in Limine* to Exclude Trial Exhibits 1239 and 1240.

3. Attached hereto as Exhibit 1 are two copies of a letter dated May 19, 1965 (the "WT Letter"), the authenticity and accuracy of which NCR disputes.

4. Attached hereto as Exhibit 2 is a true and correct copy of the one-page signed and notarized Affidavit of Fred T. Heinritz, dated March 26, 2010, attaching a copy of

the WT Letter described in Paragraph 3 herein.  Mr. Heinritz does not recall writing the WT Letter.

   5. Attached hereto as <u>Exhibit 3</u> is a true and correct copy of the transcript of the Deposition of Fred T. Heinritz, dated June 22, 2010, which was taken in the matter of *Georgia-Pacific LLC & United States v. NCR Corp. & Fred T. Heinritz*, No. 10-mc-22 (E.D. Wis.).

   6. Attached hereto as <u>Exhibit 4</u> is a true and correct copy of the six-page signed Declaration of John Gough, dated August 2, 2011, attaching numerous documents.  The Declaration and attachments are Bates-stamped KZ00000001 through KZ00000092.

   7. Attached hereto as <u>Exhibit 5</u> is a true and correct copy of excerpts of the transcript of the Deposition of John Gough, dated October 20, 2011, which was taken in the matter of *Appleton Papers Inc. & NCR Corp. v. George A. Whiting Co., et al.*, No. 08-cv-16 (E.D. Wis.).

   8. Attached hereto as <u>Exhibit 6</u> is a true and correct copy of the four-page signed Declaration of Stacey E. Taylor, dated November 2, 2011, and a one-page signed Clarification to the Declaration of Stacey E. Taylor, dated December 7, 2011.

   9. Attached hereto as <u>Exhibit 7</u> is a true and correct copy of excerpts of the transcript of the Deposition of Richard Morris Bennett, dated January 12, 2012, which was taken in the above-captioned matter.

   10. The Declaration of John Gough, which is described in Paragraph 6 herein, included seven exhibits, labeled A through G.  According to the Declaration, Exhibit E is a composite of "documents from Butler's Court bearing numbers in the bottom right hand corner of BCFOX00007055 through BCFOX00007075", which are purportedly "organized

sequentially . . . [in] the same order in which these documents were located on the microfilm files retrieved from Butler's Court". (Ex. 4 (Gough Decl.) ¶ 13.) Exhibit E to the Declaration of John Gough includes 12 letters that purport to be from Appleton Coated Paper Company ("ACPC") to Wiggins Teape Research & Development Ltd. ("Wiggins Teape"). One of the 12 letters is the WT Letter, which is also attached as Exhibit C to the Declaration of John Gough. Some of the letters in Exhibit E are dated before May 19, 1965 (the date of the WT Letter), and some are dated after. *See* KZ00000034-35 (January 11, 1965); 36-37 (January 25, 1965); 39 (February 2, 1965); 40 (March 16, 1965); 41 (May 3, 1965); 43 (April 8, 1965, containing a "COPIED" stamp); 44-45 (April 26, 1965); 47 (May 20, 1965); 48 (May 3, 1965); 50 (July 30, 1965, containing a "COPIED" stamp); 53-54 (July 28, 1965).

       The WT Letter is the only letter purportedly from ACPC that appears to be retyped. All of the other letters in Exhibit B are on ACPC letterhead and include a real (as opposed to typed) signature. According to Mr. Gough, an "original letter would be maintained in the recipient's hardcopy files". (Ex. 4 (Gough Decl.) ¶ 16.) Thus, the 11 letters on ACPC letterhead in Exhibit E to his Declaration may be photocopied, which suggests that Mr. Gough may have been mistaken about the date that Wiggins Teape obtained a photocopier. (*See* Ex. 5 (Gough Dep. 2011) at 116:25-117:6.) Aside from the WT Letter, there are no other letters attached to the Declaration of John Gough that appear to be manually retyped.

       11.    Xerox photocopiers were available in 1965. Attached hereto as <u>Exhibit 8</u> is a true and correct copy of certain Timeline Highlights from Xexox.com, *available at* www.xerox.com/about-xerox/history-timeline/enus.html (last visited Jan. 28, 2013). For the year 1959 (highlighted in Exhibit 8), the website states: "The fast, economical

Xerox 914—the first automatic, plain-paper commercial copier—is announced to the public on September 19 in a televised demonstration and subsequently revolutionizes the industry." Attached hereto as Exhibit 9 is a true and correct copy of an article entitled, "The #@*!#*! office copier turns 50", dated March 30, 2010, *available at* www.cnn.com/2010/TECH/03/30/xerox.copier.turns.50/index.html (last visited Jan. 28, 2013). The article states: "In 1959, Haloid Xerox's annual revenues were $32 million. By 1962, two years after the 914 hit the market, they had more than tripled."

      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 28, 2013.

                                                                     _____
                                                                     Darin P. McAtee
                                                                     *Counsel for NCR Corporation*

CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza, 825 Eighth Avenue
New York, New York 10019
Phone: (212) 474-1000
Fax: (212) 474-3700
dmcatee@cravath.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2013, I electronically filed the Declaration of Darin P. McAtee in Support of NCR Corporation's Motion *in Limine* to Exclude Trial Exhibits 1239 and 1240 using the ECF system, which will send notification of such filing by operation of the Court's electronic systems. Parties may access this filing via the Court's electronic system.

FURTHERMORE, I hereby certify that on January 28, 2013, I served by electronic mail a copy of the aforementioned document upon counsel listed below:

>Dean P. Laing
>O'Neil Cannon Hollman DeJong & Laing SC
>111 E. Wisconsin Ave, Suite 1400
>Milwaukee, WI 53202
>Dean.Laing@wilaw.com

/s/ Darin P. McAtee

*Counsel for NCR Corporation*