### UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS, LP, FORT JAMES CORPORATION, and GEORGIA-PACIFIC, LLC, | Civil Action No. 1:11-cv-483 |
| Plaintiffs, | Judge Robert J. Jonker |
| v. | |
| NCR CORPORATION, INTERNATIONAL PAPER COMPANY, and WEYERHAEUSER COMPANY, | |
| Defendants. | |

## DEFENDANT AND CROSSDEFENDANT WEYERHAEUSER COMPANY'S TRIAL BRIEF

## I.      INTRODUCTION

Weyerhaeuser does not expect to say much at the upcoming trial on the CERCLA liability of IP and NCR.  Weyerhaeuser has stipulated to certain elements of liability, so it will not need to defend against G-P's claims in this phase of the litigation.  Additionally, because Weyerhaeuser's cross-claims against NCR and IP depend entirely on G-P establishing that those parties are liable in the first place, Weyerhaeuser will not put on an affirmative case at the Phase I trial.  Weyerhaeuser expects that its participation will be limited to preserving the record for the upcoming allocation phase of the litigation and opposing any effort by G-P to require statute of limitations issues to be resolved in this phase.

## II.      FACTS

Weyerhaeuser is in this case because it owned, for a relatively short time, a paper mill in Plainwell, Michigan (the "Plain well mill").  The Plainwell mill is fourteen miles downstream of G-P's paper mills on the Kalamazoo River and the Bryant mill, which IP's

predecessor owned and operated. The Plainwell mill is at most a very small contributor to the larger Allied Paper, Inc./Portage Creek/Kalamazoo River Superfund Site ("Site") that includes several former paper mill properties, associated landfills and disposal areas, an 80-mile stretch of the Kalamazoo River, and three miles of Portage Creek.

G-P has asserted claims under CERCLA sections 107 and 113 against Weyerhaeuser, NCR, and IP. G-P and Weyerhaeuser have stipulated to certain elements of liability. Weyerhaeuser has admitted that the Plainwell mill recycled PCB-containing paper and inadvertently released PCBs into the Kalamazoo River. G-P has similarly admitted that the Kalamazoo and Hawthorne mills recycled PCB-containing paper and released PCBs into the river. Although the Plainwell mill is fourteen miles downriver of the G-P mills, it appears that G-P is seeking to recover some costs spent to respond to contamination in areas upstream of the Plainwell mill.

Because this phase of the litigation is limited to liability issues, discovery has been similarly limited. For example, although there has been discovery on whether several of the mills recycled PCB-containing carbonless copy paper, there has not been discovery on, among other things, the amount of PCB-containing paper that the mills recycled.

Additionally, although G-P seeks to recover nearly $80 million in alleged response costs for its work at the Site, G-P has not demonstrated how, where, or when it incurred these costs, or even whether these costs are recoverable under CERCLA. In fact, despite Weyerhaeuser's narrow discovery requests, G-P has not provided a breakdown of its costs by operable unit, river segment, or time period in which they were allegedly incurred. *See* Georgia-Pacific's Responses to Defendant Weyerhaeuser Company's First Requests for the Production of Documents; *see also* Georgia-Pacific's Answers and Objections to Defendant NCR Corporation's Second Set of Interrogatories. G-P objected to discovery requests seeking a breakdown of costs, stating that the requests were "outside the scope of discovery

permissible in Phase I of this action, as issues pertaining to the amount and recoverability of claimed costs have been reserved for trial in Phase II of this action." *See* Georgia-Pacific's Responses to Defendant Weyerhaeuser Company's First Requests for the Production of Documents (Response to Request for Production #1); Georgia-Pacific's Answers and Objections to Defendant NCR Corporation's Second Set of Interrogatories (Answer to Interrogatory #2).

## III.    ARGUMENT

### A.    Weyerhaeuser's Role at Trial

Weyerhaeuser has asserted CERCLA claims against G-P, IP and NCR, but it will not put on an affirmative case at trial.  Weyerhaeuser's claims are designed to ensure that an equitable allocation among all liable parties occurs in a later phase of the case, and they are arguably necessary because of the uncertain nature of G-P's claims.

G-P has asserted claims against Weyerhaeuser, NCR, and IP under CERCLA sections 113 (contribution) and 107 (cost recovery).  The law is well-settled that in CERCLA section 113 contribution actions among liable parties, liability is several only**.** *Centerior Serv. Co. v. Acme Scrap Iron & Metal Corp.*, 153 F.3d 344, 348 (6th Cir. 1998), *overruled on other grounds by United States v. Atl. Research Corp.*, 551 U.S. 128, 127 S.Ct. 2331 (2007).  To the extent that G-P's claims are under section 113, Weyerhaeuser's liability to G-P, if any, is several only, and Weyerhaeuser's section 113 contribution counterclaim against G-P and cross-claims against IP and NCR may be unnecessary.

The law is less clear regarding section 107 claims.  Preliminarily, it is unsettled whether a liable party may recover costs incurred pursuant to an agreement with EPA under section 107, 113 or both.  *Atl. Research Corp.*, 551 U.S. at 139 n.6 ("We do not decide whether these compelled costs are recoverable under § 113(f), § 107(a), or both.").  And, although section 107 allows for the imposition of joint and several liability under some

circumstances, G-P's first amended complaint does not ask the Court to impose joint and several liability here.  However, to the extent that section 107 does not provide a definite mechanism for equitably allocating response costs among all liable parties, Weyerhaeuser's counterclaim and cross-claim are intended to ensure that an equitable allocation occurs.

**B.**     **Scope of the Trial**

Before Weyerhaeuser was added as a defendant in this action, the other parties urged, and the Court agreed, that the first phase of trial would be limited to determining the liability of each party.  *See* Joint Status Report (Dkt. #78), at 9 ("Georgia-Pacific proposes that the case be heard in three stages, with the first phase deciding the issue of whether NCR, IP and Weyerhaeuser are liable under the standards of section 107(a) of CERCLA.").  Because of the narrow focus of this stage of the litigation, there has been almost no discovery on issues that may be relevant to allocation issues and G-P's claimed costs.

Courts typically consider a variety of equitable factors in CERCLA section 113 contribution actions, one of which is the amount of hazardous substances released by each party.  *United States v. R.W. Meyer, Inc.*, 932 F.2d 568, 576 (6th Cir. 1991) (recognizing courts' frequent use of "Gore Factors," including consideration of the amount of hazardous waste involved); *AlliedSignal, Inc. v. Amcast Intern. Corp.*, 177 F. Supp. 2d 713, 751 (S.D. Ohio 2001) (allocating response costs on the basis of the parties' relative contributions of contaminants).  In the course of the upcoming trial, some witnesses or documents may suggest that particular mills recycled NCR broke containing PCBs.  Although there has been extensive discovery on whether any of the mills recycled NCR broke, the record is not fully developed on how much NCR broke or other PCB-containing paper each mill recycled or the amount of PCBs each mill released.  Therefore, it would be inappropriate for any of the parties to assert during this phase of trial that any mill is responsible for a certain amount of PCB releases to the Site.

The record regarding G-P's claimed response costs is similarly undeveloped, which precludes litigation of statute of limitations issues at this time. Relying on the Joint Status Report and the transcript of the Joint Scheduling Conference, Weyerhaeuser conducted limited discovery with respect to G-P's claimed costs, which consisted of one set of interrogatories and requests for production. G-P objected to those requests. From the limited information it did provide, it is impossible to determine what costs G-P seeks to recover, whether those costs are recoverable under CERCLA, or when G-P incurred those costs. Although it is impossible to determine where G-P incurred those costs or the relative distribution of those costs along the river, it appears that G-P is seeking to recover costs associated with cleanup activities upstream of the Plainwell mill.

Nevertheless, G-P's motion to amend the Case Management Order, which would require statute of limitations issues to be litigated now, is still pending. *See* Plaintiffs' Motion to Amend Case Management Order (Dkt. #218). G-P agrees that other cost issues should be reserved for later in the case; in fact, it has listed only three (of presumably thousands) invoices on its exhibit list for the Phase I trial. For the reasons explained more fully in Weyerhaeuser's opposition to G-P's motion, statute of limitations issues should be litigated in Phase II with the other cost recovery issues. *See* Weyerhaeuser Company's Opposition to Georgia-Pacific's Motion to Amend Case Management Order (Dkt. #224). Litigating statute of limitations issues during Phase I, with an incomplete record, would be inefficient and inconsistent with the schedule established by the Court.

## IV.    CONCLUSION

Because Phase I of this action is limited to the issues of NCR's liability as an arranger and IP's liability as a past owner and operator, Weyerhaeuser does not anticipate introducing evidence at the upcoming trial. Instead, it will participate in the trial to the extent necessary to ensure that an equitable allocation among all liable parties occurs at a later phase of

litigation, after the Court determines which parties are liable, and that statute of limitations issues are reserved for later in this litigation as well.

DATED: January 30, 2013                 **WEYERHAEUSER COMPANY**

By:  /s/ Mark W. Schneider

**PERKINS COIE** LLP
Mark W. Schneider, WA Bar No. 14105
MWSchneider@perkinscoie.com
Karen M. McGaffey, WA Bar No. 20535
KMcGaffey@perkinscoie.com
J. Christopher Baird, WA Bar No. 38944
JCBaird@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

**Warner Norcross & Judd, LLP**
Douglas A. Dozeman, MI Bar No. P35781
ddozeman@wnj.com
Scott M. Watson, MI Bar No. P70185
swatson@wnj.com
900 Fifth Third Center
111 Lyon St. N.W.
Grand Rapids, MI 49503-2487
Telephone:  616.752.2000
Facsimile:  616.752.2500

Attorneys for Defendant and Crossdefendant
Weyerhaeuser Company

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 30, 2013, I electronically filed the foregoing using the ECF system, which will send notification of such filing by operation of the Court's electronic systems.  Parties may access this filing via the Court's electronic system.


By:  <u>   /s/ Mark W. Schneider               </u>