IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC<br><br>      Plaintiffs,<br><br>    v.<br><br>NCR CORPORATION, INTERNATIONAL PAPER CO., and WEYERHAEUSER CO.,<br><br>      Defendants. | No: 1:11-cv-00483<br><br>Judge Robert J. Jonker |

### PLAINTIFFS' RESPONSE TO NCR CORPORATION'S MOTION FOR ADDITIONAL TRIAL TIME

This matter is scheduled for trial to the Court beginning on February 19, 2013. The parties submitted a "[Proposed] Final Pretrial Order" (Doc. #360) on January 30, 2013. Under paragraph 6, "Length of Trial," counsel stated:

> Counsel estimate the trial will last approximately 14-15 full days, allocated as follows: 6-7 for Plaintiffs' case, which includes one day of expected rebuttal in response to Defendant International Paper's case; 4 days for Defendant NCR's case; and 4 days Defendant International Paper's case.

[Proposed] Final Pretrial Order (Doc. #360, ¶ 6).

The Final Pretrial was conducted before this Court on February 4, 2013. At the Final Pretrial, the Court indicated that the length of trial projected by the parties in the [Proposed] Final Pretrial Order was longer than the Court envisioned. The Court stated further that it believed that a time limitation of 18 hours for Plaintiffs' case and 10 hours each for International Paper's case and NCR's case would be more appropriate. Counsel for Plaintiffs stated that Plaintiffs' action really consists of two independent lawsuits: one against International Paper and

the other against NCR. Counsel went on to state that Plaintiffs genuinely believe that, given the breadth and complexity of those two cases, 40 hours would be necessary to provide the Court with a full presentation of the evidence. Counsel for NCR replied that NCR's position was that time should be allocated 40% to Plaintiffs and 60% to the Defendants cumulatively. Given the Court's allotment of 18 hours to Plaintiffs, NCR asked for 27 hours for the Defendants, split 13 1/2 to International Paper and 13 1/2 to NCR.

This Court issued its Order (Doc. #368) on February 7, 2013. It increased its initial estimate from 18 hours to 25 hours for Plaintiffs and increased each Defendant from 10 hours to 12 1/2 hours, thus splitting the time equally between Plaintiffs and Defendants.

Plaintiffs were understandably disappointed that a case they believe will take approximately 40 hours to present is being limited to 25 hours of proofs. As the Court would expect and has now learned, Defendants are also unhappy with their allotment. Plaintiffs have spent the time since this Court's Order productively, reviewing testimony, exhibits, and planned examinations in an attempt to fit them within the Court's parameters.

Defendant NCR has now moved this Court to reconsider its Order and increase NCR's allotment by an additional 3 hours. NCR provides its own analysis of the various witnesses and proofs and states: ". . .[T]he current time limits would require NCR to sacrifice substantive and highly relevant cross-examination and affirmative trial testimony." Plaintiffs could make a similar argument in an attempt to increase their 25 hours to something closer to the 40 hours they believed necessary to present its case. Obviously, all parties will have to make some difficult decisions and make some sacrifices to fit within this Court's time limitations. Any representations by NCR as to how Plaintiffs may "trim" their case is pure conjecture.

The bottom line is that this Court has set forth time limitations it believes the parties can meet to present their cases. None of the parties is happy with those limitations. Those limitations are much closer to NCR's estimate than to the 40 hours sought by Plaintiffs. Plaintiffs will live within this Court's limitations and only ask that the Court have the other parties do the same.

Dated: February 12, 2013

                        **GEORGIA-PACIFIC CONSUMER PRODUCTS, LP., FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC**

                        By: /s/ Peter A. Smit
                        Peter A. Smit (P27886)
                        Varnum LLP
                        Bridgewater Place, P.O. Box 352
                        Grand Rapids, MI 49501
                        (616) 336-6000

                        Joseph C. Kearfott
                        Douglas M. Garrou
                        George P. Sibley, III
                        Hunton & Williams LLP
                        951 East Byrd St.
                        Richmond, VA 23219
                        (804) 788-8200

                        Jeffrey N. Martin
                        Hunton & Williams LLP
                        2200 Pennsylvania Avenue, N.W.
                        Washington, D.C. 20037
                        (202) 955-1500

                        Kathy Robb
                        Hunton & Williams LLP
                        200 Park Avenue, 52nd Floor
                        New York, New York 10166-0005
                        (212) 309-1000

Jan M. Conlin
Robins, Kaplan, Miller & Ciresi L.L.P.
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN  55402
(612) 349-8500

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2013, I electronically filed the foregoing using the ECF system, which will send notification of such filing by operation of the Court's electronic systems. Parties may access this filing via the Court's electronic system.

I also hereby certify that on February 12, 2013, I served by electronic mail a copy of the aforementioned documents upon counsel listed below:

Dean P. Laing
O'Neil Cannon Hollman DeJong & Laing SC
111 E. Wisconsin Ave., Suite 1400
Milwaukee, WI  53202
Dean.Laing@wilaw.com

**GEORGIA-PACIFIC CONSUMER PRODUCTS, LP., FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC**

By:       /s/ Peter A. Smit

5875978_1.DOC