IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC <br><br> Plaintiffs, <br><br> v. <br><br> NCR CORPORATION and INTERNATIONAL PAPER CO., <br><br> Defendants. | No: 1:11-cv-00483-RJJ <br><br> Judge Robert J. Jonker |

**MEMORANDUM IN OPPOSITION TO NCR'S MOTION TO SUBMIT
THE EXPERT TESTIMONY OF JAMES BRAITHWAITE IN WRITING**

Georgia-Pacific does not dispute that Mr. Braithwaite is unavailable to testify, either at trial or at a hastily-convened deposition to perpetuate his testimony.[1] Georgia-Pacific has attempted to work with NCR to find an acceptable solution to this predicament, but NCR's proposal would prejudice Georgia-Pacific.

To begin, Mr. Braithwaite's expert report is hearsay. It is not admissible as evidence at trial over Georgia-Pacific's objection. *Pack v. Damon Corp.*, 434 F.3d 810, 815 (6th Cir. 2006). More fundamentally, expert reports are not a good substitute for live testimony. They are carefully-crafted presentations of expert opinion that almost always are prepared with the assistance of trial counsel. They are rife with advocacy and, by their very nature, fail to tell the entire story.

---

[1] The circumstances described by NCR are tragic. The Georgia-Pacific team wishes both Mr. Braithwaite and his daughter a speedy recovery.

These problems notwithstanding, Georgia-Pacific is willing to consent to NCR's submission of Mr. Braithwaite's expert report in lieu of his live testimony, provided that Georgia-Pacific is allowed to submit something equivalent in response—namely, a written response of no more than seven (7) pages that would outline the points Georgia-Pacific would expect to make through cross-examination. That response would rely in part on Mr. Braithwaite's deposition testimony, but it also would describe other lines of inquiry that Georgia-Pacific would pursue in cross-examination at trial.

NCR rejected that proposal. NCR says it would "inject advocacy into a proposal for presenting evidence." NCR Motion at 3. NCR instead insists that Georgia-Pacific rely solely on designations from Mr. Braithwaite's deposition, which NCR argues would be even better than cross-examination at trial. NCR is wrong.

First, NCR—not Georgia-Pacific—is the party injecting advocacy into the presentation of evidence. Expert reports are not dispassionate academic exercises. They are well-crafted defenses of the expert's opinions. Georgia-Pacific cannot consent to the submission of this type of advocacy without being afforded the opportunity to respond in kind.

Second, a discovery deposition is not remotely the equivalent of trial cross-examination. An opposing party takes an expert witness's deposition to learn how best to challenge the expert's opinions. That type of examination is not the same as cross-examination at trial. Indeed, it is frequently advantageous to reserve the more potent lines of attack for trial rather than preview them at the expert's deposition. That was the case in Georgia-Pacific's deposition Mr. Braithwaite. Georgia-Pacific took that deposition to learn more about Mr. Braithwaite's opinions—not to perpetuate his testimony—and therefore did pursue every angle of attack.

NCR's proposal is thus decidedly asymmetrical. NCR seeks leave to submit—over Georgia-Pacific's valid objection—hearsay evidence in the form a carefully-refined expert report, while relegating Georgia-Pacific to the transcript of a discovery deposition for any response. The two forms of presentation are not remotely equivalent. Granting NCR's request would prejudice Georgia-Pacific and therefore should be denied.

In sum, Georgia-Pacific is willing to withdraw any hearsay objection to the introduction of Mr. Braithwaite's expert report in lieu of his live testimony, provided that Georgia-Pacific be allowed to submit a written response of no more than seven pages that would outline the points Georgia-Pacific expected to make through cross-examination of the witness. Otherwise, Georgia-Pacific stands on its hearsay objection to the submission of Mr. Braithwaite's expert report in lieu of his live testimony.

Dated: February 14, 2013

                                              **GEORGIA-PACIFIC CONSUMER PRODUCTS, LP., FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC**

                                              By:     /s/ Joseph C. Kearfott

Peter A. Smit, Bar No. P 27886
Varnum LLP
Bridgewater Place, P.O. Box 352
Grand Rapids, MI  49501
(616) 336-6000

Joseph C. Kearfott
Douglas M. Garrou
George P. Sibley, III
Paul T. Nyffeler
Hunton & Williams LLP
951 East Byrd St.
Richmond, VA  23219
(804) 788-8200

Jeffrey N. Martin
Hunton & Williams LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C.  20037
(202) 955-1500

Kathy Robb
Hunton & Williams LLP
200 Park Avenue, 52nd Floor
New York, NY  10166-0005
(212) 309-1000

Jan M. Conlin
Tara D. Falsani
Robins, Kaplan, Miller & Ciresi L.L.P.
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN  55402
(612) 349-8500

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2013, I electronically filed the foregoing using the ECF system, which will send notification of such filing by operation of the Court's electronic systems. Parties may access this filing via the Court's electronic system.

**GEORGIA-PACIFIC CONSUMER PRODUCTS, LP., FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC**

By: /s/ Joseph C. Kearfott