**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **GEORGIA-PACIFIC CONSUMER PRODUCTS LP,** **FORT JAMES CORPORATION, and** **GEORGIA-PACIFIC LLC** | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) ) | **No**: **1:11-cv-00483** |
| **v.** | ) ) | **Judge Robert J. Jonker** |
| **NCR CORPORATION,** **INTERNATIONAL PAPER CO.,** **and WEYERHAEUSER CO.,** | ) ) ) ) | |
| **Defendants.** | ) | |

**GEORGIA-PACIFIC'S SUPPLEMENTAL AUTHORITY IN**
**OPPOSITION TO NCR CORPORATION'S MOTION *IN***
***LIMINE* TO EXCLUDE TRIAL EXHIBITS 1239 AND 1240**

In trial Exhibits 1239 and 1240—separate versions of the Wiggins Teape file copy of the same 1965 letter from Appleton Coated Paper Company (ACPC) employee Fred "Bud" Heinritz to a Wiggins Teape employee—Heinritz tells his contact at Wiggins Team that ACPC had sent its broke to the Allied Paper Company in Kalamazoo, Michigan.  *See* Ex. 1 to Decl. of Darin P. McAtee in Support of NCR Corporation's Motion In Limine to Exclude Trial Exhibits 1239 and 1240, ECF No 355.  NCR argues that, even if these exhibits are authentic, these particular assertions are inadmissible "hearsay-within-hearsay."  NCR Br. at 9-10, ECF No. 364.  Georgia-Pacific explained in its opposition to NCR's motion that, even if NCR is right that these statements are not themselves "statement[s] in a document that is at least 20 years old" and thus within Rule 803(16)'s ancient documents hearsay exception, the statements are not hearsay under

Rule 801(d)(2), because they are statements by a party-opponent, because ACPC merged into NCR in 1973.[1]

During oral argument at the final pretrial conference, NCR argued that it cannot be bound by ACPC's statements. Citing *Calhoun v. Baylor*, 646 F.2d 1158, 1162 (6th Cir. 1981), NCR argued that Rule 801(d)(2) "does not include statements by predecessors in interest among the types of statements the rule makes admissible." The evidentiary rule in *Calhoun*, says NCR, frees it of all responsibility for statements made by ACPC or its agents prior to ACPC's ultimate merger into NCR.

NCR is wrong. Statements made by ACPC's agents are admissible under Rule 801(d)(2) against NCR, because NCR ***is*** ACPC. Through a series of mergers, the corporation that was ACPC merged into today's NCR. Georgia-Pacific is seeking to introduce the admissions in Exhibits 1239 and 1240 against the company who made them. That company has put on new clothes has some additional business units, but it is the same company. Under these circumstances, there is nothing exceptional about making NCR responsible for statements it made when part of it was known as ACPC. *See Sherif v. AstraZeneca*, 2002 U.S. Dist. LEXIS 11408, at *7 (E.D. Penn. May 9, 2002) ("At the time this lawsuit was filed, the name of their employer changed but the company and its management remained essentially the same…. To decline to accept these statements as admissions against a party-opponent solely because AstraZeneca is the only named party would elevate form over substance."); *see also Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487 (D. Del. 2005) (citing *Sherif* for the proposition that

---

[1] ACPC became a wholly-owned subsidiary of NCR when it was purchased on September 30, 1970. Ex. A at APX2-029781. On June 21, 1971, NCR merged ACPC and the former Combined Paper Mills, Inc. (itself purchased by NCR in 1969) into a newly created subsidiary, Appleton Papers, Inc. *Id.* On January 1, 1973, Appleton Papers, Inc., merged into The National Cash Register Company, a Maryland corporation, thereby changing from a subsidiary to a division. *Id.*; Ex. B at NCR-FOX-495605. The name was changed to NCR Corporation in 1974. *Id.*

"statements of employees/agents of predecessor company that were merged into defendant corporation prior to the merger were admissible as non-hearsay party admissions of defendant corporation."); *accord Nissen Corp. v. Miller*, 594 A.2d 564, 565-66, 573 (Md. 1991) (consolidation or merger results in acquisition of all assets, liabilities, and debts).

The *Calhoun* decision stems from a line of authority involving a circumstance not present here—i.e., the attempt to admit the statements of one entity against another distinct entity because the two entities are in privity.  *See generally* 2 McCormick on Evidence § 260 (6th ed. 2009) (describing the privity-based admissibility of party-opponent admissions).  In *Calhoun*, a bankruptcy trustee sued to recover fraudulent payments by the debtor to Baylor.  *Id.* at 1160.  At trial, Baylor sought to admit the debtor's agents' statements against the trustee under Rule 801(d)(2).  *Id.* at 1162.  Baylor reasoned that the trustee was the "successor-in-interest" to the debtor and thus the debtor's statements could be admitted against the trustee.  The court disagreed.  The trustee and the debtor were distinct entities with distinct legal interests. The fact that there was some overlap in those legal interests was not enough to make the trustee responsible for the debtor's statements under Rule 801(d)(2).[2]  *Id.* at 1162-63 ("there is no 'magic' in privity and … acceptance of the privity principle leads to dubious distinctions, ***particularly in bankruptcies***.") (citations omitted, emphasis added).

The situation here is different.  Georgia-Pacific is not offering the statement of an agent of ACPC against an entity in privity with ACPC—Georgia-Pacific is offering the statement

---

[2] A bankruptcy trustee is a special type of successor-in-interest, in that it is a "successor" with respect to the debtor's assets and liabilities, but its "interests" are actually aligned with the creditors.  *See* George J. Spathis, *Avoiding Hearsay Traps in Fraudulent Conveyance Litigation*, 31 Am. Bankr. Inst. J. 20 (May 2012) ("Although at first blush the application seems hyper-technical in nature, a contrary rule might otherwise lead to the seemingly absurd result in which a former officer of a corporate debtor who sued as the beneficiary of a fraudulent transfer would be able to admit his or her own self-serving prefiling communications as a statement of a 'party opponent.'") (*citing Calhoun*, 646 F.2d at 1162).

against ACPC itself.  Through a merger and name-change, ACPC became NCR Corporation in 1974—there is no separate ACPC to sue.  To the extent the difference in corporate name and form has any significance in this context at all, the relationship between ACPC is much more analogous to the relationship between a decedent and his estate.  In that context, the decedent's admissions are admissible against his estate. *Estate of Shafer v. Comm'r*, 749 F.2d 1216, 1220 (6th Cir. 1984) (decedent's statements are admissions in an action involving his estate).

NCR's position, if accepted, would lead to absurd results.  If the law was as NCR suggests, a company could make its prior statements inadmissible by simply creating a shell company and then merging into that company.  There is absolutely no authority for a result so at odds with the underlying purpose of Rule 801(d)(2).  Fed. R. Evid. 801(d)(2) advisory committee's note (1972) (calling for "generous treatment of this avenue to admissibility."); *see Estate of Shafer*, 749 F.2d at 1219 ("[T]he purpose of Rule 801(d)(2)(A) is to increase the admissibility of representative admissions….").

Exhibits 1239 and 1240 are not fake.  To the extent the statements in those documents fall outside the ancient documents hearsay exception, they are admissible under Rule 801(d)(2).  NCR's motion in limine should be denied.

Dated: February 18, 2013

> **GEORGIA-PACIFIC CONSUMER PRODUCTS, LP., FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC**
>
> By:_____ /s/ Joseph C. Kearfott_____

Peter A. Smit, Bar No. P 27886
Varnum LLP
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501
(616) 336-6000

Joseph C. Kearfott
Douglas M. Garrou
George P. Sibley, III
Paul T. Nyffeler
Hunton & Williams LLP
951 East Byrd St.
Richmond, VA 23219
(804) 788-8200

Jeffrey N. Martin
Hunton & Williams LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C.  20037
(202) 955-1500

Kathy Robb
Hunton & Williams LLP
200 Park Avenue, 52nd Floor
New York, New York  10166-0005
(212) 309-1000

Jan M. Conlin
Robins, Kaplan, Miller & Ciresi L.L.P.
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN  55402
(612) 349-8500

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 18, 2013, I electronically filed the foregoing using the ECF system, which will send notification of such filing by operation of the Court's electronic systems. Parties may access this filing via the Court's electronic system.

**GEORGIA-PACIFIC CONSUMER PRODUCTS, LP., FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC**

By:_____/s/ Joseph C. Kearfott_____

6