IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC, <br><br> Plaintiffs, <br><br> v. <br><br> NCR CORPORATION INTERNATIONAL PAPER CO., and WEYERHAEUSER CO., <br><br> Defendants. | No: 1:11-cv-00483 <br><br> Judge Robert J. Jonker |

**JOINT STATUS REPORT**

A Rule 16 Scheduling Conference is scheduled for November 18, 2013, at 2:00 p.m. before the Hon. Robert J. Jonker. Appearing for the parties as counsel will be:

| | |
|---|---|
| Counsel for Georgia-Pacific Consumer Products LP, Fort James Corporation, and Georgia-Pacific LLC (collectively "Georgia-Pacific") | Peter A. Smit, Bar No. P 27886 <br> Varnum LLP <br> Grand Rapids, MI <br><br> Douglas M. Garrou <br> George P. Sibley III <br> Hunton & Williams LLP <br> Richmond, VA |
| Counsel for NCR Corporation ("NCR") | Geoffrey A. Fields <br> Dickinson Wright PLLC <br> Grand Rapids, MI <br><br> David R. Marriott <br> Cravath, Swaine & Moore LLP <br> New York, NY <br><br> Evan B. Westerfield <br> Sidley Austin LLP <br> Chicago, IL |

| Counsel for International Paper Co. ("International Paper" or "IP") | David W. Centner<br>Clark Hill<br>Grand Rapids, MI<br><br>John D. Parker<br>Baker & Hostetler LLP<br>Cleveland, OH |
|---|---|
| Counsel for Weyerhaeuser Co. ("Weyerhaeuser") | Douglas A. Dozeman<br>Scott M. Watson<br>Warner Norcross & Judd LLP<br>Grand Rapids, MI<br><br>Mark W. Schneider<br>J. Christopher Baird<br>Perkins Coie LLP<br>Seattle, WA |

Preliminary Note: This Court issued its Opinion and Order resolving the issues to be decided in Phase I of this litigation on September 26, 2013. (Dkt. No. 432.) Pursuant to this Court's subsequent orders setting the status conference for Phase II (Dkt. Nos. 433, 434), the parties now submit this Joint Status Report. Matters addressed in previous Status Reports are not repeated unless an update is needed.

    1.    Jurisdiction. No change.

    2.    Jury or Non-Jury. No change.

    3.    Judicial Availability. No change.

    4.    Geographic Transfer. No change.

    5.    Statement of the Case. This case involves claims under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq*. On September 26, 2013, this Court issued an Opinion and Order finding that, with respect to the Allied Paper/Portage Creek/Kalamazoo River Superfund Site ("Site"), IP is liable as a former "owner" of the Bryant Mill under Section 107(a)(2) of CERCLA, and NCR is liable as an "arranger" under Section 107(a)(3) of CERCLA. (Dkt. No. 432.) The Court subsequently

directed the parties to submit this Joint Status Report outlining their views of the next phase of the case, Phase II. (Dkt. Nos. 433 & 434.)

**(A) Georgia-Pacific's Statement**

Georgia-Pacific believes that Phase II of this case should address all remaining matters to be resolved in the litigation, including divisibility of the liability for the Site, equitable allocation of past and future costs, and recoverability of past costs (including any statute-of-limitations issues).

With respect to equitable allocation, Georgia-Pacific believes that NCR's moral responsibility for the contamination of the Site – which flows from NCR's unique knowledge at all relevant times, and from NCR's inequitable conduct – stands above any equitable factor associated with any of the "Mill Owners" (Georgia-Pacific, Weyerhaeuser, and International Paper). Georgia-Pacific therefore contends that NCR should be held to be 100 percent liable under CERCLA for past and future response costs incurred to clean up the Kalamazoo River Superfund Site. *Compare Appleton Papers Inc. v. George A. Whiting Paper Co.*, 2009 WL 5064049 at *2, 16-20 (E.D. Wis. 2009) (NCR not entitled to any contribution from defendants for costs incurred by NCR to clean up PCB contamination of Fox River); *Appleton Papers Inc. v. George A. Whiting Paper Co.*, 776 F.Supp.2d 857, 867-70 (E.D. Wis. 2011) (defendants entitled to contribution from NCR for "any appropriate cleanup costs" they incurred).

Georgia-Pacific anticipates, however, that it may also present evidence regarding equitable factors associated with the other Mill Owners, in the event the Court determines that NCR should bear less than 100 percent of the liability for the Site.

**(B) NCR's Statement**

NCR believes Phase II should address all remaining issues in the case, including but not limited to (1) the nature and scope of NCR's liability; (2) the apportionment of the harm; and (3) equitable allocation.

While the Court has found NCR liable as an arranger, NCR cannot have liability prior to 1969, because any sales of CCP broke before 1969 constituted sales of a useful product. In addition, NCR cannot have liability as an arranger as of the time recyclers themselves were aware that CCP broke created a hazardous waste stream. Further, NCR cannot be liable, as an arranger or otherwise, for more than a very small portion of the CCP broke that was recycled at the Site because, among other things, very little NCR-arranged CCP broke could have made its way to the Site during any time that NCR could be said to be an arranger.

Whatever the period for which NCR can be held liable as an arranger, NCR's liability should be apportioned. The alleged harm is theoretically capable of apportionment, and there is a reasonable basis for apportioning the harm, such as the fact that NCR-arranged CCP broke could constitute no more than a very small amount of the CCP broke recycled at the Site.

Moreover, any response costs for which NCR may be liable should be allocated among the liable parties, using all appropriate equitable factors. Because NCR-arranged CCP broke could constitute no more than a very small amount of the CCP broke recycled at the Site, equity should assign NCR no more than a small share of any response costs. Further, to the extent knowledge is a relevant factor, NCR expects to demonstrate that mills associated with the other parties knowingly polluted the Site for many years, with respect to both CCP broke and other pollutants. NCR believes any contention that it bears "moral responsibility" for harm caused by others is wrong.

4

Finally, depending on the claims pursued against NCR, NCR expects to litigate one or more of the defenses set out in its answers to the complaints asserted against it, including but not limited to defenses concerning the statutes of limitations and the doctrines of estoppel, laches and unclean hands.

**(C) IP's Statement**

IP generally agrees with GP's statement regarding the issues to be addressed during Phase II, subject to the following:

(1) IP's liability flows from being deemed an "owner" at certain times of the Bryant Mill. It therefore is not a "mill" party in the same manner as are Georgia-Pacific and Weyerhaeuser (which have liability as both the "owner" and "operator" during all relevant time periods, in the case of Georgia-Pacific, as to multiple mills and in the case of Weyerhaeuser, as to the Plainwell mill).

(2) The issues to be addressed in Phase II will also include the determination of the orphan share for clean-up costs associated with the Site. The orphan share will at a minimum include the share attributed to Allied Paper (later Millennium Holdings), associated with its operation of the Bryant Mill (including for periods outside the period for which IP is deemed an "owner") and for Allied Paper's other mills and operations.

(3) The liability issues tried in Phase I were discrete and narrow ones, in contrast to the issues in this phase related to divisibility and allocation of costs associated with a Site that extends more than 80-miles down the Kalamazoo River and has not yet been fully characterized by the United States Environmental Protection Agency ("EPA"). As was the case in Phase I, this phase of the litigation begins with GP having significant advantage in terms of knowledge by

virtue of its two decades long involvement at the Site and its ongoing conduct of the aspects of the investigation of the Site.

(4) Because no final remedy has yet been selected for the Site (and will not be selected prior to the Phase II trial), it may be the case that as of the time of trial sufficient information will not have been developed to allow the Court to address responsibility for all aspects of the Site.

**(D) Weyerhaeuser's Statement**

Unlike NCR, which was solely responsible for including PCBs in carbonless copy paper in the first place, and Georgia-Pacific, which intentionally used between 800 and 1,500 pounds of NCR carbonless paper in every batch of paper it de-inked at the Kalamazoo Mill, Weyerhaeuser never intentionally handled carbonless copy paper at the Plainwell Mill. In fact, two of Georgia-Pacific's experts, both of whom worked at the Plainwell Mill, admitted that they never saw carbonless copy paper at the Plainwell Mill. Accordingly, Weyerhaeuser's equitable share of responsibility for contamination in the Kalamazoo River is very small. Further, Weyerhaeuser should bear no responsibility whatsoever for contamination upstream of the Plainwell Mill.

Weyerhaeuser is, at most, a small player at the site, and believes there would be no benefit to further segmenting this litigation.

6. <u>Joinder of Parties and Amendment of Pleadings</u>. IP, NCR, and Weyerhaeuser propose that any application to join parties or otherwise amend the pleadings will be filed by <u>January 17, 2014</u>. Georgia-Pacific proposes that there be no further joinder of parties or amendment of pleadings.

6

7. <u>Disclosures and Exchanges</u>.

The parties agree that disclosures and exchanges will address the issues to be resolved in Phase II. The parties will make disclosures under Rule 26(a) as follows:

(A) Fed. R. Civ. P. 26(a)(1) disclosures:

    (i) The parties will make disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i) (identifying individuals with information the party may use to support its claims or defenses with respect to Phase II) by no later than <u>December 20, 2013</u>.

    (ii) The parties will make disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii) (copy or description of documents a party may use to support its claims or defenses with respect to Phase II) by no later than <u>December 20, 2013</u>.

    (iii) The parties propose that disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii) (computation and documentary basis of damages) proceed as follows: by no later than <u>December 20, 2013</u>, any party seeking recovery of past costs will provide a summary of its costs expended to date, along with a description of the locations and categories of documents supporting that summary.

        IP, Weyerhaeuser, and NCR further propose that, to facilitate discovery regarding past costs, any summary of costs provided pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii) will include the following as to each cost item (a "Cost"): (1) the date(s) the Cost was incurred; (2) the identity and location of documents containing invoices or other documentation

7

      documenting such Cost; (3) a statement as to whether the party seeking recovery of the Cost contends that the Cost was incurred pursuant to any consent decree or administrative order and the identity of that consent decree or administrative order; (4) any specific operable unit (or in the case of Operable Unit 5, any specific area within that operable unit) to which the Cost relates; and (5) a brief description of the activity involved or reason that the Cost was incurred. They further propose that any party seeking recovery of costs will disclose the amounts it has recovered or been reimbursed from any other person or entity regarding the Site, the identity of the person or entity, and the identity and location of documents reflecting the recovery or reimbursement.

      Georgia-Pacific objects to these proposed additional requirements for initial disclosures. Georgia-Pacific does not object to the discovery of this additional information during the fact discovery period. Georgia-Pacific further states that the amount and basis for Georgia-Pacific's calculation of damages will be a subject for expert testimony.

(iv) The parties will make disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv) (inspection and copying of insurance agreements) by no later than <u>December 20, 2013</u>.

(v) Pursuant to Fed. R. Civ. P. 26(a)(2), the parties propose to serve expert reports and disclosures as to issues on which they bear the burden of proof no later than <u>August 15, 2014</u> (Georgia-Pacific's proposal), or <u>December 1, 2014</u> (IP's, NCR's, and Weyerhaeuser's proposal). Responsive expert

8

        reports and disclosures shall be served by no later than <u>September 15, 2014</u> (Georgia-Pacific's proposal), or <u>January 30, 2015</u> (IP's, NCR's, and Weyerhaeuser's proposal). Expert discovery shall close on <u>October 31, 2014</u> (Georgia-Pacific's proposal), or <u>March 16, 2015</u> (IP's, NCR's, and Weyerhaeuser's proposal).

(vi)    Except for potential lay witnesses (described in sub-paragraph (viii)), the parties propose to make disclosures pursuant to Fed. R. Civ. P. 26(a)(3) by no later than 60 days prior to the date set for trial, and propose that any objections under Fed. R. Civ. P. 26(a)(3) to such disclosures be made not later than 15 days prior to the date set for trial.

(vii)    The parties have not identified any documents that they will make available without the need of a formal request for production for Phase II.

(viii)    The parties will provide a preliminary disclosure of potential lay witnesses (*i.e.,* "will call" or "may call") regarding Phase II issues by no later than <u>June 2, 2014</u>.

8.    <u>Discovery</u>. The parties agree that there is a continuing obligation to supplement responses to any relevant discovery served during Phase I of this litigation. The parties differ on the completion date for Phase II fact discovery. Georgia-Pacific proposes <u>July 31, 2014</u>; IP, NCR, and Weyerhaeuser propose <u>October 31, 2014</u>. The parties agree that depositions of third-party witnesses solely to perpetuate testimony to be used at trial may continue after the completion of fact discovery by agreement or for good cause shown.

    The parties propose the following discovery plan, tracking the subparagraphs of Fed. R. Civ. P. 26(f)(3):

(A)  With respect to the timing for disclosures under Rule 26(a), see Paragraph 7 above.

(B)  The parties believe that discovery is needed on the issues identified in Section 5 above.

(C)  The parties do not currently expect any unusual issues regarding discovery or disclosure of electronically stored information for Phase II.

(D)  The parties do not currently anticipate any unusual issues regarding claims of privilege or of protection of materials as trial-preparation materials, with the possible exception of issues related to confidential business information claims with respect to materials submitted to EPA.

(E)  The parties propose the following limitations on discovery, which may be modified by stipulation of all parties or by further order of the Court:

  (i)  Interrogatories:  Georgia-Pacific proposes that each party be limited to 30 written interrogatories, including all discrete subparts, directed to each other party.  The other parties propose that each party be limited to 40 written interrogatories, including all discrete subparts, directed to each other party.

  (ii)  Depositions:  Georgia-Pacific proposes that each party shall be limited to 20 depositions of fact witnesses.  The other parties propose that each party shall be limited to 30 depositions of fact witnesses.  All parties agree that each deposition shall be limited to one day of seven hours per witness, except that (a) the deposition of a corporation pursuant to Rule 30(b)(6) shall count as one deposition, regardless of the number of persons

        designated by the corporation to testify, and (b) each person designated to testify on behalf of the corporation may be questioned for up to one day of seven hours.

(F)     The parties do not propose that the Court issue any orders concerning additional matters under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c). The parties differ as to the date on which they anticipate that the matter will be ready for trial, if needed. Georgia-Pacific's position is that the case can be ready for trial on or after <u>March 2, 2015</u>, while IP, NCR, and Weyerhaeuser propose <u>August 3, 2015</u>.

9.     <u>Motions</u>. With respect to the filing of dispositive motions with respect to Phase II, Georgia-Pacific proposes a deadline of <u>November 7, 2014</u>; IP, NCR, and Weyerhaeuser propose a deadline of <u>March 30, 2015</u>. The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

10.     <u>Alternative Dispute Resolution</u>. The parties are evaluating whether ADR might be productive at this time.

11.     <u>Length of Trial</u>. It is difficult at this time because of the scope of the issues which may need to be addressed during the Phase II trial to provide a trial time estimate. The parties currently anticipate that the Phase II trial, if needed, would require approximately <u>two to three</u> weeks, with it being premature to determine at this point how the trial days will be allocated among the parties. These estimates could change depending on the course of discovery and dispositive motions.

12. <u>Prospects of Settlement</u>. The parties have engaged in preliminary discussions regarding settlement. They do not believe these discussions currently warrant any postponement of the deadlines set forth above.

13. <u>Electronic Document Filing System</u>. No change.

14. <u>Other Special Characteristics</u>. The parties do not have any other special characteristics to report at this time.

GEORGIA-PACIFIC CONSUMER PRODUCTS, LP., FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC

BY:

/s/ Peter A. Smit
_____
Peter A. Smit, Bar No. P 27886
Varnum LLP
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501
(616) 336-6000

Douglas M. Garrou
George P. Sibley, III
Hunton & Williams LLP
951 East Byrd St.
Richmond, VA 23219
(804) 788-8200


NCR CORPORATION

BY:

/s/ Geoffrey A. Fields
_____
Geoffrey A. Fields
Dickinson Wright
200 Ottawa Avenue, N.W., Suite 1000
Grand Rapids, MI 49503-2427

Phone: (616) 336-1017
Fax: (616) 458-6753
gfields@dickinsonwright.com

Evan R. Chesler
David R. Marriott
Darin P. McAtee
Yonatan Even
Cravath, Swaine & Moore LLP
Worldwide Plaza, 825 Eighth Avenue
New York, New York 10019
Phone: (212) 474-1000
Fax: (212) 474-3700


Evan B. Westerfield
Eric Ha
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036

Linda R. Larson
Bradley M. Marten
Marten Law PLLC
1191 Second Avenue, Suite 2200
Seattle, Washington 98101
Phone: (206) 292-2600
Fax: (206) 292-2601

INTERNATIONAL PAPER COMPANY

BY:

/s/ David Centner
_____
David W. Centner
Clark Hill PLC
200 Ottawa NW, Suite 500
Grand Rapids, MI 49503
Phone:  (616) 608-1100
Fax:  (616) 608--1199

John F. Cermak, Jr.
Sonja A. Inglin

13

Baker & Hostetler, LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, CA 90025
Phone: (310) 820-8800
Fax: (310) 820-8859

John D. Parker
Baker & Hostetler LLP
1900 East 9th Street, Suite 3200
Cleveland, OH 44114-3482
Phone: (216) 861-7610
Fax: (216) 696- 0740

WEYERHAEUSER COMPANY

/s/ Douglas A. Dozeman
_____
Mark W. Schneider
J. Christopher Baird
Perkins Coie LLP
1201 Third Ave., Suite 4900
Seattle, WA 98101
Phone: (206) 359-8000
Fax: (206) 359-9000

Douglas A. Dozeman
Scott M. Watson
Warner Norcross & Judd, LLP
900 Fifth Third Center
111 Lyon St. NW
Grand Rapids, MI, 49503
Phone: (616) 752-2000

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 12, 2013, I electronically filed a true and correct copy of the foregoing using the Court's ECF System, which will send notification of such filing by operation of the Court's electronic systems to all parties. I further certify that I caused a courtesy copy of the foregoing to be sent to defense counsel via e-mail.

      /s/    Douglas M. Garrou