## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) | 
| NCR CORPORATION, INTERNATIONAL PAPER CO., and WEYERHAEUSER CO., | ) ) ) ) |
| Defendants. | ) |

No: 1:11-cv-00483

Judge Robert J. Jonker

**ORAL ARGUMENT REQUESTED**

**NCR CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL SUPPLEMENTAL INTERROGATORY RESPONSES AND DESIGNATION OF A RULE 30(B)(6) DEPONENT FROM INTERNATIONAL PAPER**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

INTRODUCTION ...........................................................................................................................1

ARGUMENT .................................................................................................................................3

I.     International Paper's Interrogatory Responses Are Deficient. ...........................................4

    A.     International Paper's Responses Fail To Comply with the Requirements of Rule 33(d). ...............................................................................................................4

    B.     International Paper Impermissibly Refuses To Respond to NCR's Request To Identify Sources of PCB Contamination. ............................................................6

    C.     None of International Paper's Objections Excuse Its Obligation to Respond to NCR's Interrogatories in Compliance with the Federal Rules. .............7

II.     International Paper Should Be Compelled To Designate a Rule 30(b)(6) Deponent. .........................................................................................................................9

CONCLUSION ............................................................................................................................10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bradley v. Val-Mejias*, No. 00-2395-GTV, 2001 WL 1249339 (D. Kan. Oct. 9, 2001) .................9

*Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682 (M.D. Fla. 2005) .......................9

*Frontline Med. Assocs., Inc. v. Coventry Health Care*, 263 F.R.D. 567 (C.D. Cal. 2009) .............9

*Hansel v. Shell Oil Corp.*, 169 F.R.D. 303 (E.D. Pa. 1996) .............................................................8

*Hendricks v. Ohio Dep't of Rehab. & Corr.*, No. 2:11-CV-40, 2012 WL 2075317 (S.D. Ohio June 8, 2012) ...................................................................................................................7

*In re Prof'ls Dir. Ins. Co.*, 578 F.3d 432 (6th Cir. 2009)..................................................................8

*Lane v. Vittoria, S.p.A.*, No. 3:11-CV-325, 2014 WL 129817 (E.D. Tenn. Jan. 13, 2014).............9

*Mulero-Abreu v. P. R. Police Dep't*, 675 F.3d 88 (1st Cir. 2012) ...................................................4

*Richardson v. Rock City Mech. Co., LLC*, No. 3-09-0092, 2010 WL 711830 (M.D. Tenn. Feb. 24, 2010) ...............................................................................................................10

*Sungjin Fo-Ma, Inc. v. Chainworks, Inc.*, No. 08-CV-12393, 2009 WL 2022308 (E.D. Mich. July 8, 2009) .................................................................................................................2

*US Bank Nat'l Assoc. v. PHL Variable Ins. Co.*, Nos. 12 Civ. 6811, 13 Civ. 1580, 2013 WL 5495542 (S.D.N.Y. Oct. 3, 2013) .......................................................................................9

**Statutes & Rules**

Fed. R. Civ. P. 26......................................................................................................................7, 8

Fed. R. Civ. P. 33......................................................................................................................3, 4

Fed. R. Civ. P. 37...................................................................................................................3, 4, 6

PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT
[Draft–08/02/2014]

International Paper Company ("International Paper") seeks to avoid fundamental discovery obligations on central issues in this case, suggesting that Defendant NCR Corporation's ("NCR") discovery requests can be responded to by telling NCR to review millions of pages of documents with no specificity of any kind, and by refusing to comply with its unremarkable Rule 30(b)(6) obligation to produce a deponent on behalf of the company. These efforts to secure advantage should be rejected, and International Paper should instead be required to comply with its responsibilities.

## INTRODUCTION

On May 19, 2014, NCR served 17 interrogatories on International Paper (the "Interrogatories") seeking information at the heart of this environmental litigation concerning PCB contamination at the Kalamazoo River Superfund Site ("Site"). (*See* Exhibit A.) The Interrogatories sought information related to (i) the source and amount of carbonless copy paper ("CCP") recycled or deinked at the paper mills that operated at or near the Site (Interrogatory Nos. 1, 3- 4); (ii) the source and amount of PCBs released at the Site (Interrogatory Nos. 2, 3, 4, 7); (iii) evidence, if any, of NCR's involvement with the disposal of hazardous substances at the Site (Interrogatory Nos. 5-6, 8); (iv) the operations of paper mills that allegedly released PCBs at or near the Site, including any environmental violations or citations (Interrogatory Nos. 9-12, 15); and (v) remediation activities taken at the Site (Interrogatory Nos. 13-14).[1]

In response, International Paper directed NCR to review *four million* pages of documents. (*See* Exhibit B.) International Paper incorporated by reference—without further explanation or guidance— the entire discovery and trial record generated in this action as well as

---

[1] NCR also sought information identifying persons with knowledge concerning International Paper's responses (Interrogatory No. 16) and documents evidencing those responses (Interrogatory No. 17).

the discovery records generated in three prior litigations involving the Site.[2] That response is not permitted under the Federal Rules. *See Sungjin Fo-Ma, Inc. v. Chainworks, Inc.*, No. 08-CV-12393, 2009 WL 2022308, at *4 (E.D. Mich. July 8, 2009) ("[d]irecting the opposing party to an undifferentiated mass of records is not a suitable response to a legitimate request for discovery") (internal quotation marks omitted). Directing NCR to find its own answers to interrogatories about International Paper's knowledge concerning crucial facts at issue in the litigation provides NCR with no basis to pursue follow-up discovery to challenge those facts at the Phase II Trial.

In addition, none of International Paper's asserted objections excuse its obligation to respond to NCR's interrogatories with specific factual information available to it now. International Paper's contentions that it does not have first-hand knowledge, or that any knowledge it does have is based on work product derived from its experts or its own review of historical documents and testimony, are all unavailing. If International Paper were permitted to stand on those objections and disclose answers through its expert disclosures or at trial *after* the period for fact discovery ends, NCR would be foreclosed entirely from seeking further discovery to challenge International Paper's positions at trial. The Federal Rules do not contemplate that factual issues at trial be resolved solely by battling experts. Instead, they afford NCR the right to obtain discovery of nonprivileged information relevant to International Paper's claims and defenses concerning the Site, such as, for example, identification of the specific nonprivileged documents and testimony that are responsive to NCR's interrogatories.

In addition to its failure to provide sufficient responses to legitimate interrogatories, International Paper refuses altogether to designate a Rule 30(b)(6) deponent in response to a deposition notice served by NCR seeking testimony on topics analogous to NCR's

---

[2] (*See* International Paper's responses to Interrogatories 1-6, 8-12, 15-17.)

Interrogatories. (*See* Exhibit C.) In a letter setting forth its objections to the notice, International Paper contends that information sought by NCR's notice is "not known or reasonably available to International Paper". (Exhibit D.) But lack of knowledge is merely a potential response by a deponent to particular questions posed *after* the designated deponent has sought to educate him or herself about the company's position. It is not a basis to avoid a legitimate and reasonable deposition notice.

Pursuant to Fed. R. Civ. P. 37(a) and Local Rule 7.1(d), NCR met and conferred with International Paper in an attempt to obtain supplemental responses to its interrogatories and a Rule 30(b)(6) designee.[3] International Paper declined both requests. Accordingly, NCR respectfully asks that the Court order International Paper to supplement its Interrogatory responses to 15 of NCR's 17 interrogatories and designate a Rule 30(b)(6) deponent.[4]

## ARGUMENT

International Paper's responses to NCR's Interrogatories fail to provide any specific facts. In lieu of narrative responses, International Paper's responses direct NCR to locate answers about International Paper's contentions and knowledge concerning critical issues in the litigation in more than four million pages of documents under the guise of Federal Rule of Civil Procedure 33(d). But referencing more than four million pages of documents without providing *any* further guidance amounts to no response at all, or, at best, an incomplete or evasive response. NCR respectfully asks the Court to deem International Paper's responses to be

---

[3] NCR believes that Weyerhaeuser Company's and Plaintiff Georgia-Pacific's responses to NCR's Interrogatories are also deficient. NCR expects to seek an order compelling supplemental responses to its Interrogatories from both Weyerhaeuser Company and Plaintiff Georgia-Pacific.

[4] NCR does not move to compel supplemental responses to Interrogatory Nos. 13 & 14.

3

a "failure to respond", Fed. R. Civ. P. 37(a)(4), and to compel it to respond in compliance with the Federal Rules, Fed. R. Civ. P. 37(a)(3)(B)(iii).

I.  **INTERNATIONAL PAPER'S INTERROGATORY RESPONSES ARE DEFICIENT.**

Under Federal Rule of Civil Procedure 33(d), International Paper is permitted to respond to interrogatory requests by producing business records "[i]f the answer to an interrogatory may be determined by examining . . . a party's business records" *and* the responding party "specif[ies] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could". Fed. R. Civ. P. 33(d)(1). But "answering interrogatories simply by directing [the requesting party] to rummage through other discovery materials falls short of the obligations imposed by Rule 33." *Mulero-Abreu v. P. R. Police Dep't*, 675 F.3d 88, 93 (1st Cir. 2012). International Paper has made no effort to specify records "in sufficient detail".

    A.  **International Paper's Responses Fail To Comply with the Requirements of Rule 33(d).**

        1.  Twelve of International Paper's Interrogatory Responses Fail To Provide *Any* Specific Factual Information Concerning the Site.

International Paper's responses to 12 of NCR's Interrogatories fail to meet Rule 33(d)'s specificity requirements entirely.[5] In those responses International Paper referenced—without any explanation of relevance—four million pages of documents, comprising: discovery responses, disclosures, and document productions in this action; the transcripts of all depositions and all discovery responses in *Kalamazoo River Study Group v. Rockwell Int'l Corp.*, No. 1:95-cv-838 (W.D. Mich.), *H.M. Holdings, Inc. v. Lumbermens Mut. Cas. Co.*, No. L-96187-87 (N.J. Sup. Ct.-Union County) and *Georgia-Pacific Corporation, et al.*

---

    [5] (*See* International Paper responses to Interrogatory Nos. 1-5, 9-12, 15-17 (Exhibit B).)

4

*v. Aetna Cas. & Surety Co., et al.*, No. 92-2-21950-6 (Wash. Super. Ct.-King County); as well as transcripts of depositions taken in this action and the trial testimony provided and more than two thousand trial exhibits offered in evidence during Phase I. Apart from Phase I of this action, NCR did not participate in any of those litigations. It has no way to identify the documents that International Paper believes answer NCR's interrogatories. NCR respectfully requests that the Court order International Paper to supplement its answers to those 12 interrogatories with responses that comply with the Federal Rules and their specificity requirements. *See, e.g.*, Fed. R. Civ. P. 33 advisory committee's note (1980 Amendment) ("responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be derived").

    2.  International Paper's Responses to Interrogatories Concerning NCR's Involvement at the Site Are Deficient.

International Paper's responses to interrogatories concerning evidence of NCR's involvement at the Site also fail to provide any factual information that NCR can use to take further discovery or challenge at the Phase II trial. Specifically, NCR asked International Paper to identify (i) "any transaction in which NCR provided (directly or indirectly) CCP recycled, and PCBs discharged, at the Site" (Interrogatory No. 5); (ii) "Evidence that any transaction identified in response to Interrogatory 4 was an arrangement by NCR for the disposal of hazardous substances" (Interrogatory No. 6); and (iii) "any PCBs at the Site for whose cleanup NCR is responsible and explain in detail why NCR is responsible for the cleanup" (Interrogatory No. 8). These are central issues in the Phase II trial.

In response to each of those interrogatories, International Paper again identified the same four million pages of documents set forth above. Here, too, International Paper failed to specify any particular documents or categories of documents. Instead, in response to

Interrogatory No. 6 seeking information about alleged transactions in which NCR arranged for the disposal of a hazardous substance, International Paper additionally referenced, without identifying any particular documents, the "evidence presented in the Phase I trial" and quoted certain passages from the Court's Phase I post-trial decision. (Exhibit B at 15.) And in response to Interrogatory No. 8 seeking information about the PCBs for which NCR is responsible to clean up, International Paper additionally stated, without citing *any* documents or testimony, that it:

> "contends evidence supports NCR being held responsible for the cleanup of all PCBs at the Site that originated from CCP because NCR arranged for the disposal of CCP at the Site and had superior knowledge to any paper recyclers regarding the presence of PCBs in CCP and the potential release of PCBs in CCP into the Site from mill operations at the Site".

(Exhibit B at 18.)

NCR respectfully requests that the Court deem those responses incomplete or evasive, Fed. R. Civ. P. 37(a)(4), and direct International Paper to provide supplemental responses that conform to the Federal Rules by, for example, identifying the "evidence" that it contends supports NCR's liability to clean up all PCBs at the Site and identifying which of the more than four million pages of documents it referenced reflect what International Paper views as NCR's involvement at the Site, as requested by Interrogatory Nos. 5, 6 and 8.

### B. International Paper Impermissibly Refuses To Respond to NCR's Request To Identify Sources of PCB Contamination.

NCR also asked International Paper to identify "PCBs released into the Site other than those released as a result of Recycling Processes". (Interrogatory No. 7.) International Paper declined to answer as to any source other than the Bryant Mill, *see* Exhibit B at 16-17, which International Paper has been held liable for as a CERCLA "owner" in Phase I of this action, *see* Opinion & Order dated September 26, 2013, at 3 (Dkt. No. 432). International Paper

6

may not without cause refuse to provide information within its custody, control or possession. The various sources of PCBs at the Site are unquestionably relevant to the litigation.[6] NCR respectfully requests that the Court compel International Paper to respond fully to Interrogatory No. 7 with information concerning the entire Site—not only information concerning the Bryant Mill.

### C. None of International Paper's Objections Excuse Its Obligation to Respond to NCR's Interrogatories in Compliance with the Federal Rules.

None of International Paper's asserted objections excuse its obligation to respond fully to NCR's interrogatories. If International Paper has no responsive information, it must explain in detail the measures taken to obtain information, and if necessary, explain why those measures were unsuccessful. *See Hendricks v. Ohio Dep't of Rehab. & Corr.*, No. 2:11-CV-40, 2012 WL 2075317, at *4-6 (S.D. Ohio June 8, 2012) (compelling supplemental responses when respondent claimed lack of knowledge absent any explanation). The duty of litigants to respond with nonprivileged factual information in their custody, control, or possession, Fed. R. Civ. P. 26(b)(1), is not changed because a responding party claims that (i) it lacks first-hand knowledge, (ii) any responsive information known was obtained by reviewing nonprivileged documents, or (iii) pending interrogatory requests impermissibly seek information that will be the subject of expert testimony at trial.

*First*, claiming that a lack of first-hand knowledge of the mills at or near the Site is not a basis to reject reasonable discovery requests. If International Paper does not have any

---

[6] Notably, International Paper asked NCR analogous interrogatories. (*See* International Paper's Phase II Interrogatories, Requests for Production and Requests for Admission to NCR, dated August 7, 2014 ("Interrogatory No. 1: Please Identify (by year, location, source, and amount) all Aroclor 1242 released into or onto Portage Creek as a result of recycling of CCP"; "Interrogatory No. 2: Please Identify (by year, location, source, and amount) all PCBs released into or onto Portage Creek as a result of conduct other than the recycling of CCP") (Exhibit E).

information in its custody, control or possession responsive to NCR's interrogatories it must indicate that, rather than refusing to respond adequately. *See Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 306-07 (E.D. Pa. 1996); *see also* 10A Fed. Proc., L. Ed. § 26:552 (stating that if respondent lacks knowledge, the respondent "should set forth in detail the efforts made to obtain the requested information. This will enable the requesting party to determine whether to investigate the matter further.").

*Second*, any contention that responsive information constitutes work product is unfounded. The attorney work product doctrine protects *documents,* not facts. *See In re Prof'ls Dir. Ins. Co.*, 578 F.3d 432, 438 (6th Cir. 2009); *see also* Fed. R. Civ. P. 26(b)(5)(ii) (requiring a party invoking the work product document to "describe the nature of the *documents, communications, or tangible things* not produced or disclosed") (emphasis added). NCR's interrogatories—like any interrogatories—ask questions about facts and contentions, and the answers to these questions are not protected by any privilege or work-product doctrine. Although attorneys for International Paper, in order to answer the interrogatories, may need to form judgments about which historical documents or witness information provide the answers to NCR's questions, this is true of any effort to respond to another party's interrogatories.

*Third*, a party cannot defer responding to interrogatories posed during fact discovery by claiming that the information sought will be provided later through expert disclosures. Disclosure of factual information *after* the close of fact discovery would unfairly foreclose NCR from challenging that information until a time when it could take no further

discovery. Indeed, courts routinely compel disclosure of supplemental responses to interrogatories over objections that information will be later included in expert disclosures.[7]

At bottom, International Paper cannot have it both ways. It cannot defer answering interrogatories only to later provide and rely on that information through expert witnesses. Promising disclosure after the close of fact discovery would unfairly allow International Paper to withhold basic factual information at issue in the litigation until a time when NCR has no way to question or challenge it. The Court should not permit gamesmanship.

## II. INTERNATIONAL PAPER SHOULD BE COMPELLED TO DESIGNATE A RULE 30(B)(6) DEPONENT.

International Paper's objections to designating a Rule 30(b)(6) are analogous to its objections for failing to answer NCR's interrogatories completely. For the reasons set forth above, NCR respectfully asks the Court to overrule those objections. They do not provide any basis to resist discovery of nonprivileged information within International Paper's possession, custody, or control. Nor do any of International Paper's additional arguments, that a potential Rule 30(b)(6) deponent would not reasonably know information responsive to the topics

---

[7] *See, e.g.*, *Lane v. Vittoria, S.p.A.*, No. 3:11-CV-325, 2014 WL 129817, at *2 (E.D. Tenn. Jan. 13, 2014) (compelling discovery over respondents' argument that it need not produce documents that would be discussed later in expert disclosures); *US Bank Nat'l Assoc. v. PHL Variable Ins. Co.*, Nos. 12 Civ. 6811, 13 Civ. 1580, 2013 WL 5495542, at *3 (S.D.N.Y. Oct. 3, 2013) (stating that responding party has obligation to provide information it has at the time); *Frontline Med. Assocs., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 570 (C.D. Cal. 2009) ("expert analysis does not relieve Plaintiff of its obligation to investigate and provide information reasonably available to it"); *Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) ("The fact that [respondent] may later supplement its interrogatory answers with an expert report does not permit it to refuse to respond with whatever discoverable information it now holds"); *Bradley v. Val-Mejias*, No. 00-2395-GTV, 2001 WL 1249339, at *1-3 (D. Kan. Oct. 9, 2001) (compelling answers to interrogatories over respondents' objection that future expert reports will provide the requested information, stating that "[t]he fact that a plaintiff may later supplement his interrogatory response with an expert report does not permit him to initially refuse to respond with whatever discoverable information he presently holds").

9

contained in NCR's deposition notice, or that NCR has in its possession the same four million documents identified in its interrogatory responses, permit International Paper to avoid designating a deponent.  International Paper's deponent may testify that International Paper lacks any knowledge in response to particular questions after taking reasonable steps to educate himself or herself on those topics.  And NCR is not precluded from deposing a Rule 30(b)(6) witness simply because it may have documents related to the topics set forth in the pending Rule 30(b)(6) notice.  *See Richardson v. Rock City Mech. Co., LLC*, No. 3-09-0092, 2010 WL 711830, at *8 (M.D. Tenn. Feb. 24, 2010).  International Paper should not be allowed to "take a pass" on meeting its discovery obligations and complying with the Federal Rules.

## CONCLUSION

NCR respectfully requests that the Court grant its Motion and order International Paper to provide supplemental responses to the Interrogatories and designate a Rule 30(b)(6) deponent.

Dated:  August 8, 2014

Respectfully submitted,

NCR CORPORATION


  /s/ David R. Marriott
David R. Marriott
*Counsel for NCR Corporation*

DICKINSON WRIGHT PLLC
Geoffrey A. Fields
200 Ottawa Avenue, N.W., Suite 1000
Grand Rapids, Michigan 49503
Phone: (616) 336-1017
Fax: (616) 458-6753
gfields@dickinsonwright.com

        CRAVATH, SWAINE & MOORE LLP
        Evan R. Chesler
        David R. Marriott
        Darin P. McAtee
        825 Eighth Avenue
        New York, New York 10019
        Phone: (212) 474-1000
        Fax: (212) 474-3700
        dmarriott@cravath.com

        SIDLEY AUSTIN LLP
        John M. Heyde
        One South Dearborn Street
        Chicago, Illinois 60603
        Phone: (312) 853-7000
        Fax: (312) 853-7036
        jheyde@sidley.com

        MARTEN LAW PLLC
        Linda R. Larson
        Bradley M. Marten
        1191 Second Avenue, Suite 2200
        Seattle, Washington 98101
        Phone: (206) 292-2600
        Fax: (206) 292-2601
        llarson@martenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2014, I electronically filed Defendant NCR Corporation's Memorandum in Support of its Motion to Compel Supplemental Interrogatory Responses and Designation of a Rule 30(b)(6) Deponent from International Paper using the Court's ECF system, which will send notification of such filing by operation of the Court's electronic system.  Parties may access this filing via the Court's electronic system.

/s/ David R. Marriott
*Counsel for NCR Corporation*