UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC,<br><br>                Plaintiffs,<br><br>    vs.<br><br>NCR CORPORATION, INTERNATIONAL PAPER CO., and WEYERHAEUSER CO.,<br><br>                Defendants. | Case No. 1:11-cv-00483<br><br>Hon. Robert J. Jonker<br><br>**ORAL ARGUMENT REQUESTED** |

### DEFENDANT INTERNATIONAL PAPER COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING "EQUITABLE RESPONSIBILITY" FOR THE BATTLE CREEK MILLS; ORAL ARGUMENT REQUESTED PURSUANT TO W.D. Mich. LCivR 7.2(d)

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and W.D. Mich. LCivR 7.2, Defendant International Paper Company ("International Paper") moves for partial summary judgment against Plaintiffs Georgia-Pacific Consumer Products LP, Fort James Corporation and Georgia-Pacific LLC ("GP") and NCR Corporation and Weyerhaeuser Co. (collectively, the "Other Defendants") relating to alleged "equitable responsibility" of International Paper relating to two mills located in Battle Creek, Michigan, the Angell Street Mill and Fountain Street Mill (the "Battle Creek Mills"). International Paper makes this motion on the grounds that neither GP nor the Other Defendants have established a *prima facie* case for any "equitable responsibility" of International Paper of Allied Mill/Portage Creek/Kalamazoo River Superfund Site ("Site")[1] costs relating to alleged PCB discharges from the Battle Creek Mills, located more than 20 miles

---

[1] As the Court is aware, the Site, and OU-5 in particular, encompasses the 80-mile stretch of the Kalamazoo River from the Morrow Lake Dam to Lake Michigan.

upstream of Morrow Lake Dam, the upper reach of the Site. GP interjected the issue of potential "equitable responsibility" relating to these mills into Phase II, although no determination was made as to International Paper's liability with respect to them in Phase I.

As set forth more fully in the accompanying Brief in Support of Motion for Partial Summary Judgment, evidence has not been brought forth that is sufficient to make a *prima facie* showing that PCBs allegedly released from the Battle Creek Mills can be tied to response costs at the Site. Even if PCBs were discharged by the Battle Creek Mills into the Kalamazoo River (something that International Paper does not concede, but is not contesting for purposes of this Motion), a *prima facie* showing requires demonstrating that those PCBs then traveled the 20+ miles down the River, to and through Morrow Lake and then over Morrow Lake Dam, causing response costs to be incurred. In a two-site case, such as this, the Sixth Circuit has stated that "where hazardous substances are released at one site and allegedly travel to a second site, in order to make out a prima facie case, the plaintiff must establish a causal connection between the defendant's release of hazardous substances and the plaintiff's response costs incurred in cleaning them up." *Kalamazoo River Study Group v. Rockwell International Corporation*, 171 F.3d 1065, 1068 (Sixth Cir. 1999) (citing to *Thomas v. FAG Bearings Corp*., 846 F.Supp. 1382, 1387 (W.D.Mo 1994)). No party has met that standard here, *i.e*., no party has established that PCBs from the two Battle Creek Mills traveled down 20+ miles of river to and through Morrow Lake and over Morrow Lake Dam. As such, International Paper is entitled to partial summary judgment on this "equitable responsibility" issue.

International Paper relies in support of this motion on the concurrently filed Brief in Support of Motion for Partial Summary Judgment and the Declaration of John D. Parker (including all exhibits attached thereto), all pleadings and papers on file in this action, and upon such others matters as may be presented to the Court at the time of the hearing.

Pursuant to W.D. Mich. LCivR 7.1(d), on March 12, 2015, counsel for International Paper met and conferred with counsel for other parties concerning whether such parties intend to oppose this Motion.  At least one party, GP, has indicated it will oppose this Motion.

Dated:    March 13, 2015	/s/ John D. Parker
John D. Parker
Lora M. Reece
Michael Dominic Meuti
BAKER & HOSTETLER LLP
PNC Center
1900 East 9th Street, Suite 3200
Cleveland, OH 44114-3482
Telephone: 216.861.7709
Facsimile:  216.696.0740
Email:  jparker@bakerlaw.com
          mmeuti@bakerlaw.com
          lreece@bakerlaw.com

John F. Cermak, Jr.
Sonja A. Inglin
Ryan D. Fischbach
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, 14th Floor
Los Angeles, CA 90025
Telephone: 310.820.8800
Facsimile:  310.820.8859
Email:  jcermak@bakerlaw.com
          singlin@bakerlaw.com
          rfischbach@bakerlaw.com

And by:

David W. Centner
CLARK HILL PLC
200 Ottawa Avenue NW, Suite 500
Grand Rapids, MI 49503
Telephone: 616.608.1106
Email:  dcentner@clarkhill.com

Attorneys for Defendant
INTERNATIONAL PAPER COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2015, I electronically filed the foregoing using the ECF system, which will send notification of such filing by operation of the Court's electronic systems. Parties may access this filing via the Court's electronic system.

                                    */s/ John D. Parker*
                                    John D. Parker

606001269