# Exhibit D

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No: 1:11-cv-00483 |
| v. | ) ) | Judge Robert J. Jonker |
| NCR CORPORATION, INTERNATIONAL PAPER CO., and WEYERHAEUSER CO., | ) ) ) ) | |
| Defendants. | ) | |

**NCR CORPORATION'S RESPONSES AND OBJECTIONS
TO GEORGIA-PACIFIC'S FIRST PHASE II INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant NCR Corporation ("NCR"), by and through its undersigned counsel, hereby responds and objects to Plaintiffs Georgia-Pacific Consumer Products LP, Fort James Corporation and Georgia-Pacific LLC's (collectively, "Georgia-Pacific") First Phase II Interrogatories ("Interrogatories").

**GENERAL OBJECTIONS**

The following General Objections apply to each of Georgia-Pacific's Interrogatories and shall have the same force and effect as if set forth in full in response to each. Any failure to repeat all or part of these General Objections in any specific response shall not constitute a waiver or relinquishment of such objection.

1. NCR has not completed its investigation or discovery in this litigation. NCR's Responses and Objections to Georgia-Pacific's Interrogatories are based upon the information presently known to NCR and are given without prejudice to NCR's right to

adduce or analyze evidence subsequent to the date of these responses.  NCR expressly reserves the right to revise, supplement or otherwise amend these Responses and Objections to the extent permitted by the Federal Rules of Civil Procedure, the Local Rules of Practice and Procedure for the United States District Court for the Western District of Michigan ("Civil Local Rules"), and/or other applicable law.

      2.      NCR objects to these interrogatories to the extent that they are premature and to the extent that they seek information and analysis that will be the subject of expert testimony.  NCR will timely comply with the Court's operative scheduling order and other orders entered in this case as they relate to expert disclosures and will supplement its response to these Interrogatories as required.

      3.      NCR objects to each of Georgia-Pacific's Interrogatories to the extent that it is overly broad, unduly burdensome and/or seeks irrelevant information or information that is not reasonably calculated to lead to the discovery of admissible evidence.

      4.      NCR objects to the definition of the term "CCP" to the extent that it is inaccurate and subject to multiple interpretations; renders the Interrogatories vague, ambiguous, overly broad and unduly burdensome; calls for information or the production of documents not within NCR's possession, custody or control; calls for the production of privileged information; is not reasonably calculated to lead to the discovery of admissible evidence; and seeks, or may be construed to seek, to impose obligations inconsistent with the Federal Rules of Civil Procedure, the Civil Local Rules and/or other applicable law. For purposes of these Responses and Objections, NCR will construe the term "CCP" to refer to NCR Paper brand carbonless copy paper manufactured between 1954 and April 1971.

5.      NCR objects to the definition of the term "CCP Coating Broke" to the extent that it is inaccurate and subject to multiple interpretations; renders the Interrogatories vague, ambiguous, overly broad and unduly burdensome; calls for information or the production of documents not within NCR's possession, custody or control; calls for the production of privileged information; is not reasonably calculated to lead to the discovery of admissible evidence; and seeks, or may be construed to seek, to impose obligations inconsistent with the Federal Rules of Civil Procedure, the Civil Local Rules and/or other applicable law.  For purposes of these Responses and Objections, NCR will construe the term "CCP Coating Broke" to refer to paper scrap or trim generated during the manufacture of CCP between 1954 and April 1971.

6.      NCR objects to the definition of the term "CCP Trim" to the extent that it is inaccurate and subject to multiple interpretations; renders the Interrogatories vague, ambiguous, overly broad and unduly burdensome; calls for information or the production of documents not within NCR's possession, custody, or control; calls for the production of privileged information; is not reasonably calculated to lead to the discovery of admissible evidence relevant to this litigation; and seeks, or may be construed to seek, to impose obligations inconsistent with the Federal Rules of Civil Procedure, the Civil Local Rules and/or other applicable law.  For purposes of these Responses and Objections, NCR will construe the term "CCP Trim" to refer to paper scrap or trim generated during the conversion of CCP between 1954 and April 1971.

7.      NCR objects to the definition of the term "NCR PCBs" to the extent that it is inaccurate and subject to multiple interpretations; renders the Requests vague, ambiguous, overly broad and unduly burdensome; calls for information not within NCR's

3

possession, custody or control; and seeks, or may be construed to seek, to impose obligations inconsistent with the Federal Rules of Civil Procedure, the Civil Local Rules and/or other applicable law.

8.      NCR objects to each of the Interrogatories to the extent that it seeks, or may be construed to seek, information or documents protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege and/or any other applicable privilege or applicable discovery protection. Any disclosure of information or documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, immunity, law or rule is inadvertent and does not constitute a waiver of any claim of privilege or other protection, all of which are expressly reserved. NCR reserves the right to demand the return of such information or documents, prohibit its use in any manner and/or demand the destruction of any such documents or information inadvertently produced in response to the Interrogatories.

9.      NCR objects to each of the Interrogatories to the extent that it seeks, or may be construed to seek, information from NCR that is in the possession, custody or control of other parties or entities. NCR's Responses and Objections to the Interrogatories are tendered on behalf of NCR only, and not on behalf of any other party or entity.

10.      NCR objects to each of the Interrogatories to the extent that it seeks, or may be construed to seek, information that is publicly available; that has previously been produced in this litigation; that is already in the possession, custody or control of Georgia-Pacific; or that is available to Georgia-Pacific from another source, to the extent

4

that such information is equally available to Georgia-Pacific and the burden and expense of obtaining such information is no greater for Georgia-Pacific than it is for NCR.

11.     NCR objects to each of the Interrogatories to the extent that it seeks, or may be construed to seek, to impose burdens or obligations on NCR that are inconsistent with the Federal Rules of Civil Procedure, the Civil Local Rules and/or other applicable law.

12.     NCR objects to each of the Interrogatories to the extent that it is not reasonably limited in scope, rendering the Interrogatory overly broad or unduly burdensome.

13.     NCR reserves all objections as to the competence, relevance, materiality, authenticity, admissibility and privilege of documents and responses to the Interrogatories or the subject matter thereof; all rights to object on any ground to any other discovery request concerning the subject matter of the Interrogatories; and all rights to object on any ground to the use of any document, or the subject matter therein, in any subsequent proceeding, including without limitation the trial of this or any other action.

14.     Each of the foregoing General Objections is incorporated into the Specific Responses and Objections given to each individual Interrogatory, and those Specific Responses and Objections are made subject to and without waiving any of the General Objections.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

1.     For the period 1954 to 1975, please identify each document or communication (including the date, manner, content, and recipient(s)) in which NCR disclosed to any person (other than an NCR employee) that any CCP, CCP Coating Broke, and/or CCP Trim contained PCBs.

5

**OBJECTION:**  NCR objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and/or seeks information or documents that are not reasonably calculated to lead to the discovery of admissible evidence relevant to this litigation.  In particular, it would be unduly burdensome to require NCR to list "each document or communication" specified in this Interrogatory over a 21-year time period, given, among other things, that no employees from that time period involved in the subject matter of this Interrogatory are still employed at NCR, and written communications that are still in NCR's possession, custody and control have already been produced to Georgia-Pacific in this litigation.

NCR further objects to this Interrogatory to the extent that it seeks information or documents protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, or any other applicable privilege or applicable discovery protection.

**RESPONSE:**  Subject to and without waiving these objections, or any of its General Objections, NCR believes that communications responsive to this Interrogatory were made both orally and in writing.  Following a reasonable search, NCR states that, pursuant to Fed. R. Civ. P. 33(d), information responsive to this Interrogatory may be identified in documents produced in this litigation, including but not limited to:

- KZ00089904
- KZ00172811
- APIFOX00007236
- NCR-FOX-0330722
- NCR-FOX-0331432

6

- GPFOX00144075

NCR's investigation is ongoing.  NCR will supplement this response if and when additional responsive information not previously produced is identified, to the extent required by Fed. R. Civ. P. 26(e).

2.      Please identify (by year, location, source, and amount) all Aroclor 1242 released into or onto the Site as a result of conduct <u>other than</u> the recycling of CCP.

**OBJECTION:**  NCR objects to this Interrogatory to the extent that it seeks information or documents protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, or any other applicable privilege or applicable discovery protection.

NCR further objects to this Interrogatory to the extent that the phrase "recycling" is vague, ambiguous, and subject to multiple interpretations.  For the purposes of its Response, NCR has interpreted "recycling" to refer to the process(es) used to repulp, deink, bleach, clean, and/or wash Recovered Fiber (as that term is defined in NCR's Interrogatories to the Other Parties, dated May 27, 2014) and the process(es) of using that Recovered Fiber to make new paper products, and the process(es) used to treat and dispose of Wastewater and Residuals (as those terms are defined in NCR's Interrogatories to the Other Parties, dated May 27, 2014) that result from the process(es) used to repulp, deink, bleach, clean, and/or wash Recovered Fiber.

NCR further objects to this Interrogatory to the extent that it calls for expert testimony.  NCR will serve expert disclosures pursuant to the schedule set forth in the Court's operative scheduling order.

**RESPONSE:**  Subject to and without waiving these objections, or any of its General Objections, NCR states that it has not located any information that is responsive

7

to this request.  NCR's investigation is ongoing.  NCR will supplement this response if and when additional responsive information not previously produced is identified, to the extent required by Fed. R. Civ. P. 26(e).

3.     Please describe in detail each and every defense "available under CERCLA" that you intend to assert (*see* NCR's 13th Affirmative Defense), if any, and state the facts supporting each such defense under CERCLA.

**OBJECTION:**  NCR objects to this Interrogatory as vague and ambiguous and responds only regarding NCR's 13th Affirmative Defense.  NCR further objects to this Interrogatory to the extent that it is a premature contention interrogatory.  Discovery for Phase II, including discovery into certain of the defenses asserted in NCR's July 25, 2011, Answer (the "Affirmative Defenses"), is ongoing.  Accordingly, NCR cannot at this time identify each of the defenses available under CERCLA that it intends to assert and/or rely on at any point during this matter.

NCR further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege or any other applicable privilege or applicable discovery protection.

**RESPONSE:**  Subject to and without waiving these objections, or any of its General Objections, NCR states that it is not currently aware of any additional defenses that it intends to assert other than to those specifically enumerated in its Answer dated July 25, 2011.  Because discovery in this litigation and NCR's investigation is ongoing, NCR reserves the right to supplement this response and its Answer dated July 25, 2011, upon the completion of discovery for Phase II and/or its investigation into potential Affirmative Defenses, as contemplated by the Federal Rules of Civil Procedure, the Civil Local Rules, and other applicable law.  *See* Fed. R. Civ. P. 26(e), 33(a)(2).

4.     For the period 1954 to 1972, please describe each document or communication (including the date, manner, content, and recipient(s)) between NCR and any third party (including Monsanto) relating to discussing PCBs with other people or entities, including governmental agencies.

**OBJECTION:**  NCR objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and/or seeks information or documents that are not reasonably calculated to lead to the discovery of admissible evidence.  In particular, it would be unduly burdensome to require NCR to list "all communications" between NCR and any third party relating to "discussing PCBs" over an 18-year time period, given, among other things, that no employees from that time period involved in the subject matter of this Interrogatory are still employed at NCR, and written communications that are still in NCR's possession, custody and control have been produced to Georgia-Pacific in this litigation.

NCR further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege or any other applicable privilege or applicable discovery protection.

NCR further objects to this Interrogatory to the extent that the phrase "relating to discussing PCBs" is vague, ambiguous, and subject to multiple interpretations.

**RESPONSE:**  Subject to and without waiving these objections, or any of its General Objections, NCR believes that communications responsive to this Interrogatory were made both orally and in writing.  Following a reasonable search, NCR states that, pursuant to Fed. R. Civ. P. 33(d), information responsive to this Interrogatory may be identified in documents produced in this litigation, including but not limited to:

- JDGFOX00000064

- MONSFOX00080385

- KZ00088867

- PHGNCR-2007937

- GPFOX00030900

- KZ00089543

- KZ00088681

- KZ00088688

- PHGNCR-2007877

- JDGFOX00000133

- NCR-FOX-0563889

- KZ00078495

- KZ00155425

- PHGNCR-2007742

NCR's investigation is ongoing.  NCR will supplement this response if and when additional responsive information not previously produced is identified, to the extent required by Fed. R. Civ. P. 26(e).

5.     Please describe the nature and extent of Monsanto's confidentiality obligations, if any, to NCR for the period 1954 to 1971.

**OBJECTION:**  NCR specifically objects to this Interrogatory to the extent that it is overbroad, unduly burdensome, and seeks irrelevant information or information that is not reasonably calculated to lead to the discovery of admissible evidence.  NCR limits its response to any obligation of confidentiality concerning the PCB content of its emulsion.

10

**RESPONSE:** Subject to and without waiving these objections, or any of its General Objections, NCR states that after a reasonable inquiry, it is not aware of the existence of any confidentiality obligations owed by Monsanto to NCR for the period 1954 to 1971. NCR's investigation is ongoing. NCR will supplement this response if and when additional responsive information not previously produced is identified, to the extent required by Fed. R. Civ. P. 26(e).

6. Please describe each document or communication (including the date, manner, content, and recipient(s)) in which Monsanto informed anyone that Aroclor 1242 was not found in, or otherwise posed no harm or threat to, the environment.

**OBJECTION:** NCR objects to this Interrogatory to the extent it seeks documents or information that NCR has not received or has not maintained in its posession, custody, or control.

NCR further objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and/or seeks information or documents that are not reasonably calculated to lead to the discovery of admissible evidence. In particular, it would be unduly burdensome to require NCR to list "each document or communication", given, among other things, that this Interrogatory does not specify a time limitation.

NCR further objects to this Interrogatory to the extent that the phrases "was not found in", "posed no harm or threat" and "environment" are vague, ambiguous, and subject to multiple interpretations.

NCR further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege or any other applicable privilege or applicable discovery protection.

11

**RESPONSE:**  Subject to and without waiving these objections, or any of its General Objections, NCR believes that communications responsive to this Interrogatory were made both orally and in writing.  Following a reasonable search, NCR states that, pursuant to Fed. R. Civ. P. 33(d), information responsive to this Interrogatory may be identified in documents produced in this litigation, including but not limited to:

- KZ00077085

- KZ00412919

- KZ00077088

- KZ00088711

- MONSFOX00099648

- GPFOX00039264

- MONSFOX00000329

- MONSFOX00000324

- KZ00412151

- PHGNCR-2007927

NCR's investigation is ongoing.  NCR will supplement this response if and when additional responsive information not previously produced is identified, to the extent required by Fed. R. Civ. P. 26(e).

7.    For each document or communication identified in your response to Interrogatory No. 6 (if any), please identify all evidence relating to the date NCR received or was otherwise made aware of such document or communication.

**OBJECTION:**  NCR incorporates its objections to Interrogatory No. 6 and futher objects to this Interrogatory to the extent that the phrase "relating to the date" is vague, ambiguous, and subject to multiple interpretations.

12

NCR further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege or any other applicable privilege or applicable discovery protection.  NCR's investigation is ongoing.  NCR will supplement this response if and when additional responsive information not previously produced is identified, to the extent required by Fed. R. Civ. P. 26(e).

**RESPONSE:**  Subject to and without waiving any of its objections, or any of its General Objections, NCR states that information responsive to this Interrogatory may be identified in the documents listed in NCR's response to Interrogatory No. 6.

8.    Please describe in detail all wastewater treatment technology, available during the period 1954 to 1971, that was capable of reducing, limiting, or eliminating PCBs released into rivers in connection with the recycling of CCP.

**OBJECTION:**  NCR objects to this Interrogatory to the extent that it calls for expert testimony.  NCR will serve expert disclosures pursuant to the schedule set forth in the Court's operative scheduling order.

NCR further objects to this Interrogatory to the extent that the phrase "wastewater treatment technology" is vague, ambiguous, and subject to multiple interpretations.

NCR further objects to this Interrogatory to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, or any other applicable privilege or applicable discovery protection.

NCR further objects to this Interrogatory to the extent that it seeks documents or information that are publicly available or that have already been produced by NCR in this litigation.  It is no more burdensome for Georgia-Pacific to obtain any

13

such documents from any third parties or to locate them in the production than it would be for NCR.

       **RESPONSE:**  Subject to and without waiving these objections, or any of its General Objections, NCR believes that communications responsive to this Interrogatory were made both orally and in writing.  Following a reasonable search, NCR states that, pursuant to Fed. R. Civ. P. 33(d), information responsive to this Interrogatory may be identified in documents produced in this litigation, including but not limited to:

- KZ-KRSG-00019196

- NCRKZOO0025415

    9.    Please identify every method or technology, during the period 1971 to 1976, that would have permitted a recycler to distinguish between (1) CCP produced using (or coated with) an emulsion containing PCBs and (2) CCP that was not produced using (or coated with) an emulsion containing PCBs.

       **OBJECTION:**  NCR specifically objects to this Interrogatory to the extent that it is overbroad, unduly burdensome, and seeks irrelevant information or information that is not reasonably calculated to lead to the discovery of admissible evidence.

       NCR further objects to this Interrogatory to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, or any other applicable privilege or applicable discovery protection.

       NCR further objects to this Interrogatory to the extent that it seeks documents or information that are publicly available or that have already been produced by NCR in this litigation.  It is no more burdensome for Georgia-Pacific to obtain any

14

such documents from any third parties or to locate them in the production than it would be for NCR.

NCR further objects to this Interrogatory to the extent that it calls for expert testimony.  NCR will serve expert disclosures pursuant to the schedule set forth in the Court's operative scheduling order.

**RESPONSE:**  Subject to and without waiving these objections, or any of its General Objections, NCR believes that communications responsive to this Interrogatory were made both orally and in writing.  Following a reasonable search, NCR states that, pursuant to Fed. R. Civ. P. 33(d), information responsive to this Interrogatory may be identified in documents produced in this litigation, including but not limited to:

- WTMFOX00008110
- WTMFOX00009882
- MENFOX00000152

10.     Please identify, and describe the terms of, any agreements or other documents, including any insurance policies, contracts, judicial decisions, arbitration awards, settlement agreements, and/or other indemnification agreements, under which any person is, would be, or allegedly is or would be, obliged to pay, in whole or in part, NCR's court-determined share of any past or future costs associated with the Site.

**OBJECTION:**  NCR objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and/or seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence.  Because NCR has not incurred any costs at the Site and is not claiming any costs or damages in this litigation at this time, information responsive to this Interrogatory is irrelevant to Georgia-Pacific's claims and NCR's defenses.

15

NCR further objects to this Interrogatory to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, or any other applicable privilege or applicable discovery protection.

**RESPONSE:**  Subject to and without waiving these objections, or any of its General Objections, NCR states that extensive information concerning its insurance policies, proceeds, and indemnification arrangements related to its environmental matters is discussed in its public filings made with the Securities and Exchange Commission.

Dated:  August 14, 2014

NCR CORPORATION


 /s/ David R. Marriott
David R. Marriott
*Counsel for NCR Corporation*

DICKINSON WRIGHT PLLC
Geoffrey A. Fields
200 Ottawa Avenue, N.W., Suite 1000
Grand Rapids, Michigan 49503
Phone: (616) 336-1017
Fax: (616) 458-6753
gfields@dickinsonwright.com

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott
Darin P. McAtee
Worldwide Plaza, 825 Eighth Avenue
New York, New York 10019
Phone: (212) 474-1000
Fax: (212) 474-3700
dmarriott@cravath.com

SIDLEY AUSTIN LLP
John M. Heyde
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036
jheyde@sidley.com

MARTEN LAW PLLC
Linda R. Larson
Bradley M. Marten
1191 Second Avenue, Suite 2200
Seattle, Washington 98101
Phone: (206) 292-2600
Fax: (206) 292-2601
llarson@martenlaw.com

17

## VERIFICATION

I, Edward R. Gallagher, verify that I have read Defendant NCR Corporation's Responses and Objections to Plaintiffs Georgia-Pacific Consumer Products LP, Fort James Corporation and Georgia-Pacific LLC's First Phase II Interrogatories, dated June 26, 2014; that these responses and objections were prepared with the assistance and advice of counsel and persons affiliated with NCR Corporation upon whose advice I have relied; that the responses and objections set forth in the document, subject to inadvertent or undiscovered errors, are based on and necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these responses and objections and as of the date the responses and objections were served; that I and NCR Corporation consequently reserve the right to make any changes in the responses and objections if it appears at any time that omissions or errors have been made; that subject to the limitations set forth in this document, the responses and objections are true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August __13__, 2014

Edward R. Gallagher
Law Vice President, NCR Corporation

18

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 14, 2014, I caused a copy of NCR Corporation's Responses and Objections to Georgia-Pacific's First Phase II Interrogatories to be sent to the below counsel for each party via e-mail.

By: ____/s/ David F. Lisner____

| | |
|---|---|
| John D. Parker | jparker@bakerlaw.com, |
| Sonja A. Inglin | singlin@bakerlaw.com, |
| Michael Dunning | mdunning@perkinscoie.com, |
| J. Christopher Baird | jcbaird@perkinscoie.com, |
| G. Trey Sibley | gsibley@hunton.com, |
| Michael R. Shebelskie | mshebelskie@hunton.com, |
| Paul T. Nyffeler | pnyffeler@hunton.com |