# Exhibit F



HUNTON & WILLIAMS LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL 804 • 788 • 8200
FAX 804 • 788 • 8218

GEORGE P. SIBLEY, III
DIRECT DIAL: 804 • 788 • 8262
EMAIL: gsibley@hunton.com

October 20, 2014

FILE: 29073.396

**VIA EMAIL (dlisner@cravath.com)**

David F. Lisner, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475

### Georgia-Pacific, LLC, et al. v. NCR Corp., et al.

Dear Dave:

Thank you for your letter of October 13, 2014.

NCR has not pleaded divisibility/apportionment of harm as an affirmative defense. None of the defenses you reference can be reasonably construed to do so. Indeed, none of those defenses even obliquely references apportionment or divisibility.

You also point to numerous instances where, in your telling, NCR has put us on notice that it would assert the defense. But that is not the same as actually doing so in the manner required by the Rules. And it is no different from GP's reference to natural resource damages in the course of discovery in Phase II that NCR successfully argued was insufficient to put that issue in play. NCR should be held to the same standard.

More critically, NCR still has not articulated its theory of divisibility with any particularity. We are left to guess what NCR's contention is regarding the harm at the Site and the basis on which it can be apportioned.



David F. Lisner, Esq.
October 20, 2014
Page 2

      In sum, we do not consider divisibility/apportionment of harm to be among NCR's defenses.

                                      Yours very truly,

                                      George P. Sibley, III

GPS/gba

cc:    John D. Parker, Esq.
        Michael Dunning, Esq.