UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, et al., | |
| Plaintiffs, | Case No.  1:11-cv-00483 |
| vs. | |
| NCR CORPORATION, et al., | Hon. Robert J. Jonker |
| Defendants. | |

**DEFENDANT INTERNATIONAL PAPER COMPANY'S BRIEF IN SUPPORT
OF ITS MOTION TO DISALLOW PLAINTIFFS' BILL OF COSTS**

## INTRODUCTION

Throughout this years-long litigation, Plaintiffs Georgia Pacific Consumer Products, LP and related entities ("GP") have lost more than they have won.  Before the Phase II trial, the Court recognized that over half the response costs that GP sought were time-barred.  And after that trial, the Court concluded that GP itself was responsible for 40% of its remaining response costs.  The simple math is, GP succeeded in recovering just 28.8% of the response costs that it sought to recover.

Despite this track record, GP asks the Court to award $266,613.87 in litigation costs.  To support its request, GP submitted hundreds of invoices.  Yet GP never explains why those costs were reasonably necessary for the litigation and thus fails to satisfy its burden.  That supports denying GP's motion outright.  GP's request also ignores its limited success in this litigation, which substantially reduces its ability to recover taxable costs from all of the defendants, but particularly from International Paper.  Accordingly, the Court should either deny GP its litigation costs in total, or order International Paper to pay only a portion of those costs.

## BACKGROUND

In 2010, GP sued NCR, Weyerhaeuser, and International Paper under CERCLA to recover its costs related to the cleanup of the Allied Paper/Portage Creek/Kalamazoo River Superfund Site (the "Site").  (Phase II Opinion, PageID.34636-34700.)  Extensive fact and expert discovery ensued.  The case twice proceeded to trial—once to determine liability (Phase I), and again to determine allocation (Phase II).  (*Id.*)

During both phases of the trial, GP and NCR played the leading roles.  The Phase I trial featured 18 witnesses.  International Paper called just two of them.  Along the same lines, the Phase II trial featured 31 live witnesses and nine who testified by deposition/video.  International Paper called just two live witnesses and two witnesses by deposition/video. The discovery

process mirrored the trials; International Paper typically asked fewer questions than GP and NCR in depositions, and it noticed relatively fewer depositions.

Before the Phase II trial, the Court granted partial summary judgment to the defendants, concluding that the statute of limitations barred more than $54.9 million of the approximately $105.5 million in response costs that GP sought to recover.  (MSJ Opinion, PageID.24179-24197.)  And, in the Phase II trial, the Court found International Paper responsible for only 15% of the remaining recoverable cleanup costs, while GP and NCR together were responsible for a combined 80% of those costs.  (Phase II Opinion, PageID.34691.)

The Court entered final judgment on June 19, 2018.  (PageID.34745-34746.)  On July 17, 2018, GP filed a Bill of Costs, requesting reimbursement of $266,613.87.  (PageID.34764-34765.)

## LEGAL STANDARD

Taxable costs are identified in 28 U.S.C. § 1920, and "are limited to relatively minor, incidental expenses."  *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 573 (2012).  Federal Rule of Civil Procedure 54(d)(1) allows a prevailing party to recover litigation costs if it can "demonstrate that the costs (1) are authorized by federal law, (2) are reasonable, and (3) were necessary to the prosecution of the case."  *Lensing v. Potter*, 2015 WL 10892073, at *11 (W.D. Mich. Aug. 20, 2015); *Phelan v. Bell*, 8 F.3d 369, 375 (6th Cir. 1993) ("award of costs must be supported by factual findings.").  "The Court must first determine whether the expenses are allowable cost items under § 1920 and then the Court must determine whether the amounts are reasonable and necessary."  *Ma v. Am. Elec. Power Inc.*, 2017 WL 6422566, at *1 (W.D. Mich. Oct. 23, 2017) (Jonker, J.); *King v. Gowdy*, 268 F. App'x 389, 391 (6th Cir. 2008) (same).  "To avoid a second major litigation over costs, the prevailing party should provide sufficient

information that its entitlement to the award should be obvious." *Lensing*, 2015 WL 10892073, at *11.

If a prevailing party meets this burden, Rule 54(d) presumes that the prevailing party is entitled to reasonably necessary costs, "but allows denial of costs at the discretion of the trial court." *Knology, Inc. v. Insight Comms. Co., L.P.*, 460 F.3d 722, 726-27 (6th Cir. 2006) (affirming district court's denial of costs to prevailing party). Indeed, this Court may consider equitable principles and the totality of circumstances to deny costs, "including the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs." *Knology, Inc.*, 460 F.3d at 726-27; *Tyson v. Sterling Rental, Inc.*, 2015 WL 12819205, at *1 (E.D. Mich. May 21, 2015) ("The Court may consider the totality of the circumstances and other principles of equity when reviewing the determination of costs.").

## ARGUMENT

GP's proposed Bill of Costs falls far short of showing, as GP must, that the costs are reasonable and necessary. *Lensing*, 2015 WL 10892073, at *11; *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995) (denying transcript costs when prevailing party's "original motion and brief [did] not even address the necessity of the court reporter fees."). GP requests more than $265,000 in costs for "printed or electronically recorded transcripts necessarily obtained for use in the case." (PID 34764.) GP offers no support for this request, however, and instead merely attaches hundreds of pages of invoices as exhibits and a declaration from its counsel summarily stating that those invoices "were necessarily incurred in this action." (*See generally id.*) The Court should reject GP's request on this basis alone. *See, e.g., Demolition Contractors, Inc. v. Westchester Surplus Lines Ins. Co.*, 2009 WL 1309251, at *2 (W.D. Mich. May 11, 2009) ("Given the lack of information and documentation provided by plaintiff, the

Court is unable to determine that the transcript was necessarily obtained for use in this case. . . . Plaintiff has failed to meet its burden; thus, this cost is denied").

GP has also failed to meet its burden for other reasons.  Specifically, GP's claimed costs include items that are not properly taxable, including for example excessive per-page transcript charges.  Moreover, GP only *partially* prevailed in this action, and therefore, it should only recover costs that reflect its partial success.  Lastly, International Paper is responsible for only a portion—if any—of GP's costs commensurate with International Paper's liability allocation.

## I.      GP CANNOT RECOVER NON-TAXABLE COSTS.

GP's Bill of Costs improperly requested reimbursement for items that are not recoverable under 28 U.S.C. § 1920.  But "[t]he [C]ourt is limited to taxing costs that fall within those enumerated in § 1920, and has no discretion to exceed the four corners of the statute." *Fair Housing Center of S.W. Mich. v. Hunt*, 2013 WL 5719152, at *8 (W.D. Mich. Oct. 21, 2013). The Court should thus eliminate these non-taxable costs from GP's Proposed Bill of Costs.

### A.      GP Cannot Recover Costs for Investigatory or Preparatory Depositions.

GP cannot recover costs for many of the depositions because they were not reasonably necessary to the litigation.  "It is generally agreed that depositions that are merely investigative, preparatory, or useful for discovery are not taxable as costs." *Whirlpool Corp. v. LG Elec., Inc.*, 2007 WL 2462659, at *5 (W.D. Mich. Aug. 26, 2007) (quotations and citations omitted); *see also* 10 Charles Alan Wright, Arthur Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 2676 (3d Ed.) ("The cost of depositions that simply are investigative or preparatory in character, rather than for the presentation of the case, typically are not taxable.").  Here, GP has made no showing that any of these depositions were necessary.  Nor could it.  In many of these

depositions, GP did not call the witness at trial.  The Court should reduce GP's Bill of Costs by
$25,639.55, the amount associated with these unnecessary depositions.  (*See* Ex. A.)[1]

### B.    The Court Should Not Allow GP to Recover More than $3.65 Per-Page for Transcript Costs.

GP requested over $265,000 in reimbursement for costs of printed or electronically
recorded transcripts.  Some of those costs were unnecessary.

GP overpaid for many deposition transcripts, and the excessive payments are not
recoverable.  The Judicial Conference of the United States establishes a $3.65 per-page rate as
the maximum allowable rate for ordinary transcripts.  *See* Federal Court Reporting Program,
http://www.uscourts.gov/services-forms/federal-court-reporting-program#rates.  The standard
rate for transcripts in this Court is just $2.40—less than two-thirds the Judicial Conference's
maximum allowable rate.  (*See* PageID.35073.)

Yet numerous invoices submitted as exhibits to GP's Bill of Costs show that GP often
paid per-page charges exceeding the Judicial Conference's maximum allowable rate.  (*See* Ex.
B.)[2]  For example, GP paid more than $8.25 per page for Donald Clason's deposition transcript
(PageID.34789), and $7.15 per page for James Grabow's deposition transcript (PageID.34791).
These per-page charges significantly exceed the maximum allowable—and thus presumptively
reasonable—rate established by the Judicial Conference.  *See, e.g.*, *Berry Plastics Corp. v.
Intertape Polymer Corp.*, 2017 WL 167829, at *3 (S.D. Ind. Jan. 17, 2017) (reducing costs
"associated with expedited ($4.85 per page) and 14-day ($4.25 per page) transcripts" to $3.65
per page to reflect "the regular copy rate established by the Judicial Conference of the United
States"); *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 456 (7th Cir. 1998) ("the Judicial

---

[1] Exhibit A provides a list of depositions that GP took for investigatory or preparatory purposes.  (*See* Ex. A.)
[2] Exhibit B provides a list of depositions that include excessive per-page rates.  (*See* Ex. B.)

Conference rates apply to deposition charges by official and private court reporters."); *cf. Howe v. City of Akron*, 2016 WL 916701, at *21-22 (N.D. Ohio Mar. 10, 2016) (disallowing expenses for expedited transcript costs when prevailing party failed to demonstrate that expedited transcripts were necessary), *aff'd,* 705 F. App'x 376 (6th Cir. 2017).  The Court should therefore deduct $21,002.08 from GP's Bill of Costs.[3]

C.    **GP Cannot Recover Videotape Deposition Costs Because They Are Duplicative of the Costs for Deposition Transcripts.**

GP requests reimbursement for both deposition transcripts and videotaping charges.  But videotaped depositions are duplicative of the deposition transcripts and, thus, GP should not recover both costs if it did not use the videos at trial.  *See, e.g.*, *Centurytel of Chatham, LLC v. Sprint Comms. Co. LP*, 2016 WL 4005965, at *4 (W.D. La. July 25, 2016) (courts "have refused to award costs for both deposition transcripts and video recordings when the video recordings were not actually used at trial."); *Eastman Chemical Co. v. PlastiPure, Inc.*, 2013 WL 5555373, at *6 (W.D. Tex. Oct. 4, 2013) (declining to "tax as costs both paper transcripts and video recordings of the same depositions where the videos were not used at trial"); *Whemco-Ohio Foundry, Inc. v. Hartford Steam Boiler Inspection & Ins. Co.*, 2011 WL 13237766, at *2 (N.D. Ohio Sept. 2, 2011) (same); *Baker Hughes Inc. v. S&S Chemical, LLC*, 2016 WL 6155688, at *2 (W.D. Mich. Oct. 24, 2016) (same); *Johnson v. City of Battle Creek*, 2005 WL 1427716, at *2 (W.D. Mich. June 16, 2005) (same).  Accordingly, the Court should reduce GP's Bill of Costs by $61,228.63 to reflect the costs associated with unjustified videotaped depositions.   (See Exhibit C.)[4]

---

[3] GP paid excessive amounts for certain depositions that appear on Exhibit A, as investigative depositions (Bennett, Clason, Faust, Fetters, Grabow, McCourt, McIntosh and Montgomery).  If the Court reduces GP's claim by the full amount of Exhibit A, the net amount that GP paid for excessive deposition costs would be $18,716.03.

[4] Because GP ordered videotapes for all of the investigative depositions listed on Exhibit A, the videotape related costs on Exhibit A also are included in Exhibit C.  The amount of the videotape related costs on Exhibit C that are

     **D.**    **GP's Bill of Costs Includes Additional Convenience-of-Counsel Costs, So on the Whole, GP Has Failed to Establish That Its Claimed Costs Were Necessary.**

What's more, GP has not done the work required to parse its invoices and extract unnecessary costs from necessary costs. "Generally, rough drafts of transcripts, ASCII discs, video synchronization, etc., are considered for the convenience of counsel and are not recoverable." *Berry Plastics Corp. v. Intertape Polymer Corp.*, 2017 WL 167829, at *2 (S.D. Ind. Jan. 17, 2017) (collecting cases). Yet GP's Bill of Costs is replete with requests for such convenience-of-counsel items as video synchronization (*e.g.*, PageID.34776, 35021, 35023) and rough drafts of transcripts (*e.g.*, PageID.34778, 34782, 34784, 34786). (*See also* PageID.34784 (charging $540 for unspecified "[v]ideo [s]ervices"), PageID.34786 (charging $405 for same).) Since GP has opted not to separate unnecessary costs from necessary costs, GP failed to satisfy its burden of showing that the claimed costs, as a whole, were necessary.

**II.**    **AS A PARTIALLY PREVAILING PARTY, GP SHOULD RECOVER COSTS ONLY IN PROPORTION TO ITS LIMITED SUCCESS.**

When a party obtains only partial success in an action, courts frequently reduce the prevailing party's cost award in proportion to the party's limited success. *See, e.g.*, *Saginaw Chippewa Indian Tribe of Mich. v. Blue Cross Blue Shield of Mich.*, 2018 WL 453762, at *11 (E.D. Mich. Jan. 17, 2018) (reducing the prevailing party's taxable costs by two-thirds to account for its partial success); *Pierce v. County of Orange*, 905 F. Supp. 2d 1017, 1049 (C.D. Cal. 2012) (fifteen percent reduction in taxable costs to reflect partial success); *Granger v. Marine*, 2016 WL 940587, at *2 (E.D. La. Nov. 14, 2016) ("costs should be awarded in a manner consistent with the parties degree of success."); *Cashman Equip. Corp. v. Rozel Operating Co.*, 559 F.

---

also reflected on Exhibit A is $9,057.50. Should the Court deduct the full amount of costs on Exhibit A from GP's claim, the net amount of videotape related costs would be $52,171.13.

App'x 283, 288-89 (5th Cir. 2014) (affirming seventy-five percent reduction based on partial success).

Here, GP initially sought to recover approximately $105.5 million of its response costs. (PageID.278986; Phase II Opinion, PageID.34653.) Even before the Phase II trial began, GP was already a net loser: the Court had held that more than $54.9 million of GP's claimed $105.5 million in response costs were time-barred, leaving only 48% of GP's total claim remaining. (PageID.34657.) And during Phase II of the trial, the Court found that GP retained 40% of the responsibility for its remaining response costs. (PageID.34694.) In other words, GP only recovered approximately $30 million of the $105.5 million it originally sought—a 28.8% recovery. The Court should reduce GP's properly taxable costs by a commensurate percentage.

## III. INTERNATIONAL PAPER IS MERELY RESPONSIBLE FOR COSTS COMMENSURATE WITH ITS LIABILITY ALLOCATION, IF AT ALL.

After the Phase II trial, the Court found that International Paper was responsible for 15% of GP's recoverable response costs. (PageID.34696.)[5] In contrast, the Court found GP responsible for 40% of the same response costs. (PageID.34694.) GP's liability allocation is therefore larger than International Paper's share. The parties should bear their own costs for this reason alone. *See, e.g.*, *Knology, Inc.*, 460 F.3d at 726-27 (courts may consider totality of circumstances to deny costs to a prevailing party "including the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs."); *Tyson v. Sterling Rental, Inc.*, 2015 WL 12819205, at *1 (E.D. Mich. May 21, 2015) ("The Court may consider the totality of the circumstances and other principles of equity when reviewing the determination of costs.").

---

[5] In other words, out of GP's original $105.5 million claim, the Court found International Paper responsible for only approximately seven percent (7.2%) of GP's response costs.

At most, GP should recover costs from International Paper in proportion to the percentage of its liability allocation.  In an analogous case, a Louisiana federal court recently apportioned costs commensurate with each party's respective liability. *Granger v. Marine*, 2016 WL 9408587 (E.D. La. Nov. 14, 2016).  As here, that case involved numerous defendants with varying degrees of comparative fault.  *Id.* at *1.  There, the factfinder attributed 20% of the fault to the plaintiff, and divided the remaining 80% between the three defendants.  *Id.*  And, like here, one of those defendants—Bollinger Shipyards ("Bollinger")—received a 15% allocation.  *Id.*  As the prevailing party, the Plaintiff tried to pin all of his costs on Bollinger because Bollinger was "the sole defendant at trial."  *Id.*  The court rejected that argument, reasoning that "the Plaintiff himself was more at fault that Bollinger."  *Id.* at *2.  The court thus held that the costs "should be awarded in a manner consistent with the parties' degree of success" because "[t]o require Bollinger to pay the entirety of costs in this case would not be an accurate reflection of" the litigation's outcome.  *Id.* at *2.

If the Court allows GP to recover any costs, it should adopt the *Granger* court's approach.  In Phase II, the Court found International Paper responsible for 7.2% of GP's original claim (or 15% of GP's non-time barred claim).  The Court should therefore assign, at most, 7.2% of GP's recoverable litigation costs to International Paper.

## CONCLUSION

GP's request for over $265,000 in litigation costs is unduly ambitious.  For one thing, many of GP's costs are not recoverable at all.  Some of the deposition costs are not recoverable because they stemmed from discovery depositions that were not used in trial. Other deposition costs were not reasonably necessary because they exceeded—grossly, in some cases—the allowable rate for transcripts.  Nor should GP recover video-deposition costs for videos that GP

never used at trial.  For these reasons, at least $96,526.71 of GP's claimed litigation costs are not allowable.

Nor should GP recover the full amount of its allowable litigation costs—much less from International Paper.  Although GP paints itself as a prevailing party, it prevailed in only minor part.  Over half of the response costs it sought to recover were time-barred, and after weeks of trial, the Court assigned 40% of GP's recoverable costs to GP itself.  International Paper, by contrast received just a 15% allocation, which amounts to approximately 7.2% of the response costs that GP originally sought to recover.  If the Court awards GP its litigation costs at all, the Court should ensure that International Paper's share of GP's recoverable costs are proportionate to the result of the litigation.

Dated:  July 31, 2018

<div style="margin-left:40%;">

*/s/John D. Parker*

John D. Parker
Michael Dominic Meuti
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114
(216) 621-0200
Attorneys for International Paper Co.
jparker@bakerlaw.com
mmeuti@bakerlaw.com

Ryan D. Fischbach
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard Suite 1400
Los Angeles, CA 90025
(310) 820-8800
Attorneys for International Paper Co.
rfischbach@bakerlaw.com

</div>

John F. Cermak, Jr.
CERMAK & INGLIN
11755 Wilshire Boulevard, Suite 1250
Los Angeles, CA 90025
(310) 575-2572
Attorneys for International Paper Co.
jcermak@cermaklegal.com

And by:

David W. Centner
CLARK HILL PLC
200 Ottawa Ave. NW, Ste. 500
Grand Rapids, MI 49503
(616) 608-1106
Attorneys for International Paper Co.
dcentner@clarkhill.com

4818-1682-0590