**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER ) <br> PRODUCTS LP, ) <br> FORT JAMES CORPORATION, and ) <br> GEORGIA-PACIFIC LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NCR CORPORATION, ) <br> INTERNATIONAL PAPER CO., ) <br> and WEYERHAEUSER CO., ) <br> ) <br> Defendants. ) | No: 1:11-cv-00483 <br><br> Judge Robert J. Jonker |

**DEFENDANT NCR CORPORATION'S OPPOSITION TO PLAINTIFF'S PETITION FOR FURTHER RELIEF**

Defendant NCR Corporation ("NCR") respectfully submits this opposition to Plaintiff Georgia-Pacific's Petition for Further Relief (Dkt. No. 952), which seeks to require all parties to commence and litigate Phase III proceedings while Phases I and II are on appeal. For the reasons that follow, Plaintiff's motion should be denied.

Georgia-Pacific's petition for further relief for costs incurred in performing the alleged time-critical removal action in Area 3 of Operable Unit 5 (the "Area 3 TCRA") is an unnecessary strategic tactic that would come at the expense of judicial economy and the parties' time and resources. The pending appeals by all four parties in the Sixth Circuit will challenge fundamental legal and factual aspects about this Court's Phase I and Phase II rulings that render any motion for further relief based on those rulings inappropriate at this time. As Georgia-

Pacific itself recognizes, two of the three defendants in this litigation—International Paper ("IP") and NCR—are arguing on appeal that they are not liable for *any* remediation costs. *See* Dkt. No. 952 at 4. NCR, for example, is challenging on appeal whether it was appropriately found to be an arranger, whether the harm at the Site is divisible and whether the 40% allocation of past costs against it was excessive. NCR believes it has strong arguments on each issue but particularly on the arranger liability issue, given its victory in Wisconsin federal district court and the Seventh Circuit as to CCP broke sales on the Fox River. *Appleton Papers Inc. v. George A. Whiting Paper Co.*, No. 08-C-16, 2012 WL 2704920 (E.D. Wis. July 3, 2012), aff'd sub nom. *NCR Corp. v. George A. Whiting Paper Co.*, 768 F.3d 682 (7th Cir. 2014). If the Sixth Circuit agrees with NCR's arguments—or those raised by IP or Weyerhaeuser—this Court could be required to rule on a new allocation under entirely different parameters. Indeed, the outcome of the pending appeals could alter any or all of (1) the number of parties liable for remediation costs, (2) whether there cannot be joint and several liability because the harm is divisible and (3) the appropriateness of the original allocation ruling. Each potential scenario counsels against litigating a motion for further relief at this time.

    Georgia-Pacific's responses to the substantial problems with undertaking further proceedings for a new area of the river while the parties' appeals are pending are unconvincing. *First*, Georgia-Pacific's claim that "regardless of the outcome of the appeals, the [District] Court will need to allocate the new costs" ignores that this Court may be required to allocate the new costs under an entirely different framework, and as to a different group of parties. Dkt. No. 952 at 4. As explained above, any change in the number of liable parties, the question of Site divisibility and/or the propriety of the prior allocation resulting from the Sixth Circuit's ruling

2

could require an entirely different approach to allocation than what this Court might otherwise apply.

In addition, there could be factual findings that are overturned, which could also alter the landscape for any new allocation.  *Second*, Georgia-Pacific argues that even if the Sixth Circuit reverses, a Phase III allocation ruling would still "yield the relative shares of responsibility between Georgia-Pacific and Weyerhaeuser".  *Id*.  Whether or not that is correct, Georgia-Pacific asks this Court to ignore the possibility of the Sixth Circuit altering or even mooting this Court's conclusions as to NCR and IP, and the substantial time and resources this Court, NCR and IP would have spent litigating Georgia-Pacific's motion in the interim.  This is unfair and prejudicial.  Where a moving party itself concedes that the relief sought against two-thirds of the defendants may be changed or mooted by a pending appeal, it is common sense that the motion should be stayed until after the appeal runs its course.[1]

*Third*, although Georgia-Pacific hopes that "an allocation proceeding [] should be expeditious" and require only a "modest discovery period", it provides no foundation for that wishful thinking.  Dkt. No. 952 at 3-4.  In fact, the history of this litigation supports the opposite assumption—another allocation proceeding, especially one at this juncture, could easily require extensive discovery.  As this Court knows, nothing in this litigation has been brief or has involved anything approaching "modest" discovery.  For example, in Phase II alone, 42 witnesses testified over the course of 26 trial days resulting in 3,965 pages of trial transcript and 7,723 trial exhibits.  Moreover, Georgia-Pacific argues that the Area 3 TCRA costs are

---

[1] Georgia-Pacific also speculates that any allocation ruling on Area 3 TCRA costs may be conducive to future settlements between the parties. Dkt. No. 952 at 4-5. This is a dubious assumption and it fails to appreciate that there could be an intervening ruling from the Sixth Circuit (or parties who want to wait for that development before trying to settle).

supposedly different in kind from the costs on which this Court already ruled.  It cannot simultaneously suggest that the costs are different in kind from those previously adjudicated and that the potential issues may easily be resolved with little or no discovery.  If Georgia-Pacific's proposal was to be accepted, the Court will open the door to a potentially expansive new round of fact and expert discovery on Area 3 TCRA costs, including on whether this work needed to be a TCRA at all and whether the PCBs in Area 3 come from the same sources and in the same proportions as the PCBs in Area 1.  This would not only unfairly require NCR to bear the burden of costs associated with such proceedings while it appeals the very basis of its liability, but it could encourage successive motions of this nature each time a new set of costs is incurred by any party.

*Finally*, Georgia-Pacific cites no reason why rushing into Phase III proceedings is necessary at this time.  Instead, Georgia-Pacific takes a "no reason not to" approach to justify the timing of its petition.  Georgia-Pacific has it backward.  The principles of judicial economy, efficiency and mitigation of litigation costs are all clear reasons to stay this petition, while Georgia-Pacific has not, and cannot, cite to a *single* reason why it is wise to attempt to allocate Area 3 TCRA costs now.[2]  That is why, in its motion, Georgia-Pacific cannot cite even one case where this type of inefficient adjudication has been allowed.

For the foregoing reasons, NCR respectfully requests that this Court deny Georgia-Pacific's petition, or stay the petition pending the appellate rulings as to Phases I and II.

---

[2] Notably, because Georgia-Pacific paid for one-third of the Area 3 TCRA costs and was allowed 40% of the remediation costs in Phase II, its expenditures in Area 3 would only constitute out-of-pocket losses to the extent that this Court orders a new allocation that is more favorable to Georgia-Pacific.

Dated: August 24, 2018	Respectfully submitted,

/s/ Darin P. McAtee

CRAVATH, SWAINE & MOORE LLP
Darin P. McAtee
Worldwide Plaza, 825 Eighth Avenue
New York, New York 10019
Phone: (212) 474-1000
Fax: (212) 474-3700
dmcatee@cravath.com

SIDLEY AUSTIN LLP
John M. Heyde
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036
jheyde@sidley.com

MARTEN LAW PLLC
Bradley M. Marten
1191 Second Avenue
Suite 2200
Seattle, Washington 98101
Phone: (206) 292-2600
Fax: (206) 292-2601
bmarten@martenlaw.com

DICKINSON WRIGHT PLLC
Geoffrey A. Fields
200 Ottawa Avenue, N.W., Suite 1000
Grand Rapids, Michigan 49503
Phone: (616) 336-1017
Fax: (616) 458-6753
gfields@dickinsonwright.com

*Attorneys for Defendant NCR Corporation*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 24, 2018, I electronically filed Defendant NCR Corporation's Opposition to Plaintiff's Petition for Further Relief (Dkt. No. 959) using the ECF system, which will send notification of such filing by operation of the Court's electronic systems.  Parties may access this filing via the Court's electronic system.

      /s/ Darin P. McAtee
*Counsel for NCR Corporation*