UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGIA-PACIFIC CONSUMER
PRODUCTS LP,
FORT JAMES CORPORATION, and
GEORGIA-PACIFIC LLC,

       Plaintiffs,

                                     CASE No. 1:11-CV-483
v.

                                     HON. ROBERT J. JONKER
NCR CORPORATION,
INTERNATIONAL PAPER CO., and
WEYERHAEUSER CO.,

       Defendants.

_____/

## ORDER

### INTRODUCTION

The matter before the Court is on Georgia-Pacific's Proposed Bill of Costs for Phase I and II of the case (ECF No. 932) and on the three defense motions to disallow those costs. (ECF Nos. 942, 945, and 948). This case was especially close and difficult; all parties proceeded in good faith; and each party won some things and lost some things, which is why every party has filed an appeal. Under these circumstances, all parties should bear their own costs, and Georgia-Pacific's Bill of Costs is disallowed.

### LEGAL STANDARDS

Under FED. R. CIV. P. 54(d)(1), unless otherwise provided, costs other than attorney's fees are presumptively allowed to the prevailing party. *See Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). This rule "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. American Hospital Supply Corp.*, 786

F.2d 728, 730 (6th Cir. 1986).  Taxable costs are listed in 28 U.S.C. § 1920.  *BDT Prods., Inc. v. Lexmark Int'l Inc.*, 405 F.3d 415, 419 (6th Cir. 2005); *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987) ("Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d).").  The Court must first determine "whether the expenses are allowable cost items [under § 1920] and then [the Court must determine] whether the amounts are reasonable and necessary." *Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 591 (6th Cir. 2004).

## PARTIES' POSITION

This case has been an odyssey with two phases of the case, weeks of trial, dozens of witnesses and depositions, and thousands of pages of exhibits.  The Court entered Final Judgment on June 19, 2018.  (ECF No. 925).  All parties have filed an appeal; only one party has filed a request for costs under Rule 54(d): Georgia-Pacific seeks a total of $266,613.87 in costs related to Phase I and II that it avers are allowable cost items that are reasonable and necessary.  (ECF No. 932).

All of the defendants argue that the Court should disallow Georgia-Pacific's proposed Bill of Costs in its entirety.  In the alternative, each defendant argues that Georgia-Pacific's proposed costs should be substantially reduced, and that the defendant's share of those costs should be minimal.  International Paper contends that no more than $170,087.16 is allowable under Section 1920, of which no more than 7.2% should be assigned to it based on Georgia-Pacific's reduced recovery and the Court's equitable allocation rulings.  (ECF NO. 944, PageID.35169).  NCR contends that no more than either $103,122.99 or $142,425.95 is allowable, which should then be split amongst the parties (ECF No. 949, PageID.35210-35211).  And Weyerhaeuser, which admitted liability in Phase I, argues that it should be responsible for no more than 5% of Georgia-Pacific's Phase II costs. (ECF No. 946, PageID.35193).

Georgia-Pacific has responded in opposition to each of the three motions and insists that the entire amount sought should be awarded.  (ECF Nos. 955-957).

## RULING

Rule 54(d) creates a "presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court" in a limited number of situations, such as when the requested costs are "'unnecessary or unreasonably large,' . . . cases where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues . . . , cases where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendants . . . , and cases that are 'close and difficult.'" *White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728, 730 (1986) (internal citations omitted).  "The criteria on which [the Sixth Circuit Court of Appeals] has focused include 'the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs.'"  *Knology, Inc. v. Insight Comm'ns Co.,* 460 F.3d 722, 728 (6th Cir. 2006) (quoting *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001)).  In a close and difficult case, a district judge does not abuse his discretion in requiring each party to pay its own costs. *U.S. Plywood Corp. v. Gen. Plywood Corp.,* 370 F.2d 500 (6th Cir. 1966).  The "closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *White & White,* 786 F.2d at 732–33.

After reviewing the record, the Court concludes that this is the unusual case in which each party should bear its own costs.  The Court will assume that Georgia-Pacific qualifies as the prevailing party and is therefore entitled to the Rule 54(d) presumption.[1]  Even assuming the

---

[1] Reasonable arguments to the contrary are possible.  The Court's Judgment finds NCR liable— an issue on which Georgia-Pacific definitely prevailed.  But the Court's Judgment finds Georgia-

presumption is in effect for Georgia-Pacific, the Court is satisfied that all parties proceeded in good faith; that each party won some things and lost some things; and that the overall case was close and difficult.  The Court therefore will exercise its discretion to disallow costs.

This case was especially complex and broke ground on a number of emerging CERCLA issues.  The liability issues involved issues that had not been heavily litigated in earlier cases.  The Court made its best call based on what law it could find, and on the factual findings following trial.  But the decisions remain open to reasonable arguments on all sides.  The cost allocation phase of the case was especially complicated.  First, the legal issues presented were in many instances untested.  Indeed, on the eve of trial, a new decision from the Circuit impacted as much as 50% of Georgia-Pacific's claimed costs.  Second, the Phase II record was overwhelming as it involved several weeks of trial, many witnesses, and literally thousands of pages of exhibits.  Phase II also required an especially detailed fact intensive inquiry.  It dealt with the equitable responsibility of several parties for environmental cleanup across a wide area and required the piecing together of information that was several decades old.  Beyond that, Phase II included complicated expert testimony.  Overall, the case easily falls into the "close and difficult" category described by the Sixth Circuit in *White & White*.

Moreover, throughout the years of litigation, all parties proceeded in good faith.  It is also important to remember that the entire case is, at bottom, about allocating a much larger set of costs among these same parties.  The potentially recoverable litigation costs under Section 1920 pale in comparison to the environmental response costs allocated to date—to say nothing of the costs yet

---

Pacific and NCR responsible for the same percentage of response costs, contrary to Georgia-Pacific's claim that NCR was uniquely culpable and responsible for most of the costs. Weyerhaeuser never contested its liability at all.  And Georgia-Pacific's ultimate share of responsibility turned out to be more than 2.5 times higher than International Paper's share.  In short, each party won some things and lost some things.  No doubt that is why all the parties—including Georgia-Pacific—filed appeals.

to come.  Along the way, each party won some things and lost some things.  No party prevailed on everything, which is no doubt why each party has found good reason to appeal something.  In the Court's view, the fairest outcome on litigation costs is for each party to bear its own under these circumstances.

Georgia-Pacific's arguments to the contrary are unavailing. It is true that a case is not necessarily made complex based solely on the sheer number of witnesses or exhibits.  But, as discussed above, that is not the only factor that made the case close or difficult.  Georgia-Pacific also contends that Sixth Circuit precedent does not permit costs to be disallowed based solely on the closeness or complexity of a case.  (ECF No. 956, PageID.35269).  Even if that's true—an issue on which the Court takes no position—this is not such a case.  As in *Knology, Inc.*, the case relied on by Georgia-Pacific, the court found multiple reasons upon which to exercise discretion to deny Rule 54(d) costs.  The court affirmed the exercise of discretion.  *Knology, Inc.*, 460 F.3d at 729.

For all these reasons, the Court exercises its discretion to disallow costs in this case.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED:**

1.  Georgia-Pacific's Bill of Costs (ECF No. 932) is **DISALLOWED.**

2.  Defendants' Motions to Disallow Georgia-Pacific's Bill of Costs (ECF Nos. 942, 945, and 948) are **GRANTED** to the extent specified in this Order.


Dated:    October 30, 2018          /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    CHIEF UNITED STATES DISTRICT JUDGE