**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

|  | 100 EAST FIFTH STREET, ROOM 540 |  |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: July 14, 2022

Mr. David William Centner
Clark Hill
200 Ottawa Avenue, N.W., Suite 500
Grand Rapids, MI 49503

Mr. John F. Cermak Jr.
Ms. Sonja Ann Inglin
Cermak & Inglin
12121 Wilshire Boulevard, Room 322
Los Angeles, CA 90025

Mr. Ryan David Fischbach
BakerHostetler
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025

Mr. Douglas M. Garrou
Mr. Jeffrey Pierce Lamberson
Mr. Michael R. Shebelskie
Hunton Andrews Kurth
Mr. George Peter Sibley III
951 E. Byrd Street
Richmond, VA 23219

Ms. Margaret C Hupp
Ms. Kathleen M. O'Sullivan
Perkins Coie
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099

Mr. John Daniel Parker Jr.
BakerHostetler
1900 E. Ninth Street, Suite 3200
Cleveland, OH 44114-3485

Mr. Mark William Schneider
Perkins Coie
1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099

Mr. Peter A. Smit
Varnum
P.O. Box 352
Grand Rapids, MI 49501-0352

Mr. Thomas D. Warren
Warren Terzian
30799 Pinetree Road
Suite 345
Pepper Pike, OH 44124

Mr. Scott M. Watson
Warner Norcross & Judd
150 Ottawa Avenue, N.W.
Suite 1500
Grand Rapids, MI 49503

> Re:  Case No. 18-1806, *Georgia-Pacific Consumer Prod, et al v. NCR Corporation, et al*
>      Originating Case No. : 1:11-cv-00483

Dear Counsel,

The attached order designated for full-text publication was filed today in this case.

> Yours very truly,
>
> Deborah S. Hunt, Clerk
>
>
> Cathryn Lovely, Opinions Deputy

cc:  Mr. Thomas Dorwin

Enclosure

Mandate to issue

RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 22a0154p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP; FORT JAMES CORPORATION; GEORGIA-PACIFIC LLC, *Plaintiffs-Appellees*, <br><br> *v.* <br><br> NCR CORPORATION, *Defendant*, <br><br> WEYERHAEUSER COMPANY, *Defendant-Appellee*, <br><br> INTERNATIONAL PAPER COMPANY, *Defendant-Appellant*. | No. 18-1806 |

On Petition for Rehearing En Banc.

United States District Court for the Western District of Michigan at Grand Rapids;
No. 1:11-cv-00483—Robert J. Jonker, District Judge.

Decided and Filed: July 14, 2022

Before: MOORE, KETHLEDGE, and DONALD, Circuit Judges.

---

**COUNSEL**

**ON PETITION FOR REHEARING EN BANC:** Michael R. Shebelskie, Douglas M. Garrou, George P. Sibley, III, J. Pierce Lamberson, HUNTON ANDREWS KURTH LLP, Richmond, Virginia, Peter A. Smit, VARNUM LLP, Grand Rapids, Michigan, for Georgia-Pacific Appellees. **ON RESPONSE:** Mark W. Schneider, Kathleen M. O'Sullivan, Margaret C. Hupp, PERKINS COIE LLP, Seattle, Washington, Scott M. Watson, WARNER NORCROSS & JUDD LLP, Grand Rapids, Michigan, for Appellee Weyerhaeuser Company. John D. Parker, BAKER & HOSTETLER LLP, Cleveland, Ohio, Ryan D. Fischbach, BAKER & HOSTETLER LLP, Los

No. 18-1806       *Georgia-Pacific Consumer Prods. et al. v. NCR Corp. et al.*       Page 2

Angeles, California, John F. Cermak, Jr., Sonja A. Inglin, CERMAK & INGLIN LLP, Los Angeles, California, David W. Centner, CLARK HILL PLC, Grand Rapids, Michigan, for Appellant International Paper Company.

_____

**ORDER**

_____

The court received a petition for rehearing en banc. The original panel has reviewed the petition for rehearing, has addressed the issues therein in an Appendix to the original panel opinion, and has concluded that rehearing is unnecessary. Upon circulation of the petition and the Appendix to the full court, no judge has requested a vote on the suggestion for rehearing en banc.

Therefore, the petition is denied.

**APPENDIX ON PETITION FOR REHEARING**

GP has petitioned for rehearing en banc on one issue and panel rehearing on another. We **DENY** the petition and add the following as an Appendix to the original opinion.

### I. Weyerhaeuser Should Have Cross-Appealed, But GP Forfeited the Argument

In its petition for rehearing en banc, GP argues that Weyerhaeuser should have cross-appealed in order to benefit from our ruling against GP on the statute-of-limitations issue. GP Pet. at 3–11. Weyerhaeuser developed a substantial argument in its appellee brief explaining that the statute of limitations barred GP's claim against Weyerhaeuser as well as against IP and also adopted by reference the stretch of IP's brief that involved the statute of limitations. Weyerhaeuser Br. at 37–43. But to secure affirmative relief, Weyerhaeuser should have filed a cross-appeal. Absent a cross-appeal, an appellee "may not 'attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary.'" *El Paso Nat. Gas Co. v. Neztsosie*, 526 U.S. 473, 479 (1999) (quoting *United States v. Am. Ry. Express Co.*, 265 U.S. 425, 435 (1924)); *see also Jennings v. Stephens*, 574 U.S. 271, 276 (2015); *United States v. Burch*, 781 F.3d 342, 344 (6th Cir. 2015) (Order). Because Weyerhaeuser asked this court to "apply [a favorable] statute-of-limitations ruling to" provide relief beyond the district court's determination, Weyerhaeuser Br. at 41, Weyerhaeuser sought to enlarge its own rights, and a cross-appeal should have been taken.

Weyerhaeuser's failure to cross-appeal does not end our analysis, however. Generally, an argument not raised in an appellate brief or at oral argument is forfeited, and may not be raised for the first time in a petition for rehearing. *United States v. Huntington Nat'l Bank*, 574 F.3d 329, 331 (6th Cir. 2009); *Costo v. United States*, 922 F.2d 302, 302–03 (6th Cir. 1990) (Order). That is what happened here: GP did not object to Weyerhaeuser's argument in an

No. 18-1806   *Georgia-Pacific Consumer Prods. et al. v. NCR Corp. et al.*   Page 4

appellate brief[1] or at oral argument. The specter of forfeiture thus haunts GP's petition for rehearing en banc.

GP's failure to raise earlier in the proceedings this issue of the asserted need for a cross-appeal will not matter, however, if we conclude that Federal Rule of Appellate Procedure 4(a)(3), which governs cross-appeals, imposes a jurisdictional requirement. "Branding a rule as going to a court's subject-matter jurisdiction alters the normal operation of our adversarial system." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). One such alteration: objections to a court's subject-matter jurisdiction "may be raised at any time." *Id.* For decades, this circuit has held that the cross-appeal requirement is jurisdictional. *United States v. Archibald*, 685 F.3d 553, 556 (6th Cir. 2012); *Bennett v. Krakowski*, 671 F.3d 553, 558 (6th Cir. 2011); *Francis v. Clark Equip. Co.*, 993 F.2d 545, 552–53 (6th Cir. 1993); *Ford Motor Credit Co. v. Aetna Cas. & Sur. Co.*, 717 F.2d 959, 962–63 (6th Cir. 1983).

But times have changed. "Over the last twenty years, one Supreme Court decision after another instructs the lower courts to be more judicious about labeling deadlines jurisdictional." *Gunter v. Bemis Co.*, 906 F.3d 484, 492–93 (6th Cir. 2018). This is because the Supreme Court has recognized that "Only Congress may determine a lower federal court's subject-matter jurisdiction." *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004)). As a result, "a provision governing the time to appeal in a civil action qualifies as jurisdictional only if Congress sets the time." *Id.* "[R]ules that seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times" qualify as mandatory claim-processing rules, and although they "promote the orderly progress of litigation," they may be forfeited if no party raises them. *Henderson*, 562 U.S. at 435; *see id.* at 434. Thus, "When Congress passes a statute that unambiguously restricts the adjudicatory authority of the federal courts, the restriction will

---

[1]GP notes that it could not have addressed Weyerhaeuser's argument in GP's appellee brief because GP and Weyerhaeuser submitted their appellee briefs on the same day. GP Pet. at 10. Fair enough. But GP could have moved for permission to file a supplemental brief or raised the issue at oral argument. Weyerhaeuser's brief presented only two arguments, one of which aligned with GP's position on appeal. GP therefore could not have failed to notice Weyerhaeuser's statute-of-limitations argument—it was not hidden away in a footnote, or nestled in among eight other claims, but rather constituted the second argument, spanning pages 37–43 of Weyerhaeuser's brief.

No. 18-1806        *Georgia-Pacific Consumer Prods. et al. v. NCR Corp. et al.*        Page 5

be treated as jurisdictional. . . . Otherwise, the restriction will be treated as mandatory but not jurisdictional." *Maxwell v. Dodd*, 662 F.3d 418, 421 (6th Cir. 2011).

Our court recently applied this new regime to the cross-appeal rule. In *Gunter v. Bemis Co.*, we evaluated whether Federal Rule of Appellate Procedure 4(a)(3)'s timing requirements on cross-appeals were jurisdictional, or merely claim-processing rules. 906 F.3d at 492–93. An earlier panel denied jurisdictional status to requirements imposed by "federal rules . . . promulgated in accordance with the Rules Enabling Act, which does not by itself give the rules jurisdictional effect." *Maxwell*, 662 F.3d at 421. We then concluded in *Gunter* that "[b]ecause Congress has not clearly required a timely notice of cross-appeal for a court to exercise jurisdiction over it, Federal Appellate Rule 4(a)(3) establishes only a mandatory claim-processing rule, not a limit on our jurisdiction." 906 F.3d at 492–93; *see also Mathias v. Superintendent Frackville SCI*, 876 F.3d 462, 470 (3d Cir. 2017) (concluding that Rule 4(a)(3) is not jurisdictional because it "is not a creature of statute, but a court-promulgated rule"); 16A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3950.7 (5th ed. 2022).

*Gunter* and the Supreme Court's recent case law convince us that the narrowing of the term "jurisdictional" has abrogated our court's earlier cases holding that the cross-appeal requirement goes to our jurisdiction. *See Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009). These earlier decisions improperly "held jurisdictional a [requirement] specified in a rule, not in a statute." *Hamer*, 138 S. Ct. at 17. As a result, we hold that compliance with Rule 4(a)(3)'s cross-appeal requirement, although mandatory, is not jurisdictional. *See* 16A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3904 (5th ed. 2022) (embracing this approach); *Mathias*, 876 F.3d at 471–72.

There is one distinction between our case and *Gunter* worth noting. In *Gunter*, a party cross-appealed outside of 28 U.S.C. § 2107's window for filing a notice of appeal; here, Weyerhaeuser filed no notice or motion for cross-appeal at all.[2] But this distinction carries with

---

[2] That is not to say that Weyerhaeuser never expressed an intent to pursue its claims on appeal. Weyerhaeuser, just like IP, appealed the district-court decision evaluated in this opinion. *See Georgia-Pacific Consumer Prods. v. NCR Corp.*, No. 18-1858. In 2021, after countless rounds of mediation, Weyerhaeuser dismissed its appeal, noting that its dismissal "does not affect Weyerhaeuser's rights or interests in" the instant matter. A.R. 60, *Georgia-Pacific Consumer Prods. v. NCR Corp.*, No. 18-1858. Although this is not a complete

it no difference. As discussed above, we decide whether a requirement qualifies as jurisdictional by considering whether Congress has imposed the relevant limit on the court's jurisdiction. *Hamer*, 138 S. Ct. at 17. And no statute speaks of a cross-appeal requirement. *Mathias*, 876 F.3d at 470. As evidence of this, many courts of appeals have long considered the cross-appeal rule to be a non-jurisdictional "rule of practice," not a statutory command. *See, e.g.*, *id.* at 472; *In re IPR Licensing, Inc.*, 942 F.3d 1363, 1370–71 (Fed. Cir. 2019); *Mendocino Env't Ctr. v. Mendocino County*, 192 F.3d 1283, 1298 & nn.27, 28 (9th Cir. 1999) (collecting cases). Additionally, *Gunter* does not limit its holding to Rule 4(a)(3)'s 14-day deadline, instead referring to the rule *in toto* as nonjurisdictional. 906 F.3d at 493.[3]

True, the Supreme Court has repeatedly discussed the importance of the cross-appeal requirement, often in the loftiest of terms. *Greenlaw v. United States*, 554 U.S. 237, 244–45 (2008) ("This Court, from its earliest years, has recognized that it takes a cross-appeal to justify a remedy in favor of an appellee."); *El Paso Nat. Gas*, 526 U.S. at 480 ("[I]n more than two centuries of repeatedly endorsing the cross-appeal requirement, not a single one of [the Supreme Court's holdings] has ever recognized an exception to the [cross-appeal] rule."). But although the Court has defined the requirement in such terms, it has also taken pains, time and time again, to make clear that it has not viewed the requirement as jurisdictional. *Greenlaw*, 554 U.S. at 245; *El Paso Nat. Gas*, 526 U.S. at 480. To the contrary, the Court in *Greenlaw* acknowledged that some of its precedent support interpreting the requirement as non-jurisdictional. 554 U.S. at 245 (citing *Langnes v. Green*, 282 U.S. 531, 538 (1931)).

The Supreme Court's decision in *Torres v. Oakland Scavenger Co.*, 487 U.S. 312 (1988), also does not change our analysis. There, the Court explained that Rules 3 and 4 comprised "a single jurisdictional threshold," and instructed lower courts that they "may not waive the jurisdictional requirements of Rules 3 and 4." *Id.* at 315, 317. But like our holdings in *Ford Motor Credit Co.*, 717 F.2d at 962–63, and *Francis v. Clark Equipment*, 993 F.2d at 552–53, this

---

substitute for filing a cross-appeal, it was yet another data point that should have given GP notice of Weyerhaeuser's efforts to pursue its "rights or interests" as an Appellee in this case.

[3]Indeed, another court of appeals cited *Gunter* for the same conclusion we reach today: that the requirement of filing a cross-appeal is a claim-processing rule that can be forfeited. *In re IPR Licensing, Inc.*, 942 F.3d at 1370–71.

statement predates the Supreme Court's modern project of reining in the use of the word "jurisdictional." *Torres*, which concerned the filing of an initial notice of appeal and not a notice of cross-appeal, based its jurisdictional conclusion on "the mandatory nature of the time limits contained in Rule 4" and the Advisory Committee Note accompanying Rule 3.  487 U.S. at 315. We adhere today to subsequent Supreme Court decisions clarifying that "mandatory . . . time limit[s]" in the Federal Rules create jurisdictional requirements only where those limits derive from acts of Congress.  *Hamer*, 138 S. Ct. at 16–17.

GP cites *Burch*, 781 F.3d at 344–45, for the proposition that "cross-appeals are indistinguishable from appeals . . . for purposes of the jurisdictional analysis."  GP Pet. at 5 n.7. GP argues that because the Supreme Court has held that a notice of appeal is jurisdictionally required under Rule 4 and 28 U.S.C. § 2107, *Bowles v. Russell*, 551 U.S. 205, 209–10 (2007), notices of cross-appeal must be similarly required to provide a court's jurisdiction.  But *Bowles* concerned a requirement imposed by statute—the 30-day requirement for a party to file a notice of appeal, *see* 28 U.S.C. § 2107(a), which the district court can extend for up to 14 days under 28 U.S.C. § 2107(c).  *Bowles*, 551 U.S. at 213.  *Bowles* did not address cross-appeals, and as discussed *supra*, § 2107 does not reference cross-appeals.  *Burch* is also crucially distinguishable from this case because in *Burch*, the failure to cross-appeal was presented to the court, and so the argument was not forfeited.  Resp. to Mot. to Dismiss at 2, *United States v. Burch*, 781 F.3d 342 (6th Cir. 2015) (No. 14-6232).  As a result, when *Burch* described the cross-appeal requirement as "mandatory and consistently followed," it meant that courts enforce the requirement whenever raised.  781 F.3d at 345.[4]

Finally, we recognize that two recent unpublished panel opinions in our circuit have cited our older caselaw calling the cross-appeal requirement jurisdictional.  *Portnoy v. Nat'l Credit Sys., Inc.*, 837 F. App'x 364, 372–73 (6th Cir. 2020); *Wiggins v. Ocwen Loan Servicing, LLC*, 722 F. App'x 415, 419 (6th Cir. 2018).  These unpublished opinions do not bind us, and, as explained *supra*, we believe that intervening Supreme Court precedent has overruled the determinations on which they rely.

---

[4]*Hamer* similarly uses the phrase "mandatory claim-processing rules" when discussing rules the application of which can be forfeited.  138 S. Ct. at 17.

The cross-appeal requirement is not jurisdictional, making it a claim-processing rule forfeitable when no party raises it. GP did not raise Weyerhaeuser's failure to file a cross-appeal at the proper time, and we will not consider the argument now. *See United States v. Montgomery*, 969 F.3d 582, 583 (6th Cir. 2020) (Order on panel rehearing). "Because Weyerhaeuser is in the same factual position as IP for purposes of the statute-of-limitations issue," *Georgia-Pacific Consumer Prods. LP v. NCR Corp.*, 32 F.4th 534, 547 (6th Cir. 2022), and because GP was on notice that Weyerhaeuser sought to benefit from a ruling benefitting IP, we granted Weyerhaeuser relief to "coherent[ly] dispos[e] of [the] entire case." 16A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3904 (5th ed. 2022).

As a final note, we do not denigrate or dispute the cross-appeal requirement's utility, importance, or mandatory nature (when properly invoked). This case presents unusual circumstances: "Th[e] distinction between jurisdictional and mandatory rules will not matter in many cases. After all, a court generally must enforce a mandatory rule (just as much as a jurisdictional one) when a party properly invokes it." *Saleh v. Barr*, 795 F. App'x 410, 424 (6th Cir. 2019) (Murphy, J., concurring); *see also Cuevas-Nuno v. Barr*, 969 F.3d 331, 334 n.2 (6th Cir. 2020). All GP had to do was object that Weyerhaeuser had not preserved a cross-appeal prior to the panel issuing its decision, either in a supplemental brief or at oral argument,[5] and we would have likely enforced the claim-processing rule.

### II. We Adhere to Our Decision Not to Rule on the Secured Creditor Defense

GP also faults the panel's original opinion for failing to address IP's argument that IP fell within CERCLA's secured-creditor exception, and seeks panel rehearing on the issue. GP Pet. at 11–15. We deny the motion for panel rehearing. IP's brief presented the secured-creditor issue as an "Alternative[]" avenue through which to reverse the district court's decision. IP Br. at 64. GP never, in its briefing or at oral argument, disputed IP's presentation of the issue as an

---

[5]We recognize that precedents of our court indicate that arguments "raised for the first time at oral argument" can be forfeited. *Resurrection Sch. v. Hertel*, 35 F.4th 524, 530 (6th Cir. 2022) (en banc) (addressing argument raised by amicus for the first time at en banc oral argument). But "exceptions abound" to that rule. *Huntington Nat'l Bank*, 574 F.3d at 331. Had GP objected at oral argument to Weyerhaeuser's failure to file a cross-appeal, the fact that GP and Weyerhaeuser submitted their briefs on the same day would have counseled in favor of excusing GP's failure to present the issue in a brief.

alternative one.  As a result, we adhere to our conclusion in the panel opinion that, having resolved one of the alternative bases for reversal, we need not consider the other.

**ENTERED BY ORDER OF THE COURT**

_____

Deborah S. Hunt, Clerk