## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Kelly L. Stephens<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: May 12, 2025

Mr. David William Centner
Clark Hill
200 Ottawa Avenue, N.W.
Suite 500
Grand Rapids, MI 49503

Mr. Ryan David Fischbach
Baker & Hostetler
1900 Avenue of the Stars
Suite 2700
Los Angeles, CA 90067-4508

Mr. Noel John Francisco
Jones Day
51 Louisiana Avenue, N.W.
Washington, DC 20001

Mr. Douglas M. Garrou
Hunton Andrews Kurth
951 E. Byrd Street
Riverfront Plaza, East Tower
Richmond, VA 23219

Mr. Scott C. Holbrook
BakerHostetler
127 Public Square
Suite 2000
Cleveland, OH 44114-3485

Mr. Michael Robert Huston
Perkins Coie
2525 E. Camelback Road
Suite 500
Phoenix, AZ 85016

Ms. Hallie Rebecca Israel
BakerHostetler
127 Public Square
Suite 2000
Cleveland, OH 44114-3485

Mr. Jeffrey Pierce Lamberson
Hunton Andrews Kurth
951 E. Byrd Street
Riverfront Plaza, East Tower
Richmond, VA 23219

Ms. Kathleen M. O'Sullivan
Perkins Coie
1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099

Mr. John Daniel Parker Jr.
BakerHostetler
127 Public Square
Suite 2000
Cleveland, OH 44114-3485

Ms. Amanda Kelly Rice
Jones Day
150 W. Jefferson Avenue
Suite 2100
Detroit, MI 48226

Ms. Lauren Pardee Ruben
3222 E. First Avenue
Apartment 429
Denver, CO 80206

Mr. Matthew J. Rubenstein
Jones Day
90 S. Seventh Street
Suite 4950
Minneapolis, MN 55402

Mr. Michael R. Shebelskie
Hunton Andrews Kurth
951 E. Byrd Street
Riverfront Plaza, East Tower
Richmond, VA 23219

Mr. George Peter Sibley III
Hunton Andrews Kurth
951 E. Byrd Street
Riverfront Plaza, East Tower
Richmond, VA 23219

Mr. John Henry Thompson
Jones Day
51 Louisiana Avenue, N.W.
Washington, DC 20001

      Re:    Case Nos. 24-1403/1404, *Georgia-Pacific Consumer Prod, et al v. NCR Corp., et al*
             Originating Case No. : 1:11-cv-00483

Dear Counsel,

The court today announced its decision in the above-styled cases.

Enclosed is a copy of the court's published opinion together with the judgment which has been entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

                                              Yours very truly,

                                              Kelly L. Stephens, Clerk


                                              Cathryn Lovely
                                              Deputy Clerk

cc:  Ms. Ann E. Filkins

Enclosures

Mandate to issue.

RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 25a0127p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

GEORGIA-PACIFIC CONSUMER PRODUCTS LP; FORT JAMES CORPORATION nka Fort James LLC; GEORGIA-PACIFIC LLC,

          *Plaintiffs-Appellees*,

    *v.*

NCR CORPORATION,

          *Defendant*,

WEYERHAEUSER COMPANY (24-1404); INTERNATIONAL PAPER COMPANY, INC. (24-1403),

          *Defendants-Appellants*.

Nos. 24-1403/1404

---

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:11-cv-00483—Robert J. Jonker, District Judge.

Argued: March 6, 2025

Decided and Filed: May 12, 2025

Before: MOORE, GIBBONS, and KETHLEDGE, Circuit Judges.

---

**COUNSEL**

**ARGUED:** John D. Parker, BAKERHOSTETLER, Cleveland, Ohio, for International Paper Company. Michael R. Huston, PERKINS COIE, LLP, Phoenix, Arizona, for Weyerhaeuser Company. Amanda K. Rice, JONES DAY, Detroit, Michigan, for Appellees. **ON BRIEF:** John D. Parker, Scott Holbrook, BAKERHOSTETLER, Cleveland, Ohio, Ryan D. Fischback, BAKERHOSTETLER, Los Angeles, California, for International Paper Company. Michael R. Huston, PERKINS COIE, LLP, Phoenix, Arizona, Kathleen M. O'Sullivan, PERKINS COIE LLP, Seattle, Washington, Lauren Pardee Ruben, PERKINS COIE LLP, Denver, Colorado, for

Weyerhaeuser Company.  Amanda K. Rice, JONES DAY, Detroit, Michigan, Matthew J. Rubenstein, JONES DAY, Minneapolis, Minnesota, Noel J. Francisco, John Henry Thompson, JONES DAY, Washington, D.C., Michael R. Shebelskie, Douglas M. Garrou, George P. Sibley, III, J. Pierce Lamberson, HUNTON ANDREWS KURTH LLP, Richmond, Virginia, for Appellees.

_____

**OPINION**

_____

KETHLEDGE, Circuit Judge.  Some 27 years ago, in a suit that Georgia-Pacific itself brought, the district court declared Georgia-Pacific liable for cleanup costs at a site on the Kalamazoo River in southwest Michigan.  As a result of that declaration—under our precedents and a decision of the Supreme Court—Georgia-Pacific could, from that point forward, seek to recover those costs only by means of a contribution action under § 113(f) of the statute known as CERCLA (42 U.S.C. § 9613(f)).  In Georgia-Pacific's last appeal in this case, we held that its claims under § 113(f) were time-barred.  *Georgia-Pacific Consumer Prods. LP v. NCR Corp.*, 32 F.4th 534 (6th Cir. 2022).  Yet on remand, for reasons that admittedly made good practical sense, the district court re-entered a declaratory judgment that it had awarded to Georgia-Pacific under a different provision of CERCLA, namely § 107.  International Paper Company and Weyerhaeuser Company now argue that the court's re-entry of its declaratory judgment was contrary to law.  We agree and vacate the court's judgment to that extent.

I.

We recited the statutory and factual background for this case in the prior appeal.  *See Georgia-Pacific*, 32 F.4th at 537-39 (*Georgia-Pacific I*).  Here we repeat only what is important for this appeal.

A.

"Two provisions of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA)—§§ 107(a) and 113(f)—allow private parties to recover expenses associated with cleaning up contaminated sites."  *United States v. Atlantic Research Corp.*, 551 U.S. 128, 131 (2007).  As we said in the prior appeal, "[t]hese two statutory rights

Case 1:11-cv-00483-RJJ   ECF No. 1008,  PageID.35580   Filed 05/12/25   Page 6 of 13

Nos. 24-1403/1404        *Georgia-Pacific Consumer Prods. LP, et al.*            Page 3
                              *v. NCR Corp., et al.*

under §§ 107 and 113(f) are mutually exclusive, providing causes of action 'to persons in different procedural circumstances.'" *Georgia-Pacific I*, 32 F.4th at 541 (quoting *Atlantic Research*, 551 U.S. at 139). On that point every circuit court to have addressed the issue agrees. *See Cranbury Brick Yard, LLC v. United States*, 943 F.3d 701, 705 (3d Cir. 2019) (collecting cases). Specifically, cleanup costs that a party incurs "voluntarily are recoverable only by way of § 107(a)(4)(B)" of CERCLA. *Atlantic Research*, 551 U.S. at 139 n.6. By contrast, cleanup costs that a party pays "pursuant to a legal judgment or settlement are recoverable only under § 113(f)." *Id.* Thus, a party that is already subject to a judgment for cleanup costs "cannot proceed with a § 107(a)(4)(B) cost-recovery action" for those costs. *Hobart Corp. v. Waste Management of Ohio, Inc.*, 758 F.3d 757, 766 (6th Cir. 2014).

As a descriptive matter, at least, the relief available under the two sections often differs. Although neither the Supreme Court nor our court has decided the issue definitively, plaintiffs in § 107(a) actions frequently obtain a determination that another party is jointly and severally liable for cleanup costs that the plaintiff has been paying voluntarily. *See, e.g., Atlantic Research*, 551 U.S. at 138 (assuming without deciding that a determination joint and several liability is available under § 107(a)); *Hobart*, 753 F.3d at 762 n.1. By contrast, § 113(f) creates "a right to contribution": a party that has paid "more than [its] proportionate share" of cleanup costs at a site may recover some of those costs from other responsible parties, "so that recovery costs can be distributed in an equitable fashion." *Atlantic Research*, 551 U.S. at 138; *Hobart*, 758 F.3d at 762.

The limitations periods for the two types of actions differ as well. The limitations period for a § 107(a) claim is usually longer: as relevant here, a party can bring a claim for recovery of costs "for a removal action within 3 years after completion of the removal action[,]" which itself (as this case illustrates) can take many years, 42 U.S.C. § 9613(g)(2)(A); and a party can usually bring a § 107(a) action for "remedial costs" up to six years "after initiation of physical on-site construction of the remedial action[.]" *Id.* § 9613(g)(2)(B). By contrast, a party must bring a § 113(f) action within three years of "the date of [the] judgment" holding the party liable for cleanup costs. *Id.* § 9613(g)(3)(A). That shorter limitations period—and the incentive it creates

Case 1:11-cv-00483-RJJ   ECF No. 1008, PageID.35581   Filed 05/12/25   Page 7 of 13

Nos. 24-1403/1404        *Georgia-Pacific Consumer Prods. LP, et al.*        Page 4
                                    *v. NCR Corp., et al.*

to identify other responsible parties sooner rather than later—helps "to bring parties to the clean-up table as soon as possible." *Georgia-Pacific I*, 32 F.4th at 545.

B.

In 1990, after decades of pollution from paper mills along the Kalamazoo River, the federal EPA added a 35-mile stretch of the river to its National Priorities List of Superfund sites. *See generally* 42 U.S.C. § 9605. (That 35-mile stretch was sometimes referred to in this litigation as the "NPL site." Here, we likewise call the site the "NPL site," regardless of what the site's boundaries might have been at a particular point in time.) That same year, Georgia-Pacific and two other paper companies formed the Kalamazoo River Study Group (KRSG), whose members soon began to incur costs in cleanup work at the NPL site.

In 1995, KRSG brought an action under § 107 of CERCLA, seeking a declaration that several other firms shared liability for cleanup costs at the NPL site. In December 1998, after a bench trial, the district court entered a judgment declaring (as relevant here) that KRSG members—including Georgia-Pacific—were liable "for the PCB contamination of the NPL Site." R.741-17, Pg. ID 22293. In 2000, the court entered another judgment in which it allocated responsibility for response costs between KRSG members and Eaton Corporation—while reiterating that KRSG members were liable for "the entire cost of response activities relating to the NPL site." *Kalamazoo River Study Grp. v. Rockwell Int'l*, 107 F. Supp. 2d 817, 840 (W.D. Mich. 2000). We affirmed. *Kalamazoo River Study Grp. v. Rockwell Int'l Corp.*, 274 F.3d 1043 (6th Cir. 2001). And in 2003 the district court entered a third judgment, in which (among other things) it "confirmed the KRSG members' liability for remediation costs" at the site. *See Georgia-Pacific I*, 32 F.4th at 539. Meanwhile, at some point after 1998 (the record does not make clear when) the boundaries of the site expanded to reach all the way to Lake Michigan.

In 2010, Georgia-Pacific brought this lawsuit against three defendants—NCR Corporation, International Paper Company, and Weyerhaeuser Company—asserting claims under both § 107(a) and § 113(f) for cleanup costs at the NPL site. (At the time, we had not yet decided *Hobart*, which held these causes of action were mutually exclusive.) In 2013, after the first phase of a bifurcated trial, the district court found NCR and International Paper liable for

Case 1:11-cv-00483-RJJ   ECF No. 1008, PageID.35582   Filed 05/12/25   Page 8 of 13

Nos. 24-1403/1404         *Georgia-Pacific Consumer Prods. LP, et al.*         Page 5
                                    *v. NCR Corp., et al.*

those costs.  In 2018, the district court held a longer, 20-day trial in which it "apportioned forty percent of liability to GP, forty percent to NCR, fifteen percent to [International Paper], and five percent to Weyerhaeuser" for costs at the site.  *Georgia-Pacific I*, 32 F.4th at 540.  The court entered a judgment to that effect under § 113(f).

International Paper and Weyerhaeuser appealed, arguing that the 1998 judgment had started the three-year limitations period for Georgia-Pacific to bring contribution claims under § 113(f).  We agreed and held that Georgia-Pacific's § 113(f) claims were time-barred.  *See Georgia-Pacific I*, 32 F.4th at 548.  We also reiterated that "[s]ection 107(a) provides the avenue for parties who incur costs on their own, and § 113(f) is the statutory tool to recover contribution for costs imposed via settlement or judgment[,]" *id.*; and we stated expressly that Georgia-Pacific "cannot pursue its § 107(a) claims for any costs that fall within the scope of the 1998 KRSG judgment."  *Id.*

On remand, the district court vacated its judgment (under § 113(f)) apportioning liability among the four parties to the case.  Yet the court again entered a judgment "under [CERCLA] Section 107" declaring that Georgia-Pacific, International Paper, and Weyerhaeuser are liable "for future response costs incurred by any party at the Site[.]"  *Georgia-Pacific Consumer Prods. LP v. NCR Corp.*, No. 1:11-CV-483, 2024 WL 1521228, at *5 (W.D. Mich. Apr. 9, 2024).  International Paper and Weyerhaeuser brought this appeal.

II.

We review de novo the district court's decision on remand to enter its declaratory judgment under § 107.  *Georgia-Pacific I*, 32 F.4th at 542.

Our observations in the last appeal make our decision in this one straightforward enough.  Under our precedents, it is now obvious that—when Georgia-Pacific brought this suit in 2010—it could not (as it then purported to do) assert claims under both § 107(a) and § 113(f) as to costs within the scope of the 1998 judgment.  Those claims were instead "mutually exclusive."  *Id.* at 541.  By 2003 no fewer than three judgments had confirmed Georgia-Pacific's liability for "the entire cost of response activities relating to the NPL site on this stretch of the Kalamazoo River."  *Id.* at 539 (cleaned up).  And cleanup costs that a party pays "pursuant to a legal judgment or

Case 1:11-cv-00483-RJJ    ECF No. 1008,  PageID.35583    Filed 05/12/25    Page 9 of 13

Nos. 24-1403/1404      *Georgia-Pacific Consumer Prods. LP, et al.*      Page 6
v. NCR Corp., et al.

settlement are recoverable *only* under § 113(f)." *Atlantic Research*, 551 U.S. at 139 n.6 (emphasis added).

After entry of the district court's 1998 judgment, therefore, all of Georgia-Pacific's costs within the scope of that judgment were recoverable only under § 113(f). *Georgia-Pacific I*, 32 F.4th at 548. And by 2010 Georgia-Pacific's § 113(f) claims for those costs were time-barred, because Georgia-Pacific waited too long to bring them. *Id.* at 547. Georgia-Pacific therefore cannot bring any action under § 107(a) or § 113(f) for costs within the scope of the district court's 1998 judgment. All these conclusions follow from our precedents and from *Atlantic Research* almost as a matter of mathematical proof.

Indeed, in this appeal, Georgia-Pacific disputes none of these conclusions. Instead it seeks to circumvent them. Specifically, Georgia-Pacific points to § 113(g)(2) of CERCLA (42 U.S.C. § 9613(2)), which prescribes (in subparagraphs (A) and (B)) the limitations periods for § 107 claims. Here is what § 113(g)(2) says in full:

> An initial action for recovery of the costs referred to in section 9607 of this title must be commenced—
>
> > (A) for a removal action, within 3 years after completion of the removal action, except that such cost recovery action must be brought within 6 years after a determination to grant a waiver under section 9604(c)(1)(C) of this title for continued response action; and
> >
> > (B) for a remedial action, within 6 years after initiation of physical on-site construction of the remedial action, except that, if the remedial action is initiated within 3 years after the completion of the removal action, costs incurred in the removal action may be recovered in the cost recovery action brought under this subparagraph.
> >
> > In any such action described in this subsection, the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages. A subsequent action or actions under section 9607 of this title for further response costs at the vessel or facility may be maintained at any time during the response action, but must be commenced no later than 3 years after the date of completion of all response action. Except as otherwise provided in this paragraph, an action

Case 1:11-cv-00483-RJJ   ECF No. 1008,  PageID.35584   Filed 05/12/25   Page 10 of 13

Nos. 24-1403/1404    *Georgia-Pacific Consumer Prods. LP, et al.*    Page 7
v. NCR Corp., et al.

> may be commenced under section 9607 of this title for recovery of costs at any time after such costs have been incurred.

42 U.S.C. § 9613(g)(2).

Georgia-Pacific focuses on this part of § 113(g)(2) in particular:

> In any such action described in this subsection, the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages.

Thus, § 113(g)(2) says "the court shall enter a declaratory judgment" in § 107 actions; and so, Georgia-Pacific contends, that was what the district court was allowed to do—indeed required to do—on remand here. That by 2010 Georgia-Pacific had been adjudged liable for all the response costs within the scope of the 1998 judgment, and that the Supreme Court has said costs paid pursuant to a legal judgment "are are recoverable only under § 113(f)[,]" *Atlantic Research*, 551 U.S. at 139 n. 6, does not matter. "[S]hall," as used in § 113(g)(2), means shall, Georgia-Pacific says; and so, it insists—notwithstanding what the Supreme Court said in *Atlantic Research* and what we said in *Hobart* and in Georgia-Pacific's last appeal—fidelity to the "text" of § 113(g)(2) requires that we uphold the declaratory judgment that the district court entered here.

That argument is meritless. As a textual matter, Georgia-Pacific fixates on the word "shall" in § 113(g)(2) to the exclusion of nearly everything else in that subsection. Here, we address only the modifier "such"—as in "any such action described in this subsection[.]" That phrase in turn refers (in part, at least) to the opening phrase in § 113(g)(2)—namely "[a]n *initial action* for recovery of the costs referred to in section 9607 of this title[.]" (Emphasis added.) And in 2010 Georgia-Pacific's § 107(a) claim surely was not "an *initial action* for recovery" of costs within the scope of the 1998 judgment—given that Georgia-Pacific had *already* litigated to judgment a § 107(a) claim as to those costs. Georgia-Pacific asserted that claim (unlike the one here) after incurring cleanup costs voluntarily. Indeed, it was the adjudication of Georgia-Pacific's own § 107(a) claim that resulted in the 1998 judgment finding it liable for all the response costs at the site—thereby limiting Georgia-Pacific to recovery of those costs "under § 113(f), rather than § 107(a)." *Hobart*, 758 F.3d at 767.

Nos. 24-1403/1404  *Georgia-Pacific Consumer Prods. LP, et al.*  Page 8
*v. NCR Corp., et al.*

Georgia-Pacific's argument would also overthrow much of what the courts have said regarding the interrelation between § 107 and § 113(f) claims. No longer would those claims provide "causes of actions to persons in different procedural circumstances," *Atlantic Research*, 551 U.S. at 138; since, under Georgia-Pacific's reading, anyone eligible to assert a § 113(f) claim could also obtain a declaratory judgment under § 107 merely by asking for one. Nor would the shorter limitations period for § 113(f) provide much incentive to bring other responsible parties to the "clean-up table" sooner rather than later, *Georgia-Pacific I*, 32 F.4th at 545; since, under Georgia-Pacific's reading, a party could obtain a declaratory judgment even 27 years after being held liable for all of a site's cleanup costs—as this case itself illustrates.

Our analysis in this appeal ends where it began: a party that is already subject to a judgment for cleanup costs "cannot proceed with a § 107(a)(4)(B) cost-recovery action." *Hobart Corp.*, 758 F.3d at 766. As to costs within the scope of the 1998 judgment, Georgia-Pacific is undisputedly such a party. And that Georgia-Pacific cannot proceed with a § 107(a) claim means it cannot obtain declaratory relief under that claim either. That claim is instead a legal nullity. Respectfully, the district court should have simply dismissed it—which is why we will vacate, rather than reverse, the district court's declaratory judgment under § 107(a).

As we said last time, however, "[o]ur decision today does not affect GP's § 107(a) claims that fall outside of the 1998 KRSG judgment's broad scope." *Georgia-Pacific I*, 32 F.4th at 548. On remand from this appeal—subject to ordinary forfeiture rules—the parties can litigate what that scope is. And Georgia-Pacific "may bring § 107(a) claims for costs that fall outside" the 1998 judgment's scope. *Id.* But now—some 27 years after the district court's 1998 judgment, and after a half dozen appeals to our court[1]—we expect that the parties will focus less on litigation about the Kalamazoo River, and more on cleaning it up.

---

[1] In addition to this appeal, *see Kalamazoo River Study Grp. v. Rockwell Int'l Corp.*, 171 F.3d 1065 (6th Cir. 1999); *Kalamazoo River Study Grp. v. Menasha Corp.*, 228 F.3d 648 (6th Cir. 2000); *Kalamazoo River Study Grp. v. Rockwell Int'l Corp.*, 274 F.3d 1043 (6th Cir. 2001); *Kalamazoo River Study Grp. v. Rockwell Int'l Corp.*, 355 F.3d 574 (6th Cir. 2004); and *Georgia-Pacific Consumer Prods. LP v. NCR Corp.*, 32 F.4th 534 (6th Cir. 2022).

Nos. 24-1403/1404  *Georgia-Pacific Consumer Prods. LP, et al. v. NCR Corp., et al.*  Page 9

\* \* \*

Paragraph 2 of the district court's April 9, 2024 judgment is vacated, and the case is remanded for further proceedings consistent with this opinion.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Nos. 24-1403/1404

GEORGIA-PACIFIC CONSUMER PRODUCTS LP; FORT JAMES CORPORATION nka Fort James LLC; GEORGIA-PACIFIC LLC,

    Plaintiffs - Appellees,

    v.

NCR CORPORATION,

    Defendant,

WEYERHAEUSER COMPANY (24-1404); INTERNATIONAL PAPER COMPANY, INC. (24-1403),

    Defendants - Appellants.

**FILED**
May 12, 2025
KELLY L. STEPHENS, Clerk

Before:  MOORE, GIBBONS, and KETHLEDGE, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.

THIS CAUSE was heard on the record from the district court and was argued by counsel.

IN CONSIDERATION THEREOF, it is ORDERED that Paragraph 2 of the district court's April 9, 2024 judgment is VACATED, and the case is REMANDED for further proceedings consistent with the opinion of this court.

                              **ENTERED BY ORDER OF THE COURT**

                              Kelly L. Stephens, Clerk